J. Steve Mostyn, TX SBN 00798389
jsmostyn@mostynlaw.com
Mark Sparks, SBN 296304
mark@mostynlaw.com
**THE MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, TX  77027
Tel.:   713-861-6616
Fax:   713-861-8084

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REGINA WEST,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, et al,<br><br>        Defendants. | CASE   NO.   2:15-cv-05316-RGK-JEM<br>[Assigned to Hon. R. Gary Klausner]<br><br>**NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION AND MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>[Filed concurrently with Motion and [Proposed] Order]<br><br>DATE:       October 26, 2015<br>TIME:        9:00 a.m.<br>CTRM.:      850<br>JUDGE:     Hon. R. Gary Kalusner |

MOTION TO REMAND

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, October 26, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable R. Gary Klausner, United States District Court, Central District of California, Western Division, Plaintiff will and hereby does move the Court for an Order remanding this action to the Superior Court of California, County of Los Angeles.

This is the second time that Ethicon Defendant has removed this case in what has become a persistent campaign to force these Plaintiffs to pursue their claims in a West Virginia federal Court.  Judge Bernal previously remanded this case the last time it was removed seventeen months ago.  This Court should once again remand it on an expedited basis because:

1. The long-standing "voluntary/involuntary" rule supports an immediate remand since Ethicon's singular supposed basis for federal jurisdiction stems not from a voluntary act of Plaintiff, but from an opposed state court order severing Plaintiffs' claims into sixty-seven separate actions;

2. Ethicon's removal is untimely pursuant to 28 U.S.C. 1446(c) because it (the second one Ethicon's counsel has attempted in this case) was filed more than one year after the commencement of this case;

3. Ethicon cannot demonstrate by a preponderance of the evidence that Plaintiffs acted in bad faith in order to prevent Ethicon from removing the action within the one-year time limit imposed by § 1446(c)(1).  In fact, Ethicon, Inc. (who shares the same counsel as Ethicon, LLC) previously removed this case, and it was appropriately remanded;

4. Absent expedited consideration, the case will be transferred to the federal MDL in West Virginia where Plaintiff will go to the "back of the line" in getting her claims adjudicated; and

5. At least five of the sixty-four severed cases that were removed by Ethicon on July 15, 2015, each of which is identical to this one, **have already been remanded** by The Honorable Percy Anderson in well-reasoned opinions based on the legal concepts as Plaintiff's argument here.

MOTION TO REMAND

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 16, 2015, and is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declaration of Mark Sparks, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: July 24, 2015                     Respectfully submitted,

                                         **THE MOSTYN LAW FIRM**


                                         By:   _/s/ Mark Sparks_
                                               J. Steve Mostyn
                                               Mark Sparks

                                               **ARNOLD & ITKIN, LLP**
                                               Kurt B. Arnold
                                               Jason A. Itkin
                                               Noah M. Wexler
                                               Caj D. Boatright

                                               **KIESEL LAW LLP**
                                               Paul R. Kiesel
                                               Helen Zukin
                                               Melanie Palmer

                                               **Attorneys for Plaintiff**

MOTION TO REMAND

1
2

## **<u>TABLE OF CONTENTS</u>**

3   **I.      INTRODUCTION** ............................................................1

4

5   **II.     FACTUAL BACKGROUND AND
         PROCEDURAL HISTORY** .......................................2

6

7   **III.    ARGUMENTS** ................................................................8

8          A.    The State Court's severance order does not
               provide a basis for Ethicon's untimely removal

9               because it does not constitute a voluntary action
               by the Plaintiffs ...........................................................9

10

11         B.    Ethicon's removal is untimely pursuant to
               28 U.S.C § 1446(c) ...................................................11

12

13         C.    Ethicon raises four baseless contentions in an
               attempt to circumvent the clear import of

14               28 U.S.C. 1446(c) .............................................…..12

15               1.   Ethicon's contention that 1446(c) is

16                    Inapplicable is baseless ......................................12

17               2.   Ethicon's contention that Plaintiff's claims

18                    "commenced" when the severance order
                    was issued instead of when the case was

19                    filed has no basis in law or fact...........................13

20               3.   There is no evidence that Plaintiff acted

21                    in bad faith to prevent removal; in fact,

22                    all relevant evidence proves the opposite ...........14

23               4.   Ethicon's contention that the one-year deadline

24                    should be equitably tolled defies Ninth Circuit law,

25                    and is belied by Ethicon's own delay tactics .......17

26   **IV.    CONCLUSION** ............................................................19

27

28

MOTION TO REMAND

1

## **TABLE OF AUTHORITIES**

2

## **CASES**

3

*Abrego Abrego v. The Dow Chemical Co.*,

4
    443 F.3d 676 (9th Cir. 2006)...................................................................8

5

*Alabama Great Southern Ry. Co. v. Thompson*,

6
    200 U.S. 206 (26 S.Ct. 161, 50 L.Ed. 441) .........................................10

7

*American Car & Foundry Co. v. Kettelhake*,

8
    236 U.S. 311 (35 S.Ct. 355, 59 L.Ed. 594) .................................. 9, 10

9

*Bay Guardian Co., Inc. v. Vill. Voice Media LLC*,

10
    C 09-03833 JSW, 2010 U.S. Dist. LEXIS 4166

11
    (N.D. Cal. 2010) ..................................................................................17

12

*Blue v. Equifax Info. Servs., LLC*,

    C 06-06349 JSW, 2007 U.S. Dist. LEXIS 16229

13
    (N.D. Cal. 2007) ..................................................................................17

14

15

*Carranza v. Nordstrom, Inc.*,

    2014 U.S. Dist. LEXIS 172307

16
    (C.D. Cal. Dec. 12, 2014)......................................................................8

17

*Ciolino v. Ryan*,

18
    2003 U.S. Dist. LEXIS 11639

19
    (N.D. Cal. July 9, 2003) ........................................................................8

20

*David v. Medtronic, Inc.*,

21
    237 Cal.App.4th 734 (2nd Dist.Cal) ...................................................16

22

*Emrich v. Touche Ross & Co.*,

23
    846 F.2d 1190 (9th Cir. 1988)...............................................................8

24

*Escalante v. Burlington Nat'l Indem., Ltd.*,

25
    2014 U.S. Dist. LEXIS 165085

    (C.D. Cal. Nov. 24, 2014) ...................................................................14

26

27

*Fristoe v. Reynolds Metals Co.*,

    615 F.2d 1209 (9th Cir. 1980)..............................................................11

28

MOTION TO REMAND

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .................................................................8

*Goodwin v. Kojian*,
  2013 WL 1528966, at *3
  (C.D. Cal. Apr. 12, 2013) ....................................................................18

*Great Northern Ry. v. Alexander*,
  246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918) .............................10

*Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*,
  No. 14-CV-01856 WQH BLM,
  2014 WL 7175598 (S.D. Cal. Dec. 11, 2014) ....................................14

*Harris v. Bankers Life and Cas. Co.*,
  425 F.3d 689 (9th Cir. 2005) .................................................................8

*Hernandez v. Towne Park, Ltd.*,
  2012 U.S. Dist. LEXIS 86975
  (C.D. Cal. June 22, 2012) .....................................................................8

*Hutto v. Finney*,
  437 U.S. 678 (1978) .............................................................................14

*In re Keegan Management Co., Sec. Litig.*,
  78 F.3d 431 (9th Cir. 1996) .................................................................14

*Kansas City Suburban Belt Ry. v. Herman*,
  187 U.S. 63 ........................................................................................9, 10

*Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*,
  215 U.S. 246 (1909) .........................................................................9, 10

*Lewis v. City of Fresno*,
  627 F.Supp 2d 1179 (E.D. Cal. 2008) ................................................11

*Luther v. Countrywide Home Loan Servicing LP*,
  533 F.3d 1031, 1034 (9th Cir. 2008) ....................................................8

iii

*Markham v. Home Depot USA, Inc.,*
    No. 2:13-cv-08421-GHK (JCGx), 2014 U.S. Dist.
    LEXIS 3321, 2014 WL 117102 (C.D. Cal. Jan. 10, 2014)...............17

*Matheson v. Progressive Specialty Ins. Co.,*
    319 F.3d 1089 (9th Cir. 2003).................................................8

*NKD Diversified Enters. v. First Mercury Ins. Co.,*
    2014 U.S. Dist. LEXIS 58785 (E.D. Cal. Apr. 28, 2014)..................14

*Nishimoto v. Federman-Bachrach & Assocs.,*
    903 F.2d 709 (9th Cir. 1990)................................................8

*Osborn v. Metropolitan Life Ins. Co.,*
    341 F.Supp.2d 1123, 1127 (E.D.Cal.2004).........................................18

*People of State of Cal. By & Through Lungren v. Keating,*
    986 F.2d 346, 348 (9th Cir. 1993).............................................1, 9, 10

*Petersen v. Bank of America Corp.,*
    232 Cal.App.4th 238, 2014............................................6, 16

*Poulos v. Naas Foods, Inc.,*
    959 F.2d 69 (7th Cir. 1992).................................................9

*Primus Automotive Financial Services, Inc. v. Batarse,*
    115 F.3d 644 (9th Cir.1997).................................................14

*Richey v. Upjohn Drug Co.,*
    139 F.3d 1313 (9th Cir. 1998).............................................12

*Self v. Gen. Motors Corp.,*
    588 F.2d 655, 659 (9th Cir. 1978) .................................9, 10

*Selman v. Pfizer, Inc.,*
    11-cv-1400-HU, 2011 U.S. Dist. LEXIS 145019
    (D. Or. 2011) .........................................................17

*Shamrock Oil & Gas Corp. v. Sheets,*
    313 U.S. 100 (1941) ......................................................8

iv

*Southern Pac. Co. v. Haight*,
   126 F.2d 900, 903-04 (9th Cir.), cert. denied,
   317 U.S. 676 (1942) ...............................................................................9

*Tedford v. Warner-Lambert Co.*,
   327 F.3d 423 (9th Cir. 2003) ...............................................................16

*Verduzco v. Ford Motor Co.*,
   2013 U.S. Dist. LEXIS 152523
   (E.D. Cal. Oct. 22, 2013)......................................................................17

*Weems v. Louis Dreyfus Corp.*,
   380 F.2d 545 (5th Cir. 1967) ...............................................................9

## STATUTES

28 U.S.C. § 1332 .....................................................................................11

28 U.S.C. § 1446 .....................................................................................12

28 U.S.C. § 1446(b) .........................................................................11, 12

28 U.S.C. § 1446(c). ............................................ 1, 2, 3, 7, 9, 11, 12, 13, 14

Cal. Code Civ. Proc. § 378 ......................................................................4

Fed. R. Civ. Proc. 20................................................................................

## OTHER SOURCES

1A MOORE'S FEDERAL PRACTICE P 0.168(3. 5) (2d ed. 1974).....................10

14C Charles Alan Wright, Arthur R. Miller
& Edward H. Cooper, FEDERAL PRACTICE AND
PROCEDURE § 3732 (3d ed. & Supp. 2008).....................................................11

MOTION TO REMAND

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Ninth Circuit law regarding removal is clear and unequivocal:

- A case that is not removable at the time of filing (which is undeniably the scenario here based on the fact that it has already been remanded once) "must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993); and

- A case cannot be removed based on diversity grounds more than a year after it was commenced, unless the plaintiff prevented removal in bad faith (the absence of which was also established by the prior remand). *See* 28 U.S.C. § 1446(c)(1).

Ethicon, LLC (who shares counsel with Ethicon, Inc.) completely ignores these black-letter jurisdictional concepts, choosing instead to remove Plaintiff's claims for a second time eighteen months after the case was "commenced." Ethicon tries to use an order of severance issued by a state court – seventeen months after the case was first remanded – to legitimize its latest removal. However, the order of severance was not a "voluntary act" of Plaintiff, but rather, was the result of a hotly contested motion practice between Plaintiff and Ethicon.

That this second improper and untimely removal lacks merit is no secret to Ethicon. Not only are the concepts set forth above well-established in this Circuit, Plaintiff's counsel wrote Ethicon's counsel nearly a month ago, iterating that:

> We have spent a considerable amount of time reviewing the law in the Ninth Circuit and the facts of this case. It is abundantly clear that the Order issued by Judge Highberger does not provide any new basis for removal or federal jurisdiction. Any attempt to remove these cases to federal court would be improper, untimely, and done without a valid basis in law or fact.
>
> If you attempt to remove my clients' claims to federal court, Plaintiffs will respond with an immediate and appropriate motion to remand…..

*See* Declaration of Mark Sparks ("Sparks Decl."), Ex. 1.

MOTION TO REMAND

1   Undeterred, Ethicon, LLC removed Plaintiff's claims for a second time without
2   regard for such law in hopes that the claims will be transferred to the MDL in West
3   Virginia by the JPML before jurisdiction is adjudicated by this Court (which is why
4   expedited consideration is merited).  A year and a half after Plaintiff's complaint was
5   filed, Ethicon is still playing procedural games.  Plaintiff asks that the Court put an
6   end to such gamesmanship by following well-settled Ninth Circuit precedent and
7   immediately remanding Plaintiff's case to state court.

8   **II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

9   On December 30, 2013, sixty-seven women who suffered from pelvic organ
10  prolapse and/or stress urinary incontinence, and had been vaginally implanted with
11  transvaginal mesh designed, manufactured, tested, marketed, and sold by Defendant
12  Ethicon, Inc. ("Ethicon"), joined together under California Code of Civil Procedure
13  section 378 to file suit. *See* Sparks Decl., Ex. 2, Plaintiffs' Original Complaint at ¶¶91-
14  97, 105-131.  Plaintiffs served Ethicon, Inc. – the proper "Ethicon" defendant – on
15  January 7, 2014. *See* Sparks Decl., Ex. 3, Proof of Service of Summons.  Ethicon filed
16  its original answer on February 3, 2014. *See* Sparks Decl., Ex. 4, Ethicon's Original
17  Answer.  Out of an abundance of caution, Ethicon, LLC was named in the suit as well.
18  At the time this suit was filed, both Ethicon, LLC and the plaintiffs in the federal
19  MDL had agreed to dismiss Ethicon, LLC from the MDL proceeding because
20  Ethicon, Inc. is actually the proper Ethicon defendant. *See* Sparks Decl., Ex. 6 (MDL
21  Pretrial Order #118 at p.1).[1]  Plaintiffs therefore did not, and from that point forward
22

23  [1] At the time this suit was filed, Ethicon LLC and the plaintiffs in the federal MDL
24  had agreed to dismiss Ethicon, LLC from the MDL proceeding, and they were
    awaiting a ruling from Judge Goodwin to allow for the dismissal. *See* Sparks Decl.,
25  Ex. 5, MDL Plaintiffs' unopposed Motion to Amend Master Long Form Complaint
26  and Jury Demand and Amended Master Short Form Complaint filed October 22,
    2013.  On May 29, 2014, based on the agreement of the MDL Plaintiffs and Ethicon,
27  LLC, the limited liability company was dismissed from the MDL proceeding because
28  Ethicon, Inc. is actually the proper Ethicon defendant. *See* Sparks Decl., Ex. 6 (MDL

MOTION TO REMAND

never intended to, serve Ethicon, LLC. Sparks Decl., ¶ 2. [2]

Plaintiff in this removed action is one of these sixty-seven injured women who collectively filed their state court action and served the proper Ethicon Defendant more than eighteen months ago on January 7, 2014. *See* Sparks Decl., Ex. 2. Each of sixty-seven women, including Plaintiff, was vaginally implanted with an Ethicon surgical mesh kit designed, manufactured, tested, marketed, and sold by Ethicon to treat Plaintiff's underlying pelvic organ prolapse and/or stress urinary incontinence. *Id.* Each of the sixty-seven woman brought claims for injuries sustained as a result of the implantation of Ethicon's transvaginal mesh products. *Id.*

Consistent with the FDA's determination that the "serious complications" associated with the vaginal implantation of Ethicon's surgical mesh kits are "not rare" and "mesh used in transvaginal mesh repair introduces risks not present in traditional non-mesh surgery," each of the sixty-seven women were seriously injured as a result of her implant. *Id.* at ¶¶105-42. The liability facts underlying these sixty-seven women's claims are nearly identical. *See id*; *see also* ¶¶91-97.

Ethicon's failure to adequately design, test, label, and warn about the dangers and medical complications associated with its surgical mesh products, underpinned by its knowledge that such products should not be vaginally implanted, is common to each of the sixty-seven women's claims. *See id*; *see also* ¶¶105-31; 145-215. Moreover, discovery relating to Ethicon's liability in each of the sixty-seven women's cases will be identical. *See id.* at ¶96. Without question, numerous common questions of fact pervade Plaintiffs' claims.

---

Pretrial Order #118 at p.1). As such, Plaintiffs in this case did not serve Ethicon LLC because it is not the actual proper Ethicon party.

[2] Given these facts, it is clear that the formerly silent Ethicon, LLC's sudden, voluntary appearance in this case to remove it (for a second time), when the entity was never served and clearly is not a target, is nothing more than a ruse utilized by the same counsel that represents Ethicon, Inc. (who unsuccessfully removed this case the first time) to try and overcome Section 1446.

MOTION TO REMAND

In addition, each of the sixty-seven women's injuries and damages involve common questions of law and fact because: (1) each woman suffered from pelvic organ prolapse and/or stress urinary incontinence prior to implantation, (2) each was woman was vaginally implanted with Ethicon's transvaginal mesh, (3) each woman suffered serious complications following implantation, and (4) each woman's injuries and damages were caused by Ethicon's same conduct. *See id.* at ¶¶105-131, 145-215. The sixty-seven women have asserted a right to relief "arising out of the same transaction, occurrence, or series of occurrences and [which present] question[s] of law or fact common to all] of them. *See* California Code of Civil Procedure § 378, subd. (a)(1).

Given the significant legal and factual issues common to each of these women's claims, Plaintiff contends that joinder under both Federal Rule of Civil Procedure 20 and California Code of Civil Procedure § 378 was proper.  Ten of the sixty-seven women reside in, and are citizens of, California. (*See id.* at ¶¶3-12).  Three of the sixty-seven women reside in, and are citizens of, New Jersey – the state of corporate residence of Ethicon. (*See id.* at ¶¶13-15, 70-76). When the case was filed, diversity of citizenship was unquestionably lacking, as this Court (and numerous Central District Courts that have adjudicated the jurisdictional issue in the last eighteen months) has held. (*Id.*).[3]

---

[3] Remand Orders: *Robinson, et al. v. Johnson & Johnson, et al.*, 2:14-cv-00899 JGB (SP); *Muller, et al. v. Boston Scientific Corp.*, 2:13-cv-06276 PA (RZ); *Howe, et al. v. Coloplast Corp.*, et al., 2:13-cv-06344  GHK (PLA); *Dekalb, et al. v. C.R. Bard, et al.*, 2:13-cv-06308 DMG (PJW); *Mauck, et al. v. Boston Scientific Corp, et al.,* 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston Scientific Corp., et al.*, 2:13-cv-06321 BRO (AJW); *Straughn, et al. v. American Medical Systems, Inc., et al.*, 2:14-cv-00468 JGB (SP).

Despite the clear lack of diversity, Ethicon improperly removed this case for the first time on February 6, 2014 – seventeen months ago. *See* Sparks Decl., Ex. 7, Ethicon's Notice of Removal.  In its removal papers, Ethicon alleged that Plaintiffs were "fraudulently misjoined," despite the fact that Ethicon and its counsel knew the "fraudulent misjoinder" doctrine had never been adopted by the Ninth Circuit or this District, and despite the fact that at least five prior attempts to remove identically structured and pleaded transvaginal mesh cases pending in Los Angeles Superior Court had been rejected by this District in the weeks and months **prior** to Ethicon's removal. *See* Sparks Decl., Ex. 8, Remand Orders: *Muller, et al. v. Boston Scientific Corp.*, 2:13-cv-06276 PA (RZ); *Howe, et al. v. Coloplast Corp.*, et al., 2:13-cv-06344 GHK (PLA); *Dekalb, et al. v. C.R. Bard, et al.*, 2:13-cv-06308 DMG (PJW); *Mauck, et al. v. Boston Scientific Corp, et al.,* 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston Scientific Corp., et al.*, 2:13-cv-06321 BRO (AJW).

Plaintiffs immediately moved to remand the case, and requested and received expedited consideration of their motion. *See* Sparks Decl., Ex. 9, Plaintiffs' Motion to Remand.  Ultimately, Ethicon's "fraudulent misjoinder" argument was rejected and the case was remanded to state court on March 12, 2014. *See* Sparks Decl., Ex. 10, Order Granting Plaintiffs' Motion to Remand, Hon. J. Jesus G. Bernal, March 12, 2014 (determining Ethicon "failed to demonstrate that joinder was 'egregious' [or] that [Plaintiffs' claims] were joined merely in order to defeat diversity jurisdiction.").

Upon remand, the case was transferred from its original Central Division Los Angeles Superior Court to Central Civil West Complex Courts, where it was reassigned to the Honorable Judge John S. Wiley.  Thereafter, Ethicon moved to dismiss Plaintiffs' claims based upon the doctrine of *forum non conveniens*, and alternatively, finally moved to sever the non-diverse Plaintiffs' claims from the remainder of Plaintiffs' claims (a motion they could have filed in state court in January 2014 when the case was first filed).  Plaintiffs filed their brief in opposition on February 13, 2015.  Notably, Ethicon failed to secure a ruling on its *forum non*

MOTION TO REMAND

*conveniens* motion and its alternative request to sever while the case was pending before Judge Wiley.

Subsequently, the case was reassigned to Judge William Highberger, who set Ethicon's motion for hearing on June 19, 2015. Prior to the hearing, Judge Highberger accepted additional briefs from both sides.  Following a lengthy hearing, Judge Highberger issued a written order granting Ethicon's motion in part and denying it in part. *See* Sparks Decl., Ex. 11, Order, J. William Highberger, issued June 19, 2015. In doing so, Judge Highberger rejected Ethicon's *forum non conveniens* argument, but severed the sixty-seven Plaintiffs' claims. *Id.*  Respectfully, Plaintiff contends that the Court's ruling was erroneous and contrary to California Code of Civil Procedure section 378.  Plaintiff also believes that the ruling did not take into account the recent case of *Petersen v. Bank of America Corp.*, 232 Cal.App.4th 238, 2014.  However, due to Ethicon's untenable argument that the severance of Plaintiffs' claims effectuated "commencement" of sixty-seven separate cases in its latest removal papers, it bears mention that even Judge Highberger acknowledged:

> No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

*See* Sparks Decl., Ex. 11 at p.25.  Judge Highberger recognized what Ethicon ignores – that his severance order did not result in "commencement" of sixty-seven new cases, but was simply an "administrative" reorganization of claims that have been pending since January 2014. *See id.*

Now, eighteen months after Plaintiff's' claim was originally filed, seventeen months after Ethicon was served, and sixteen months after Ethicon removed the case the first time, Ethicon has once again improperly removed this action to Federal Court despite the involuntary nature of the state Court's severance and the untimeliness of its removal.  Plaintiff's claims, along with the sixty-six other Plaintiffs' claims, should be immediately remanded because: (1) the exclusive basis for removal (Judge

MOTION TO REMAND

Highberger's severance order) was involuntary; thus, the applicable "Voluntary/ Involuntary" rule followed by the Ninth Circuit precludes removal since the basis for federal jurisdiction was not a voluntary act by the Plaintiffs; (2) the removal is untimely pursuant to 28 U.S.C. 1446(c) as the it was filed more than one year after the commencement of this action; and (3) Ethicon cannot demonstrate based upon the preponderance of the evidence that Plaintiffs acted in bad faith in order to prevent Ethicon from removing the action within the one-year time limit.

Ethicon is well-aware of these entrenched legal precepts. Nonetheless, it ignored them and removed the case in hopes that a delay in adjudicating the jurisdictional issue in this Court will result in the claims being transferred to the MDL in West Virginia before they are remanded. Ethicon has taken Plaintiff and the Court down this road before. Indeed, Ethicon's first attempt at removal, which rested on fraudulent misjoinder (a doctrine not even recognized in the Ninth Circuit), was based on the same objective – transfer to the MDL no matter how baseless the grounds for removal.

Ethicon has already begun filing its tag-along motions with the JPML seeking transfer of Plaintiff's' claims as soon as possible, and Ethicon will request that this Court delay any adjudication of this remand motion until the JPML rules. Indeed, Ethicon's counsel has already expressed its intent to do so in unequivocal terms in a phone conference with Plaintiff's counsel. This Court should not only remand this case, but Plaintiff respectfully requests that the Court do so on an expedited basis.

In fact, at least five of the severed claims that were removed by Ethicon only a few days ago have already been remanded, *sua sponte*, by the Honorable Percy Anderson. *See* Sparks Decl., Ex. 12, Remand Orders in *Buchanan v. Johnson & Johnson, et al*., 2:15-cv-05315-PA (AGR); *Carmona v. Johnson & Johnson, et al*., 2:15-cv-05317-PA (E); *Orsi v. Johnson & Johnson, et al*., 2:15-cv-05371-PA (GJS); *Robinson v. Johnson & Johnson, et al*., 2:15-cv-05382-PA (FFM); *Skelton v. Johnson & Johnson, et al*., 2:15-cv-05385-PA (E)). Judge Anderson's remand orders rest

largely on the legal precepts advanced by Plaintiff here, and Plaintiff respectfully submits that her claims (which were joined to the claims of the five Plaintiffs subject to Judge Anderson's recent remand orders) should likewise be remanded immediately on the same grounds.

# I.    ARGUMENT

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Ethicon bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 682 (9th Cir. 2006); *Ciolino v. Ryan*, 2003 U.S. Dist. LEXIS 11639 (N.D. Cal. July 9, 2003).

"The Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and 'federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Carranza v. Nordstrom, Inc*., 2014 U.S. Dist. LEXIS 172307, *9-10 (C.D. Cal. Dec. 12, 2014 (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)); *Luther v. Countrywide Home Loan Servicing LP,* 533 F.3d 1031, 1034 (9th Cir. 2008). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988)). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Hernandez v. Towne Park, Ltd*., 2012 U.S. Dist. LEXIS 86975 (C.D. Cal. June 22, 2012).

For nearly 40 years, the law in the Ninth Circuit has been well-settled: an action that is not removable as originally filed must remain in state court unless the plaintiff does something voluntarily to change the nature of the case that renders it removable. *Self v. Gen. Motors Corp.,* 588 F.2d 655, 659 (9th Cir. 1978).  Here, the purported

diversity of citizenship was created by an "involuntary" order of severance entered by the state Court at the request of Ethicon and over the objection of Plaintiff. *See* Sparks Decl., Ex. 11.  An involuntary action such as this cannot provide a valid basis for removal. *Self,* 588 F. 2d at 659.

Moreover, Ethicon's untimely removal was effectuated more than a year after the one-year deadline from commencement of this action. *See* 28 U.S.C. § 1446(c). Ethicon has not and cannot establish that Plaintiff acted in "bad faith" to deliberately prevent removal – the only way Ethicon can avoid the one-year limit. *Id.*  Any argument to the contrary is belied by facts of this case and this Court's prior rejection of Ethicon's fraudulent joinder argument and alternative motion to sever. Consequently, immediate remand is requested.

**A.   The State Court's severance order does not provide a basis for Ethicon's untimely removal because it does not constitute a "voluntary" action by the Plaintiffs.**

The applicability of the "voluntary/involuntary" rule is well established with respect to removal jurisdiction. *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). "[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/ involuntary rule.'" *Id* (citing *Self*, 588 F. 2d at 657-60).[4] "The rule provides that a suit which, at the time of filing, could not have been brought in federal court **must 'remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.'**" *Id* (emphasis added).[5]

---

[4] *See also Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71-72 (7th Cir. 1992)(discussing the voluntary/involuntary rule as it applies to diversity jurisdiction).

[5] *See also American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 314-16 (1915); *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.,* 215 U.S. 246 (1909); *Kansas City Suburban Belt Ry. v. Herman*, 187 U.S. 63, 69-70 (1902); *Southern Pac. Co. v. Haight*, 126 F.2d 900, 903-04 (9th Cir.), cert. denied, 317 U.S.

"It is also settled that a case, […] non-removable on the complaint when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant." *Self*, 588 F.2d at 659 (citing *Kansas City*, 187 U.S. at 63; *Alabama Great Southern Ry. Co. v. Thompson*, 200 U.S. 206; *Lathrop*, 215 U.S. at 246; *American Car & Foundry Co.*, 236 U.S. at 311).  As the Supreme Court explained:

> The obvious principle of [the decisions developing the voluntary/ involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*People of State of Cal. By & Through Lungren*, 986 F.2d 346 at 348 (citing *Self*, 588 F.2d at 657-60) (quoting *Great Northern Ry. v. Alexander,* 246 U.S. 276, 282, (1918), *quoted in Self,* 588 F.2d at 659).  Simply put, a court order that is adverse to and contested by the plaintiff cannot create a basis for removal. *Self*, 588 F.2d at 658.

Here, Ethicon's exclusive basis for removal arose as a consequence of the opposed severance order issued by the state court below, and not by any voluntary action of the Plaintiff. In fact, Plaintiff filed multiple briefs in opposition to Ethicon's motion and presented oral argument in support of their opposition. "Since a voluntary act by the plaintiff has not rendered the case removable, **it must remain in state court**." *People of State of Cal. By & Through Lungren*, 986 F.2d at 348 (emphasis

---

67 (1942); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir. 1967); 1A MOORE'S FEDERAL PRACTICE P 0.168(3. 5), at 487 (2d ed. 1974).

MOTION TO REMAND

added).  Ethicon does not even address the voluntary/involuntary rule in its removal papers, which is not surprising given the absence of any justification to avoid its fatal effect.  This Court, having previously rejected Ethicon's "fraudulent misjoinder" argument and alternative motion to sever, should once again remand this case to state court where it belongs.

### B.   Ethicon's removal is untimely pursuant to 28 U.S.C § 1446(c)

The voluntary/involuntary rule ends the inquiry.  However, Plaintiff will address the timeliness arguments out of an abundance of caution.  Simply put, Ethicon's removal is untimely under 28 U.S.C. section 1446.  Section 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  However, "[a] case **may not be removed** under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 (diversity jurisdiction – the sole basis of removal here) **more than 1 year after commencement of the action**, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added).[6]

The "statutory time limit for removal petitions is mandatory [...] the time limits cannot be extended by continuance or stipulation." *Lewis v. City of Fresno*, 627 F.Supp 2d 1179, 1182 (E.D. Cal. 2008) (citing *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of

---

[6] It is beyond dispute that Ethicon's basis for removal is diversity under 28 U.S.C. § 1332.

11

1  process, pleas in abatement, stipulations, or various other court orders.").

2      There is no question that Ethicon has waited far more than one year beyond the

3  date that Plaintiff's claims were "commenced" in December 2013 to remove them

4  (for a second time). Thus, even if the voluntary/involuntary rule did not apply (which

5  it does) the removal is still untimely under the plain language of Section 1446(c).

6  Judge Anderson agrees, explicitly relying on 1446(c) as one of the primary basis of

7  his recent remand orders. *See* Sparks Decl., Ex. 12.

8       **C.**    **Ethicon raises four baseless contentions in an attempt to circumvent**

9            **the clear import of 28 U.S.C. 1446(c).**

10     Faced with the reality that its removal is untimely, Ethicon has no choice but

11  to advance untenable theories in an attempt to remain in federal court. In total,

12  Ethicon advances four of them, all of which are easily discarded.

13            1.     Ethicon's contention that 1446(c) is inapplicable is baseless.

14     Ethicon first contends, in a two-sentence paragraph with only a single case

15  citation, that the one-year time limit in 1446(c) does not apply here because Plaintiff's

16  "individual claim against Defendants has always been removable based on complete

17  diversity and is therefore removable under 1446(b)(1)." *See* Notice of Removal at

18  pp.10-11. This contention ignores the fact that Judge Bernal previously remanded

19  this case and rejected Ethicon's fraudulent misjoinder argument. As such, the

20  complaint, when originally filed, was <u>not</u> removable. Thus, it is beyond dispute that

21  the one-year time limit in 1446(c)(1) applies, as Judge Anderson aptly held. See

22  Sparks Decl., Ex. 12.

23     Moreover, Ethicon relies exclusively on a highly distinguishable case issued

24  under a prior version of the statute that actually proves Plaintiff's point – *Richey v.*

25  *Upjohn Drug Co*., 139 F.3d 1313 (9th Cir. 1998). In *Richey*, the defendant removed

26  the case based on fraudulent joinder, and the district court refused to remand it, ruling

27  that the joinder was in fact fraudulent because there was no viable cause of action

28  against the removing defendants due to the statute of limitations. *See id*. at 1318.

MOTION TO REMAND

Contrarily, in this case, Judge Bernal expressly rejected Ethicon's fraudulent misjoinder argument and remanded the case back to state court, proving that the action was not removable when filed. *See* Sparks Decl., Ex. 10. Thus, the one year-time limit applies to Ethicon's untimely removal no matter how hard it tries to twist and bend *Richey*.

2. <u>Ethicon's contention that Plaintiff's claim "commenced" when the severance order was issued instead of when the case was filed has no basis in law or fact.</u>

Ethicon then argues (in two short sentences) that even if the one-year deadline does apply, this action was "commenced" on July 22, 2015 when Judge Highberger severed her claims from the other sixty-six Plaintiffs. *See* Notice of Removal at p. 11. Not surprisingly, Ethicon fails to cite a single case holding that a plaintiff whose claims have been on file for more than a year are actually "commenced" for the purposes of Section 1446(c)(1) following a severance order. Nor would such a ruling make any sense here. The parties have already served and answered some discovery, and have each filed numerous motions in the eighteen months since the action was "commenced." Severance does not mean a new action is "commenced," as Judge Anderson explained in his recent remand orders. *See* Sparks Decl., Ex. 12. Judge Highberger likewise recognized this concept in his severance order when he ruled:

> No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

*See* Sparks Decl., Ex. 11 at p.25.[7] Ethicon's attempt to elevate form over substance should likewise be rejected.

---

[7] It is telling that not only were there no new filing fees assessed, Plaintiffs were also not required to a file a new civil case cover sheet that must be filed 'with the first paper filed in the action…" http://www.courts.ca.gov/ documents/cm010.pdf. Of course, that is because nothing was voluntarily "commenced" in state court at all.

3.    <u>There is no evidence that Plaintiff acted in bad faith to prevent removal; in fact, all relevant evidence proves the opposite.</u>

In a final swing for the fence, Ethicon asserts that Plaintiff acted in bad faith to prevent removal.  Proving bad faith is a tall order in the Ninth Circuit.  Indeed, while there is no bright line test with respect to the "bad faith" standard that a removing Defendants must establish to circumvent the strict one-year deadline for removal, numerous courts in this Circuit have identified it is a "**<u>high threshold</u>**". *Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*, No. 14-CV-01856 WQH BLM, 2014 WL 7175598, at *3 (S.D. Cal. Dec. 11, 2014) (quoting *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also NKD Diversified Enters. v. First Mercury Ins. Co*., 2014 U.S. Dist. LEXIS 58785, *10 (E.D. Cal. Apr. 28, 2014) ("the requirement that a party acts in bad faith sets a high threshold.").[8]  In November of 2014, the Central District of California reaffirmed that the "bad faith" exception mandates that the removing defendant meet a "high threshold." *Escalante v. Burlington Nat'l Indem*., Ltd., 2014 U.S. Dist. LEXIS 165085, *6-7 (C.D. Cal. Nov. 24, 2014) (the "bad faith" exception **"carries with it a <u>high threshold</u> and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings**.") (emphasis added); *Primus Auto. Fin. Servs., Inc.,* 115 F.3d at 649 (9th Cir. 1997); *Hutto*, 437 U.S. at 689; *see also* Sparks Decl., Ex. 12.  Ethicon presents no evidence, much less sufficient evidence, to hurdle this high threshold.

---

[8] Although it is not Plaintiff's burden, to illustrate the complete absence of "bad faith" here, the Court of Appeals for the Ninth Circuit has identified two examples of bad faith, which exhibit zero commonality with the instant action: (1) where a defendant demonstrates that plaintiffs knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent or (2) where a defendant demonstrates that plaintiffs purposefully delayed or disrupted the litigation or hampered enforcement of a court order. *See e.g. In re Keegan Management Co., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996); *Hutto v. Finney,* 437 U.S. 678, 689 n. 14 (1978).

1    Instead, Ethicon baldly contends that Plaintiff has intentionally neglected to
2    serve Ethicon, LLC within a year of commencement of the action to prevent it from
3    being able to remove the case. *See* Notice of Removal at p. 11.  The contention is the
4    reddest of herrings.  As set forth above, Ethicon, LLC was sued only out of an
5    abundance of caution because at the time the suit was filed, the agreed request by
6    Ethicon and the plaintiffs in the federal MDL to dismiss Ethicon, LLC had not yet
7    been decided by Judge Goodwin. *See* Sparks Decl., Ex. 5,   MDL Plaintiffs'
8    unopposed Motion to Amend Master Long Form Complaint and Jury Demand and
9    Amended Master Short Form Complaint filed October 22, 2013.  On May 29, 2014,
10   based on the agreement of the MDL Plaintiffs <u>and</u> Ethicon, LLC, the limited liability
11   company was dismissed from the MDL proceeding because Ethicon, Inc. is actually
12   the proper defendant. *See* Sparks Decl., Ex. 6, MDL Pretrial Order #118 at p.1.
13   Plaintiff therefore, did not, and from that point forward never intended to, serve
14   Ethicon, LLC. Sparks Decl., ¶ 2.  Ethicon's argument that Plaintiff has, in bad faith,
15   sat and waited to serve Ethicon, LLC is flat wrong and cannot support a finding of
16   bad faith.  Indeed, in every case cited by Ethicon to support their argument, it was
17   clear that the plaintiff in that case was intentionally dilatory with service in a
18   calculated tactic to prevent removal before the one-year deadline.  Ethicon, Inc. was
19   served right after this case was filed and took a shot at removal. It failed, and the case
20   was remanded.  There is not a shred of evidence that Plaintiff's decision not to serve
21   Ethicon, LLC was a ploy to prevent removal.  Indeed, the relevant evidence proves
22   the opposite.

23       Ethicon also contends that Plaintiff acted in bad faith to prevent removal
24   through a "pattern and practice" of misjoinder. *See* Notice of Removal at p. 12-14.
25   To support this argument, Ethicon cites four cases that were filed by Plaintiff's
26   counsel in Los Angeles Superior Court (and structured nearly identical to this one),
27   removed to the Central District, and then transferred to the MDL after Judge Bernal
28   stayed them. What Ethicon fails to mention is that after those four cases were stayed,

MOTION TO REMAND

1  Judge Bernal appropriately remanded this case just like every single other Central
2  District Judge who adjudicated a motion to remand filed by Plaintiff's counsel. *See*
3  Sparks Decl., Ex. 8, Remand Orders: *Muller, et al. v. Boston Scientific Corp.*, 2:13-
4  cv-06276 PA (RZ); *Howe, et al. v. Coloplast Corp.*, et al., 2:13-cv-06344   GHK
5  (PLA); *Dekalb, et al. v. C.R. Bard, et al.*, 2:13-cv-06308 DMG (PJW); *Mauck, et al.*
6  *v. Boston Scientific Corp, et al.,* 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston*
7  *Scientific Corp., et al.*, 2:13-cv-06321 BRO (AJW). Simply put, Plaintiff's counsel
8  won the fraudulent misjoinder argument in every Central District Court in which it
9  filed a motion to remand.  Ethicon therefore has absolutely no basis to claim a pattern
10 of misjoinder when so many qualified federal judges have held the exact opposite.

11        Inexplicably, Ethicon relies on the familiar *Tedford v. Warner-Lambert Co*.
12 decision from the Fifth Circuit to support its "pattern and practice of misjoinder"
13 argument.  But, *Tedford* involved a fact pattern in which the plaintiff amended the
14 petition to add a non-diverse defendant when it learned the case was about to be
15 removed, held onto the defendant until the one-year deadline passed, and then non-
16 suited the defendant. *Tedford*, 327 F.3d at 428-29.  Here, Plaintiffs joined together
17 under Code of Civil Procedure section 378, and Ethicon (like AMS, Boston Scientific,
18 and Bard – all of whom faced similarly plead complaints) failed in its efforts to prove
19 fraudulent misjoinder. Ethicon's failure in this regard stemmed in large part from its
20 own admissions made in the MDL conceding that there are common questions of law
21 and fact amongst Plaintiffs' claims. *See* Sparks Decl., Ex. 13 at ¶¶ 2-5, 6, Defendants'
22 Response to Plaintiffs' Motion for Transfer to the Southern District of West Virginia
23 Pursuant to 28 U.S.C. § 1407 (Doc. # 39 in MDL 2327 – *In re Ethicon, Inc. Women's*
24 *Pelvic Repair Products Liability Litigation*) (exhibits omitted); *see also* Sparks Decl.,
25 Ex.14, Defendant Ethicon's Response in Opposition to Motion to Vacate CTO-1 as
26 to Poole (Doc. # 168 in MDL 2327)(contending that the mesh cases against Ethicon
27 share common questions of law and fact and their consolidation will promote the just
28 and efficient conduct of the litigation).

MOTION TO REMAND

Despite these stark admissions, Judge Highberger rested his entire severance ruling on the *David v. Medtronic, Inc*. opinion that was released by the California Second District Court of Appeals on June 12, 2015, more than a year and a half after Plaintiffs' case was filed. *See* Ex. 11 at p.22.  However, the case of *Petersen v. Bank of America Corp*., 232 Cal. App. 4th 238 (2014) was not argued or briefed by the parties.  Plaintiff believes that case dictates a different result on the severance issue. Regardless, Ethicon's allegations of abusive misjoinder wilt in the face of the Central District orders (including those just issued by Judge Anderson) holding otherwise. *See* Sparks Decl., Exs. 8, 12.

        4.     <u>Ethicon's contention that the one-year deadline should be equitably tolled defies Ninth Circuit law, and is belied by Ethicon's own delay tactics.</u>

Despite Ethicon's efforts to convince this Court to equitably toll the one-year deadline, there are no "equitable exceptions" recognized by the Ninth Circuit to the one-year time limit for removal absent a finding of "bad faith." *Verduzco v. Ford Motor Co*., 2013 U.S. Dist. LEXIS 152523 (E.D. Cal. Oct. 22, 2013) (emphasis added); *Blue v. Equifax Info. Servs., LLC,* C 06-06349 JSW, 2007 U.S. Dist. LEXIS 16229 (N.D. Cal. 2007) ("The Ninth circuit has not recognized an exception, the statute does not contain an exception, and the Ninth circuit narrowly construes removal statutes against removal. As such, this Court will not recognize an exception to the clear statutory language of 1446(b)"); *Selman v. Pfizer, Inc.,* 11-cv-1400-HU, 2011 U.S. Dist. LEXIS 145019 (D. Or. 2011); *Bay Guardian Co., Inc. v. Vill. Voice Media LLC,* C 09-03833 JSW, 2010 U.S. Dist. LEXIS 4166 (N.D. Cal. 2010); *Markham v. Home Depot USA, Inc.,* No. 2:13-cv-08421-GHK (JCGx), 2014 U.S. Dist. LEXIS 3321, 2014 WL 117102, at *1 (C.D. Cal. Jan. 10, 2014); see also Sparks Decl., Ex. 12.  Thus, Ethicon's contention that the budget crisis in California is to blame for its failure to obtain a ruling on severance for eighteen months after the case was filed should be rejected outright.

MOTION TO REMAND

1   However, even if the Ninth Circuit permitted Ethicon to make an equitable
2   tolling argument, the one Ethicon makes is groundless.  To be sure, the delay on
3   severance in this case lies at the feet of one party – Ethicon.  When the case was filed
4   in Los Angeles County Superior Court in December 2013, Ethicon had every
5   opportunity to file a motion for severance in the state court to test whether Plaintiffs
6   were properly joined under section 378.  Indeed, that is exactly what it should have
7   done according to federal case law emanating from California Courts:

> The Court notes that in a case raising issues such as this, the better and
> most efficient course of action would have been for Defendant to seek
> relief form the alleged misjoinder in state court, "and then, if that court
> severed the case and diversity then existed, [Defendant] could seek
> removal of the cause to federal court.

11  *Goodwin v. Kojian*, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013) (citing
12  *Osborn v. Metropolitan Life Ins. Co.,* 341 F.Supp.2d 1123, 1127 (E.D.Cal.2004)).
13  Unbelievably, Ethicon cites *Osborn* for the proposition that it should be able to
14  remove the case, assert fraudulent misjoinder, and if it is unsuccessful in proving
15  fraudulent misjoinder and is remanded, move for severance in the state court and then
16  re-remove to federal court. *See* Notice of Removal at pp. 5-6.  But, *Osborn* stands for
17  exactly the opposite – a prudent defendant should move for severance in state court
18  first to avoid procedural complexity. *See id.*  Ethicon shunned prudence, and instead,
19  elected to remove the case and then immediately move to stay it in hopes that the
20  JPML would transfer it to the MDL before the misjoinder issue was decided.  Now,
21  strapped with buyer's remorse after its procedural gymnastics failed, Ethicon seeks
22  an equitable exception from the clear auspices of Section 1446(c)(1) due to the
23  California budget crisis.  Ethicon should have moved for severance initially in state
24  court.  It chose not to, and therefore, equitable tolling is not merited.

25  **II.    CONCLUSION**

26      Plaintiff respectfully requests that this Court remand this case to the Court from
27  which it was removed on an expedited basis. Plaintiff further requests all other relief
28  to which she is entitled, whether in law or in equity.

MOTION TO REMAND

1

2 DATED: July 24, 2015                    Respectfully submitted,

3
                                          **THE MOSTYN LAW FIRM**
4

5

6
                                          By:   */s/ Mark Sparks*
7                                               J. Steve Mostyn
                                                Mark Sparks
8

9                                         **ARNOLD & ITKIN, LLP**
                                          Kurt B. Arnold
10                                        Jason A. Itkin
                                          Noah M. Wexler
11                                        Caj D. Boatright
12

13                                        **KIESEL LAW LLP**
                                          Paul R. Kiesel
14                                        Helen Zukin
                                          Melanie Palmer
15

16                                        **Attorneys for Plaintiff**

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO REMAND