MOLLIE F. BENEDICT (SBN 187084)
E-Mail: mollie.benedict@tuckerellis.com
JOSHUA J. WES (SBN 238541)
E-Mail: joshua.wes@tuckerellis.com
LAUREN H. BRAGIN (SBN 286414)
E-Mail: lauren.bragin@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:   213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant
ETHICON LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| REGINA WEST,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; ETHICON, LLC, a Limited Liability company; and DOES 1 through 500, inclusive,<br><br>　　　　　Defendants. | Case No. 2:15-cv-05392-RGK-JEM<br><br>**NOTICE OF MOTION AND MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 24, 2015<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>The Honorable R. Gary Klausner<br><br>State Action Commenced: June 22, 2015 |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, August 24, 2015, at 9:00 a.m., or as soon thereafter as the matter can be heard, in the Courtroom of the Honorable R. Gary Klausner, United States District Court, Central District of California, Western Division, Defendant Ethicon LLC will bring on for hearing its Motion to Stay Proceedings Pending transfer to by the Judicial Panel on Multidistrict Litigation.

Ethicon LLC, by and through counsel, shall move and hereby moves this Court for an Order staying all proceedings and vacating all deadlines in the above-captioned litigation in this Court pending the decision of the Judicial Panel on Multidistrict Litigation on transfer of this action to the Multidistrict Litigation ("MDL") Court in the Southern District of West Virginia, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, before the Honorable Joseph R. Goodwin, Chief United States District Judge.  This Motion is made on the grounds that a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.

The Motion is based on this Notice, the Memorandum in Support of the Motion to Stay Proceedings Pending Transfer to Multidistrict Proceedings, all papers filed in relation to the Motion, filed concurrently herewith, the complete files and records in this action, matters that may be judicially noticed, and any oral or documentary evidence that may be presented at the hearing on this matter.  This motion is made following the conference of counsel pursuant to L.R. 7-3 on July 16, 2015.

DATED:  July 25, 2015                Tucker Ellis LLP

                                By:    /s/ Joshua J. Wes
                                       Joshua J. Wes
                                       Attorneys for Defendant
                                       ETHICON LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Ethicon LLC respectfully moves this Court to stay the case; relieve the parties of all pleading, discovery, or other obligation until further notice of the Court; and administratively close this case pending a decision by the United States Judicial Panel on Multidistrict Litigation ("JPML") on transfer of this action to the Southern District of West Virginia as part of MDL No. 2327 ("Ethicon MDL") before the Honorable Joseph R. Goodwin.  *See* 28 U.S.C. § 1407; Transfer Order, MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).  As explained below, the issues raised by Ethicon LLC's Notice of Removal regarding removals after the one-year limitations period in 28 U.S.C. § 1446(c)(1) are raised and fully brief in other cases already transferred to the Ethicon MDL, and for purposes of judicial economy, efficiency, consistency, and fairness, the MDL Court should be permitted to address the issue of remand, if it arises.

## II.    BACKGROUND

On or about December 30, 2013, 67 Plaintiffs from 33 states filed a Complaint, styled *Robinson et al. v. Johnson & Johnson et al.,* in the Superior Court of the State of California, County of Los Angeles, Case No. BC531848.  On February 5, 2014, Defendant Ethicon, Inc. removed BC531848 to the Central District of California based on jurisdictional manipulation and fraudulent misjoinder.  The case was given Central District of California docket number 2:14-cv-00899-JGB-SP and ultimately assigned to the Honorable Jesus G. Bernal.  Ethicon, Inc. argued that 64 diverse Plaintiffs had improperly joined their claims with 3 non-diverse Plaintiffs to defeat federal diversity jurisdiction.  In remanding BC531848 on March 12, 2014, this Court noted that the Ninth Circuit Court of Appeals has not adopted the fraudulent misjoinder doctrine.  The Court's remand order cited authority stating that misjoinder is more properly addressed in California State Court and that, in the event claims are severed, the claims could then be removed.

1

MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

Upon remand, Defendant Ethicon, Inc. obtained product identification discovery demonstrating that the 67 Plaintiffs' claims did not arise from the same transaction or occurrence under the California Code of Civil Procedure in order to file a severance motion. (Declaration of Joshua J. Wes ("Wes Decl.") in Support of Removal, Doc. 1-1, ¶ 5.) However, due to the California State Court budget crisis, and in particular funding and staffing reductions in the Los Angeles Superior Court, Ethicon, Inc.'s severance motion was not heard until June 19, 2015. (*Id*. at ¶¶ 5-6 (setting forth timeline from remand to severance).) The case was assigned to three separate Los Angeles Superior Court judges during this time. *Id*. No substantive case workup occurred in the interim. *Id*. Defendant Johnson & Johnson was not served until October 29, 2014, and Defendant Ethicon LLC has never been served. (*Id*. at ¶ 4.)

On June 22, 2015, Judge William F. Highberger granted Ethicon, Inc.'s motion to sever. (*See* June 22, 2015 Minute Order ("Minute Order"), attached as Ex. A to Wes Decl. in Support of Removal, Doc. 1-1.) Plaintiff Regina West's claim was severed into Case No. BC531848NNN. On July 15, 2015, Defendant Ethicon LLC timely removed this case to the United States District Court for the Central District of California based on diversity of citizenship jurisdiction.

There are thousands of virtually identical product liability cases pending in Federal District Courts based upon diversity jurisdiction that allege injuries similar to those claimed by Plaintiff allegedly arising from the implantation of various mesh products. Accordingly, the United States Judicial Panel for Multidistrict Litigation ("JPML") has established six separate Multi-District Litigations ("MDL") for claims related to the mesh products in the United States District Court for the Southern District of West Virginia. *See, e.g.*, Transfer Order, MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (granting centralization of MDL No. 2327). There are currently more than 28,000 cases pending in the Ethicon MDL.

Because this case involves questions of fact common to those cases pending in MDL 2327, Ethicon LLC has filed a Notice of Potential Tag-Along Action with the

2
MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

JPML regarding this case in accordance with the Rules of Procedure of the JPML ("JPML Rules"). *See* Notice of Potential Tag-Along Action (J.P.M.L. July 16, 2015), attached as Exhibit A. The Panel issued a Conditional Transfer Order on July 21, 2015, attached hereto as Exhibit B. The Panel has routinely issued conditional transfer orders for cases such as this one and finalized those transfer orders in spite of any objection by plaintiffs. *See, e.g., In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, 2014 U.S. Dist. LEXIS 148128, at *2 (J.P.M.L. Oct. 15, 2014) (ordering transfer of twelve actions with pending motions to remand to MDL 2327) (citing *In re: Prudential Ins. Co. of Am. Sales Prac. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)). As the Supreme Court of the United States has explained, "a court need not resolve whether it has authority to adjudicate the cause" if it intends to transfer the case to another tribunal. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 431 (2007) ("jurisdiction is vital only if the court proposes to issue a judgment on the merits").

Indeed, the issues raised by Ethicon LLC's Notice of Removal regarding removals after the one-year limitations period in 28 U.S.C. § 1446(c)(1) are raised and fully brief in other cases already transferred to the Ethicon MDL. *See e.g., DeLeon v. Tey*, No. 2:13-cv-32311 (S.D. W. Va.) (motion for reconsideration of motion to remand pending in action removed more than one year after commencement); *Ramirez v. Reyes*, No. 15-00475 (S.D. W. Va.) (motion to remand pending in action removed more than one year after commencement). In *Ramirez*, prior to transfer, the district court granted a motion to stay pending transfer to the MDL because a similar jurisdictional question was already pending in *DeLeon* in the MDL. *See* Ramirez Order Granting Motion to Stay, attached as Exhibit C. Because a Conditional Transfer Order has already issued, Exhibit B, Ethicon LLC expects that this action will be transferred to the Ethicon MDL shortly. Accordingly, to conserve judicial resources and prevent inconsistent rulings, this Court should stay all proceedings in this case pending MDL transfer.

Staying this matter will not prejudice Plaintiff.

3
MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

## III. ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), *quoted with approval and followed*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). A stay serves the primary purposes of consolidation, which are "to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . ; conserve the resources of the parties, their counsel and the judiciary" and avoid conflicting scheduling requirements. *In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001*); In re E. Airlines, Inc., Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975).

When considering a motion to stay in the context of a pending MDL established pursuant to 28 U.S.C. § 1407, district courts generally consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated. *Rivers*, 980 F. Supp. at 1360 ("since it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation"); *see also Rubio v. Arndal*, No. 1:13–cv–0027–LJO–BAM, 2013 WL 796669, *2 (E.D. Cal. Mar. 4, 2013) (noting that the factors to be considered in determining whether to stay an action are the possible hardship and damage that may result from the grant or denial of a stay, as well as "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (citing *Landis,* 299 U.S. at 254-55).

As discussed below, an examination of each of these factors weighs in favor of a stay.

**A.     Potential Prejudice, If Any, to Plaintiff is Minimal if a Stay is Granted**

Fairness considerations favor a stay.  Plaintiff would suffer minimal – if any – prejudice from a slight delay in the prosecution of her case.  *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 U.S. Dist. LEXIS 19906, at *2 (W. D. Mo. Mar. 12, 2009) (concluding that the "potential prejudice to Plaintiff is minimal" where duration of the stay – "until the JPML makes its final determination" – "would be short").  Plaintiff will have the opportunity to object to transfer in the JPML and will have her objections promptly heard by the JPML Panel.  *See In re Ivy*, 901 F.2d 7, 8-10 (2d Cir. 1990).

The Central District of California has previously granted stay orders in pelvic mesh cases that the JPML has transferred to the Ethicon MDL proceedings before Judge Goodwin.  *See Clavesilla et al. v. Johnson & Johnson et al.*, Doc. 27, No. 2:13-CV-6284-JGB (C.D. Cal. Oct. 8, 2013); *Miller et al. v. Johnson & Johnson et al.*, Doc. 41, No. 2:13-CV-6285-JGB (C.D. Cal. Oct. 17, 2013); *Moses et al. v. Johnson & Johnson et al.*, Doc. 32, No. 2:13-CV-6288-JGB (C.D. Cal. Oct. 3, 2013); *Ruiz et al. v. Johnson & Johnson et al.*, Doc. 36, No. 2:13-CV- 6289-JGB (C.D. Cal. Oct. 17, 2013), attached hereto as Exhibits D, E, F, and G ("[t]here is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs."); *see also Cooper v. Siddighi, et al.*, Order, Docket #35, No. 5:13-cv-00345 (C.D. Cal. May 8, 2013), attached hereto as Exhibit H ("[Plaintiffs … will not be prejudiced by the stay as determination of the remand issue will not be unduly delayed in the MDL case."); *Thomas-Lanska, et al. v. Hanna, et al.*, Order, Docket #18, No. 2:13-cv-01434 (C.D. Cal. Apr.9, 2013), attached hereto as Exhibit I ("[Defendant] would face some hardship from having to litigate while the Panel's determination was pending" while there "is no evidence that waiting until the Panel makes its transfer decision would significantly prejudice Plaintiffs.").[1]

---

[1] The Central District of California order denying Ethicon, Inc.'s motion to stay and granting remand in the *Robinson* case from which this case was severed does not require denial of the instant motion to stay.  *See Robinson* Order, attached as Exhibit C to Declaration of Joshua J. Wes in Support of Removal, Doc. 1-1.  The *Robinson* order was based on the Court's

5
MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

Whatever short delay, if any, Plaintiff would suffer would be outweighed by the benefits all the parties would receive from coordinated discovery and motion practice in the MDL proceeding. *Lopez v. Tyson Foods, Inc.*, No. 8:06CV459, 2008 U.S. Dist. LEXIS 106132, at *6 (D. Neb. Sept. 8, 2008) (granting stay because plaintiffs would not "suffer any prejudice by a brief stay," but defendants, "in contrast," would be prejudiced by "additional discovery or motion practice" that could "create duplicative and potentially inconsistent obligations").

### B. The Hardship and Inequity to Defendants Without a Stay Outweighs any Minimal Potential Prejudice to Plaintiff

Conversely, if Plaintiff were permitted to go forward in this Court in light of the MDL proceeding, Defendants would be required to litigate the same issues in this Court that already have been and will be litigated in the MDL, including any issues raised by a potential motion to remand, since a "stay of proceedings is routine where jurisdictional challenges are pending. *See Emerson*, 2009 U.S. Dist. LEXIS 19906, at *3. Thus, the burden of duplicative litigation before different courts weighs heavily in favor of staying proceedings pending MDL transfer. *See, e.g., Cooper v. Siddighi, et al.*, Order, Docket #35, No. 5:13-cv-00345 (C.D. Cal. May 8, 2013), attached hereto as Exhibit H ("[Defendant] will suffer prejudice absent a stay of this action since [Defendant] will litigate multiple actions that present similar issues of law and fact i[n] different courts. On the other hand, Plaintiffs … will not be prejudiced by the stay as determination of the remand issue will not be unduly delayed in the MDL case."); *Trahan v. BP, PLC*, 2010 U.S. Dist. LEXIS 109965, at *4 (S.D. Tex. Oct. 15, 2010) (finding that Defendant "may suffer significant hardship if the stay is denied"); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (granting motion to stay pending MDL transfer and observing that "cursory assertions of prejudice do not outweigh the disadvantages of

---

ruling that the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder recognized in the Fifth and Eleventh Circuits and that the doctrine was not applicable on the facts of that case. *See id.* at p. 4. Ethicon LLC did not remove this action based on the doctrine of fraudulent misjoinder. Rather, Ethicon LLC removed because complete diversity exists between Plaintiff and Defendants in this action. Notice of Removal, Doc. 1.

6

MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

litigating identical claims in a multitude of venues"); *Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060, 2012 WL 1136865, at *4 (D. Kan. Apr. 4, 2012) (weighing interests and finding stay warranted because defendant would otherwise be required "to defend similar actions in multiple jurisdictions, which may require duplicative motions and discovery and may pose a risk of inconsistent rulings"); *Emerson*, 2009 U.S. Dist. LEXIS 19906 (concluding that "the potential for 'duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay'") (quoting *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992"), *Arthur-Magna, Inc. v. Del Val Financial Corp.*, 1991 WL 13725, at *1 (D. N.J. Feb. 1, 1991) (even where non-moving party claims that a stay will cause delay and prejudice, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").

For this reason too, the motion should be granted.

## C. Granting a Stay Would Save Judicial Resources by Avoiding Duplicative Litigation

Granting a stay will undoubtedly promote judicial economy. The explicit purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner. *See* 28 U.S.C. § 1407(a). Allowing an action to proceed when it overlaps with numerous others that are already part of an ongoing MDL would seriously undermine that purpose. *See, e.g., Freitas v. McKesson Corp.*, No. C 11–05967 JW, 2012 WL 161211 at *2 (N.D. Cal., Jan. 10, 2012) ("Over 100 cases involving [similar allegations] have been transferred to MDL No. 2226. Thus, the Court finds that granting a stay in this case would prevent the Court from needlessly duplicating work that will be done by the MDL transferee court. . ."); *Blalock v. DePuy Orthopaedics, Inc.*, No. C 11-04746 SBA, 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("A stay is generally granted pending transfer when it would avoid the needless duplication of work and the possibility of inconsistent rulings."); *Bushong v. Merck &*

7
MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

*Co., Inc.*, No. 06-CV-02139-JMRBB, 2006 WL 4056990, at *1 (S.D. Cal. Dec. 11, 2006) ("[T]he overwhelming majority of courts ... have determined that a stay is appropriate pending transfer to the MDL."); *Rivers*, 980 F. Supp. at 1360 (absent a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge"); *Esquivel v. BP Co. North Am.*, No. 10-236, 2010 U.S. Dist. LEXIS 110015, at *15 (S.D. Tex. Oct. 14, 2010) ("[G]ranting a stay will conserve judicial resources by preventing this Court from taking up an issue which is already pending before the MDL.")

By contrast, granting a stay of this action pending its likely transfer to the MDL proceeding will conserve the Court's resources and prevent duplicative discovery and pretrial management efforts. *See Rivers*, 980 F. Supp. at 1360-61 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation") *Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994, at *4 (N.D. Cal. July 25, 2012) (noting that staying proceedings pending MDL transfer and allowing the MDL court to hear a pending remand motion promoted judicial economy and did not unduly prejudice the plaintiff); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("If the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

In addition, granting a stay will avoid the risk of inconsistent rulings on early motions. *See, e.g., Trahan*, 2010 U.S. Dist. LEXIS 109965, at *4 (finding that "Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision"); *Am. Seafood*, 1992 WL 102762 at *2 (granting a stay because district court's determination of pretrial motions "may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District

may be in conflict"). Indeed, the need to avoid the risk of inconsistent rulings is one of the reasons why Congress established the multidistrict litigation procedure. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under [28 U.S.C. § 1407] is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

Moreover, deferring ruling on Plaintiff's (anticipated) motion to remand is also appropriate. In fact, the "general rule is for federal courts to *defer* ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL [court]." *Turner v. Bausch & Lomb Inc.*, No. 8:06-cv-1088-T-24MSS, 2006 U.S. Dist. LEXIS 48546, at *2 (M.D. Fla. July 17, 2006) (internal quotation marks and citation omitted) (emphasis added); *Rubio v. Arndal*, 2013 U.S. Dist. LEXIS 29149, at *6-7 (E.D. Cal. Mar. 1, 2013) (granting motion to stay and noting that the jurisdictional issues raised by the pleadings and defendants' notice of removal have been raised in cases already pending in the Ethicon MDL); *see also Dowler v. Med. Shoppe*, No. 2:07 cv 848, 2007 U.S. Dist. LEXIS 73950, at *6 (S.D. Ohio. Oct. 3, 2007) (deferring consideration of pending motion to remand because "the very purpose of MDL transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings").

For example, in the Stay Orders entered by the Central District of California in *Clavesilla, Miller, Moses,* and *Ruiz*, attached hereto as Exhibits D, E, F, and G, the Court reasoned that because the jurisdictional issues presented by Plaintiffs' motions to remand were already raised in cases pending in the MDL, the Court "need not take up factual and legal issues which may be decided uniformly by the MDL." *E.g.*, *Clavesilla*, No. 2:13-cv-06284, Exhibit D, at 3. It best serves the interest of efficiency, the Court observed, "to decide this jurisdictional issue once, rather than risk inconsistent rulings from numerous district courts across the country." *Id.* Moreover, the Court held that Ethicon would suffer prejudice absent a stay, noting that "[i]f various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-

argue the same issues and engage in duplicative motion practice and discovery proceedings." *Id.* By contrast, any prejudice to plaintiffs was only "minimal." *Id.*

The issues raised by Ethicon LLC's Notice of Removal regarding removals after the one-year limitations period in 28 U.S.C. § 1446(c)(1) are raised and fully brief in other cases already transferred to the Ethicon MDL. *See e.g., DeLeon v. Tey*, No. 2:13-cv-32311 (S.D. W. Va.) (motion for reconsideration of motion to remand pending in action removed more than one year after commencement); *Ramirez v. Reyes*, No. 15-00475 (S.D. W. Va.) (motion to remand pending in action removed more than one year after commencement). In *Ramirez*, prior to transfer, the district court granted a motion to stay pending transfer to the MDL because a similar jurisdictional question was already pending in *DeLeon* in the MDL. *See* Ramirez Order Granting Motion to Stay, attached as Exhibit C. It is an inefficient, non-strategic use of the resources of this Court to duplicate the efforts of the MDL court, and doing so would undermine the very purpose of the MDL proceeding. Accordingly, the interests of judicial economy and consistency of rulings strongly favor a stay here.

## IV. CONCLUSION

WHEREFORE, Ethicon LLC respectfully requests that the Court grant the motion to stay pending a decision by the JPML on transfer of this matter to MDL No. 2327 pending before the Southern District of West Virginia; relieve the parties of any pleading, discovery, or other obligation until further notice of the Court; administratively close this case pending a ruling on the transfer to MDL No. 2327; and for any other general or special relief as may be appropriate.

DATED:  July 25, 2015					Tucker Ellis LLP

										By:	/s/ Joshua J. Wes
											Joshua J. Wes
											Attorneys for Defendant
											ETHICON LLC

10
MOTION TO STAY PENDING A TRANSFER BY THE JPML

1089739.1

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **July 25, 2015**, I served the following: **NOTICE OF MOTION AND MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by:

**(X) ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **July 25, 2015**, at Los Angeles, California.

/s/ Cynthia M. Harris

Cynthia M. Harris

CERTIFICATE OF SERVICE

1089739.1