EXHIBIT A

BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE:  ETHICON, INC.  :                    MDL DOCKET NO. 2327

WOMEN'S PELVIC REPAIR PRODUCTS

LIABILITY LITIGATION

<u>NOTICE OF POTENTIAL TAG-ALONG ACTION</u>

Pursuant to Rule 6.2(d) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Ethicon, Inc. hereby provides notice of the following potential tag

along action:

- *Barnes v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05309. Unassigned. ("*Barnes*")

- *Berry v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05311. Unassigned. ("*Berry*")

- *Blackmer v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05312. Unassigned. ("*Blackmer*")

- *Bradley-Lerma v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05313. Unassigned. ("*Bradley-Lerma*")

- *Breeden v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05314. Unassigned. ("*Breeden*")

- *Buchanan v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05315. Unassigned. ("*Buchanan*")

- *Buell v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05316. Unassigned. ("*Buell*")

- *Carmona v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05317-PA-E. Honorable Judge Percy Anderson. ("*Carmona*")

- *Coovert v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05318-FMO-JPR. Honorable Judge Fernando M. Olguin. (*"Coovert"*)

- *Cunningham v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05319. Unassigned. (*"Cunningham"*)

- *Dagon v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05320. Unassigned. (*"Dagon"*)

- *Davis v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05326. Unassigned. (*"Davis"*)

- *Duley v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05327. Unassigned. (*"Duley"*)

- *Edwards v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05330. Unassigned. (*"Edwards"*)

- *Fesler v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05331. Unassigned. (*"Fesler"*)

- *Friel v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05334. Unassigned. (*"Friel"*)

- *Gaunt v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05335. Unassigned. (*"Gaunt"*)

- *Gibbs v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05336. Unassigned. (*"Gibbs"*)

- *Goodman v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05339. Unassigned. (*"Goodman"*)

- *Guase v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05340. Unassigned. (*"Guase"*)

- *Hamann v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05342. Unassigned. (*"Hamann"*)

- *Hewlett v. Johnson & Johnson, et al.* United States District Court of California,

Central (Western Division – Los Angeles). Case No. 2:15-cv-05344.
Unassigned. ("*Hewlett*")

- *Hird v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05345.
Unassigned. ("*Hird*")

- *Huffman v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05349.
Unassigned. ("*Huffman*")

- *Katuin v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05352.
Unassigned. ("*Katuin*")

- *Kotzen v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05353.
Unassigned. ("*Kotzen*")

- *Krum v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05354.
Unassigned. ("*Krum*")

- *Loughman v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05355.
Unassigned. ("*Loughman*")

- *Masters v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05357.
Unassigned. ("*Masters*")

- *May v. Johnson & Johnson, et al.* United States District Court of California,
Central (Western Division – Los Angeles). Case No. 2:15-cv-05359.
Unassigned. ("*May*")

- The *Barnes* Docket Sheet and Notice of Removal are attached
hereto as Exhibit 2.

- The *Berry* Docket Sheet and Notice of Removal are attached
hereto as Exhibit 3.

- The *Blackmer* Docket Sheet and Notice of Removal are
attached hereto as Exhibit 4.

- The *Bradley-Lerma* Docket Sheet and Notice of Removal are
attached hereto as Exhibit 5.

- The *Breeden* Docket Sheet and Notice of Removal are attached
hereto as Exhibit 6.

- The *Buchanan* Docket Sheet and Notice of Removal are
attached hereto as Exhibit 7.

- The *Buell* Docket Sheet and Notice of Removal are attached hereto as Exhibit 8.

- The *Carmona* Docket Sheet and Notice of Removal are attached hereto as Exhibit 9.

- The *Coovert* Docket Sheet and Notice of Removal are attached hereto as Exhibit 10.

- The *Cunningham* Docket Sheet and Notice of Removal are attached hereto as Exhibit 11.

- The *Dagon* Docket Sheet and Notice of Removal are attached hereto as Exhibit 12.

- The *Davis* Docket Sheet and Notice of Removal are attached hereto as Exhibit 13.

- The *Duley* Docket Sheet and Notice of Removal are attached hereto as Exhibit 14.

- The *Edwards* Docket Sheet and Notice of Removal are attached hereto as Exhibit 15.

- The *Fesler* Docket Sheet and Notice of Removal are attached hereto as Exhibit 16.

- The *Friel* Docket Sheet and Notice of Removal are attached hereto as Exhibit 17.

- The *Gaunt* Docket Sheet and Notice of Removal are attached hereto as Exhibit 18.

- The *Gibbs* Docket Sheet and Notice of Removal are attached hereto as Exhibit 19.

- The *Goodman* Docket Sheet and Notice of Removal are attached hereto as Exhibit 20.

- The *Guase* Docket Sheet and Notice of Removal are attached hereto as Exhibit 21.

- The *Hamann* Docket Sheet and Notice of Removal are attached hereto as Exhibit 22.

- The *Hewlett* Docket Sheet and Notice of Removal are attached hereto as Exhibit 23.

- The *Hird* Docket Sheet and Notice of Removal are attached hereto as Exhibit 24.

- The *Huffman* Docket Sheet and Notice of Removal are attached hereto as Exhibit 25.

- The *Katuin* Docket Sheet and Notice of Removal are attached hereto as Exhibit 26.

- The *Kotzen* Docket Sheet and Notice of Removal are attached hereto as Exhibit 27.

- The *Krum* Docket Sheet and Notice of Removal are attached hereto as Exhibit 28.

- The *Loughman* Docket Sheet and Notice of Removal are attached hereto as Exhibit 29.

- The *Masters* Docket Sheet and Notice of Removal are attached hereto as Exhibit 30.

- The *May* Docket Sheet and Notice of Removal are attached hereto as Exhibit 31.


Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
601-985-4523 telephone
601-985-4500 facsimile
christy.jones@butlersnow.com

*Attorneys for Johnson & Johnson and Ethicon, Inc.*

26873416v1

## SCHEDULE OF TAG-ALONG ACTION

| | Plaintiff | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| 1. | Theresa Barnes | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05309 | Unassigned |
| 2. | Linda Berry | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05311 | Unassigned |
| 3. | Carolyn Blackmer | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05312 | Unassigned |
| 4. | Kelly Bradley-Lerma | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05313 | Unassigned |
| 5. | Merry Breeden | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05314 | Unassigned |
| 6. | Florence Buchanan | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05315 | Unassigned |
| 7. | Mallah Buell | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05316 | Unassigned |

| 8. | Sara Carmona | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05317-PA-E | Judge Percy Anderson |
|---|---|---|---|---|---|
| 9. | Serena Coovert | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05318-FMO-JPR | Judge Fernando M. Olguin |
| 10. | Dawn Cunningham | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05319 | Unassigned |
| 11. | Ilham Dagon | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05320 | Unassigned |
| 12. | Martha Davis | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05326 | Unassigned |
| 13. | Margaret Duley | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05327 | Unassigned |
| 14. | Mary Edwards | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05330 | Unassigned |
| 15. | Judith Fesler | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05331 | Unassigned |
| 16. | Mary Friel | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05334 | Unassigned |

| 17. | Ruth Gaunt | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05335 | Unassigned |
|-----|------------|-------------------------------------------------------------|----------------------------------------------------------------|---------------|------------|
| 18. | Patricia Gibbs | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05336 | Unassigned |
| 19. | Phyllis Goodman | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05339 | Unassigned |
| 20. | Dina Guase | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05340 | Unassigned |
| 21. | Sandra Hamann | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05342 | Unassigned |
| 22. | Jane Hewlett | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05344 | Unassigned |
| 23. | Janice Hird | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05345 | Unassigned |
| 24. | Shirlene Huffman | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05349 | Unassigned |
| 25. | Mary Katuin | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05352 | Unassigned |

| 26. | Lauri Kotzen | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05353 | Unassigned |
|-----|--------------|-----------------------------------------------------------|-------------------------------------------------------------|---------------|------------|
| 27. | Ava Krum | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05354 | Unassigned |
| 28. | Sharon Loughman | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05355 | Unassigned |
| 29. | Venita Masters | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05357 | Unassigned |
| 30. | Judy May | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05359 | Unassigned |

ButlerSnow 25417422v1

CERTIFICATE OF SERVICE

  I hereby certify that on July 16, 2015, I served the foregoing document with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the CM/ECF

participants registered to receive service in this MDL.

  A copy of the foregoing document was sent to the following:

| | |
|---|---|
| **Thomas V. Girardi**<br>**Amy F. Solomon**<br>Girardi Keese<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017<br>*Attorney for the Plaintiffs* | **Kurt B. Arnold**<br>**Jason A. Itkin**<br>**Noah M. Wexler**<br>Arnold & Itkin<br>6009 Memorial Drive<br>Houston, TX 77007<br>*Attorney for the Plaintiffs* |
| **J. Steve Mostyn**<br>**Mark Sparks**<br>The Mostyn Law Firm<br>3810 West Alabama Street<br>Houston, TX 77027<br>*Attorney for the Plaintiffs* | **Paul R. Kiesel**<br>**Helen Zukin**<br>**Melanie Meneses**<br>Kiesel Law LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211-2910<br>*Attorney for the Plaintiffs* |

Tucker Ellis LLP
**Mollie F. Benedict SBN 187084**
mollie.benedict@tuckerellis.com
**Joshua J. Wes SBN 238541**
joshua.wes@tuckerellis.com
**Lauren H. Bragin SBN 286414**
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409
*Attorneys for Defendants Ethicon LLC, Johnson & Johnson, and Ethicon, Inc.*

       /s/ Christy Jones
       Christy D. Jones

BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE:   ETHICON, INC.   :                      MDL DOCKET NO. 2327

WOMEN'S PELVIC REPAIR PRODUCTS

LIABILITY LITIGATION

<u>NOTICE OF POTENTIAL TAG-ALONG ACTION</u>

Pursuant to Rule 6.2(d) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Ethicon, Inc. hereby provides notice of the following potential tag

along action:

- *McCaskell v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05360. Unassigned. (*"McCaskell"*)

- *McMillan v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05361. Unassigned. (*"McMillan"*)

- *Mileusnic v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05362. Unassigned. (*"Mileusnic"*)

- *Miller v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05363. Unassigned. (*"Miller"*)

- *Moxley v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05364. Unassigned. (*"Moxley"*)

- *Muller v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05365. Unassigned. (*"Muller"*)

- *Murphy v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05366. Unassigned. (*"Murphy"*)

- *Naquin v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05367. Unassigned. (*"Naquin"*)

- *Newman v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05368. Unassigned. ("*Newman*")

- *Nunes v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05369. Unassigned. ("*Nunes*")

- *Omerovic v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05370. Unassigned. ("*Omerovic*")

- *Orsi v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05371. Unassigned. ("*Orsi*")

- *Parnell v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05372. Unassigned. ("*Parnell*")

- *Pearson v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05373. Unassigned. ("*Pearson*")

- *Peele v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05374. Unassigned. ("*Peele*")

- *Peltier v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05375. Unassigned. ("*Peltier*")

- *Piazza v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05376. Unassigned. ("*Piazza*")

- *Piotroswski v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05377. Unassigned. ("*Piotroswski*")

- *Quiambao v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05378. Unassigned. ("*Quiambao*")

- *Reavis v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05379. Unassigned. ("*Reavis*")

- *Renucci v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05380. Unassigned. ("*Renucci*")

- *Roberts v. Johnson & Johnson, et al.* United States District Court of California,

Central (Western Division – Los Angeles). Case No. 2:15-cv-05381. Unassigned. ("*Roberts*")

- *Robinson v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05382. Unassigned. ("*Robinson*")

- *Schuler v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05383. Unassigned. ("*Schuler*")

- *Schuricht v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05384. Unassigned. ("*Schuricht*")

- *Skelton v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05384. Unassigned. ("*Skelton*")

- *Spangler v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05386. Unassigned. ("*Spangler*")

- *Stewart v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05387. Unassigned. ("*Stewart*")

- *Stewart v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05388. Unassigned. ("*Stewart*")

- *Tinkham v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05389. Unassigned. ("*Tinkham*")

- *Vokaty v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05390. Unassigned. ("*Vokaty*")

- *Walton v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05391. Unassigned. ("*Walton*")

- *West v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05392. Unassigned. ("*West*")

- *Wick v. Johnson & Johnson, et al.* United States District Court of California, Central (Western Division – Los Angeles). Case No. 2:15-cv-05393. Unassigned. ("*Wick*")

- The *McCaskell* Docket Sheet and Notice of Removal are attached hereto as Exhibit 2.

- The *McMillan* Docket Sheet and Notice of Removal are attached hereto as Exhibit 3.

- The Mileusnic Docket Sheet and Notice of Removal are attached hereto as Exhibit 4.

- The *Miller* Docket Sheet and Notice of Removal are attached hereto as Exhibit 5.

- The *Moxley* Docket Sheet and Notice of Removal are attached hereto as Exhibit 6.

- The *Muller* Docket Sheet and Notice of Removal are attached hereto as Exhibit 7.

- The *Murphy* Docket Sheet and Notice of Removal are attached hereto as Exhibit 8.

- The *Naquin* Docket Sheet and Notice of Removal are attached hereto as Exhibit 9.

- The *Newman* Docket Sheet and Notice of Removal are attached hereto as Exhibit 10.

- The *Nunes* Docket Sheet and Notice of Removal are attached hereto as Exhibit 11.

- The *Omerovic* Docket Sheet and Notice of Removal are attached hereto as Exhibit 12.

- The *Orsi* Docket Sheet and Notice of Removal are attached hereto as Exhibit 13.

- The *Parnell* Docket Sheet and Notice of Removal are attached hereto as Exhibit 14.

- The *Pearson* Docket Sheet and Notice of Removal are attached hereto as Exhibit 15.

- The *Peele* Docket Sheet and Notice of Removal are attached hereto as Exhibit 16.

- The *Peltier* Docket Sheet and Notice of Removal are attached hereto as Exhibit 17.

- The *Piazza* Docket Sheet and Notice of Removal are attached hereto as Exhibit 18.

- The *Piotroswski* Docket Sheet and Notice of Removal are attached hereto as Exhibit 19.

- The *Quiambo* Docket Sheet and Notice of Removal are attached hereto as Exhibit 20.

- The *Reavis* Docket Sheet and Notice of Removal are attached hereto as Exhibit 21.

- The *Renucci* Docket Sheet and Notice of Removal are attached hereto as Exhibit 22.

- The *Roberts* Docket Sheet and Notice of Removal are attached hereto as Exhibit 23.

- The *Robinson* Docket Sheet and Notice of Removal are attached hereto as Exhibit 24.

- The *Schuler* Docket Sheet and Notice of Removal are attached hereto as Exhibit 25.

- The *Schuricht* Docket Sheet and Notice of Removal are attached hereto as Exhibit 26.

- The *Skelton* Docket Sheet and Notice of Removal are attached hereto as Exhibit 27.

- The *Spangler* Docket Sheet and Notice of Removal are attached hereto as Exhibit 28.

- The *Stewart* Docket Sheet and Notice of Removal are attached hereto as Exhibit 29.

- The *Stewart* Docket Sheet and Notice of Removal are attached hereto as Exhibit 30.

- The *Tinkham* Docket Sheet and Notice of Removal are attached hereto as Exhibit 31.

- The *Vokaty* Docket Sheet and Notice of Removal are attached hereto as Exhibit 32.

- The *Walton* Docket Sheet and Notice of Removal are attached hereto as Exhibit 33.

- The *West* Docket Sheet and Notice of Removal are attached hereto as Exhibit 34.

- The *Wick* Docket Sheet and Notice of Removal are attached hereto as Exhibit 35.

Respectfully submitted,

*/s/ Christy D. Jones*
Christy D. Jones

5

Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
601-985-4523 telephone
601-985-4500 facsimile
christy.jones@butlersnow.com

*Attorneys for Johnson & Johnson and Ethicon, Inc.*

26874787v1

## SCHEDULE OF TAG-ALONG ACTION

| | Plaintiff | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| 1. | Angela McCaskell | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05360 | Unassigned |
| 2. | Lisha McMillan | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05361 | Unassigned |
| 3. | Hildegard Mileusnic | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05362 | Unassigned |
| 4. | Marcille Miller | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05363 | Unassigned |
| 5. | Marian Moxley | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05364 | Unassigned |
| 6. | Tracy Muller | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05365 | Unassigned |
| 7. | Lisa Murphy | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05366 | Unassigned |

| 8. | Maida Naquin | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05367 | Unassigned |
|---|---|---|---|---|---|
| 9. | Wilhelmina Newman | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05368 | Unassigned |
| 10. | Joann Nunes | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05369 | Unassigned |
| 11. | Medina Omerovic | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05370 | Unassigned |
| 12. | Mary Orsi | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05371 | Unassigned |
| 13. | Marie Parnell | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05372 | Unassigned |
| 14. | Donna Pearson | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05373 | Unassigned |
| 15. | Pamela Peele | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05374 | Unassigned |
| 16. | Gwen Peltier | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05375 | Unassigned |

| 17. | Tammy Piazza | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05376 | Unassigned |
|---|---|---|---|---|---|
| 18. | Nola Piotroswski | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05377 | Unassigned |
| 19. | Bibiana Quiambao | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05378 | Unassigned |
| 20. | Joyce Reavis | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05379 | Unassigned |
| 21. | Bobbie Jo Renucci | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05380 | Unassigned |
| 22. | Sherry Roberts | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05381 | Unassigned |
| 23. | Xochilt Robinson | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05382 | Unassigned |
| 24. | Valentine Schuler | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05383 | Unassigned |
| 25. | Susan Schuricht | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California (Western Division-Los Angeles) | 2:15-cv-05384 | Unassigned |

| 26. | Vickie Skelton | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05385 | Unassigned |
|---|---|---|---|---|---|
| 27. | Jada Spangler | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05386 | Unassigned |
| 28. | Pamela Stewart | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05387 | Unassigned |
| 29. | Shirley Stewart | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05388 | Unassigned |
| 30. | Beverly Tinkham | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05389 | Unassigned |
| 31. | Georgina Vokaty | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05390 | Unassigned |
| 32. | Linda Walton | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05391 | Unassigned |
| 33. | Regina West | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05392 | Unassigned |
| 34. | Marie Wick | Johnson & Johnson<br><br>Ethicon, Inc.<br><br>Ethicon LLC | Central District of California<br>(Western Division-Los Angeles) | 2:15-cv-05393 | Unassigned |

ButlerSnow 25417422v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2015, I served the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

A copy of the foregoing document was sent to the following:

**Thomas V. Girardi**
**Amy F. Solomon**
Girardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
*Attorney for the Plaintiffs*

**Kurt B. Arnold**
**Jason A. Itkin**
**Noah M. Wexler**
Arnold & Itkin
6009 Memorial Drive
Houston, TX 77007
*Attorney for the Plaintiffs*

**J. Steve Mostyn**
**Mark Sparks**
The Mostyn Law Firm
3810 West Alabama Street
Houston, TX 77027
*Attorney for the Plaintiffs*

**Paul R. Kiesel**
**Helen Zukin**
**Melanie Meneses**
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
*Attorney for the Plaintiffs*

Tucker Ellis LLP
**Mollie F. Benedict SBN 187084**
mollie.benedict@tuckerellis.com
**Joshua J. Wes SBN 238541**
joshua.wes@tuckerellis.com
**Lauren H. Bragin SBN 286414**
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409
*Attorneys for Defendants Ethicon LLC, Johnson & Johnson, and Ethicon, Inc.*

/s/ Christy Jones
Christy D. Jones

# EXHIBIT B

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ETHICON, INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY LITIGATION**        MDL No. 2327

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO −185)

On February 7, 2012, the Panel transferred 36 civil action(s) to the United States District Court for the Southern District of West Virginia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 844 F.Supp.2d 1359 (J.P.M.L. 2012). Since that time, 1,604 additional action(s) have been transferred to the Southern District of West Virginia. With the consent of that court, all such actions have been assigned to the Honorable Joseph R Goodwin.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of West Virginia and assigned to Judge Goodwin.

Pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Southern District of West Virginia for the reasons stated in the order of February 7, 2012, and, with the consent of that court, assigned to the Honorable Joseph R Goodwin.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of West Virginia. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: ETHICON, INC., PELVIC REPAIR
SYSTEM PRODUCTS LIABILITY LITIGATION**                    MDL No. 2327

**SCHEDULE CTO−185 − TAG−ALONG ACTIONS**

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|------|------|---------|--------------|

CALIFORNIA CENTRAL

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|------|------|---------|--------------|
| CAC | 2 | 15−05309 | Theresa Barnes v. Johnson and Johnson et al |
| CAC | 2 | 15−05311 | Linda Berry v. Johnson and Johnson et al |
| CAC | 2 | 15−05312 | Carolyn Blackmer v. Johnson and Johnson et al |
| CAC | 2 | 15−05313 | Kelly Bradley−Lerma v. Johnson and Johnson et al |
| CAC | 2 | 15−05314 | Merry Breeden v. Johnson and Johnson et al |
| CAC | 2 | 15−05315 | Florence Buchanan v. Johnson and Johnson et al |
| CAC | 2 | 15−05316 | Mallah Buell v. Johnson and Johnson et al |
| CAC | 2 | 15−05317 | Sara Carmona v. Johnson & Johnson et al |
| CAC | 2 | 15−05318 | Serena Coovert v. Johnson & Johnson et al |
| CAC | 2 | 15−05319 | Dawn Cunningham v. Johnson and Johnson et al |
| CAC | 2 | 15−05320 | Ilham Dagon v. Johnson and Johnson et al |
| CAC | 2 | 15−05326 | Martha Davis v. Johnson and Johnson et al |
| CAC | 2 | 15−05327 | Margaret Duley v. Johnson and Johnson et al |
| CAC | 2 | 15−05330 | Mary Edwards v. Johnson and Johnson et al |
| CAC | 2 | 15−05331 | Judith Fesler v. Johnson and Johnson et al |
| CAC | 2 | 15−05334 | Mary Friel et al v. Johnson and Johnson et al |
| CAC | 2 | 15−05335 | Ruth Gaunt v. Johnson and Johnson et al |
| CAC | 2 | 15−05336 | Patricia Gibbs v. Johnson and Johnson et al |
| CAC | 2 | 15−05339 | Phyllis Goodman v. Johnson and Johnson et al |
| CAC | 2 | 15−05340 | Dina Guase v. Johnson and Johnson et al |
| CAC | 2 | 15−05342 | Sandra Hamann v. Johnson and Johnson et al |
| CAC | 2 | 15−05344 | Jane Hewlett v. Johnson and Johnson et al |
| CAC | 2 | 15−05345 | Janice Hird v. Johnson and Johnson et al |
| CAC | 2 | 15−05349 | Shirlene Huffman v. Johnson and Johnson et al |
| CAC | 2 | 15−05352 | Mary Katuin v. Johnson and Johnson et al |
| CAC | 2 | 15−05353 | Lauri Kotzen v. Johnson and Johnson et al |
| CAC | 2 | 15−05354 | Ava Krum v. Johnson and Johnson et al |
| CAC | 2 | 15−05355 | Sharon Loughman v. Johnson and Johnson et al |
| CAC | 2 | 15−05357 | Venita Masters v. Johnson and Johnson et al |
| CAC | 2 | 15−05359 | Judy May v. Johnson and Johnson et al |
| CAC | 2 | 15−05360 | Angela McCaskell v. Johnson and Johnson et al |
| CAC | 2 | 15−05361 | Lisha McMillan v. Johnson and Johnson et al |

| | | | |
|---|---|---|---|
| CAC | 2 | 15-05362 | Hildegard Mileusnic v. Johnson and Johnson et al |
| CAC | 2 | 15-05363 | Marcille Miller v. Johnson and Johnson et al |
| CAC | 2 | 15-05364 | Marian Moxley v. Johnson and Johnson et al |
| CAC | 2 | 15-05365 | Tracy Muller v. Johnson and Johnson et al |
| CAC | 2 | 15-05366 | Lisa Murphy v. Johnson and Johnson et al |
| CAC | 2 | 15-05367 | Maida Naquin v. Johnson and Johnson et al |
| CAC | 2 | 15-05368 | Wilhelmina Newman v. Johnson and Johnson et al |
| CAC | 2 | 15-05369 | Joann Nunes v. Johnson and Johnson et al |
| CAC | 2 | 15-05370 | Medina Omerovic v. Johnson and Johnson et al |
| CAC | 2 | 15-05371 | Mary Orsi v. Johnson and Johnson et al |
| CAC | 2 | 15-05372 | Marie Parnell v. Johnson and Johnson et al |
| CAC | 2 | 15-05373 | Donna Pearson v. Johnson and Johnson et al |
| CAC | 2 | 15-05374 | Pamela Peele v. Johnson and Johnson et al |
| CAC | 2 | 15-05375 | Gwen Peltier et al v. Johnson and Johnson. et al |
| CAC | 2 | 15-05376 | Tammy Piazza v. Johnson and Johnson et al |
| CAC | 2 | 15-05377 | Tammy Piotroswski v. Johnson and Johnson et al |
| CAC | 2 | 15-05378 | Bibiana Quiambao v. Johnson and Johnson et al |
| CAC | 2 | 15-05379 | Joyce Reavis v. Johnson and Johnson et al |
| CAC | 2 | 15-05380 | Bobbie Jo Renucci v. Johnson and Johnson et al |
| CAC | 2 | 15-05381 | Sherry Roberts v. Johnson and Johnson et al |
| CAC | 2 | 15-05382 | Xochilt Robinson v. Johnson and Johnson et al |
| CAC | 2 | 15-05383 | Valentine Schuler v. Johnson and Johnson et al |
| CAC | 2 | 15-05384 | Susan Schuricht v. Johnson and Johnson et al |
| CAC | 2 | 15-05385 | Vickie Skelton v. Johnson and Johnson et al |
| CAC | 2 | 15-05386 | Jada Spangler v. Johnson and Johnson et al |
| CAC | 2 | 15-05387 | Pamela Stewart v. Johnson and Johnson et al |
| CAC | 2 | 15-05388 | Shirley Stewart v. Johnson and Johnson et al |
| CAC | 2 | 15-05389 | Beverly Tinkham v. Johnson and Johnson et al |
| CAC | 2 | 15-05390 | Georgina Vokaty v. Johnson and Johnson et al |
| CAC | 2 | 15-05391 | Linda Walton v. Johnson and Johnson et al |
| CAC | 2 | 15-05392 | Regina West v. Johnson and Johnson et al |
| CAC | 2 | 15-05393 | Marie Wick v. Johnson and Johnson et al |

NEW JERSEY

| | | | |
|---|---|---|---|
| NJ | 3 | 15-05476 | SOLIS v. JOHNSON & JOHNSON et al |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER RAMIREZ f/k/a JENNIFER GALINDO, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-15-CA-475-FB |
| CESAR REYES, M.D., JOHNSON & JOHNSON, and ETHICON, INC., | § § § | |
| Defendants. | § § | |

### ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS PENDING DECISION TO TRANSFER TO MDL NO. 2327

Before the Court are: (1) Defendants' Motion to Stay All Proceedings Pending a Decision to Transfer to MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair System Products Litigation* filed June 9, 2015 (docket #2); (2) Plaintiff's Emergency Motion for Expedited Ruling on, or Alternatively, Shortened Response Deadline for an Expedited Hearing on, Plaintiff's Motion for Remand filed June 9, 2015 (docket #3); (3) Plaintiff's Motion for Expedited Remand filed June 9, 2015 (docket #4); (4) Plaintiff's Response to Motion to Stay All Proceedings Pending Transfer to MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair System Products Litigation* filed June 10, 2015 (docket #10); (5) Response to Plaintiff's Motion for Expedited Remand and Plaintiff's Motion for Expedited Ruling on, or, Alternatively, Shortened Response Deadline for and Expedited Hearing on, Plaintiff's Motion for Remand filed June 15, 2015 (docket #16), and (6) Ethicon Defendants' Reply in Support of Motion to Stay all Proceedings Pending a Decision to transfer to MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair System Products Litigation* filed June 15, 2015 (docket #17). Defendants ask this Court to stay the case, relieve the parties of any pleading, discovery, or other obligation until further notice of the Court, and administratively close the case pending a ruling on the transfer to MDL No. 2327. Plaintiff contends the key premise underlying the motion to stay, i.e.

a stay should be entered pending transfer to the MDL court for consolidated pretrial proceedings, is

a sham because this case no longer needs collective pretrial proceedings because it was set for trial

to begin on July 13, 2015, and the parties were engaged in the "final push of case-specific

depositions and trial-related motions." Plaintiff's Response to Motion to Stay, docket #10 at page

4. Plaintiff further explains that "final push" is to include approximately sixteen depositions broken

down as follows: 5 of plaintiff's experts; 8 of Ethicon's experts, 1 of Dr. Reyes' expert, and 2 of

plaintiff's family members, to occur within the next 26 days. *Id.*

There is no dispute among the parties that this Court has the discretion to grant or deny a

temporary stay of the proceedings pending a ruling by the MDL court on a transfer of the case given

the inherent powers in "every court to control the disposition of the cases on its docket with

economy of time and effort for itself, for counsel and for the litigants." *Landis v. North Am. Co.*, 299

U.S. 248, 254 (1936). A stay in the MDL context is found to be appropriate

> "when it serves the interests of judicial economy and efficiency." "Judicial economy
> is served by a stay of the remand motion pending transfer if the issues involved in the
> remand motion are likely to arise in the cases that have been or will be transferred to
> the MDL transferee court."

*Poole v. Ethicon, Inc.*, Civil Action No. H-12-0339, 2012 WL 868781 at *1 (S.D. Tex. Mar. 13,

2012) (quoting *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006)

(citing 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, Federal Practice

& Procedure § 3866, at 612 3d ed. 1988 & Supp. 2004) and *Ayers v. ConAgra Foods, Inc.*, Civ. A.

No. HY-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) (citing *In re Ivy*, 901 F.2d 7, 9

(2nd Cir. 1990)). Three factors are generally considered by the district court in determining whether

a stay should be entered: "(1) potential prejudice to the nonmovant; (2) hardship and inequity to the

movant if the action is not stayed; and (3) the judicial resources to be saved by avoiding duplicative

litigation if the cases are consolidated." *Curtis v. BP America, Inc.*, 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011).

Defendants, in their motion to stay, address each of these factors. As to factor one, defendants claim plaintiff would suffer minimal, if any, prejudice from a slight delay in the prosecution of her case because she will be given the opportunity to object to the MDL transfer and have her objections immediately heard by the MDL Panel. In addition, the delay, if any, would be outweighed by the benefits all the parties receive from coordinated discovery and motion practice in the MDL proceedings. In addition, because no state court trial judge has invested any time learning about the facts and legal issues in this case, the fact the case was set for trial on July 13, 2015, does not weigh in plaintiff's favor. Defendants maintain that had plaintiff originally pleaded her case as she has in her fourth amended petition, the case would have been removed timely from state court at its inception. Plaintiff will not be prejudiced by a stay in this case because the pending Ethicon MDL will address and resolve the same issues pending here.

As to factor two, defendants maintain hardship and equity will be suffered by them if they are required to litigate the same issues here that have and will be litigated in the MDL including issues raised in motions to remand. The burden of duplicative litigation in different courts weighs heavily in their favor for staying the proceedings here pending transfer to the MDL court. Avoiding duplicative litigation also would save judicial resources and therefore, defendants argue the third factor is also satisfied. In addition, a stay will prevent the risk of inconsistent rulings on pretrial motions.

In anticipation of the motion to remand which was indeed filed, defendants contend the "general rule is for federal courts to *defer* ruling on pending motions to remand in MDL litigation under after the JPML has transferred the case to the MDL [court]." <u>Defendants' Motion to Stay,</u>

docket #2 at page 8 (citations omitted) (emphasis in original). In fact, defendants explain in their Response to Plaintiff's Motion for Expedited Remand, docket number 16 at page 20 that:

> [a] similar jurisdictional question is currently pending before the MDL judge. Judge Alvarez of the U.S. District Court for the Southern District of Texas initially denied remand in the *DeLeon* case, and the plaintiff's motion to reconsider is now pending before the MDL court in *DeLeon v. Tey*, Doc. 29, No. 2:13-cv-32311 (S.D. W. Va. May 1, 2014). MDLs are created to avoid multiple federal judges across the country repeatedly addressing the same issue. *See* 28 U.S.C. § 1407. It is an inefficient, non-strategic use of the resources of this Court to duplicate the efforts of the MDL court, and doing so would undermine the very purpose of the MDL proceeding. The litigation should therefore be stayed in this Court so that the plaintiff's motion can be presented to the MDL court to ensure consistency and efficiency among cases presenting identical questions.

In response to defendants' contentions, plaintiff maintains the United Supreme Court and the majority of lower courts have held the jurisdictional question should be resolved first and therefore, the "best course for this Court is to first determine whether jurisdiction exists before turning its attention to the adjudication of any other issues in this case." Plaintiff's Response to Motion to Stay, docket #10 at page 6. In addition, plaintiff argues that courts faced with motions to remand in pelvic mesh cases have agreed that jurisdiction should be determined prior to entering a stay in the case. In particular, plaintiffs rely on *Poole v. Ethicon, Inc.*, Civil Action No. H-12-0339, 2012 WL 868781 (S.D. Tex. Mar. 13, 2012).

In *Poole*, as in the case here, defendant Ethicon sought a stay of all proceedings, including a decision on the motion to remand, pending a decision on the MDL transfer. The court recognized the issuance of a conditional MDL transfer order did not affect or suspend the district court from ruling on any pending motions. In reaching its decision to deny Ethicon's motion to stay a decision on the remand issue, the court explained:

> the record here, scant as it is, does not show such commonality. Ethicon's argument opposing remand – improper joinder – turns on whether the Pooles' amended petition states a claim against the in-state defendants on which there is a reasonable possibility of recovery under Texas law. This question is unlikely to be common

-4-

across the MDL transferee docket. It is most efficient for this Court to decide the remand motion. "[I]f this Court does not have jurisdiction over this matter, then neither will the MDL court."

*Poole v. Ethicon, Inc.*, Civil Action No. H-12-0339, 2012 WL 868781 at *2 (S.D. Tex. Mar. 13, 2012). After finding the Pooles failed to state a claim for medical malpractice against the non-diverse doctor, the court denied the motion to remand and stayed all proceedings until a decision on the MDL transfer was made. *Id.* at *3-4. Plaintiff also asserts many other federal district courts have determined the jurisdictional issue in the context of pelvic mesh litigation before considering the motion to stay.

Plaintiff also argues there will be no conservation of judicial resources by having the MDL court determine the case-specific issue of jurisdiction. In support of this assertion, plaintiff relies on *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002), in which Judge Briones wrote:

> Defendants first argue that this Court should defer ruling on the remand motion to allow the MDL judge to consider the motion because "[r]uling on this remand motion runs the risk of inconsistent decisions by different judges in cases that are in the same state and involve the same issue-which is contrary to federal case law." This Court disagrees and is of the opinion that judicial efficiency and economy are better served by this Court considering, before the case is transferred to the MDL Court, the Motion to Remand.

However, the rest of this paragraph provides the following:

> Further, as the Court will set forth below, the **decision to remand in this case is unquestionably supported by case law, including case law from the MDL Court.** Hence, there is no risk of this Court contributing to the alleged inconsistent decisions issued by federal district courts.

(Emphasis added.) Thereafter, Judge Briones discussed the fraudulent joinder issue with respect to the non-diverse doctors and explained:

> Finally, the Court finds that recent decisions issued by the MDL Court mandates that remand is appropriate in this action. In *Rezulin II*, the plaintiff's [sic], citizens of Mississippi, sued the manufacturers of Rezulin as well as Mississippi doctors for

-5-

injuries allegedly caused by Rezulin. The cases were removed to federal court by the manufacturer defendants on the basis of diversity of citizenship, and were then transferred to the MDL Court. There, the court granted the plaintiff's motion to remand, finding that the plaintiffs had stated a medical negligence claim against the nondiverse doctor defendants by asserting that "the physicians had failed to alert the plaintiffs of the side effects of Rezulin of which they were aware and that they failed to secure the plaintiffs' informed consent and monitor their heart and liver function as the FDA recommended." The MDL Court further found that the plaintiffs had also stated claims against the non-diverse doctors, rendering their citizenship material for diversity purposes, by alleging that the physicians had "treated them, prescribed Rezulin to them, and failed to inform them of the risks associated with Rezulin." In *Rezulin III*, the MDL Court affirmed the possibility of stating a medical malpractice claim under Texas law against treating physicians. In two Texas actions, the MDL Court found that the plaintiffs had properly joined the treating physicians, although the plaintiffs had failed to file expert reports as required by Texas law.

(Citations omitted.) This Court finds the *Barragan* decision does not support plaintiff's argument of judicial economy. It was only after the MDL court had clearly decided the issues mandating remand in the Rezulin cases that Judge Briones decided judicial economy would be better served by handling the matter in his court. Such is not the case before this Court.

The Court has reviewed the arguments and authorities presented by both sides and is aware that it retains the authority to rule on the motion to remand despite the conditional transfer order entered by the Judicial Panel on Multidistrict Litigation. However, defendants have provided this Court with cases from Texas courts, as opposed to plaintiff's cases from California and Oklahoma, in support of the stay prior to addressing the remand issue, and in particular, has cited to a case currently pending before the MDL court which raises a similar jurisdictional question as the one before this Court. The Court recognizes the similarity between the issues here and the *Poole* case relied upon by the plaintiff, but notes that decision was rendered in March of 2012, a little more than a month after the United States Judicial Panel on Multidistrict Litigation "granted motions to centralize 31 products-liability actions involving Ethicon's pelvic surgical-mesh products," on February 7, 2012. *Poole v. Ethicon, Inc.*, Civil Action No. H-12-0339, 2012 WL 868781, at *1 (S.D.

-6-

Tex. Mar. 13, 2012). As defendants have noted in their Motion to Stay and Reply in Support of the Motion to Stay, there are currently more than 26,300 cases pending in the Ethicon MDL with federal district courts in Texas recently granting stays in six cases involving over 400 plaintiffs. As a result, the Court finds the factors previously discussed support the granting of a stay in this case, and a stay will serve the interests of judicial economy and efficiency. Therefore, the Court will exercise its discretion and grant the stay.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay All Proceedings Pending a Decision to Transfer to MDL No. 2327, *In re Ethicon, Inc. Pelvic Repair System Productions Litigation* (docket #2) is GRANTED such that this case is STAYED until further action by this Court or transfer by the United States Judicial Panel on Multidistrict Litigation, and the parties are relieved of any pleading, discovery, or other obligation until further notice. IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED pending a ruling on the motion to transfer.

It is so ORDERED.

SIGNED this 17th day of June, 2015.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

-7-

# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-6284 JGB (SPx)** | Date | October 8, 2013 |
|---|---|---|---|

| Title | *Amber Clavesilla, et al. v. Johnson & Johnson, et al.* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order (1) GRANTING Defendant's Motion to Stay (Doc. Nos. 13, 23); (2) DECLINING TO CONSIDER Plaintiffs' Motion to Remand (Doc. No. 14); and (3) VACATING the October 7, 2013 and October 21, 2013 Hearings (IN CHAMBERS)**

   Before the Court are Plaintiffs' motion to remand (Doc. No. 14) and Defendant's motion to stay (Doc. Nos. 13, 23).  The Court finds these matters appropriate for resolution without hearings.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand.  The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED.

## I.   BACKGROUND

   On July 12, 2013, ninety-seven individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc. ("Ethicon"), and Ethicon, LLC. ("Compl.," Not. of Removal, Doc. No. 1, Exh. A.)  The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic surgical mesh devices manufactured by Ethicon.  (Compl. ¶¶ 1, 105.)  On August 27, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction.  (Not. of Removal at 7.)

On September 6, 2013, Ethicon moved to stay the case pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 13.) On September 9, 2013, Plaintiffs moved to remand this action to state court, contending that complete diversity is lacking because Defendants' allegations of fraudulent joinder are unfounded. ("MTR," Doc. No. 14.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic mesh device-related litigation. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig. ["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012). To date, approximately 5,000 cases have been transferred to the Ethicon MDL. (MTS at 2.)

On August 30, 2013, Ethicon notified the MDL Panel of the pendency of this potential "tag-along" action. (MTS, Exh. B.) On September 11, 2013, the MDL issued a conditional transfer order. (MTS, Exh. C; Doc. No. 16.) Since Plaintiffs did not oppose the conditional transfer, the MDL transferred the case to the Southern District of West Virginia on September 12, 2013 to become part of In re: Ethicon, Inc., Pelvic Repair System Products, MDL No. 2327. (Doc. No. 17.) On September 16, 2013, the MDL excused Plaintiffs' untimely notice of opposition, which was filed one day late, reinstated the stay of the conditional transfer order, and transferred the case back to this Court pending decision on transfer. (Doc. No. 22.) Briefing on the transfer issue before the MDL Panel will be complete by October 15, 2013. (In re: Ethicon, Inc., MDL No. 2327, Doc. No. 1200.)

On September 16, 2013, Plaintiffs opposed the MTS. ("MTS Opp'n," Doc. No. 20.) Ethicon filed no reply. Ethicon opposed the MTR on September 30, 2013. ("MTR Opp'n," Doc. No. 24.) Plaintiffs filed no reply.[1]

## II. LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and

---

[1] Believing that the temporary transfer of the action to the MDL terminated its motion, on September 20, 2013, Ethicon re-noticed its MTS. (Doc. No. 23.) Ethicon presents no additional facts or arguments in the re-noticed motion and "incorporates the Memorandum and Points and Authorities previously filed" as Doc. No. 13. (Doc. No. 23 at 2.) The Court therefore considers Plaintiffs' opposition to the initially noticed MTS (MTS Opp'n) as an opposition to the re-noticed motion as well.

inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

## III. DISCUSSION

The Court finds that staying this action pending the MDL Panel's decision on transfer is appropriate. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.").

Staying this action serves the interests of judicial economy and efficiency, as this Court need not take up factual and legal issues which may be decided uniformly by the MDL. Plaintiffs' pending motion to remand does not alter the Court's decision because the MDL can take up the issue of remand after transfer or this Court can rule on the motion if transfer is denied. Deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). See also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012). Moreover, the jurisdictional issue to be decided here, namely fraudulent joinder of a non-diverse plaintiff, has been raised in other cases which have already been transferred to the MDL. See Borders, et al. v. Johnson & Johnson, et al., No. 3:13-cv-3201-K (N.D. Tex. Aug. 21, 2013); Bridgewater, et al. v. Johnson & Johnson et al., No. 5:13-cv-00843 (W.D. Okla. Aug. 8, 2013). Therefore, it is most efficient for the MDL to decide this jurisdictional issue once, rather than risk inconsistent rulings from numerous district courts across the country.

Numerous other courts in this Circuit have granted motions to stay and deferred ruling on a motion to remand pending transfer to the MDL. See, e.g., Jones, et al. v. Bristol-Myers Squibb Co., et al., No. 4:13-cv-2415-PJH, 2013 WL 3388659, at *5 (N.D. Cal. July 8, 2013) (granting motion to stay and withholding consideration of the motion to remand stating that "the instant case raises jurisdictional issues that are both complex and similar to those in other MDL-bound cases"); Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) (granting defendants' motion to stay the action pending transfer to the MDL proceeding, despite plaintiffs' motion to remand the case arguing against fraudulent misjoinder; Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012) (granting defendants' motion to stay proceedings pending transfer to an existing MDL while deferring ruling on plaintiff's motion for remand); Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[I]nterests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder].").

Moreover, the Court finds that Ethicon will suffer prejudice absent a stay of the proceedings. If various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Any prejudice to Plaintiffs is minimal

since the MDL is proceeding swiftly on the decision to transfer and Plaintiffs' case "will not idle on the MDL's docket." Rubio, 2013 WL 796669, at *5. A conditional transfer order has been entered and final briefing on the issue is due on October 15, 2013. There is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs.

## I. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand. The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED. The Court further ORDERS Defendants to notify the Court in writing within seven days after the MDL Panel's decision on transfer of this action to In re: Ethicon, Inc., Pelvic Repair System Products, MDL No. 2327.

**IT IS SO ORDERED.**

# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-006285 JGB (SPx)** | Date | October 17, 2013 |
|---|---|---|---|

| Title | *Joan Miller et al. v. Johnson & Johnson et al.* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant Ethicon's Motion to Stay (Doc. Nos. 14, 34); (2) DECLINING TO CONSIDER Plaintiffs' Motion to Remand (Doc. No. 15); and (3) VACATING the October 21, 2013 Hearings (IN CHAMBERS)**

Before the Court are Plaintiffs' Motion to Remand (Doc. No. 15) and Defendant Ethicon's Motion to Stay (Doc. Nos. 14, 34). The Court finds these matters appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Defendant Ethicon's Motion to Stay and DECLINES TO CONSIDER Plaintiffs' Motion to Remand. The October 21, 2013 hearings on the motions are VACATED.

## I. BACKGROUND

On July 12, 2013, fifty five individual Plaintiffs filed a Complaint in state court against Defendants Johnson & Johnson and Ethicon, Inc. (Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic surgical mesh devices manufactured by Defendant Ethicon. (Compl. ¶ 124.) On August 27, 2013, Defendant Ethicon ("Defendant") removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal at 2.)

---

**CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk <u>MG</u>

On September 16, 2013, Plaintiffs moved to remand this action to state court, contending that complete diversity is lacking because Defendants' allegations of fraudulent joinder are unfounded. ("MTR," Doc. No. 15.) On September 30, 2013, Defendant opposed, and Plaintiffs replied on October 7, 2013. (Doc. Nos. 36, 38.)

On September 6, 2013, Defendant moved to stay the case pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 14.) On September 20, 2013, Defendant Ethicon re-noticed the Motion to Stay. (Doc. No. 34.) Plaintiffs opposed on September 30, 2013, and Defendants replied on October 7, 2013. (Doc. Nos. 35, 37.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic surgical mesh device-related litigation. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012). To date, over five thousand cases are pending in the Ethicon MDL (MDL No. 2327). (MTS at 2.)

On August 29, 2013, Defendant Ethicon provided notice to the MDL Panel of the pendency of this potential "tag-along" action. (MTS at 3; Ethicon MDL No. 2327, Doc. No. 1157.) On September 3, 2013, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order. (MTS at 3; Ethicon MDL No. 2327, Doc. No. 1164.)

## II. LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

## III. DISCUSSION

The Court finds that staying this action pending the MDL Panel's decision on transfer is appropriate. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.").

Staying this action serves the interests of judicial economy and efficiency, as this Court need not take up factual and legal issues which may be decided uniformly by the MDL. Plaintiffs' pending motion to remand does not alter the Court's decision because the MDL can

take up the issue of remand after transfer or this Court can rule on the motion if transfer is denied. Deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). See also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012). Moreover, the jurisdictional issue to be decided here, namely fraudulent joinder of a non-diverse plaintiff, has been raised in other cases awaiting transfer to the MDL. See e.g., Kelley Lange, et al. v. Mentor Worldwide LLC et al., No. CV 13-6287-JGB. Therefore, it is most efficient for the MDL to decide this issue once, rather than risk inconsistent rulings from numerous district courts across the country.

Numerous other courts in this Circuit have granted motions to stay and deferred ruling on a motion to remand pending transfer to the MDL. See, e.g., Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) (granting defendants' motion to stay the action pending transfer to the MDL proceeding, despite plaintiffs' motion to remand the case arguing against fraudulent misjoinder); Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012) (granting defendants' motion to stay proceedings pending transfer to an existing MDL while deferring ruling on plaintiff's motion for remand); Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[I]nterests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder].").

Moreover, the Court finds that Defendant will suffer prejudice absent a stay of the proceedings. If various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Any prejudice to Plaintiffs is minimal since the MDL is proceeding swiftly on the decision to transfer and Plaintiffs' case "will not idle on the MDL's docket." Rubio, 2013 WL 796669, at *5. A conditional transfer order has been entered. There is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Motion to Stay and DECLINES TO CONSIDER Plaintiffs' Motion to Remand. The October 21, 2013 hearings on the Motions are VACATED. The Court further ORDERS Defendant to notify the Court in writing within seven days after the MDL Panel's decision on transfer of this action to In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327.

**IT IS SO ORDERED.**

# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-6288 JGB (Ex)** | Date | October 3, 2013 |
|---|---|---|---|

| Title | *Megan Moses, et al. v. Johnson & Johnson, et al.* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant's Motion to Stay (Doc. Nos. 13, 26); (2) DECLINING TO CONSIDER Plaintiffs' Motion to Remand (Doc. No. 14); and (3) VACATING the October 7, 2013 and October 21, 2013 Hearings (IN CHAMBERS)**

Before the Court are Plaintiffs' motion to remand (Doc. No. 14) and Defendant's motion to stay (Doc. Nos. 13, 26). The Court finds these matters appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand. The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED.

## I. BACKGROUND

On July 12, 2013, seventy-six individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc. ("Ethicon"), and Ethicon, LLC. ("Compl.," Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic surgical mesh devices manufactured by Ethicon. (Compl. ¶¶ 1, 84.) On August 27, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal at 4-8.)

**CIVIL MINUTES—GENERAL**   Initials of Deputy Clerk MG

On September 6, 2013, Ethicon moved to stay the case pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 13.) On September 9, 2013, Plaintiffs moved to remand this action to state court, contending that complete diversity is lacking because Defendants' allegations of fraudulent joinder are unfounded. ("MTR," Doc. No. 14.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic mesh device-related litigation. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig. ["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012). To date, approximately 5,000 cases have been transferred to the Ethicon MDL. (MTS at 2.)

On August 29, 2013, Ethicon notified the MDL Panel of the pendency of this potential "tag-along" action. (MTS, Exh. B.) On September 11, 2013, the MDL issued a conditional transfer order. (MTS, Exh. C; Doc. No. 16.) Since Plaintiffs did not oppose the conditional transfer, the MDL transferred the case to the Southern District of West Virginia on September 12, 2013 to become part of In re: Ethicon, Inc., Pelvic Repair System Products, MDL No. 2327. (Doc. No. 17.) On September 16, 2013, the MDL excused Plaintiffs' untimely notice of opposition, which was filed one day late, reinstated the stay of the conditional transfer order, and transferred the case back to this Court pending decision on transfer. (Doc. No. 21.) Briefing on the transfer issue before the MDL Panel will be complete by October 15, 2013. (In re: Ethicon, Inc., MDL No. 2327, Doc. No. 1200.)

On September 16, 2013, Plaintiffs opposed the MTS. ("MTS Opp'n," Doc. No. 20.) Ethicon filed no reply. Ethicon opposed the MTR on September 30, 2013. ("MTR Opp'n," Doc. No. 31.) Plaintiffs filed no reply.[1]

## II. LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and

---

[1] Believing that the temporary transfer of the action to the MDL terminated its motion, on September 20, 2013 Ethicon re-noticed its MTS. (Doc. No. 26.) Ethicon presents no additional facts or arguments in the re-noticed motion and "incorporates the Memorandum and Points and Authorities previously filed" as Doc. No. 13. (Doc. No. 26 at 2.) The Court therefore considers Plaintiffs' opposition to the initially noticed MTS (MTS Opp'n) as an opposition to the re-noticed motion as well.

inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

## III. DISCUSSION

The Court finds that staying this action pending the MDL Panel's decision on transfer is appropriate. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.").

Staying this action serves the interests of judicial economy and efficiency, as this Court need not take up factual and legal issues which may be decided uniformly by the MDL. Plaintiffs' pending motion to remand does not alter the Court's decision because the MDL can take up the issue of remand after transfer or this Court can rule on the motion if transfer is denied. Deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). See also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012). Moreover, the jurisdictional issue to be decided here, namely fraudulent joinder of a non-diverse plaintiff, has been raised in other cases which have already been transferred to the MDL. See Borders, et al. v. Johnson & Johnson, et al., No. 3:13-cv-3201-K (N.D. Tex. Aug. 21, 2013); Bridgewater, et al. v. Johnson & Johnson et al., No. 5:13-cv-00843 (W.D. Okla. Aug. 8, 2013). Therefore, it is most efficient for the MDL to decide this jurisdictional issue once, rather than risk inconsistent rulings from numerous district courts across the country.

Numerous other courts in this Circuit have granted motions to stay and deferred ruling on a motion to remand pending transfer to the MDL. See, e.g., Jones, et al. v. Bristol-Myers Squibb Co., et al., No. 4:13-cv-2415-PJH, 2013 WL 3388659, at *5 (N.D. Cal. July 8, 2013) (granting motion to stay and withholding consideration of the motion to remand stating that "the instant case raises jurisdictional issues that are both complex and similar to those in other MDL-bound cases"); Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) (granting defendants' motion to stay the action pending transfer to the MDL proceeding, despite plaintiffs' motion to remand the case arguing against fraudulent misjoinder); Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012) (granting defendants' motion to stay proceedings pending transfer to an existing MDL while deferring ruling on plaintiff's motion for remand); Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[I]nterests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder].").

Moreover, the Court finds that Ethicon will suffer prejudice absent a stay of the proceedings. If various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Any prejudice to Plaintiffs is minimal

since the MDL is proceeding swiftly on the decision to transfer and Plaintiffs' case "will not idle on the MDL's docket." <u>Rubio</u>, 2013 WL 796669, at *5. A conditional transfer order has been entered and final briefing on the issue is due on October 15, 2013. There is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs.

## I.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand. The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED. The Court further ORDERS Defendants to notify the Court in writing within seven days after the MDL Panel's decision on transfer of this action to <u>In re: Ethicon, Inc., Pelvic Repair System Products</u>, MDL No. 2327.

**IT IS SO ORDERED.**

EXHIBIT G

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-06289 JGB-(SPx)** | Date | October 17, 2013 |
|---|---|---|---|

| Title | *Pamela Ruiz et al v. Johnson & Johnson et al.* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant Ethicon's Motion to Stay (Doc. Nos. 12, 20); (2) DECLINING TO CONSIDER Plaintiffs' Motion to Remand (Doc. No. 18); and (3) VACATING the October 21, 2013 Hearings (IN CHAMBERS)**

Before the Court are Plaintiffs' Motion to Remand (Doc. No. 18) and Defendant Ethicon's Motion to Stay (Doc. Nos. 12, 20). The Court finds these matters appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Defendant Ethicon's Motion to Stay and DECLINES TO CONSIDER Plaintiffs' Motion to Remand. The October 21, 2013 hearings on the motions are VACATED.

## I. BACKGROUND

On July 12, 2013, sixty five individual Plaintiffs filed a Complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 to 500, inclusive. (Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic surgical mesh devices manufactured by Defendant Ethicon. (Compl. ¶¶ 109, 110.) On August 27, 2013, Defendant Ethicon, Inc. ("Defendant") removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal at 2.)

---

**CIVIL MINUTES—GENERAL**   Initials of Deputy Clerk MG

On September 16, 2013, Plaintiffs filed a Motion to Remand, contending that complete diversity is lacking because Defendants' allegations of fraudulent joinder are unfounded. ("MTR," Doc. No. 18.)  On September 30, 2013, Defendant opposed, and Plaintiffs replied on October 7, 2013.  (Doc. Nos. 31, 33.)

On September 6, 2013, Defendant filed a Motion to Stay, pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 12.)  On September 20, 2013, Defendant Ethicon re-noticed the Motion to Stay.  (Doc. No. 20.)  Plaintiffs opposed on September 30, 2013, and Defendants replied on October 7, 2013.  (Doc. Nos. 30, 32.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic surgical mesh device-related litigation. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012).  To date, over five thousand cases are pending in the Ethicon MDL (MDL No. 2327).  (MTS at 2.)

On August 30, 2013, Defendant provided notice to the MDL Panel of the pendency of this potential "tag-along" action.  (MTS at 3; Ethicon MDL No. 2327, Doc. No. 1161.)  On September 3, 2013, the MDL issued a conditional transfer order.  (MTS at 3; Ethicon MDL No. 2327, Doc. No. 1164.)

## II. LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency."  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).  District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

## III. DISCUSSION

The Court finds that staying this action pending the MDL Panel's decision on transfer is appropriate.  See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.").

Staying this action serves the interests of judicial economy and efficiency, as this Court need not take up factual and legal issues which may be decided uniformly by the MDL. Plaintiffs' pending motion to remand does not alter the Court's decision because the MDL can

take up the issue of remand after transfer or this Court can rule on the motion if transfer is denied. Deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). See also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012). Moreover, the jurisdictional issue to be decided here, namely fraudulent joinder of a non-diverse plaintiff, has been raised in other cases awaiting transfer to the MDL. See e.g., Kelley Lange, et al. v. Mentor Worldwide LLC et al., No. CV 13-6287-JGB; Joan Miller, et al. v. Johnson & Johnson, et al., No. CV 13-6285-JGB. Therefore, it is most efficient for the MDL to decide this issue once, rather than risk inconsistent rulings from numerous district courts across the country.

Numerous other courts in this Circuit have granted motions to stay and deferred ruling on a motion to remand pending transfer to the MDL. See, e.g., Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) (granting defendants' motion to stay the action pending transfer to the MDL proceeding, despite plaintiffs' motion to remand the case arguing fraudulent misjoinder); Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012) (granting defendants' motion to stay proceedings pending transfer to an existing MDL while deferring ruling on plaintiff's motion for remand); Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[I]nterests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder].").

Moreover, the Court finds that Defendant will suffer prejudice absent a stay of the proceedings. If various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Any prejudice to Plaintiffs is minimal since the MDL is proceeding swiftly on the decision to transfer and Plaintiffs' case "will not idle on the MDL's docket." Rubio, 2013 WL 796669, at *5. A conditional transfer order has been entered. There is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Ethicon's Motion to Stay and DECLINES TO CONSIDER Plaintiffs' Motion to Remand. The October 21, 2013 hearings on the Motions are VACATED. The Court further ORDERS Defendant to notify the Court in writing within seven days after the MDL Panel's decision on transfer of this action to In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327.

**IT IS SO ORDERED.**

# EXHIBIT H

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **EDCV 13-00345 JGB (SPx)** | Date | May 8, 2013 |

| Title | ***Cheryl A. Cooper and Mark S. Cooper v. Sam Siddighi, M.D. et al.*** |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

Proceedings:   **Order (1) Vacating the May 13, 2013 Hearing; (2) Granting Defendant American Medical Systems, Inc.'s Motion to Stay Proceedings Pending a Transfer by the Judicial Panel on Multidistrict Litigation (Doc. No. 9); and (3) Terminating each of Plaintiffs' Motion to Remand (Doc. No. 8), Defendant Monisha S. Crisell's Motion to Remand (Doc. No. 14), and Defendant Sam Siddighi's Motion to Remand Without Prejudice (Doc. No. 32) (IN CHAMBERS)**

## I. BACKGROUND

Plaintiffs Cheryl A. Cooper and Mark S. Cooper bring this action against Defendants Sam Siddighi, M.D.; Monisha S. Crisell, M.D.; American Medical Systems, Inc.; Johnson & Johnson; and Ethicon, Inc. ("Defendants") for alleged injury arising out of the use pelvic mesh products intended to correct stress urinary incontinence.  Defendant American Medical Systems, Inc. ("AMS") now moves to stay all proceedings in this action pending its transfer to In re American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation, MDL No. 2325, the multidistrict litigation ("MDL") proceeding that has been established in the Southern District of West Virginia to coordinate all federal product liability actions involving AMS pelvic mesh products.[1]  Also before the Court are motions to remand the case to San Bernardino

---

[1] In re AMS Pelvic Repair Sys. Prods. Liab. Litig., 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

Superior Court filed by Plaintiffs, Defendant Monisha S. Crisell, and Defendant Sam Siddighi, respectively.

The Court finds Defendant American Medical Systems, Inc.'s Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to AMS's Motion, the Court (1) GRANTS Defendant American Medical Systems, Inc.'s Motion to Stay Proceedings Pending a Transfer by MDL (Doc. No. 9) and (2) TERMINATES each of Plaintiffs' Motion to Remand (Doc. No. 8), Defendant Monisha S. Crisell's Motion to Remand (Doc. No. 14), and Defendant Sam Siddighi's Motion to Remand (Doc. No. 32) WITHOUT PREJUDICE pending decision on the transfer of the action to the MDL.

## A.  Plaintiffs' Allegations

Plaintiffs commenced this action against Defendants by filing a Complaint in the San Bernardino Superior Court on January 9, 2013 alleging the following:

AMS is a Delaware corporation with its principal place of business in Minnesota. (Compl., ¶ 4). AMS designs and sells medical devices including AMS's Monarc Subfascial Hammock (the "Sling System"). (Compl., ¶ 11). The Sling System is designed to correct stress urinary incontinence by surgical implantation of polypropylene mesh in the pelvic region. (Compl., ¶ 12-13). Scientific evidence shows that the polyprophlene mesh in the Sling System is biologically incompatible with human tissue and promotes an immune response which can contribute to the formation of severe adverse reactions to the mesh. (Compl., ¶ 15). The Sling System has high failure, injury, and complication rates, and it has caused severe injuries to a significant number of women, including Plaintiff Cheryl A. Cooper. (Compl., ¶ 18). AMS actively and intentionally misled and continues to mislead the public into believing that the Sling System and the procedures for its implantation are safe and effective. (Compl., ¶ 25).

Defendants Johnson & Johnson ("JNJ") and Ethicon, Inc. are New Jersey corporations. (Compl., ¶¶ 5-6). Defendants JNJ and Ethicon, Inc. design, manufacture, and sell medical devices including JNJ's and Ethicon's Gynecare TVT ("The "TVT System"). (Compl., ¶ 39). The TVT System is targeted at women who suffer from pain, discomfort, and stress urinary incontinence. (Compl., ¶ 40). Scientific evidence shows that the material comprising the TVT System is biologically incompatible with human tissue and promotes and immune response that causes severe adverse reactions. (Compl., ¶ 43). JNJ and Ethicon have consistently underreported and withheld information about the propensity of its TVT System to fail and cause injury. (Compl., ¶ 47). JNJ and Ethicon failed to design and establish a safe, effective procedure for removal of the TVT System. (Compl., ¶ 55).

Prior to September 16, 2010, Plaintiff Cheryl Cooper consulted with Defendant Crisell, M.D. regarding her stress urinary incontinence. (Compl., ¶ 69). Defendant Crisell is a California resident. (Compl., ¶ 3). Defendant Crisell recommended the implantation of the Sling System but failed to fully disclose to Plaintiff all risks associated with implantation. (Id.) Plaintiff consented to the implantation of the Sling System, and on September 16, 2010,

Defendant Crisell implanted Plaintiff with the Sling System. (Compl., ¶¶ 70-71).

Prior to February 16, 2012, Plaintiff Cheryl Cooper consulted with Defendant Siddighi regarding her stress urinary incontinence. (Compl., ¶ 73). Defendant Siddighi is a California resident. (Compl., ¶ 2). Defendant Siddighi recommended implantation of the TVT System but failed to disclose to Plaintiff all risks associated with implantation. (Id.) On February 16, 2012, Defendant Siddighi implanted Plaintiff with the TVT System after she consented to the implantation. (Compl., ¶¶ 74-75).

As a result of the implantations of the Sling System and the TVT System, Plaintiff Cheryl Cooper suffered serious bodily injury. (Compl., ¶ 76). As a result of Plaintiff's injuries, Plaintiff Mark S. Cooper suffered loss of consortium. (Compl., ¶ 77).

**B.    Procedural History**

On January 9, 2013, Plaintiffs commenced an action, entitled <u>Cooper v. Siddighi</u>, No. CIVDS 1300315, against Defendants by filing a Complaint in the San Bernardino Superior Court for medical malpractice, strict liability for failure to warn, strict liability for design defect, negligence, negligent failure to recall, negligent misrepresentation, and loss of consortium. (Declaration of David E. Stanley in Support of Notice of Removal ("Stanley Decl."), ¶ 2; Compl.) On February 22, 2013, AMS removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 contending fraudulent misjoinder of Defendants Siddighi and Crisell. (Doc. No. 1). On March 1, 2013, AMS filed an Answer to the Complaint. (Doc. No. 6).

**1.    Motion to Stay Proceedings**

On March 15, 2013, AMS filed its Motion to Stay All Proceedings Pending a Transfer by the Judicial Panel on Multidistrict Litigation ("Motion"). (Doc. No. 9). Plaintiffs filed their Opposition to the Stay Motion on March 25, 2013 ("Plaintiffs Opposition"). (Doc. No. 16). On March 25, 2013, Defendant Monisha S. Crisell also filed an Opposition to the Stay Motion ("Crisell Opposition"). (Doc. No. 17). Defendant Ethicon Inc. filed a Joinder to the Stay Motion on April 3, 2013. (Doc. No. 22). On April 8, 2013, AMS filed its Reply to Plaintiffs Stay Opposition ("Reply to Plaintiffs"). (Doc. No. 27). AMS also filed a Reply to Crisell Stay Opposition on April 8, 2013 ("Reply to Crisell"). (Doc. No. 28).

**2.    Motions to Remand**

On March 14, 2013, Plaintiffs filed their Motion to Remand Case to the San Bernardino Superior Court. (Doc. No. 8). Defendants Monisha Crisell and Sam Siddighi also filed their respective Motions to Remand Case. (Doc. Nos. 14, 32). On April 1, 2013, AMS filed its memoranda in opposition to Plaintiffs' and Crisell's respective motions to remand. (Doc. Nos. 19, 20). AMS filed its opposition to Defendant Siddighi's motion to remand on April 18, 2013. (Doc. No. 34). Defendant Ethicon, Inc. filed joinders to Defendants oppositions. (Doc. Nos. 23, 24, 36). Plaintiffs filed their Reply in support of their Motion to Remand on April 4, 2013.

(Doc. No. 25).  Defendant Crisell filed her Reply in support of her Motion to Remand on April 8, 2013.  (Doc. No. 26).

## II. LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936).  "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency."  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).  District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  Id.

## III. DISCUSSION

Defendant AMS filed the instant Motion to Stay Proceedings pending a transfer to the MDL that has been established to coordinate all federal product liability actions involving AMS pelvic mesh products.  See In re American Medical Systems, Inc., AMS Pelvic Repair Sys. Prods. Liab. Litig., 844 F. Supp. 2d 1359 (J.P.M.L. 2012).  On March 5, 2013, AMS Provided notice to the MDL Panel of the pendency of this "tag-along" action, and on March 8, 2013 a Conditional Transfer Order was issued.  (Stanley Decl., ¶ 5; Exh. B to Stanley Decl.)  On March 14, 2013, Plaintiffs filed a Notice of Opposition to the Conditional Transfer Order in the MDL proceeding.  (Stanley Decl., ¶ 6).

### A.    Judicial Economy and Efficiency

Here, AMS requests that the Court stay the proceedings pending transfer to the MDL where the MDL panel can decide whether to remand the case to state court.  Plaintiffs, Defendant Siddighi, and Defendant Crisell request that the Court remand the case to state court arguing that this Court does not have jurisdiction because joinder of Defendant Siddighi and Defendant Crisell, the two California defendants, was proper.[2]  (See e.g. Plaintiffs' Opp. at 6).  Plaintiffs further contend that deferring the fraudulent misjoinder analysis until this action reaches the MDL Panel will not conserve judicial resources since it will defer a question that can be determined by this Court more expeditiously.  (Id. at 10-11).  Defendant Crisell's Opposition requests that the court hear the motions to remand, or alternatively, sever and remand the medical negligence claim against Defendant Crisell before the motion to stay is decided.  (Crisell Opp. at 3).

---

[2] Alternatively, Defendants Siddighi and Crisell request that the court sever the medical negligence causes of action and remand the medical negligence cause of action to the Superior Court in San Bernardino County.  (Siddighi Remand Mot. at 2; Crisell Remand Mot. at 2).

"[D]eference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012) (quoting Nielsen v. Merck and Co., 2007 WL 806510, at *1 (N.D. Cal. Mar. 15, 2007)). If the MDL Panel transfers the case to the multidistrict litigation, the district court "will have needlessly expended its energies familiarizing itself with the intricacies before another judge." Rivers, 980 F. Supp. at 1360.

Here, on March 5, 2013, AMS provided notice to the MDL Panel of this action, and on March 8, 2013 a Conditional Transfer Order was issued. (Stanley Decl., ¶ 5; Exh. B to Stanley Decl.) Therefore, stay is appropriate to allow the MDL Panel to decide whether to transfer this action. Deciding the issue of whether to remand the case or sever and remand claims against some of the Defendants runs the risk of creating inconsistent rulings and duplicative work. Moreover, the MDL Panel has considered other plaintiffs' requests for the Panel to "defer transferring their case until their motion for remand to state court is decided." In re American Medical Systems, 844 F. Supp. 2d at 1360. The Panel held that the plaintiffs "can present their motion for remand to state court to the transferee court." Id. at 1361. Therefore, a stay of the proceedings pending the MDL Panel's decision to transfer this action promotes judicial efficiency.

The decision to stay the proceedings would be consistent with the decisions of other district courts in California who have granted motions to stay in the interests of judicial economy pending transfer to the MDL. For example, in Couture, the court held that staying proceedings pending MDL transfer and allowing the MDL Panel to hear a pending remand motion promoted judicial economy and did not unduly prejudice the plaintiff. Couture, 2012 WL 3042994, at *4. Similarly, in Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012), the court granted defendants' motion to stay proceedings pending transfer to an existing MDL while deferring the ruling on plaintiff's motion for remand.

The court in Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *1 (N.D. Cal. Dec. 14, 2011) came to the same conclusion. In that case, the defendant filed a motion to stay case pending transfer to the MDL court while plaintiff filed a motion to remand disputing defendant's allegations of fraudulent joinder. There, the court found that the "interests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder]." Id. at *2. The court also noted that the motion to remand "raises issues likely to arise in other actions pending in the MDL transferee court." Id. (quoting Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)).

Similar to Blalock, Plaintiffs' and Defendants' respective motions to remand challenge AMS's allegation of fraudulent misjoinder. (See, e.g., Plaintiffs' Opp. at 6). As in Blalock, the MDL Panel in In re American Medical Systems will likely consider the issue of fraudulent misjoinder as it arises in other actions pending in the MDL. For example, the court in Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) granted defendants' motion to stay the action pending transfer to the same MDL proceeding. As in the case now before the Court, the

plaintiffs in Rubio filed a motion to remand the case arguing against fraudulent misjoinder. Id. at *3. The court noted that the identical jurisdictional issue, fraudulent misjoinder, raised by plaintiffs' motion to remand "has already been raised in a pending MDL proceeding." Id. at 5. Accordingly, since the issue of fraudulent misjoinder will most likely be considered by the MDL Panel in In re American Systems, the Court finds it appropriate to stay this action pending the MDL Panel's decision to transfer the case. This decision will promote judicial economy and prevent inconsistent judicial rulings that might result if this Court decides the issue of fraudulent misjoinder, an issue likely to be considered by the MDL.

**B.     Prejudice to AMS Absent Stay**

AMS argues that it will prejudiced if the Court denies its request to stay the proceedings. (Mot. at 10). Plaintiffs contend that AMS will suffer very little prejudice if the request to stay is denied since the Central District of California has recently remanded an identical products liability case involving AMS to the state court[3] and AMS is also going to trial on May 13 in an identical case in San Bernardino Superior Court. (Opp. at 14-15).

The Court finds that AMS will suffer prejudice absent stay of the proceedings. AMS is a party in the MDL litigation involving AMS pelvic mesh products. See In re American Medical Systems, 844 F. Supp. 2d at 1359. The purpose of transferring actions to multidistrict litigation is to further "the convenience of parties and witnesses and . . . promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). If various plaintiffs are allowed to proceed against AMS in different forums, including state court, AMS will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. This result runs contrary to the purpose of multidistrict litigation and causes significant hardship to AMS. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Therefore, the Court finds that AMS will suffer prejudice absent stay of the action pending the MDL Panel's decision to transfer the case.

**C.     Prejudice to Plaintiffs and Defendant If Stay Is Imposed**

Plaintiffs contend that they will suffer substantial prejudice if a stay is imposed pending MDL's determination to transfer the case because they will be deprived of "the right to have their case heard and litigated in the correct forum." (Plaintiffs' Opp. at 13). Defendant Crisell also contends that she will suffer prejudice if the stay is granted before the motion to remand is decided since "she will not be able to have her joinder issues addressed until the case is transferred to West Virginia." (Crisell Opp. at 5-6). Defendant Crisell contends that "ability to have the remand issue resolved could be delayed for months" since there is more than 4,500 pending mesh-related cases. (Id. at 6).

Since the MDL Panel has issued a Conditional Transfer Order (Exh. B to Stanley Decl.),

---

[3] Hasten v. Yeo, et al., No. ED CV 13-00364-JFW (OPx).

"any delay and corresponding prejudice in resolving the remand issue will be minimal."
Blalock, 2011 WL 6217540, at *2.  Plaintiffs have already filed a Notice of Opposition to the
Conditional Transfer Order on March 14, 2013.  (Stanley Decl., ¶ 6).  The MDL Panel issued a
text-only notice setting March 29, 2013 as the deadline to file a motion to vacate.  (Id.)
Therefore, this suggests that Plaintiffs' case "will not idle on the MDL's docket." Rubio, 2013
WL 796669, at *5.  Therefore, contrary to what Plaintiffs and Defendant Crisell argue,
determination of the remand issue will not be unduly delayed in the MDL case.  Accordingly, the
Court finds that Plaintiffs and Defendant Crisell will not be prejudiced by imposing a stay in this
proceeding pending the MDL Panel's decision.

**D.    Conclusion**

Based on a balance of the factors stated above, the Court finds that a stay is appropriate
in this action pending the MDL Panel's decision to transfer the case.  Imposing the stay promotes
judicial efficiency and avoids the possibility of inconsistent rulings since the MDL Panel will
likely decide the jurisdictional question of fraudulent misjoinder raised in the motions to remand.
Moreover, AMS will suffer prejudice absent a stay of this action since AMS will litigate multiple
actions that present similar issues of law and fact is different courts.  On the other hand,
Plaintiffs and Defendant Crisell will not be prejudiced by the stay as determination of the
remand issue will not be unduly delayed in the MDL case.

If the case is transferred to the MDL Panel, that court will rule on the motions to remand.
Alternatively, should the transfer not be finalized, Plaintiffs and Defendants need only re-notice
their motions to remand on this Court's calendar.  See Couture, 2012 WL 3042994, at *4.  The
Motions to Remand filed by each of the Plaintiffs, Defendant Monisha S. Crisell, and Defendant
Sam Siddighi, respectively, are terminated without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court (1) GRANTS Defendant American Medical
Systems, Inc.'s Motion to Stay Proceedings Pending a Transfer by MDL (Doc. No. 9) and (2)
TERMINATES each of Plaintiffs' Motion to Remand (Doc. No. 8), Defendant Monisha S.
Crisell's Motion to Remand (Doc. No. 14), and Defendant Sam Siddighi's Motion to Remand
(Doc. No. 32) WITHOUT PREJUDICE pending decision on the transfer of the action to the
MDL.

**IT IS SO ORDERED.**

EXHIBIT I

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-1434 ABC Ex) | | Date | April 9, 2013 |
|---|---|---|---|---|
| Title | Diane Thomas-Lanska et al v. Antoine A. Hanna et al. | | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**       ORDER GRANTING MOTION FOR STAY  (In Chambers)

Pending before the Court are two Motions: a Motion for Remand (docket no. 11) filed by Plaintiffs Diana Thomas-Lanska and Michael J. Lanska ("Plaintiffs"), and a Motion to Stay (docket no. 12) filed by Defendant American Medical Systems, Inc. ("Defendant" or "AMS"). Each Motion was opposed. The Court finds the Motions appropriate for submission without oral argument, and **VACATES** the hearing set for April 15, 2013. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Upon consideration of the parties' submissions and the case file, the Court hereby **GRANTS** the Motion to Stay and **DENIES** the Motion for Remand.

### BACKGROUND

In this action, Plaintiffs seek damages for injuries Diana Thomas-Lanska suffered because of alleged defects in Defendant AMS's medical device (a pelvic mesh) and defendant Antoine A. Hanna's alleged medical malpractice in implanting AMS's device. This case was initially filed in state court, but AMS removed it on the basis of diversity jurisdiction. Although Plaintiffs and Hanna are California citizens, AMS argued that Hanna was fraudulently misjoined and that his citizenship should therefore be disregarded for jurisdictional purposes.

Presently, thousands of cases concerning the same device have been transferred to a multi-district litigation in the Southern District of West Virginia, before Judge Joseph R. Goodwin. The MDL Panel issued a Conditional Transfer Order on March 8, 2013, transferring this case to the MDL; on March 14, Plaintiffs filed an opposition to the transfer, and a briefing schedule has been set on a Motion to Vacate the transfer order.

Plaintiffs now move this Court to remand the matter to state court. They argue that Hanna is a proper defendant and that his presence destroys complete diversity, and as such, the Court lacks subject matter jurisdiction. Defendant AMS maintains its position that Hanna was fraudulently misjoined and further asks the Court to stay the case pending the MDL Panel's decision regarding whether to keep the case in the MDL. Plaintiffs respond that the Court should first decide the jurisdictional issue, and that, as a result, the case should be remanded to state court before the MDL Panel decides whether to keep the case in the MDL.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-1434 ABC Ex) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Diane Thomas-Lanska et al v. Antoine A. Hanna et al. | | |

### DISCUSSION

Courts generally decide jurisdictional matters before other questions. See Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) ("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate."). However, where the case is or may be part of an MDL, deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). As Judge Armstrong noted in Conroy, the "fullest discussion of the methodological issues raised by simultaneous remand and stay motions in the MDL context appears in Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1048–1049 (E.D. Wis. 2001)," in which the court set out a three-step approach to the question. Conroy, 325 F. Supp. 2d at 1053.

In the first step, the Court should give preliminary scrutiny to the merits of the motion to remand. Second, if the jurisdictional issue appears factually or legally difficult, the Court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been transferred to the MDL. Finally, if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred to the MDL, the Court should stay the action. See Rubio v. Arndal, 1:13-CV-0027-LJO-BAM, 2013 WL 796669 (E.D. Cal. Mar. 4, 2013) (summarizing the test). Although this test has not been expressly adopted by the Ninth Circuit, the Court finds it a fair and useful approach. Based on these considerations, the Court finds that it is appropriate to stay the matter pending the MDL Panel's decision on transfer.

First, upon a preliminary assessment of the motion to remand and without opining on its ultimate merits, the Court cannot say it is clear that removal was improper. Second, the jurisdictional issue – whether non-diverse defendant Hanna was "fraudulently misjoined" – is factually and legally difficult and has been raised in an identical and related MDL proceeding before Judge Goodwin involving another pelvic mesh manufacturer. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., MDL No. 2327, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (re: Flores et al. v. Ethicon Inc., et al., case CV 12-04096 MMM (VBKx), (Doc. 10, Ex. 2)). Accordingly, staying the case and deferring to the MDL court on the remand issue is in the interest of judicial economy and avoids the potential for an inconsistent ruling. Under the Conroy/Meyers test, because the issue is both factually and legally difficult and is already pending before the MDL court, a stay is warranted.

A stay is also appropriate in light of the factors that courts generally apply (in the absence of a competing motion for remand) to determine whether to stay proceedings pending transfer to an MDL: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). As already noted, a stay pending the MDL Panel's transfer decision would clearly conserve judicial resources. AMS would face some hardship from having to litigate while the Panel's determination was pending, and there is no evidence that waiting until the Panel makes its transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1434 ABC Ex) | Date | April 9, 2013 |
|---|---|---|---|

| Title | Diane Thomas-Lanska et al v. Antoine A. Hanna et al. |
|---|---|

decision would significantly prejudice Plaintiffs.

Plaintiffs' Motion for Remand is hereby **DENIED as moot**.  If the MDL Panel vacates its transfer order, the Plaintiffs may renew their Motion for Remand within 30 days thereafter.

**CONCLUSION**

The Court hereby **GRANTS** AMS's Motion to Stay.  A stay of the instant action pending transfer to *In re American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2325 ("MDL"), the multidistrict litigation proceeding pending in the United States District Court, Southern District of West Virginia, before the Honorable Joseph R. Goodwin, is appropriate in the interests of judicial economy, and to avoid inconsistent rulings and prejudice to AMS.

The Court hereby **STAYS** all proceedings in this case, effective immediately, pending a transfer by the Judicial Panel On Multidistrict Litigation of this action to the AMS MDL proceedings.

Plaintiffs' Motion for Remand is hereby **DENIED**.  If the MDL Panel vacates its transfer order, Plaintiffs may renew their Motion for Remand within 30 days thereafter.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   AB