MOLLIE F. BENEDICT (SBN 187084)
E-Mail:  mollie.benedict@tuckerellis.com
PETER L. CHOATE (SBN 204443)
E-Mail:  peter.choate@tuckerellis.com
JOSHUA J. WES (SBN 238541)
E-Mail:  joshua.wes@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Defendant
ETHICON LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| REGINA WEST,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; ETHICON, LLC, a Limited Liability company; and DOES 1 through 500, inclusive,<br><br>                    Defendants. | Case No. 2:15-CV-05392-JGB- SP<br><br>**MEMORANDUM OF DEFENDANT ETHICON LLC IN OPPOSITION TO MOTION TO REMAND**<br><br>Date:  August 24, 2015<br>Time:  9:00 a.m.<br>Courtroom:  1 (Riverside)<br><br>The Honorable Jesus G. Bernal<br><br>State Action Commenced:  June 22, 2015<br><br>[Filed concurrently with Declaration of Joshua J. Wes in support of Opposition to Motion to Remand] |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

---

OPPOSITION TO MOTION TO REMAND

1095919.1

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1

I.      INTRODUCTION. ...................................................................................................1

II.     FACTS AND PROCEDURAL BACKGROUND. ..........................................2

III.    ARGUMENT. ...........................................................................................................6

      A.  To Promote Judicial Economy, Efficiency And Consistency, The Court Should Stay Plaintiff's Case Pending Its Transfer To The Ethicon MDL. ....................................................................................6

      B.  If The Court Is Inclined To Consider Plaintiff's Motion, The Court Should Deny It On The Grounds That Diversity Jurisdiction Exists. ...................................................................................7

      C.  Contrary To Plaintiff's Argument, The "Voluntary-Involuntary" Rule Does Not Bar Removal And Has Not Been Applied To A State Court Severance Order. ..............................................9

      D.  Ethicon LLC's Notice Of Removal Was Timely. ...............................11

            1.  The 1-Year Rule Does Not Apply Because Plaintiff's Claims Were Initially Removable Under Section 1446(b)(1). ......................................................................................12

            2.  Even If Plaintiff's Claims Were Not Initially Removable, The 1-Year Rule Does Not Bar Removal Under Section 1446(b)(3). ....................................................15

                 (a)  Plaintiff's action commenced at severance. ......16

                 (b)  Plaintiff's bad faith bars application of the 1-year rule. .......................................................18

                 (c)  Equitable considerations dictate that the 1-year rule not bar removal. ................................20

IV.     CONCLUSION .......................................................................................................23

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1095919.1

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Barnes v. Janssen Pharm., Inc. (In re Propulsid Prods. Liab. Litig.)*
2007 U.S. Dist. LEXIS 42675 (E.D. La. June 5, 2007) .................................................. 19

*Breur v. Jim's Concrete of Brevard, Inc.*
538 U.S. 691 (2003) ....................................................................... 12

*Carreon v. Alza Corp.*,
2010 WL 539392 (N.D. Cal. Feb. 9, 2010) ................................................... 14

*Cousins v. Wyeth Pharm., Inc.*
2008 U.S. Dist. LEXIS 121843 (N.D. Tex. Apr. 18, 2008) (Godbey, J.) ................... 18

*Crockett v. R.J. Reynolds Tobacco Co.*
436 F.3d 529 (5th Cir. 2006) ................................................................ 11

*Crump v. Wal-Mart Group Health Plan*
925 F. Supp. 1214 (W.D. Ky. 1996) ................................................... 16, 17

*Dart Cherokee Basin Operating Co., LLC v. Owens*
135 S. Ct. 547 (2014) ......................................................................... 9

*David v. Medtronic, Inc*
237 Cal. App. 4th 734 (2015) ............................................................... 20

*Davis v. Merck & Co., Inc.*
357 F. Supp. 2d 974 (E.D. Tex. 2005) ...................................................... 18

*DeLeon v. Tey*
2013 U.S. Dist. LEXIS 185035 (S.D. Tex. Dec. 4, 2013) ................................. 18

*DeLeon v. Tey*
No. 2:13-cv-32311 (S.D. W. Va.) ............................................................. 7

*Dowler v. Med. Shoppe*
No. 2:07 cv 848, 2007 U.S. Dist. LEXIS 73950 (S.D. Ohio. Oct. 3, 2007) ................. 7

*Dufrene v. Petco Animal Supplies Stores, Inc.*
934 F. Supp. 2d 864 (M.D. La. 2012) ...................................................... 21

*Ellenburg v. Spartan Motors Chassis Inc*.
519 F.3d 192 (4th Cir. 2008) ................................................................. 9

*Elsholtz v. Taser Int'l*
410 F. Supp. 2d 505 (N.D. Tex. 2006) ...................................................... 18

*Escalante v. Burlington Nat. Indem. Ltd.*
No. 2:14–CV–7237–ODW , 2014 WL 6670002 (C.D. Cal. Nov. 24, 2014).............. 14

TUCKER ELLIS LLP

Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

OPPOSITION TO MOTION TO REMAND

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*
 545 U.S. 546 (2005) ............................................................................ 12

*Farmer v. St. Paul Fire & Marine Ins. Co*
 2006 WL 1134238 (N.D. Miss. Apr. 24, 2006) ...................................... 16

*Fontalvo v. Sikorsky Aircraft Corp.*
 2013 U.S. Dist. LEXIS 87149 (S.D. Cal. June 20, 2013) ........................ 14

*Gibson v. Chrysler Corp.*
 261 F.3d 927 (9th Cir. 2001) ............................................................... 12

*Goodwin v. Kojian*
 No. SACV 13-325-JST JPRX, 2013 WL 1528966 (C.D. Cal. Apr. 12, 2013) .............. 11

*Great Northern Ry. v. Alexander*
 246 U.S. 276  (1918) .......................................................................... 10

*Hargrove v. Bridgestone /Firestone N. Am. Tire, LLC*
 2012 U.S. Dist. LEXIS 28184 (W.D. La. Mar. 2, 2012) ......................... 18

*In re B. Del C.S.B.*
 559 F.3d 999 (9th Cir. 2009) ........................................................ 21, 22

*In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*
 844 F. Supp. 2d 1359 (J.P.M.L. 2012) ................................................... 5

*In re Rezulin Prods. Liab. Litig.*
 133 F. Supp. 2d 272  (S.D.N.Y. 2001) .................................................... 8

*In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.,*
 MDL No. 2327, 2014 U.S. Dist. LEXIS 148128 (J.P.M.L. Oct. 15, 2014) ................ 6

*Irwin v. Dep't of Veterans Affairs*
 498 U.S. 89 (1990) .............................................................................. 21

*Jackson v. Wal-Mart Stores, Inc.*
 588 F. Supp. 2d 1085 (N.D. Cal. 2008) ............................................ 22, 23

*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*
 346 F.3d 1190 (9th Cir. 2003) ............................................................... 9

*Lawson v. Parker Hannifin Corp.*
 No. 4:13-CV-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014) ................. 18

*Mangum v. Action Collection Serv., Inc.*
 575 F.3d 935 (9th Cir. 2009) ............................................................... 21

*Mississippi ex rel. Hood v. Au Optronics Corp.*
 134 S. Ct. 736 (2014) ......................................................................... 18

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

ii

OPPOSITION TO MOTION TO REMAND

*Nelson v. Rite Aid Corp.*
   No. 05-0173, 2006 U.S. Dist. LEXIS 60796, 2006 WL 2474005 (S.D. Miss. 2006) ...18

*Osborn v. Metropolitan Life Ins. Co.*
   (E.D. Cal. 2004) 341 F. Supp.2d 1123 ..............................................3, 4, 11, 13

*Pace v. DiGuglielmo*
   544 U.S. 408  (2005) .........................................................................21

*Penn. Employees Benefit Trust Fund v. Astrazeneca Pharms., L.P.*
   2008 WL 4891387 (E.D. Pa. Nov. 13, 2008)................................................16

*People v. Keating*
   986 F.2d 346  (9th Cir. 1993) ...............................................................10

*Perry v. Luu*
   No. 1:13-CV-00729-AWI, 2013 WL 3354446 (E.D. Cal. July 3, 2013).....................11

*Petersen v. Bank of Am.*
    232 Cal. App. 4th 238 (2014)...........................................................11, 20

*Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*
   635 F.3d 1128  (9th Cir. 2011) ..............................................................13

*Ramirez v. Reyes*
   No. 15-00475 (S.D. W. Va.)....................................................................7

*Ritchey v. Upjohn Drug Co.*
   139 F.3d 1313 (9th Cir. 1998)......................................................12, 13, 22

*Rubio v. Arndal*
   2013 U.S. Dist. LEXIS 29149 (E.D. Cal. Mar. 1, 2013) .................................7

*Self v. Gen. Motors Corp.*
   588 F.2d 655 (9th Cir. 1978)..................................................................10

*Smith v. Mylan, Inc.*
    761 F.3d 1042  (9th Cir. 2014)..........................................................9, 21

*Tedford v. Warner-Lambert Co.*
   327 F.3d 423 (5th Cir. 2003) ...............................................................18

*Three Sombrero, Inc. v. Murphy*
   No. EDCV15001004-VAP-SPX, 2015 WL 4399631 (C.D. Cal. July 17, 2015) ..........11

*Timmons v. Linvatec Corp.*
   2010 WL 2402918 (C.D. Cal. Jan. 24, 2010)
   *reconsideration denied*,
   2010 WL 2402924 (C.D. Cal. March 9, 2010) .............................................14

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

iii

OPPOSITION TO MOTION TO REMAND

*Turner v. Bausch & Lomb Inc.*
No. 8:06-cv-1088-T-24MSS, 2006 U.S. Dist. LEXIS 48546 (M.D. Fla. July 17, 2006) 7

*Wade v. Johnson & Johnson*
54 F. Supp. 3d 1247 (W.D. Okla. 2014) ................................................................. 10, 11

*Wecker v. Nat'l Enameling & Stamping Co.*
204 U.S. 176, 185-86 (1907) ..................................................................................... 18

*Wejroski v. Wyeth*
No. 4:06CV292 CDP, 2012 WL 2367388 (E.D. Mo. June 21, 2012) ........................ 17

*Whitcomb v. Smithson*
175 U.S. 635 (1900) ............................................................................................ 9, 10, 11

*WMCV Phase, LLC v. Tufenkian Carpets Las Vegas LLC*
No. 2:12–cv–01454–RCJ–PAL, 2012 WL 5198478 (D. Nev. Oct. 18, 2012) ........ 14, 17

*Worldwide Church of God v. McNair*
805 F.2d 888 (9th Cir. 1986) ...................................................................................... 20

*Young v. Wells Fargo Bank*
2009 WL 3255163 (E.D. La. Oct. 7, 2009) ................................................................ 16

*Zogbi v. Federated Dep't Store*
767 F. Supp. 1037 (C.D. Cal. 1991) ........................................................................... 12

**STATUTES**

28 U.S.C. § 1332(a) ...................................................................................................... 8

28 U.S.C. § 1446(b) ............................................................................................... 17, 18

28 U.S.C. § 1446(b)(1) ........................................................................................ 12, 13, 14

28 U.S.C. § 1446(b)(3) ........................................................................................... 15, 16

28 U.S.C. § 1446(c) .................................................................................................... 19

28 U.S.C. § 1446(c)(1) ........................................................................................... passim

C.C.P. § 378 ................................................................................................................ 20

C.C.P. § 378(a) ............................................................................................................ 13

**TREATISES**

WRIGHT, MILLER & COOPER,  FEDERAL PRACTICE AND PROCEDURE:
Jurisdiction 3d § 3723 at 656 ...................................................................................... 4

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

iv

OPPOSITION TO MOTION TO REMAND

1095919.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

In an effort to defeat diversity jurisdiction, Plaintiff improperly joined her claims with those of 63 diverse and three non-diverse plaintiffs in a single complaint.  After Defendant Ethicon, Inc. removed that complaint, this Court remanded the suit so the issue of misjoinder could be decided in state court.  When Judge William F. Highberger severed the complaint into 67 separate actions, Defendant Ethicon LLC promptly—and appropriately—removed Plaintiff's action along with the separate actions of the 63 other diverse plaintiffs.  Plaintiff's case should go where it properly belongs—*i.e.*, the Ethicon Multi-District Litigation ("MDL") proceeding pending in West Virginia.

This Court, however, need not reach the merits of Ethicon LLC's removal or Plaintiff's second motion to remand.  Instead, the Court should defer ruling on Plaintiff's motion and grant Ethicon LLC's pending Motion to Stay so that the Judicial Panel on Multidistrict Litigation ("JPML") can transfer Plaintiff's case to the Ethicon MDL.  Granting a stay will promote judicial efficiency and prevent inconsistent rulings without any prejudice to Plaintiff's claims.

If the Court chooses to consider Plaintiff's motion, the Court should deny it.  Ethicon LLC's removal of Plaintiff's claims is entirely appropriate.  There is—and always has been—complete diversity between the parties and the amount in controversy requirement unquestionably is satisfied.  Further, Ethicon LLC's removal is timely.  Because Plaintiff never served Ethicon LLC, the 30-day period for removal in Sections 1446(b)(1) and 1446(b)(3) never began running.  Plaintiff cannot avoid this incontrovertible fact by arguing post-removal that her own joinder of Ethicon LLC as a defendant is improper.  In addition, Plaintiff's bad-faith attempt to defeat removal precludes application of the 1-year rule in Section 1446(c).  Finally, as a matter of equity, the Court should deny Plaintiff's motion because any delay in removal is strictly attributable to the California state court budget crisis, not Ethicon LLC or any other defendant.

1095919.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## II.   **FACTS AND PROCEDURAL BACKGROUND.**

On or about December 30, 2013, 67 plaintiffs from 33 states filed a complaint styled *Robinson et al. v. Johnson & Johnson et al.*, BC531848, Los Angeles County Superior Court ("*Robinson*").   Plaintiff implies that Ethicon LLC previously removed *Robinson*, but that is incorrect.   In fact, Ethicon LLC never was served in *Robinson*. (Declaration of Joshua J. Wes ("Wes Decl.") ¶ 2.)   Instead, Ethicon Inc. removed *Robinson* on February 5, 2014 based on Plaintiffs' jurisdictional manipulation and fraudulent misjoinder.   Upon removal, *Robinson* was assigned to this Court as Case No. 2:14-cv-00899-JGB-SP.

This is not the first time that Plaintiffs' counsel has filed multi-plaintiff cases against the Ethicon Defendants alleging injuries from pelvic mesh implants.   Before filing *Robinson*, Plaintiffs' counsel filed four virtually identical cases in Los Angeles Superior Court.[1]   These four cases initially followed the same procedural path as *Robinson*.   In each case, the plaintiffs improperly joined their claims notwithstanding that they underwent different surgeries in different states by different doctors who implanted different pelvic mesh products to treat different conditions.   Defendants removed each case.   Each case was assigned to this Court.   And this Court stayed each case pending its transfer to the Ethicon MDL.[2]

Plaintiff's counsel in *Robinson* attempted for a fifth time to manipulate jurisdiction by again bundling the claims of a large group of diverse plaintiffs—56 of whom come from 31 states other than California—with those of a few token, non-diverse (*i.e.*, New

---

[1] *Clavesilla et al. v. Johnson & Johnson et al.*, Doc. 27, No. 2:13-CV-6284-JGB (C.D. Cal. Oct. 8, 2013); *Miller et al. v. Johnson & Johnson et al.*, Doc. 41, No. 2:13-CV-6285-JGB (C.D. Cal. Oct. 17, 2013); *Moses et al. v. Johnson & Johnson et al.*, Doc. 32, No. 2:13-CV-6288-JGB (C.D. Cal. Oct. 3, 2013); *Ruiz et al. v. Johnson & Johnson et al.*, Doc. 36, No. 2:13-CV- 6289-JGB (C.D. Cal. Oct. 17, 2013), attached to Ethicon LLC's Motion to Stay as Exhibits D, E, F, and G ("[t]here is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs").

[2] As explained in the text, Plaintiff's statement that her counsel "won the fraudulent misjoinder argument in every Central District [of California] Court in which it filed a motion to remand" (Pl. Mot. at p. 16) is patently false.   The motions to remand in those four cases, each filed in the Central District, were *not* granted; rather, this Court stayed the four actions, and the JPML transferred them to the Ethicon MDL.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Jersey) plaintiffs.  After Ethicon, Inc. removed *Robinson*, this Court exercised its discretion and elected not to stay the case as it had done in the previous four cases. Instead, the Court remanded it on March 12, 2014.  (*See Robinson et al. v. Johnson & Johnson et al.*, Doc. 32, No. 2:14-cv-00899-JGB-SP (C.D. Cal. Mar. 12, 2014), ("Remand Order") attached as Exhibit C to Wes Decl.)

In doing so, the Court noted that the Ninth Circuit had not adopted the fraudulent misjoinder doctrine.  (*See Robinson et al. v. Johnson & Johnson et al.*, Doc. 32, No. 2:14-cv-00899-JGB-SP (C.D. Cal. Mar. 12, 2014.)  The Court cited authority stating that a non-diverse defendant should resolve the issue of misjoinder in state court and, if the state court ordered severance, the defendant then could remove the cause.  (*See* Remand Order at 4 (citing *Osborn v. Metro Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004).)  Significantly, the Court did *not* purport to examine the validity of Plaintiffs' attempted joinder.

Upon remand, Ethicon, Inc. conducted limited product identification discovery. This discovery was necessitated by the fact that Plaintiffs failed to provide even basic product identification or surgery information in the Robinson complaint.  (Wes Decl. ¶ 4.)  Plaintiffs' responses to this discovery established that the 67 plaintiffs' claims did not arise from the same transaction or occurrence, as required by California Code of Civil Procedure Section 378 for permissive joinder.  (*Id.*)  Beyond this limited discovery, no substantive case workup occurred.  (*Id.*)

Due to the California state court budget crisis, including funding and staffing reductions, Ethicon, Inc. was unable to have its severance motion heard until June 19, 2015.[3]  (*Id.* ¶¶ 5-6 (setting forth timeline from remand to severance).)  The case was assigned to three different judges during this time.  (*Id.*)  Ultimately, Judge William F. Highberger granted Ethicon, Inc.'s severance motion and severed Plaintiff's claims into

---

[3] Contrary to Plaintiff's assertion (Pl. Mot. at p. 18), the delay in obtaining a ruling on the severance motion while the case was pending before Judge Wiley was *not* attributable to any action by Ethicon, Inc.  Instead, it was the inevitable result of impacted personal injury departments and an acute scarcity in motion hearing dates.  (Wes Decl. ¶ 5.)

OPPOSITION TO MOTION TO REMAND

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Case No. BC531848NNN.  (*See* June 22, 2015 Minute Order ("Severance Order"), attached as Ex. A to Wes Decl.)  He also severed the claims of the 66 other plaintiffs into 66 separate actions.

In his Severance Order, Judge Highberger discussed in detail the logistics of severing Plaintiffs' claims into 67 separate actions.  He assigned a new and unique docket number to each case, and he required that the caption of each plaintiff's case reflect the name and docket number of only that plaintiff.  Because Plaintiffs' claims already were set forth in the original complaint filed in *Robinson*, Judge Highberger did not require Plaintiffs to file individual complaints or pay new filing fees, explaining that to do so would "appear to elevate form over substance to a pointless degree."  (Severance Order at p. 25.)  Judge Highberger ordered that the "severed cases" remain under the original case number BC531848 only because "the ancient computer system does not have a capability of cleaving the docket."  (*Id.* at p. 26.)  His Severance Order makes plain that he severed *Robinson* into 67 individual, separate actions.  The Severance Order was not, as Plaintiff mischaracterizes it, "simply an 'administrative' reorganization."  (Pl. Mot. at p. 6.)

The Severance Order also addresses the legal authority cited by this Court indicating that Ethicon LLC's election to remove following severance was appropriate:

> [B]y his pinpoint citation to *Osborn v. Metropolitan Life Ins. Co.* (E.D. Cal. 2004) 341 F. Supp.2d 1123, 1127, Judge Bernal was pointing to the statement therein that misjoinder is properly addressed in the state court on remand as a possible prelude to a second removal petition.  The cited portion of Osborn states in relevant part (emphasis added):

>> Professors Wright, Miller, and Cooper have characterized the Tapscott "fraudulent misjoinder" theory as a "new concept" that "appears to be part of the doctrine of fraudulent joinder."  WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3d § 3723 at 656.  They observe that the doctrine adds to the complexity of a federal court's decision as to removal, and note that even in the Eleventh Circuit not all procedural misjoinder rises to the level of fraudulent joinder. . . .

>> My own judgment is that the last thing the federal courts need is more procedural complexity.  I thus conclude that the better rule

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

4

1095919.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

> would require Met Life to resolve the claimed misjoinder in state
> court, and then, if that court severed the case and diversity then
> existed, it could seek removal of the cause to federal court.

(Severance Order at pp. 23-24.)  Thus, Judge Highberger endorsed the same procedural pathway to federal court approved by this Court.

Consistent with these two orders, Ethicon LLC timely removed Plaintiff's suit based on diversity jurisdiction on July 15, 2015.  Ethicon LLC also timely removed the cases of the 63 other diverse plaintiffs who had been misjoined in *Robinson*.  Upon removal, these 64 cases were assigned to 17 different Central District judges.  (*See* Ethicon LLC's Response to Plaintiff's Notice of Related Cases listing all 64 cases and their Central District assignments, Doc. 16.)  On August 4, 2015, Plaintiff's case was reassigned to this Court pursuant to Central District of California General Order 14-03.

Because virtually identical product liability cases alleging injuries similar to those claimed by Plaintiff were pending in federal District Courts across the country, the JPML established six separate MDLs in the Southern District of West Virginia for claims related to transvaginal mesh products.  *See, e.g.*, Transfer Order, MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012) (granting centralization of MDL No. 2327).  More than 28,000 cases currently are pending in the Ethicon MDL.

Contrary to Plaintiff's representation, Ethicon LLC *is* a defendant in the Ethicon MDL.  Although Judge Goodwin ordered that Ethicon LLC be removed as a named defendant from the original Long Form, Short Form, and Amended Short Form Complaints on May 29, 2014 (*see* Pretrial Order #117, attached as Exhibit E to Wes Decl.), Ethicon LLC remains a named defendant in over 12,000 previously filed cases. (Wes Decl. ¶ 6.)  Judge Goodwin ordered that Ethicon LLC will remain a defendant in these cases until such time as he initiates "a show cause process."  (Pretrial Order #117.) No such order has issued to date, however, nor has any such process begun.  (Wes Decl. ¶ 6.)  Moreover, Ethicon LLC has filed its separate Master Long Form Answer,

5

participated in MDL discovery by responding to interrogatories, deposition notices, and requests for production, and produced over 47,000 pages of documents.  (*Id*.) Accordingly, Ethicon LLC is not only a defendant in the Ethicon MDL; it is an active participant.  Plaintiff's counsel are well-aware of this.  Indeed, they currently are litigating in the six MDLs over 400 cases in which they name Ethicon LLC as a defendant.  (*Id*.)

As Plaintiff's case involves questions of fact common to other cases in the Ethicon MDL, Ethicon LLC filed a Notice of Potential Tag-Along Action with the JPML, and the JPML conditionally transferred her case.  (*See* Notice of Potential Tag-Along Action (J.P.M.L. July 16, 2015), and Conditional Transfer Order-185 (July 21, 2015) ("CTO-185", attached as Exhibits A and B to Ethicon LLC's Motion to Stay, Doc. 15.)  Plaintiff has moved to vacate CTO-185 and filed her instant motion to remand, and the JPML has issued a briefing schedule on Plaintiff's motion to vacate.  The JPML, however, routinely issues and finalizes Conditional Transfer Orders over plaintiffs' objections, including in suits like this one with a pending motion to remand that raises issues already before the Ethicon MDL.  *See, e.g., In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, 2014 U.S. Dist. LEXIS 148128, at *2 (J.P.M.L. Oct. 15, 2014) (ordering transfer of twelve actions with pending motions to remand to MDL 2327).

## III.  ARGUMENT.

As explained below, the Court should grant Ethicon LLC's motion to stay pending transfer of Plaintiff's case to the Ethicon MDL.  If, however, the Court is inclined to consider Plaintiff's motion, the Court should deny it on the grounds that Ethicon LLC's removal is appropriate and timely.

### A.   To Promote Judicial Economy, Efficiency And Consistency, The Court Should Stay Plaintiff's Case Pending Its Transfer To The Ethicon MDL.

As discussed in detail in Ethicon LLC's Motion to Stay, Doc. 15, which Ethicon LLC incorporates herein by reference, the Court should defer ruling on Plaintiff's motion to remand.  In fact, the "general rule is for federal courts to *defer* ruling on pending

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

motions to remand in MDL litigation until after the JPML has transferred the case to the MDL [court]." *Turner v. Bausch & Lomb Inc.*, No. 8:06-cv-1088-T-24MSS, 2006 U.S. Dist. LEXIS 48546, at *2 (M.D. Fla. July 17, 2006) (internal quotation marks and citation omitted) (emphasis added); *Rubio v. Arndal*, 2013 U.S. Dist. LEXIS 29149, at *6-7 (E.D. Cal. Mar. 1, 2013) (granting motion to stay and noting that the jurisdictional issues raised by defendants' notice of removal have been raised in cases already pending in the Ethicon MDL); *see also Dowler v. Med. Shoppe*, No. 2:07 cv 848, 2007 U.S. Dist. LEXIS 73950, at *6 (S.D. Ohio. Oct. 3, 2007) (deferring ruling on motion to remand because "the very purpose of MDL transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings").

Plaintiff's motion to remand and Ethicon LLC's opposition raise legal issues already briefed in other cases transferred to the Ethicon MDL.  *See e.g., DeLeon v. Tey*, No. 2:13-cv-32311 (S.D. W. Va.) (motion for reconsideration of order denying remand motion based on court's finding of bad faith where plaintiff's counsel attempted to prevent removal); *Ramirez v. Reyes*, No. 15-00475 (S.D. W. Va.) (motion to remand pending in action removed more than one year after commencement).  It would be inefficient for this Court, which is unfamiliar with the history of this case and the MDL proceedings, to devote its resources to resolving these issues.  To conserve judicial resources, promote judicial efficiency and economy, and reduce the risk of inconsistent rulings, this Court should stay consideration of Plaintiff's motion pending transfer of her case to the Ethicon MDL.  Doing so will not prejudice Plaintiff.

### B.   If The Court Is Inclined To Consider Plaintiff's Motion, The Court Should Deny It On The Grounds That Diversity Jurisdiction Exists.

If the Court decides to consider Plaintiff's motion, the Court should deny it. Removal is appropriate because Plaintiff could have filed her case originally in federal court on the basis of diversity jurisdiction.

As Ethicon LLC explained, complete diversity exists between Plaintiff and Defendants.  (*See* Ethicon LLC's Notice of Removal, Doc. 1, ¶¶ 16-21.)  And the amount

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

7

in controversy unquestionably exceeds the $75,000 statutory threshold in 28 U.S.C. §

1332(a).  (*See id.* ¶¶ 9-15.)  Plaintiff alleges "severe injuries and damage" and

purportedly has "sustained in the past, and will sustain in the future, pain and suffering,

mental anguish, emotional distress, disfigurement, physical impairment, embarrassment

and humiliation, psychological injury, a reasonable and traumatic fear of an increased

risk of additional injuries, progression of existing conditions, and other serious injury and

loss." (Compl. ¶ 212, attached as Exhibit B to Wes Decl.; Ethicon LLC's Notice of

Removal ¶ 11, Doc. 1.).)  And she seeks damages for past and future medical expenses,

as well as lost wages, lost earning capacity, punitive damages, and attorneys' fees.

(Compl. ¶¶ 213-215, attached as Exhibit B to Wes Decl.; Notice of Removal ¶ 11, Doc.

1.)  These allegations plainly demonstrate that the amount in controversy requirement is

met.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y.

2001) (finding that a complaint alleging various injuries from taking a prescription drug

"obviously asserts a claim exceeding $75,000").  (*See also* Notice of Removal, ¶ 12

(cases cited), Doc. 1.)

Not surprisingly, Plaintiff does *not* contest that her own allegations satisfy the

amount in controversy requirement.  Nor can she.  In the past four years, jury verdicts in

single-plaintiff cases entered against various transvaginal mesh manufacturers involving

alleged injuries and damages similar to those at issue here have ranged from *$1.2 million

to $73 million*.  (Wes Decl. ¶ 7; *see also* Notice of Removal, ¶ 14, Doc. 1 & Wes Decl. in

Support of Removal, ¶ 7, Doc 1-1 (verdicts in analogous cases far exceed $75,000).)

Even though she does not contest that her allegations satisfy the amount in

controversy requirement, Plaintiff argues that this Court should adopt the reasoning of

Judge Anderson, who remanded five cases *sua sponte* on the grounds that the Notices of

Removal did not provide a sufficient basis for concluding that the amount in controversy

more likely than not exceeded $75,000.  (*See* Pl. Mot., Exhibit 12.)  Respectfully, Judge

Anderson erred in remanding the cases on this basis.

Under binding Ninth Circuit precedent, a district court has no authority to remand

OPPOSITION TO MOTION TO REMAND

1095919.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

a removed action *sua sponte* based on a purported procedural defect in the notice of removal.  *See Smith v. Mylan, Inc*., 761 F.3d 1042, 1044 (9th Cir. 2014); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1193 (9th Cir. 2003).  Consistent with this prohibition, a court may *not* remand a case *sua sponte* due to a defendant's purported failure properly to allege that the amount in controversy is satisfied.  *See Ellenburg v. Spartan Motors Chassis Inc*., 519 F.3d 192, 197 (4th Cir. 2008); *Harmon v. OKI Systems*, 115 F.3d 477, 479 (7th Cir. 1997).  Instead, if a court questions a defendant's amount in controversy allegation, the court first must consider evidence submitted by the parties and then decide whether the preponderance of that evidence shows that the amount in controversy is met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

By remanding *sua sponte* instead of issuing orders to show cause, Judge Anderson deprived Ethicon LLC of its federal due process right to present such evidence consistent with *Dart*.  As a result, Ethicon LLC will move for reconsideration of Judge Anderson's *sua sponte* remand orders and will preserve its right to seek appellate review of his erroneous decision.  That decision not only was procedurally prohibited, but the conclusion on which it was based is wholly unsupported by Plaintiffs' allegations and the Notices of Removal, which established that the amount in controversy is met.

### C.   Contrary To Plaintiff's Argument, The "Voluntary-Involuntary" Rule Does Not Bar Removal And Has Not Been Applied To A State Court Severance Order.

Plaintiff erroneously argues that the voluntary-involuntary dismissal rule bars the removal of her severed claims.  It plainly does not.  The rule does *not* apply to non-merits rulings such as a severance.

The voluntary-involuntary exception to removability is rooted in *Whitcomb v. Smithson,* 175 U.S. 635 (1900).  The plaintiff in *Whitcomb* alleged that a non-diverse defendant and a diverse defendant were jointly negligent for injuries the plaintiff suffered in a railway accident.  The diverse defendant removed the suit to federal court based upon

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

9

complete diversity after the state court dismissed the non-diverse defendant on the grounds that it was not negligent in the "prosecution of [its] various duties incident to the event." *Id.* at 637-638.  The Supreme Court held that removal was improper, because the dismissal of the non-diverse defendant was "a ruling on the merits and not a ruling on the question of jurisdiction.  It was adverse to the plaintiff, and without his assent, and . . . it did not operate to make the cause then removable and thereby to enable other defendants to prevent plaintiffs from taking a verdict against them." *Id.* at 638.

Consistent with *Whitcomb*, the court in *Wade v. Johnson & Johnson*, 54 F. Supp. 3d 1247 (W.D. Okla. 2014), recently held that the voluntary-involuntary exception did not bar a second removal in a multi-plaintiff transvaginal mesh case.  The case initially was removed under Class Action Fairness Act provisions and then remanded to state court.  Thereafter, the defendants challenged the court's personal jurisdiction over claims by out-of-state plaintiffs.  After the court granted their jurisdictional challenge, the defendants removed the remaining in-state plaintiffs' claims to federal court based on diversity jurisdiction.  The plaintiffs argued that the voluntary-involuntary exception barred removal.  The court rejected plaintiffs' argument, holding that no adverse action was taken as to the merits of any plaintiff's claims and that the exception does not apply to rulings on jurisdiction.  *See id.* at 1251 ("Application of the voluntary-involuntary rule is not implicated because the state court judge's order did not result in the dismissal of a non-diverse defendant and was not on the merits.").

Thus, from its inception to the present, the voluntary-involuntary exception has applied when a ruling on the merits adverse to the claims of the plaintiff results in a change in a defendant's status that then permits another defendant to remove.  The Ninth Circuit cases cited by Plaintiff are consistent with this longstanding application of the exception.  *See People v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (quoting *Great Northern Ry. v. Alexander*, 246 U.S. 276, 282 (1918)); *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978) (a directed verdict is a ruling on merits and therefore precludes removal).

OPPOSITION TO MOTION TO REMAND

Here, Judge Highberger did not dismiss any defendant resulting in diversity or rule on the merits of any of Plaintiff's claims.  Instead, he merely severed her claims from those of the other 66 plaintiffs.  His Severance Order was therefore *not* on the merits.  As one court recently recognized, "permissive joinder is fundamentally a procedural matter where the focus is *not* on the merits."  *Petersen v. Bank of Am.*, 232 Cal. App. 4th 238, 242 (2014).  If a ruling on jurisdiction is not sufficient to invoke the voluntary-involuntary exception, as recognized in *Whitcomb* and confirmed in *Wade*, neither is a ruling on severance.  *See also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (holding that voluntary-involuntary exception does not apply to removal based on unappealed severance).  The Ninth Circuit has not concluded otherwise.

By contrast, in addition to *Robinson* and *Osborn*, *supra,* two California federal district courts have noted in *dicta* that a defendant *may* remove an action following severance.  *See Perry v. Luu*, No. 1:13-CV-00729-AWI, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) ("Defendants fail to offer a sufficient explanation why they could not seek severance in state court and then remove the severed portion of the litigation to federal court."); *Goodwin v. Kojian*, No. SACV 13-325-JST JPRX, 2013 WL 1528966, at *5 (C.D. Cal. Apr. 12, 2013) ("[T]he better and most efficient course of action would have been for Defendant to seek relief from the alleged misjoinder in state court, 'and then, if that court severed the case and diversity then existed, [Defendant] could seek removal of the cause to federal court.'") (quoting *Osborn*, 341 F. Supp. 2d at 1127).[4]

D.   **Ethicon LLC's Notice Of Removal Was Timely.**

Although Plaintiff argues that the removal statutes are strictly construed (*see* Pl. Mot. at 8), the fact remains that it is *Plaintiff's* burden to demonstrate that an express exception bars removal.  *See Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698

_____

[4] Although one California court has acknowledged, again in *dicta*, that it is "not clear . . . whether the 'voluntary-involuntary' rule would prohibit removal after severance," that court was addressing a situation where a diversity-defeating defendant was severed from the case.  *Three Sombrero, Inc. v. Murphy*, No. EDCV15001004-VAP-SPX, 2015 WL 4399631, at *5 (C.D. Cal. July 17, 2015).  Judge Highberger did not dismiss any defendant resulting in diversity, and his Severance Order was not on the merits.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

11

(2003) ("Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception.").  Moreover, the Ninth Circuit has recognized that the removal statutes must be interpreted reasonably and fairly.  *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir. 1998) (acknowledging strict construction standard but explaining that "we see no reason to twist ordinary language usage and rules of grammar in order to preclude removal").  Applying these principles, it is apparent that, contrary to Plaintiff's argument, Ethicon LLC's Notice of Removal *is* timely regardless of whether the 1-year rule in 28 U.S.C. § 1446(c)(1) applies.

### 1. The 1-Year Rule Does Not Apply Because Plaintiff's Claims Were Initially Removable Under Section 1446(b)(1).

The 1-year rule in Section 1446(c)(1) applies *only* when a case was not *initially* removable under Section 1446(b)(1).  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 932 n.3 (9th Cir. 2001) ("We have held that the one-year deadline . . . for removing diversity cases applies only to cases in which there is no basis for diversity jurisdiction when the case is filed in state court.  *If there is a basis for diversity jurisdiction at the time of filing, there is no deadline.*"), holding modified by *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005) (emphasis added); *Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037 (C.D. Cal. 1991) (denying motion to remand in action where plaintiff did not serve removing defendant for almost three years, and concluding that 1-year limitation does not apply to cases that were initially removable).

Here, Plaintiff's claims *were* initially removable on diversity grounds because, as explained, diversity of citizenship exists and the amount in controversy unquestionably exceeds $75,000.  Plaintiff cannot avoid this fact by erroneously arguing that this Court "rejected" Ethicon, Inc.'s misjoinder argument.  In fact, Judge Highberger already has rejected *Plaintiff's* argument, ruling that this Court did "not foreclose (or predict) the resolution of the misjoinder question . . . ."  (Severance Order at p. 23.)

As Judge Highberger recognized, this Court did not even consider whether the

*Robinson* plaintiffs had properly joined their claims under California law.  Instead, the Court found that because the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder, removal was not proper on that basis.  (*See* Remand Order at p. 4.) Moreover, the Court cited authority stating that a non-resident defendant should resolve the misjoinder issues in state court and, if the state court ordered severance, the defendant then could seek removal.  (*See id.* (citing *Osborn*, 341 F. Supp. 2d at 1127.)  That is precisely what happened here.

Further, Plaintiff's argument conflicts with the Ninth Circuit's decision in *Ritchey*. *Ritchey* held that the plaintiff's action *was* removable when initially filed notwithstanding his joinder of two non-diverse sham defendants.  *Ritchey* therefore stands for the proposition that a court can and should look beyond a plaintiff's attempts to manipulate jurisdiction when determining whether a case was initially removable.

As in *Ritchey*, this Court should disregard Plaintiff's purported joinder— particularly because Judge Highberger ruled that it violated California law.  (*See* Severance Order at pp. 21-24 ("Each plaintiff had her own medical history and presenting problems and each patient had a doctor recommend this surgery in lieu of other therapies based on specific facts known to such doctor.  This does not constitute the 'same transaction or series of transactions' for purposes of C.C.P. § 378(a).").)  Because the joinder of Plaintiff's claims violated California law, *Ritchey* permits Ethicon LLC's removal of her action under Section 1446(b)(1), and the 1-year rule in Section 1446(c)(1) does not apply.

In addition, there can be no question that Ethicon LLC's removal is timely under Section 1446(b)(1).  After all, given Plaintiff's decision not to serve Ethicon LLC, the 30-day period for removal never began running.  *See* 28 U.S.C. § 1446(b)(1) (notice of removal shall be filed "within" 30 days of service); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132-1133 (9th Cir. 2011) (removal clock does not start ticking until formal service is made); *Ritchey*, 139 F.3d at 1316-1317 (plaintiff's failure to serve defendant for over one year following

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

commencement of action did not destroy defendant's right of removal under Section 1446(b)(1)).  That being so, Ethicon LLC's removal is timely.[5]

Incredibly, Plaintiff admits that she "never intended to[] serve Ethicon LLC."  (Pl. Mot. at p. 3.)  According to Plaintiff, she sued Ethicon LLC "out of an abundance of caution" even though she *knew* at the time she filed suit that it was "not the actual proper Ethicon party."  (Pl. Mot. at pp. 2-3 & n.1; *see also id.* at p. 15.)  If Plaintiff knew that Ethicon LLC was an improper party and never intended to effect service, she should not have sued Ethicon LLC in the first place.  But having made the decision to sue Ethicon LLC, she cannot withhold service in an effort to avoid removal and thwart the transfer of her claims to the Ethicon MDL, where they belong.[6]  *Cf. Escalante v. Burlington Nat. Indem. Ltd.*, No. 2:14–CV–7237–ODW , 2014 WL 6670002, at *4 (C.D. Cal. Nov. 24, 2014) ("failure to serve defendants within a year can be construed as bad faith" under § 1446(c)(1)); *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas LLC*, No. 2:12–cv–01454–RCJ–PAL, 2012 WL 5198478, at *2 (D. Nev. Oct. 18, 2012) (1-year rule not applicable where "Plaintiff acted in bad faith to prevent removal under the rule, i.e., if Plaintiff deliberately avoided joining and serving [Defendant] until a year after joining and serving other Defendant(s) so that [Defendant] would have no opportunity to remove, even if removal would be otherwise available").

Moreover, Plaintiff erroneously argues that Ethicon LLC "was dismissed from the MDL proceeding."  (Pl. Mot. at p. 2 n.1.)  As an initial matter, if any argument raised in a motion to remand is appropriate for an MDL court to decide, Plaintiff's argument that Ethicon LLC is not a party to the MDL to which her suit has been tagged for transfer fits

---

[5] It is well-established that a defendant may remove before formal service is made.  *See e.g., Fontalvo v. Sikorsky Aircraft Corp.*, 2013 U.S. Dist. LEXIS 87149, at *24 (S.D. Cal. June 20, 2013); *Timmons v. Linvatec Corp.*, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 24, 2010) *reconsideration denied*, 2010 WL 2402924, at *1 (C.D. Cal. March 9, 2010); *Carreon v. Alza Corp.*, 2010 WL 539392, at *2 (N.D. Cal. Feb. 9, 2010).

[6] Plaintiff also improperly seeks to hold Ethicon LLC accountable for the prior removal by Ethicon, Inc., a *separate* defendant.  Deliberately confusing the actions of a served defendant with a separate, unserved defendant to prevent the latter from exercising its federal right of removal is nothing if not bad faith.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

that bill.  In any event, Plaintiff's argument is simply wrong.

Although Judge Goodwin ordered that Ethicon LLC be removed as a named defendant from the original Long Form, Short Form, and Amended Short Form Complaints on May 29, 2014 (*see* Pretrial Order #117), Ethicon LLC remains a named defendant in over 12,000 previously filed cases.  (Wes Decl. ¶ 6.)  Judge Goodwin has expressly ruled that Ethicon LLC will remain a defendant in these cases until he initiates "a show cause process."  (Pretrial Order #117.)  But no such show cause order has issued to date and no such process has begun.  (Wes Decl. ¶ 6.)

Not only is Ethicon LLC a defendant in the MDL, it is an active participant in the proceeding.  Indeed, it has served and filed its Master Long Form Answer, responded to interrogatories, deposition notices, and requests for production, and produced over 47,000 pages of documents.  (*Id*.)  Plaintiff's counsel are well aware of these facts.  Indeed, they currently are litigating in the six MDLs over 400 cases in which they name Ethicon LLC as a defendant.  (*Id*.)

In short, Ethicon LLC's removal of Plaintiff's action is appropriate and timely.  Plaintiff cannot avoid the removal of her action by arguing that she never intended to serve Ethicon LLC.  Because Ethicon LLC is an active participant in the Ethicon MDL, the Court can and should deny Plaintiff's motion to remand so that her action can be transferred to the MDL where it belongs.

**2.    Even If Plaintiff's Claims Were Not Initially Removable, The 1-Year Rule Does Not Bar Removal Under Section 1446(b)(3).**

The 1-year rule applies when a case that is not initially removable becomes removable following the receipt of "a copy of an amended pleading, motion, order or other paper."  28 U.S.C. § 1446(b)(3); *see also id.* § 1446(c)(1).  Even assuming, *arguendo*, that Plaintiff's claims were not initially removable and did not become removable until Judge Highberger issued his Severance Order, the 1-year rule *still* does not bar removal for the reasons explained below.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

15

1095919.1

**(a)**   **Plaintiff's action commenced at severance.**

First, Section 1446(c)(1) provides that a case may not be removed under Section 1446(b)(3) more than one year after "commencement of the action." For purposes of the removal statute, Plaintiff's action commenced on June 22, 2015, when Judge Highberger severed her claims. *See Farmer v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 1134238, at *2 (N.D. Miss. Apr. 24, 2006) (order severing plaintiff's claims "into a separate and new action restarted . . . one-year time limit for removal"); *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996) (because severance order "created a separate cause of action, then it only logically follows that . . . [the] one-year time limitation for . . . removal began with that" order); *see also Young v. Wells Fargo Bank*, 2009 WL 3255163, at *3 (E.D. La. Oct. 7, 2009) ("when, pursuant to a severance order, a plaintiff refiles its case with a new case number, a new proceeding has commenced for removal purposes"); *Penn. Employees Benefit Trust Fund v. Astrazeneca Pharms., L.P.*, 2008 WL 4891387, at *1 (E.D. Pa. Nov. 13, 2008) (1-year rule did not bar removal where severance order led to "a separate, removable case"). Because Ethicon LLC removed Plaintiff's claims on July 15, 2015—*i.e.*, within 30 days of severance— Ethicon LLC's removal was timely under Section 1446(b)(3).

Judge Highberger's well-reasoned Severance Order supports the conclusion that Plaintiff's action commenced at severance. In his Order, Judge Highberger assigned a new and unique docket number to each individual plaintiff's case. (Severance Order at p. 25 ("to accomplish severance in the specific context of this case is to give *each* of the severed plaintiff's cases (indeed to give ALL of the *individual* plaintiff's cases) a *specific* docket number") (emphasis added).) Moreover, he required that the caption of each plaintiff's case reflect the name and docket number of only that plaintiff. (*Id.* ("as specific cases going forward involve only one plaintiff, the caption should reflect that plaintiff's name as the sole plaintiff . . . .").) Contrary to Plaintiff's argument, these decisions do not reflect merely an administrative reorganization of claims. (Pl. Mot. at p. 6.) Rather, they reflect Judge Highberger's intent that from the date of his Severance

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

16

1095919.1

Order, *each* plaintiff would maintain a *separate*, individual action.[7]  While it is true that Judge Highberger did not require Plaintiffs to file new complaints or pay new filing fees, that "is a difference that makes no difference" (*Crump*, 925 F. Supp. at 1219) because, in Judge Highberger's own words, it would "elevate form over substance to a pointless degree."  (Severance Order at p. 25.)  Indeed, Judge Highberger's decision not to require new complaints or filing fees is consistent with the fact that his Severance Order creating 67 separate actions was not on the merits and left Plaintiff's own claims intact.

Although Judge Anderson relied on *Wejroski v. Wyeth*, No. 4:06CV292 CDP, 2012 WL 2367388 (E.D. Mo. June 21, 2012), in his *sua sponte* remand orders, the state court severance order in that case and the manner in which the court chose to sever the cases is distinguishable.  Substantively, the *Wejroski* court explicitly instructed that the amended complaints should include the same filing date as the original action, suggesting that the court considered the severed cases to relate back to the original action.  *See id.* at *2.  Indeed, the severance order "provided specific provisions demonstrating that the amended complaints would not create new actions."  *Id.* at *3.  By contrast, Judge Highberger's Severance Order contemplates that each severed case *is* a new individual action.  *Wejroski* thus fails to support the proposition that Plaintiff's action was commenced before severance for purposes of the removal statute.

Just as significantly, while the *Wejroski* court held that the removal statute "compels the conclusion that the one-year time limitation is absolute and jurisdictional," *id.*, the court acknowledged that it was considering removal under the version of the statute applicable before 2011, when "Congress changed the law, and explicitly created the exception that defendants argue for here."  *Id.*  The court also cited the legislative

_____

[7] As a result of Judge Highberger's Severance Order, the multi-plaintiff complaint in *Robinson* is not a proper "pleading" for purposes of Section 1446(b) and is of no legal significance for purposes of the removal statute.  *See, e.g.*, *WMCV Phase, LLC*, 2012 WL 5198478 at *2 ("Defendants were served in January 2012 with a document of no legal significance.  Because [it] was stricken as improper, it was simply not a 'pleading' under 28 U.S.C. § 1446(b), and the time to remove under that provision did not begin to run.").  Instead, the complaint became a "pleading" for purposes of the removal statute only after Judge Highberger ordered severance.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

history for the 2011 amendment, which noted that the change in language was prompted by plaintiffs' use of "removal-defeating strategies designed to keep the case in state court until after the 1-year deadline passed." *Id.*

        **(b)**     **Plaintiff's bad faith bars application of the 1-year rule.**

     Second, the 1-year rule does not apply where a court finds that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The Federal Courts Jurisdiction and Venue Clarification Act of 2011 codified the bad faith exception following the Fifth Circuit's equitable exception to the 1-year rule as set forth in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). *See* H.R. Rep. No. 112-10, at 15 (2011). As the Fifth Circuit explained in *Tedford*, "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its right, equity may require that the one-year limit in § 1446(b) be extended." 327 F.3d at 428-29; *see also Mississippi ex rel. Hood v. Au Optronics Corp.,* 134 S. Ct. 736, 738 (2014) (explaining that the Supreme Court's decisions "interpret[] the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction"); *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.").

     Courts across the country have applied *Tedford* or Section 1446(c)(1) to preclude plaintiffs from engaging in manipulative tactics designed to defeat removal.[8] This Court

---

[8] *See, e.g., Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014); *Cousins v. Wyeth Pharm., Inc.*, 2008 U.S. Dist. LEXIS 121843, at *5-6 (N.D. Tex. Apr. 18, 2008); *Elsholtz v. Taser Int'l*, 410 F. Supp. 2d 505, 506-07 (N.D. Tex. 2006); *DeLeon v. Tey*, 2013 U.S. Dist. LEXIS 185035 (S.D. Tex. Dec. 4, 2013); *Davis v. Merck & Co., Inc.*, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005); *Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC*, 2012 U.S. Dist. LEXIS 28184 (W.D. La. Mar. 2, 2012); *Nelson v. Rite Aid Corp.*, No. 05-0173, 2006 U.S. Dist. LEXIS 60796, 2006 WL 2474005, at *3 (S.D. Miss. 2006); *Barnes v. Janssen Pharm., Inc. (In re Propulsid Prods. Liab. Litig.)*, 2007 U.S. Dist. LEXIS 42675, at *3-4 (E.D. La. June 5,

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

should do so as well.  Plaintiff and her counsel have acted in bad faith to prevent removal by engaging in a pattern and practice of misjoinder.

When Plaintiff initially filed suit, she joined her claims with those of 63 diverse and three non-diverse (*i.e.*, New Jersey) plaintiffs.  It is transparent that when 64 diverse plaintiffs—the vast majority of whom have no connection whatsoever to California—join their claims with those of just three non-diverse plaintiffs, the goal is to anchor in California individual claims that otherwise would be subject to removal.  Tellingly, the *Robinson* complaint also failed to provide even basic product identification or surgery information.  (Wes Decl. ¶ 4.)  Plaintiffs' counsel unquestionably had access to this information, both through their clients and their clients' medical records, before filing the complaint.  But by deliberately failing to disclose it, Plaintiffs' counsel forced Ethicon, Inc. to propound discovery to obtain the evidence needed to demonstrate that Plaintiffs' claims were improperly joined under California law.[9]  (*Id.*)  Plaintiffs' counsel's pleading tactics amount to a bad faith effort to thwart removal.  Accordingly, the 1-year rule in Section 1446(c) does not bar removal here.

Moreover, *Robinson* is not the only case where Plaintiffs' counsel filed multi-plaintiff complaints against the Ethicon Defendants that omitted key product identification information and joined the claims of a few token, non-diverse plaintiffs.  In fact, Plaintiffs' counsel have engaged in a pattern of filing nearly identical multi-plaintiff cases.  In four previous cases filed in California state court, the plaintiffs' effort to manipulate jurisdiction failed, and the cases transferred to the Ethicon MDL.  Undeterred, Plaintiffs' counsel continued their procedural gamesmanship in at least 24 other multi-plaintiff cases filed against Ethicon entities and other pelvic mesh manufacturers in state courts outside of California.  (Wes Decl. ¶ 8.)

_____

2007).

[9] In the Ethicon MDL, Judge Goodwin routinely severs multi-plaintiff cases so that plaintiffs' counsel can file individual complaints on behalf of individual plaintiffs and include the product identification information that Plaintiffs' counsel chose not to provide here.

OPPOSITION TO MOTION TO REMAND

1095919.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Following the remand of *Robinson*, Judge Highberger recognized Plaintiffs' machinations for what they were, held that Plaintiffs' joinder violated California Code of Civil Procedure Section 378, and severed the case into 67 separate actions. Plaintiff suggests that she could not have acted in bad faith because *David v. Medtronic, Inc.,* 237 Cal. App. 4th 734 (2015), on which Judge Highberger relied, was decided after Plaintiffs purported to join their claims. But *David* did not create new law; on the contrary, it applied black letter principles that have remained unchanged for years. Applying those same principles, Judge Highberger correctly found that Plaintiffs' claims did *not* arise out of the same transaction or occurrence, which is a threshold requirement for permissive joinder under California law. Moreover, Plaintiff's insistence that Judge Highberger erred in light of *Petersen v. Bank of America*, 238 Cal. App. 4th 238 (2014) (*see* Pl. Mot. at p. 17)—a case that Plaintiff admits she did not raise below—does not absolve her procedural gamesmanship. *Peterson* was decided on readily distinguishable facts from those at issue here and thus fails to provide a good faith basis for the improper joinder of Plaintiff's claims with those of the other 66 plaintiffs named in the *Robinson* complaint.[10]  *Cf. Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (under *Rooker-Feldman* doctrine, federal courts lacks authority to review final state court judicial decisions).

Because Plaintiff and her counsel have acted in bad faith to prevent removal by engaging in a pattern and practice of misjoinder, the 1-year rule in Section 1446(c)(1) does not bar removal.

### (c) Equitable considerations dictate that the 1-year rule not bar removal.

Finally, equitable considerations bar application of the 1-year rule here. As the

---

[10] On August 5, 2015, Judge Highberger granted another transvaginal mesh manufacturer's motion to sever a multi-plaintiff complaint. In that tentative ruling, Judge Highberger acknowledges that *Peterson* "presents an entirely different situation from the relevant facts here." (Ruling at August 5, 2015 Hearing Granting Motion by Defendant Boston Scientific Corporation to Sever Plaintiffs' Claims, Hon. William. F. Highberger, Los Angeles Superior Court Case Nos. JCCP 4733, BC515037, BC515043, BC531848).

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Ninth Circuit has recognized, the 1-year rule is procedural, not jurisdictional.  *See Smith v. Mylan*, 761 F.3d 1042, 1045 (9th Cir. 2014).  For this reason, the rule should not be applied rigidly to prevent Ethicon LLC from exercising its federal right of removal.[11]  *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) ("[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling'");  *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939 (9th Cir. 2009) (citing approvingly to *Irwin's* equitable tolling analysis).  Equitable tolling is appropriate where a party pursues its right diligently but some extraordinary circumstance stands in its way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *In re B. Del C.S.B.*, 559 F.3d 999, 1014 (9th Cir. 2009).

That is the case here.  Ethicon, Inc. diligently sought to challenge Plaintiffs' improper joinder.  (Wes Decl. ¶¶ 4-5.)  It is undisputed, however, that California's severe state court budget crisis sharply reduced available judicial resources, particularly for civil cases.  As a result of its diminished resources, the Los Angeles Superior Court could not and did not resolve the misjoinder issue until over a year after *Robinson* was filed.  (*Id.*)  Following remand, the *state court's* first available motion dates were *months* away.  (*Id. ¶ 5.*)  The court transferred *Robinson* to two separate courtrooms, including Judge Wiley's courtroom, where Ethicon, Inc. requested a briefing schedule on its severance motion as soon as possible.  (*Id.*)  That the severance motion was not decided until June 22, 2015 is not Ethicon LLC's fault.  As an unserved defendant, Ethicon LLC had no control over this circumstance.  Accordingly, application of the equitable tolling doctrine is warranted here.  After all, neither State court rules of practice and procedure nor an overburdened state court docket can defeat a defendant's federal right of removal.  *See Pace,* 544 U.S.

---

[11] To the extent the Court believes that Plaintiff did not act in bad faith, case law has held that bad faith is not a requirement for equitable tolling to apply.  "[G]iven the very nature of the term 'equitable' in the equitable exception doctrine means fairness, malfeasance is not necessarily required to utilize the exception.  Giving the benefit of the doubt to both parties, it appears equitable and in the interest of justice and judicial economy to allow Defendants to remove the case to federal court since there is now no dispute that there is diversity of citizenship and an amount in controversy in excess of $75,000."  *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 870 (M.D. La. 2012).

OPPOSITION TO MOTION TO REMAND

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

at 418; *In re B. Del C.S.B.*, 559 F.3d at 1014.

Plaintiff argues that Ethicon, Inc. should have moved for severance immediately in state court instead of removing *Robinson*. (Pl. Mot. at p. 18.) But this argument lacks merit. What Ethicon, Inc. could or should have done is not relevant to *Ethicon LLC*'s right of removal. In addition, Plaintiff makes absolutely no showing that, but for the five weeks between Ethicon, Inc.'s removal on February 5, 2014 and this Court's remand on March 12, 2014, Ethicon, Inc. could have obtained a severance ruling within one year of the case's filing. By contrast, the undisputed evidence shows that due to California's state budget crisis, and in particular the funding and staffing reductions that have plagued the Los Angeles Superior Court, Ethicon, Inc.'s severance motion could not be heard until one year and five months after filing. (Wes Decl. ¶¶ 4-5.)

Moreover, Plaintiff's argument that Ethicon, Inc. acted unreasonably by removing *Robinson* before seeking severance is belied by the facts. Before Plaintiff's counsel filed *Robinson*, they filed four virtually identical multi-plaintiff cases (*Clavesilla*, *Miller*, *Moses*, and *Ruiz*) in California state court. Ethicon, Inc. removed these cases based on fraudulent misjoinder. And in each case, this Court granted Ethicon, Inc.'s motion to stay, thereby allowing the case's transfer to the Ethicon MDL. Ethicon, Inc. reasonably and justifiably anticipated the same result in *Robinson*. Thus, Plaintiff's suggestion that Ethicon, Inc. acted improvidently is simply incorrect.

Finally, the policy considerations underpinning the 1-year rule favor the exercise of federal subject matter jurisdiction. The legislative history indicates that in enacting the 1-year rule, "Congress was attempting to . . . preclude removal 'late in the proceedings' at a time when 'substantial progress has been made in state court.'" *Ritchey,* 139 F.3d at 1317; *see also Jackson v. Wal-Mart Stores, Inc.,* 588 F. Supp. 2d 1085, 1087 (N.D. Cal. 2008) ("The one-year limit has nothing to do with whether the parties in fact are diverse or whether the jurisdictional amount actually is in controversy."). Here, the parties have not engaged in *any* substantive discovery. (Wes Decl. ¶¶ 4-5.) As the court explained in *Jackson*, "[d]erailing the case again by sending it back to state court would not be in the

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

OPPOSITION TO MOTION TO REMAND

interest of judicial economy and would reward [Plaintiff's] dilatory tactics." *Id.* at 1088.

## IV.   <u>CONCLUSION</u>

For the reasons stated, the Court should grant Ethicon LLC's motion to stay pending transfer of her case to the Ethicon MDL.  But if the Court is inclined to consider Plaintiff's motion to remand, the Court should deny it.  Removal is appropriate based on diversity jurisdiction.  And Ethicon LLC's removal unquestionably is timely.

DATED:  August 7, 2015                          Tucker Ellis LLP


                                                By:   /s/ Joshua J. Wes
                                                _____
                                                Joshua J. Wes
                                                Attorneys for Defendant
                                                ETHICON LLC

## CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **August 7, 2015**, I served the following:  **MEMORANDUM OF DEFENDANT ETHICON LLC IN OPPOSITION TO MOTION TO REMAND** on the interested parties in this action by:

**(X)**   **ELECTRONICALLY VIA ECF:**  the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list.  A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)   I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **August 7, 2015**, at Los Angeles, California

/s/ Cynthia M. Harris

CYNTHIA M. HARRIS

1095919.1