# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER   JUDGE

A. LIM      DEPUTY CLERK

HONORABLE
ADD-ON          JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

   R. SANCHEZ, CA      Deputy Sheriff

NONE          Reporter

3:30 pm | BC531848

XOCHILT ROBINSON ET AL
VS
JOHNSON & JOHNSON ET AL

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCE

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER;

Ruling on submitted matters

JOHNSON & JOHNSON MOTION TO QUASH SERVICE, ETC.:
GRANT. A revised version of the [Proposed] Order
submitted by Johnson & Johnson with the motion is
being filed concurrently herewith.

RELEVANT LEGAL HISTORY:
All courts are necessarily concerned with the extent
to which they can or should assert jurisdiction over
parties since the assertion of a right to adjudicate
claims against persons who have no meaningful
contact with the jurisdiction (government)
maintaining a court creates situations where the
defendants are unlikely to respect any resulting
orders or judgments. Further, constitutional due
process considerations - which date back at least as
far as the establishment of the United States
Constitution and the Bill of Rights - require
American courts to constrain their assertion of
jurisdiction to conform to judicially created norms
as to when jurisdiction exists and when it is
lacking.

California, by statute in C.C.P. § 410.10, has
decided that its state courts have and thus should
assert jurisdiction "on any basis not inconsistent

Page   1 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                                    **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER        JUDGE   A. LIM              DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR
ADD-ON
          R. SANCHEZ, CA       Deputy Sheriff   NONE                      Reporter

---

3:30 pm | BC531848                        Plaintiff
                                          Counsel
         XOCHILT ROBINSON ET AL                     NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL          Defendant
                                          Counsel
         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

with the Constitution of this state or of the United
States."  Over the years any number of suits have
been brought and tried to conclusion in California
where the connection of the facts giving rise to the
suit to events occurring in California has often
been slim or non-existent.  Indeed, a sophisticated
practice of law has developed in California where
claims of plaintiffs from across the entire country
are brought together to be litigated as Judicial
Council Coordinated Proceedings in this court and in
several other urban locations throughout the state.

A "minimum contacts" jurisprudence for the
evaluation of in personam jurisdiction has developed
over several generations since the doctrine was set
forth in International Shoe Co. v. Washington (1945)
326 U.S. 310, 316 (overturning a narrow view of
jurisdiction previously set forth in Pennoyer v.
Neff (1878) 95 U.S. 714, 733).  With 20/20
hindsight, it appears that many of the cases which
evaluated the minimum contacts between a defendant
and the forum state so as to determine whether the
exercise of jurisdiction would offend "traditional
notions of fair play and substantial justice" under
the 14th Amendment's "due process" clause did so
without requiring that the defendant's contact with
the forum be directly related to the facts of the
case.

The United States Supreme Court's direct involvement

Page    2 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER      JUDGE    A. LIM         DEPUTY CLERK

HONORABLE                            JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR
ADD-ON

      R. SANCHEZ, CA      Deputy Sheriff    NONE                  Reporter

3:30 pm  BC531848                    Plaintiff
                                     Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS                          Defendant
         JOHNSON & JOHNSON ET AL     Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

with this body of law has been intermittent and
relatively infrequent.  Most lawyers, judges and
scholars had paid little attention to the "general
jurisdiction" subset of in-personam-jurisdiction law
because the typical jurisdictional battle was fought
over the "minimum contacts" showing needed to obtain
"long-arm" jurisdiction over a party not otherwise
present in a forum state.  As to jurisdiction over
natural persons (i.e. human beings), a mere
voluntary presence in a given state has been held by
the United States Supreme Court to be a sufficient
basis for the assertion of jurisdiction.  Burnham v.
Superior Court (1990) 495 U.S. 604, 612.  Since this
kind of transitory physical presence in a state by a
person was considered sufficient for assertion of
jurisdiction, it seemed settled law that a large
multi-state corporate entity with a substantial
physical presence in a given state would itself be
subject to the assertion of general jurisdiction.

But all of these long accepted assumptions as to the
nature of in-personam jurisdiction analysis were set
off kilter when the United States Supreme Court
issued its decision in Daimler AG v. Bauman (2014)
134 S.Ct. 746.  Plaintiffs in that case had no
contact with California, having been victims of
atrocities committed in Argentina during the "Dirty
War," and Daimler AG did business indirectly in
California by being the sole shareholder in
Mercedes-Benz USA LLC (through an additional layer

                    Page   3 of 29   DEPT. 322

                                          ┌─────────────────────┐
                                          │ **MINUTES ENTERED**  │
                                          │ 06/22/15             │
                                          │ **COUNTY CLERK**     │
                                          └─────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER   JUDGE    A. LIM         DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR
ADD-ON
         R. SANCHEZ, CA   Deputy Sheriff    NONE              Reporter

3:30 pm  BC531848                          Plaintiff
                                           Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS                                Defendant
         JOHNSON & JOHNSON ET AL           Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

of ownership).  Perhaps because Mercedes-Benz USA
LLC ("MBUSA") had no connection to the events in
Argentina, it was not sued in its own right.  The
record showed that 2.4% of Daimler AG's worldwide
sales were in California.

While the District Court and the original 9th
Circuit panel decision had sustained Daimler AG's
jurisdictional challenge, on rehearing en banc the
9th Circuit adopted former panel dissenter Stephen
Reinhardt's reasoning that the assertion of
jurisdiction over Daimler AG in California for these
claims was supported on an agency theory (i.e. the
presence of MBUSA) and by the conclusion that such
an assertion of jurisdiction satisfied the due
process "reasonableness" test.  The Supreme Court
reversed, applying its view of California's
jurisdictional law as constrained by 14th Amendment
due process limitations.  First, it noted the
"different trajectories" of the law regulating
general jurisdiction as compared to "specific
jurisdiction":

As is evident from Perkins, Helicopteros, and
Goodyear, general and specific jurisdiction have
followed markedly different trajectories
post-International Shoe. Specific jurisdiction has
been cut loose from Pennoyer's sway, but we have
declined to stretch general jurisdiction beyond
limits traditionally recognized.  As this Court has

                    Page    4 of 29   DEPT. 322

                                          ┌─────────────────────┐
                                          │ MINUTES ENTERED     │
                                          │ 06/22/15            │
                                          │ COUNTY CLERK        │
                                          └─────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                          **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER      JUDGE | A. LIM          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA      Deputy Sheriff | NONE              Reporter

---

3:30 pm | BC531848                          Plaintiff
                                            Counsel
          XOCHILT ROBINSON ET AL                         NO APPEARANCE
          VS
          JOHNSON & JOHNSON ET AL           Defendant
                                            Counsel

          {CASE FILE SENT TO DEPT 322}
          COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

increasingly trained on the "relationship among the
defendant, the forum, and the litigation," Shaffer,
433 U. S., at 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683,
i.e., specific jurisdiction, general jurisdiction
has come to occupy a less dominant place in the
contemporary scheme.

134 S.Ct. at 757-78.  On the record in that case, no
attempt had been made to show that specific
jurisdiction existed: "Plaintiffs have never
attempted to fit this case into the specific
jurisdiction category."  Id.  Thus, the key holding
in that case provided a statement of the current
test for constitutionally permissible assertion of
general jurisdiction:

Here, neither Daimler nor MBUSA is incorporated in
California, nor does either entity have its
principal place of business there. If Daimler's
California activities sufficed to allow adjudication
of this Argentina-rooted case in California, the
same global reach would presumably be available in
every other State in which MBUSA's sales are
sizable. Such exorbitant exercises of all-purpose
jurisdiction would scarcely permit out-of-state
defendants "to structure their primary conduct with
some minimum assurance as to where that conduct will
and will not render them liable to suit." Burger
King Corp., 471 U. S., at 472, 105 S. Ct. 2174, 85
L. Ed. 2d 528.

                Page   5 of 29   DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE    A. LIM         DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA      Deputy Sheriff    NONE            Reporter

3:30 pm  BC531848                        Plaintiff
                                         Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL         Defendant
                                         Counsel
         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

134 S.Ct. at 761-62 (emphasis added).  For all
intents and purposes, a new chapter in the law for
assessing when a large corporation could be sued had
begun since the "minimum contacts/reasonableness"
standard relied upon by Judge Reinhardt no longer
had any relevance to the analysis of general
jurisdiction, as such.

APPLICABLE LEGAL STANDARDS FOR ASSERTING
JURISDICTION:

(a)   GENERAL JURISDICTION

As noted above, the law of general jurisdiction had
been allowed to become a rarely noticed backwater in
decades following International Shoe until an
extreme case like Daimler AG prompted a
reexamination of the issue by the U.S. Supreme
Court.  Now we know via Daimler AG that a fictitious
entity like Daimler AG or Johnson & Johnson can only
be sued on a general jurisdiction theory (where the
claim itself has no logical factual connection to
the forum) where the entity "is at home" and that a
corporation has, at most, two "home" states: (1) its
place of incorporation, and (2) its principal place
of business.

If there was any doubt about this conclusion, it was
laid to rest by the recent decision of our own Court

                Page   6 of 29   DEPT. 322

                                         MINUTES ENTERED
                                         06/22/15
                                         COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                              **DEPT.** 322

HONORABLE  WILLIAM F. HIGHBERGER      JUDGE    A. LIM              DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
ADD-ON
         R. SANCHEZ, CA    Deputy Sheriff    NONE              Reporter

---

3:30 pm | BC531848                          Plaintiff
                                            Counsel
         XOCHILT ROBINSON ET AL                        NO APPEARANCE
         VS                                 Defendant
         JOHNSON & JOHNSON ET AL            Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

of Appeal in BNSF Railway Co. v. Superior Court
(March 27, 2015) 235 Cal.App.4th 591, a case which
held that no general jurisdiction applied as to a
massive corporation doing business in 28 states and
2 Canadian provinces with 1,149 miles of track in
California (out of 2,319 miles overall), 3,520
employees in California (out of 44,000 employees
overall) and which obtained six percent of its
revenue in California.  The only relevant facts were
that it was incorporated in Delaware and had its
principal place of business in Texas, which was both
its official and operations headquarters and its
largest single state in terms of employees, revenue
and track.

BNSF expressly rejected the plaintiff's argument
there (repeated by these plaintiffs in briefs filed
before BNSF was issued) that the foreign
plaintiff/comity concerns which were part of the
record in Bauman limited that case's applicability
to situations where the transitory plaintiffs were
litigation tourists from another county.  For the
same reasons, those arguments have no potency in the
context of this motion.

Barriere v. Juluca (S.D.Fla. 2014) 2014 WL 652831,
cited by plaintiffs, is not controlling, and it
would be inconsistent with BNSF insofar as
jurisdiction was premised on general jurisdiction.
But from a reading of plaintiff's quote from

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/22/15 | | DEPT. 322 |
| HONORABLE WILLIAM F. HIGHBERGER JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE ADD-ON JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, CA Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 3:30 pm | BC531848 | Plaintiff Counsel |
| | | NO APPEARANCE |
| | XOCHILT ROBINSON ET AL VS JOHNSON & JOHNSON ET AL | Defendant Counsel |
| | {CASE FILE SENT TO DEPT 322} COMPLEX 7/7/14 R/T JCCP4733 | |

**NATURE OF PROCEEDINGS:**

Barriere, it appears to be a quite reasonable
conclusion based on specific jurisdiction concepts:
the plaintiffs were allegedly hurt at defendant's
foreign resort, and defendant actively marketed the
foreign property in Florida from a physical office
in Florida to Florida residents.  The order by Judge
Arnold New in the state court in Philadelphia
denying a similar jurisdictional challenge by
Johnson & Johnson is not of precedential value since
no reasoning is provided and it is not published;
further it is obviously not controlling whereas BNSF
Railway is.

(b)   SPECIFIC JURISDICTION

"Specific jurisdiction," sometimes referred to as
"limited jurisdiction," is still controlled by the
minimum contacts/reasonableness standard set forth
in International Shoe except that Daimler AG and
BNSF teach us that there must be a factual nexus
between the claim presented and California.  It is
not enough that the defendant might be large enough
such that paying to defend in California would not
be undue burden.  That was equally the case for
Daimler AG and BNSF Railway, but neither the
plaintiffs nor the courts in those cases even argued
that specific jurisdiction supported a finding of
jurisdiction in either case.  Simply put, a
plaintiff seeking to assert specific jurisdiction
must show that the claim presented arose out of

Page    8 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE    A. LIM    DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA    Deputy Sheriff    NONE    Reporter

3:30 pm   BC531848                    Plaintiff
                                      Counsel
          XOCHILT ROBINSON ET AL              NO APPEARANCE
          VS
          JOHNSON & JOHNSON ET AL    Defendant
                                      Counsel
          {CASE FILE SENT TO DEPT 322}
          COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

defendant's activities in the jurisdiction or that
the defendant's activities occurring outside of
California were intended to cause injury within
California.  See generally Edmon & Rylarsdaam
[formerly Weil & Brown] CALIFORNIA PRACTICE GUIDE:
CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group)
3:263 to  3:271 and cases cited therein.  The
broader statements in pre-Bauman "stream of
commerce" cases regarding assertion of jurisdiction
just because it is foreseeable that product will get
to California are no longer good law.  See
CALIFORNIA PRACTICE GUIDE: CIVIL PROCEDURE BEFORE
TRIAL, supra,  3:206.5 and cases cited therein,
Bauman and BNSF Railway.

ALLEGATIONS AND SUPPLEMENTAL FACTS OFFERED IN
SUPPORT OF ASSERTION OF JURISDICTION:

Defendant Johnson & Johnson filed various
declarations in support of its opening motion, the
factual accuracy of which is not disputed by
plaintiffs.  Plaintiffs' original Opposition, filed
February 13, 2015 and refiled (for reasons not
obvious) on February 20, 2015, is supported by (a) a
declaration of counsel affirming that all plaintiffs
will appear in California for deposition (absent
agreement otherwise) and trial, (b) two discovery
responses from Johnson & Johnson as to
jurisdictional discovery (each of which states that
Johnson & Johnson is a holding company that does not

Page   9 of 29   DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/22/15 | DEPT. 322 |
| HONORABLE WILLIAM F. HIGHBERGER    JUDGE | A. LIM                 DEPUTY CLERK |
| HONORABLE                     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON | |
| R. SANCHEZ, CA    Deputy Sheriff | NONE                    Reporter |

| | | |
|---|---|---|
| 3:30 pm | BC531848 | Plaintiff Counsel |
| | XOCHILT ROBINSON ET AL | NO APPEARANCE |
| | VS | |
| | JOHNSON & JOHNSON ET AL | Defendant Counsel |
| | {CASE FILE SENT TO DEPT 322} | |
| | COMPLEX 7/7/14 R/T JCCP4733 | |

**NATURE OF PROCEEDINGS:**

itself design or market products), (c) various
pleadings, discovery demands, remand orders, rulings
by other trial courts (i.e. Judge Highberger) on a
similar motion on forum non conveniens grounds, and
(d) Johnson & Johnson's 10-K filing with the
Securities and Exchange Commission.  Plaintiff also
submitted two publications by the federal Food &
Drug Administration and three documents filed by
defendants in the pending federal court
Multi-District Litigation proceeding in West
Virginia.  Plaintiffs with court permission filed a
Sur-Reply to the original motion papers on April 10,
2015 and Plaintiffs' Supplemental Brief Re Personal
Jurisdiction, etc. on May 27, 2015 (corrected by
errata on May 28, 2015), but those additional
filings provide no additional factual material.

The Court finds that no material factual dispute is
created by any of the papers before the Court.
Since the relevant facts are undisputed, the only
real question is:  What is the correct legal ruling
applying the law to the facts?

(a)   GENERAL JURISDICTION:

It is undisputed that Johnson & Johnson is
incorporated in New Jersey and that it has its
corporate headquarters in New Brunswick, New Jersey.
Johnson & Johnson is a holding company which does
not itself operate the design, manufacturing and

Page   10 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                              DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER        JUDGE | A. LIM          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM |          ELECTRONIC RECORDING MONITOR
ADD-ON
           R. SANCHEZ, CA        Deputy Sheriff | NONE              Reporter

---

3:30 pm | BC531848                        Plaintiff
                                          Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL          Defendant
                                          Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

sales operations which form the commercial heart of
its business; those businesses are conducted by
various subsidiary corporate entities.  Moving party
showed without contradiction that the operating
subsidiary Ethicon, Inc. did not have "a physical
office in California dedicated to the design,
manufacture, or marketing of any mesh product" and
that "No Ethicon mesh product is designed,
manufactured, or labeled in California."  Rastogi
Declaration 2.  Under the circumstances, it is
unquestionable that moving party Johnson & Johnson
is not "at home" in California for purposes of
invoking general jurisdiction.

Plaintiffs argued via counsel at oral argument that
this was an "exceptional case" cases within the
meaning of Daimler AG in footnote 19:

19. We do not foreclose the possibility that in an
exceptional case, see, e.g., Perkins, described
supra, at ___ - ___, 187 L. Ed. 2d, at 634-636, and
n. 8, a corporation's operations in a forum other
than its formal place of incorporation or principal
place of business may be so substantial and of such
a nature as to render the corporation at home in
that State. But this case presents no occasion to
explore that question, because Daimler's activities
in California plainly do not approach that level. It
is one thing to hold a corporation answerable for
operations in the forum State, see infra, at ___,

Page  11 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

HONORABLE WILLIAM F. HIGHBERGER   JUDGE

HONORABLE
ADD-ON                             JUDGE PRO TEM

R. SANCHEZ, CA   Deputy Sheriff

DEPT. 322

A. LIM   DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

NONE   Reporter

---

3:30 pm BC531848

XOCHILT ROBINSON ET AL
VS
JOHNSON & JOHNSON ET AL

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCE

---

**NATURE OF PROCEEDINGS:**

187 L. Ed. 2d, at 642, quite another to expose it to
suit on claims having no connection whatever to the
forum State.

Plaintiffs conceded that they had no factual showing
in their papers supporting the "exceptional case"
argument and when asked for an offer of proof, they
had no particulars to provide, asking instead for
discovery re same.  The Court is persuaded after
reviewing the relevant U.S. Supreme Court cases that
the "exceptional case" concept is intended to be
highly limited, e.g. to the peculiar one-off
situation in Perkins v. Benguet Consolidated Mining
Co. (1951) 342 U.S. 437, where a Philippines mining
company's principal place of business was
temporarily relocated to Ohio as a result of
Japanese military occupation during World War II and
thus the defendant was subject to general
jurisdiction in Ohio.  Daimler AG described the
holding in Perkins as follows: "No fair reader of
the full opinion in Perkins could conclude that the
Court meant to convey anything other than that Ohio
was the center of the corporation's wartime
activities." 134 S.Ct. at 755 n.8.

The U.S. Supreme Court made as clear as they could
in Daimler AG that mere bigness of operations in a
given forum state was not the relevant test for
being "at home" since it would produce entirely
unpredictable outcomes, the exact antithesis of what

Page  12 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/22/15 | DEPT. 322 |
| HONORABLE WILLIAM F. HIGHBERGER   JUDGE | A. LIM   DEPUTY CLERK |
| HONORABLE                         JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON | |
| R. SANCHEZ, CA   Deputy Sheriff | NONE   Reporter |

| | | | |
|---|---|---|---|
| 3:30 pm | BC531848 | Plaintiff Counsel | |
| | XOCHILT ROBINSON ET AL | | NO APPEARANCE |
| | VS | Defendant | |
| | JOHNSON & JOHNSON ET AL | Counsel | |
| | {CASE FILE SENT TO DEPT 322} COMPLEX 7/7/14 R/T JCCP4733 | | |

**NATURE OF PROCEEDINGS:**

they were hoping to achieve with the rule being
stated: "If Daimler's California activities sufficed
to allow adjudication of this Argentina-rooted case
in California, the same global reach would
presumably be available in every other State in
which MBUSA's sales are sizable. Such exorbitant
exercises of all-purpose jurisdiction would scarcely
permit out-of-state defendants 'to structure their
primary conduct with some minimum assurance as to
where that conduct will and will not render them
liable to suit.'"  134 S.Ct. at 731.

The Court agrees with moving party that defendant's
relationship with this forum can and should be
tested plaintiff-by-plaintiff, and the motion is
only brought as to the non-California plaintiffs.
The mere happenstance of the joinder of those claims
with the claims of the California plaintiffs does
not cause the Court to doubt the correctness of the
ruling above.  That 67 plaintiffs have banded
together (or found themselves joined together) in
one suit brought by California counsel in
conjunction with Texas counsel does not change the
analysis.  By the nature of the product, each
plaintiff had a separate surgery by a specific
treating physician for a specific set of complaints
with a specific medical history.  That the products
and their disclosure warnings were the same or
similar and that the product approval process with
the federal Food and Drug Administration was common

Page  13 of 29   DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE    A. LIM         DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR
ADD-ON
         R. SANCHEZ, CA    Deputy Sheriff    NONE              Reporter

3:30 pm  BC531848                    Plaintiff
                                     Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL     Defendant
                                     Counsel
         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

to all plaintiffs is not enough to make the
jurisdictional facts relevant to a California
plaintiff applicable to a non-California plaintiff.

(b)   SPECIFIC JURISDICTION:

Plaintiffs do not directly argue the point as their
argument conflates the two jurisdictional concepts
together.  Here, as in Bauman and BNSF, the claims
of the non-California plaintiffs have no logical
connection with California.  These plaintiffs did
not have surgery in California, and the onset of
their injuries occurred outside of California.
Plaintiffs have not attempted to show that Johnson &
Johnson (or its wholly owned subsidiaries such as
Ethicon, Inc.) designed the trans-vaginal mesh
products in California or that the products
implanted in theses plaintiffs were manufactured in
California.  Moving party's contrary showing by
declaration is undisputed.  Clearly, if these kinds
of facts existed, the analysis of specific
jurisdiction might lead to a different outcome.

PLAINTIFF'S WAIVER ARGUMENT:

The Court agrees with Defendant that plaintiffs
waived any waiver argument that they themselves
might have had as to the assertion of jurisdiction
over Johnson & Johnson by not including it in either
their original Opposition filed in February or in

Page   14 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                          DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER      JUDGE   A. LIM            DEPUTY CLERK

HONORABLE                           JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
ADD-ON
            R. SANCHEZ, CA          Deputy Sheriff   NONE              Reporter

3:30 pm  BC531848                          Plaintiff
                                           Counsel
         XOCHILT ROBINSON ET AL                        NO APPEARANCE
         VS                                Defendant
         JOHNSON & JOHNSON ET AL           Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

their Sur-Reply filed April 10, 2015.  The Court
further agrees with Defendant that the inclusion of
a Declaration from a Johnson & Johnson executive in
the original motion filed last summer by
co-defendant Ethicon, Inc. on the forum non
conveniens motion was not a general appearance in
this action by Johnson & Johnson.  Something more
affirmative would have been required for Johnson &
Johnson to be deemed appearing before the court for
all purposes in this docket.

PLAINTIFFS' DISCOVERY REQUEST AND REQUEST FOR
CONTINUANCE:

The Court has reviewed the discovery served on
Johnson & Johnson (Exhibits O & P to Opposition) and
this defendant's responses thereto (Exhibits R, S &
T).  Given the relevant legal standards to apply to
determine general and specific jurisdiction, the
Court has determined that the answers provided by
this defendant to date are sufficient and that any
further responses would not have a logical tendency
to change the analysis of the ultimate question set
forth above in this notice of intended ruling.  As
noted above, the "exceptional case" concept noted by
the U.S. Supreme Court in Daimler AG at n. 19 by
reference to Perkins v. Benguet Consolidated Mining
Co, supra, is intended to be highly limited and not
an opportunity to force a large corporation to be
"at home" in multiple separate jurisdictions.

                    Page   15 of 29    DEPT. 322

                                              ┌─────────────────────┐
                                              │ MINUTES ENTERED      │
                                              │ 06/22/15             │
                                              │ COUNTY CLERK         │
                                              └─────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER      JUDGE | A. LIM              DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM |          ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA          Deputy Sheriff | NONE              Reporter

3:30 pm  BC531848                       Plaintiff
                                        Counsel
         XOCHILT ROBINSON ET AL                    NO APPEARANCE
         VS                             Defendant
         JOHNSON & JOHNSON ET AL        Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

Plaintiffs' discovery, to which defendant responded
albeit with objections, appeared intended to show
that Johnson & Johnson (directly or via its
subsidiaries) had substantial operations in
California, which is not the relevant question.  The
extent to which discovery is needed to resolve the
question of general jurisdiction was directly
addressed by the Supreme Court in Daimler AG:

Justice Sotomayor fears that our holding will "lead
to greater unpredictability by radically expanding
the scope of jurisdictional discovery." Post, at
___, 187 L. Ed. 2d, at 650. But it is hard to see
why much in the way of discovery would be needed to
determine where a corporation is at home. Justice
Sotomayor's proposal to import Asahi's
"reasonableness" check into the general jurisdiction
determination, on the other hand, would indeed
compound the jurisdictional inquiry. The
reasonableness factors identified in Asahi include
"the burden on the defendant," "the interests of the
forum State," "the plaintiff's interest in obtaining
relief," "the interstate judicial system's interest
in obtaining the most efficient resolution of
controversies," "the shared interest of the several
States in furthering fundamental substantive social
policies," and, in the international context, "the
procedural and substantive policies of other nations
whose interests are affected by the assertion of
jurisdiction." 480 U. S., at 113-115, 107 S. Ct.

Page  16 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE | A. LIM         DEPUTY CLERK

HONORABLE                   JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA      Deputy Sheriff | NONE              Reporter

3:30 pm | BC531848                          Plaintiff
                                            Counsel
          XOCHILT ROBINSON ET AL                    NO APPEARANCE
          VS
          JOHNSON & JOHNSON ET AL          Defendant
                                            Counsel

          {CASE FILE SENT TO DEPT 322}
          COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

1026, 94 L. Ed. 2d 92 (some internal quotation marks
omitted). Imposing such a checklist in cases of
general jurisdiction would hardly promote the
efficient disposition of an issue that should be
resolved expeditiously at the outset of litigation.

134 S.Ct. at 762 n. 20 (emphasis added).  Simply
put, the additional discovery which plaintiffs say
they want (based on demands previously served) would
not inform the relevant question: whether Johnson &
Johnson is "at home" in California.  Thus there is
no reason to delay ruling.

Further, if plaintiffs really wanted the discovery,
they should have used the time since the responses
were served on February 10, 2015 to move to compel,
but they failed to do so.

DEFENDANT'S OBJECTION TO LENGTH OF PLAINTIFF'S
ORIGINAL OPPOSITION:

Overruled.  Defendant has had ample opportunity to
set forth its own position at length in its Reply,
its Response To Plaintiffs' Sur-Reply, its Response
To Plaintiffs' Supplemental Brief and its sua sponte
Notice Of New Authority Pertaining To Motion To
Quash.

FORUM NON CONVENIENS MOTION, IN THE ALTERNATIVE:
This is moot in view of the Court's ruling on the

Page  17 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                    DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER   JUDGE   A. LIM        DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR
ADD-ON
         R. SANCHEZ, CA   Deputy Sheriff   NONE              Reporter

3:30 pm  BC531848                          Plaintiff
                                           Counsel
         XOCHILT ROBINSON ET AL                        NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL           Defendant
                                           Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

challenge to in personam jurisdiction.

SEVERANCE MOTION, IN THE ALTERNATIVE:

Moving party Johnson & Johnson only asked that
severance of claims be granted in the challenge to
jurisdiction failed.  Under the circumstances, the
alternative request is moot.  The ruling on the
companion motion brought by Ethicon will, indeed,
cause a severance of each plaintiff's claim into a
separate action.

CONCLUSION:

Many of the unquestioned assumptions of the bench
and bar regarding the extent to which minimum
contacts/reasonableness "long arm" jurisdiction can
be invoked have been shredded by Daimler AG v.
Bauman and its progeny BNSF Railway.  Based on those
two cases, the Court finds that it lacks general
jurisdiction as to moving party Johnson & Johnson as
to the non-California plaintiffs since Johnson &
Johnson is not "at home" in California.  The Court
also finds that plaintiffs have failed to show, in
the alternative, that there is a proper basis to
assert "specific jurisdiction" (also known as
limited jurisdiction) over Johnson & Johnson as to
the non-California plaintiffs' claims since those
claims have no factual nexus to California.  Since
this will lead to an appealable order as between

                    Page  18 of 29    DEPT. 322

                                           MINUTES ENTERED
                                           06/22/15
                                           COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                                DEPT. 322

HONORABLE  WILLIAM F. HIGHBERGER    JUDGE    A. LIM          DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
ADD-ON
            R. SANCHEZ, CA        Deputy Sheriff   NONE          Reporter

3:30 pm  BC531848                          Plaintiff
                                           Counsel
         XOCHILT ROBINSON ET AL                       NO APPEARANCE
         VS
         JOHNSON & JOHNSON ET AL           Defendant
                                           Counsel
         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

these parties and this defendant, plaintiffs should
be able to obtain immediate appellate review of this
ruling (subject to the normal timelines applicable
in the Court of Appeal).

ETHICON, INC. MOTION TO DISMISS BASED ON FORUM NON
CONVENIENS, ETC.: GRANT IN PART, DENY IN PART
WITHOUT PREJUDICE

FORUM NON CONVENIENS MOTION:

Defendant Ethicon, having waived its potential
challenge to in personam jurisdiction, requests that
the Court dismiss the claims of the non-California
plaintiffs or to stay them pending litigation of
such claims in the various plaintiffs' own home
state on the basis of forum non conveniens.  Ethicon
and its parent Johnson & Johnson are defendants
(along with various other manufacturers) in various
cases proceeding in JCCP4733.  For the same reasons
that this Court denied the motion for forum non
conveniens in Muller v. Boston Scientific in
JCCP4733, this Court believes that the motion should
be denied here.  That similar tort claims should
proceed together for pre-trial proceedings does not
lead to the conclusion that all such tort claims
should be tried together.  The likely result would
be chaos, confusion, inordinately long trials and a
denial of due process to the defendant(s).  The
question of how to pick a specific plaintiff case

                    Page  19 of 29   DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                      **DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER      JUDGE   A. LIM              DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                 ELECTRONIC RECORDING MONITOR
ADD-ON
        R. SANCHEZ, CA      Deputy Sheriff   NONE                       Reporter

---

3:30 pm BC531848                          Plaintiff
                                          Counsel
        XOCHILT ROBINSON ET AL                     NO APPEARANCE
        VS
        JOHNSON & JOHNSON ET AL           Defendant
                                          Counsel
        {CASE FILE SENT TO DEPT 322}
        COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

for the early bell weather trial and whether or not
to joint two or more plaintiff claims for a single
trial are other issues for another day.

The Court is not blind to the long-term reality that
defendants such as Ethicon and Johnson & Johnson
will in all likelihood be able to avoid any new
filings from sticking in state court in California
assuming that each is not subject to general
jurisdiction for a suit filed by non-California
plaintiffs.  The California plaintiffs who chose to
sue in state court will find themselves removed, and
any non-California plaintiffs who sue in this court
in the future will likely find their claims
dismissed (unless they can show a factual basis for
specific jurisdiction).  But taking the current
docket as it is (e.g. the pending claims against
Ethicon) and mindful of the pendency of the similar
cases in JCCP4733, this Court believes that
efficiency is gained by keeping these plaintiffs in
this forum and not Balkanizing the litigation
effort.  No disrespect is meant for the pending
federal MDL, but the anticipated process of sending
trial-ready "bell weather" cases to some other
federal district court for trial seems like a recipe
for delay, inconsistent outcomes (when the question
of law is otherwise the same), and extra expense.

Because the Court has discretion to weigh the
factors relevant to ruling on this motion, this

                    Page   20 of 29    DEPT. 322

                                          ┌─────────────────────┐
                                          │ MINUTES ENTERED     │
                                          │ 06/22/15            │
                                          │ COUNTY CLERK        │
                                          └─────────────────────┘

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

HONORABLE WILLIAM F. HIGHBERGER          JUDGE

HONORABLE                                JUDGE PRO TEM
ADD-ON

          R. SANCHEZ, CA          Deputy Sheriff

DEPT. 322

A. LIM          DEPUTY CLERK

          ELECTRONIC RECORDING MONITOR

NONE          Reporter

---

3:30 pm | BC531848

XOCHILT ROBINSON ET AL
VS
JOHNSON & JOHNSON ET AL

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCE

---

**NATURE OF PROCEEDINGS:**

Court exercises its discretion to find that the
better course of wisdom is to let these specific
claims against Ethicon proceed in this forum.  If
plaintiffs consider the inclusion of co-defendant
Johnson & Johnson in the case to be essential, then
they will have to find a way to bring the entire
litigation into another courthouse.  That choice,
however, is for plaintiffs to make, not this Court.

This motion is denied without prejudice because the
Court recognizes that the posture of this case may
well change after the severance request discussed
below is granted.  Defendant can renew the motion if
most of the plaintiffs' cases are removed to federal
court and only a few non-California plaintiffs
remain in this docket.

MOTION, IN THE ALTERNATIVE, FOR SEVERANCE OF VARIOUS
PLAINTIFFS' CLAIMS:

Ethicon asks, in the alternative, that the claims of
the non-California plaintiffs be severed under the
grounds that they are not appropriate for permissive
joinder under C.C.P. § 378(a).

After listening to oral argument and carefully
reviewing the California Rules of Court applicable
to cases deemed complex like BC531848, the Court
concludes that C.C.P. § 378(a) remains applicable in
this docket (and would also remain applicable if

Page   21 of 29     DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/22/15 | | DEPT. 322 |
| HONORABLE WILLIAM F. HIGHBERGER      JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE                            JUDGE PRO TEM<br>ADD-ON | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, CA         Deputy Sheriff | NONE | Reporter |

| | | | | |
|---|---|---|---|---|
| 3:30 pm | BC531848 | Plaintiff<br>Counsel | NO APPEARANCE | |
| | XOCHILT ROBINSON ET AL<br>VS<br>JOHNSON & JOHNSON ET AL | Defendant<br>Counsel | | |
| | {CASE FILE SENT TO DEPT 322}<br>COMPLEX 7/7/14 R/T JCCP4733 | | | |

**NATURE OF PROCEEDINGS:**

this case had been incorporated into a Judicial
Council Coordinated Proceeding).  C.C.P. § 404.7 and
CRC 3.504(b) allow a Rule of Court applicable to
complex and/or complex/coordinated cases to trump
the normal code provisions, but the Court and
plaintiffs' counsel have been unable to identify an
express California Rule of Court which modifies the
otherwise enforceable provisions of C.C.P. § 378(a).

Under the authority of David v. Medtronic, Inc. (2d
DCA June 12, 2015) No. B254914, the Court finds that
the combined claims of the 67 plaintiffs here do not
arise out of "the same transaction, occurrence, or
series of transactions or occurrences."  Defendant
has shown by Exhibit A to the Wes Declaration, filed
December 1, 2014 and the underlying evidentiary
support cited therein that there is a wide range of
products involved and that each of the female
plaintiffs had her implant surgery on an individual
basis in any number of locations spread throughout
the United States. Each such plaintiff had her own
medical history and presenting problems and each
patient had a doctor recommend this surgery in lieu
of other therapies based on the specific facts known
to such doctor.  This does not constitute the "same
transaction  or series of transactions" for
purposes of C.C.P. § 378(a).

The fact that Judge Jesus Bernal did not retain this
case in federal court when presented with this

MINUTES ENTERED
06/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/22/15 | | DEPT. 322 |
| HONORABLE WILLIAM F. HIGHBERGER  JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| ADD-ON | | |
| R. SANCHEZ, CA  Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:30 pm | BC531848 | Plaintiff Counsel | |
| | XOCHILT ROBINSON ET AL | | NO APPEARANCE |
| | VS | Defendant | |
| | JOHNSON & JOHNSON ET AL | Counsel | |
| | {CASE FILE SENT TO DEPT 322} COMPLEX 7/7/14 R/T JCCP4733 | | |

**NATURE OF PROCEEDINGS:**

defendant's "fraudulent joinder" argument does not
foreclose (or predict) the resolution of the
misjoinder question because the "fraudulent joinder"
test (insofar as it is recognized by certain federal
courts) is a different test.  Indeed, by his
pinpoint citation to Osborn v. Metropolitan Life
Ins. Co. (E.D.Cal. 2004) 341 F.Supp.2d 1123, 1127,
Judge Bernal was pointing to the statement therein
that misjoinder is properly addressed in the state
court on remand as a possible prelude to a second
removal petition.  The cited portion of Osborn
states in relevant part (emphasis added):

Professors Wright, Miller, and Cooper have
characterized the Tapscott "fraudulent misjoinder"
theory as a "new concept" that "appears to be part
of the doctrine of fraudulent joinder." WRIGHT,
MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE:
Jurisdiction 3d § 3723 at 656. They observe that the
doctrine adds to the complexity of a federal court's
decision as to removal, and note that even in the
Eleventh Circuit not all procedural misjoinder rises
to the level of fraudulent joinder. They posit that
"numerous additional decisions will be needed to
clarify" the distinction between which misjoinder
claims rise to the level of "egregiousness"
justifying a refusal to remand. Id. They further
suggest that an aggrieved defendant could avoid the
confusion and complexity created by this standard by
seeking relief from the misjoinder in state court

Page  23 of 29  DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

**DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE

A. LIM    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR
ADD-ON
    R. SANCHEZ, CA    Deputy Sheriff

NONE    Reporter

3:30 pm  BC531848

XOCHILT ROBINSON ET AL
VS
JOHNSON & JOHNSON ET AL

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

Plaintiff
Counsel

NO APPEARANCE

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

and then removing to federal court. Id.

My own judgment is that the last thing the federal courts need is more procedural complexity. I thus conclude that the better rule would require Met Life to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court.

For all these reasons, the Court does believe that the motion for severance is legally valid and that this Court does not have discretion to deny it just because the case has been designated "complex" or because the case is pending in this court's Complex Civil Litigation Program.  The Court can still keep the several severed cases together as related cases (assuming they remain in state court), it can consolidate them for discovery purposes, it can even contemplate adding them on the Court's own motion to the pending coordination proceeding in JCCP4733, and it can include them in case selection for suitable bell weather trials.  But those are all distinct questions from whether or not defendant is entitled to have its severance request granted.

MECHANICS OF SEVERANCE:

After consultation with Senior Administrator Greg Drapac, who is in charge of civil operations at the

Page   24 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15                                                                    **DEPT.** 322

HONORABLE **WILLIAM F. HIGHBERGER**    JUDGE  | A. LIM              DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM  |                  ELECTRONIC RECORDING MONITOR
ADD-ON
            R. SANCHEZ, CA    Deputy Sheriff | NONE                Reporter

3:30 pm BC531848                          Plaintiff
                                          Counsel
       XOCHILT ROBINSON ET AL                        NO APPEARANCE
       VS
       JOHNSON & JOHNSON ET AL            Defendant
                                          Counsel
       {CASE FILE SENT TO DEPT 322}
       COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

Stanley Mosk Courthouse and indirectly responsible
for operations at Central Civil West Courthouse, the
Court has determined that the most efficient way to
accomplish severance in the specific context of this
case is to give each of the severed plaintiff's
cases (indeed to give ALL of the individual
plaintiff's cases) a specific docket number which
includes an alpha suffix to the general civil docket
number originally assigned to this aggregation of
claims.  The original docket number was BC531848.

For convenience, the 67 plaintiffs names have been
placed in alphabetical order by surname, and the
alpha suffix postscripts will start as BC531848A and
run through BC531848OOO.  The complete list appears
below, and a free-standing copy of the same list
will be served concurrently herewith for counsel's
ready reference.

No new filing fee will be charged to plaintiffs or
defendants as a consequence of this severance
process, and no new filing of one-off complaints
will be required since that would appear to elevate
form over substance to a pointless degree.  Insofar
as specific cases going forward involve only one
plaintiff, the caption should reflect that
plaintiff's name as the sole plaintiff, e.g. Theresa
Barnes v. Johnson & Johnson, et al., and the docket
number with suffix shall be shown, e.g. BC531848A.
As an administrative matter, the clerk's entries for

                Page   25 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE    A. LIM    DEPUTY CLERK

HONORABLE                                     JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR
ADD-ON

R. SANCHEZ, CA    Deputy Sheriff    NONE    Reporter

3:30 pm  BC531848                    Plaintiff
                                     Counsel
         XOCHILT ROBINSON ET AL              NO APPEARANCE
         VS                          Defendant
         JOHNSON & JOHNSON ET AL     Counsel

         {CASE FILE SENT TO DEPT 322}
         COMPLEX 7/7/14 R/T JCCP4733

**NATURE OF PROCEEDINGS:**

the several severed cases will all be found under
BC531848 as the ancient computer system does not
have a capability of cleaving the docket into 67
separate, cloned, electronic copies.  Service via
the electronic service system under JCCP4733 via
CaseAnywhere will continue to be the court-ordered
mode of service.

DOCKET NUMBERS FOR INDIVIDUAL PLAINTIFF CASES
ORIGINALLY FILED AS A SINGLE DOCKET IN BC531848

| LAST NAME | GIVEN NAME(S) | DOCKET NUMBER |
| --- | --- | --- |
| BARNES | THERESA | BC531848A |
| BERRY | LINDA | BC531848B |
| BLACKMER | CAROLYN | BC531848C |
| BRADLEY-LERMA | KELLY | BC531848D |
| BREEDEN | MERRY | BC531848E |
| BUCHANAN | FLORENCE | BC531848F |
| BUELL | MALLAH | BC531848G |
| CARMONA | SARA | BC531848H |
| COOVERT | SERENA | BC531848I |
| CUNNINGHAM | DAWN | BC531848J |
| DAGON | ILHAM | BC531848K |
| DAVIS | MARTHA | BC531848L |
| DULEY | MARGARET | BC531848M |
| EDWARDS | MARY | BC531848N |
| FESLER | JUDITH | BC531848O |
| FRIEL | MARY | BC531848P |
| GAUNT | RUTH | BC531848Q |
| GIBBS | PATRICIA | BC531848R |

Page  26 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

**DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER            JUDGE    A. LIM            DEPUTY CLERK

HONORABLE                                  JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
ADD-ON

    R. SANCHEZ, CA            Deputy Sheriff    NONE            Reporter

---

3:30 pm  BC531848                          Plaintiff
                                           Counsel         NO APPEARANCE
XOCHILT ROBINSON ET AL
VS                                         Defendant
JOHNSON & JOHNSON ET AL                    Counsel

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

| | | |
|---|---|---|
| GOODMAN | PHYLLIS | BC531848S |
| GUASE | DINA | BC531848T |
| HAMANN | SANDRA | BC531848U |
| HAND BONNIE | | BC531848V |
| HEWLEIT | JANE | BC531848W |
| HIRD JANICE | | BC531848X |
| HUFFMAN | SHIRLENE | BC531848Y |
| KATUIN | MARY | BC531848Z |
| KOTZEN | LAURI | BC531848AA |
| KRUM | AVA | BC531848BB |
| LOUGHMAN | SHARON | BC531848CC |
| MASTERS | VENITA | BC531848DD |
| MAY | JUDY | BC531848EE |
| MCCASKELL | ANGELEA | BC531848FF |
| MCMILLAN | LISHA | BC531848GG |
| MILEUSNIC | HILDEGARD | BC531848HH |
| MILLER | MARCILLE | BC531848II |
| MOXLEY | MARIAN | BC531848JJ |
| MULLER | TRACY | BC531848KK |
| MURPHY | LISA | BC531848LL |
| NAQUIN | MAIDA | BC531848MM |
| NEWMAN | WILHELMINA | BC531848NN |
| NUNES | JOANN | BC5318480O |
| OMEROVIC | MEDINA | BC531848PP |
| ORSI | MARY | BC531848QQ |
| PARNELL | MARIE | BC531848RR |
| PEARSON | DONNA | BC531848SS |
| PEELE | PAMELA | BC531848TT |
| PELTER | GWEN | BC531848UU |
| PIAZZA | TAMMY | BC531848VV |

Page  27 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

**DEPT.** 322

HONORABLE WILLIAM F. HIGHBERGER   JUDGE    A. LIM    DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR
ADD-ON
            R. SANCHEZ, CA    Deputy Sheriff    NONE    Reporter

| | |
|---|---|
| 3:30 pm | BC531848 |

XOCHILT ROBINSON ET AL
VS
JOHNSON & JOHNSON ET AL

{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

Plaintiff
Counsel             NO APPEARANCE

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

```
PIOTROSWSKI    NOLA        BC531848WW
QUIAMBAO  BIBIANA          BC531848XX
REAVIS     JOYCE           BC531848YY
RENUCCI    BOBBIE JO       BC531848ZZ
ROBERTS    SHERRY          BC531848AAA
ROBINSON   XOCHILT         BC531848BBB
SCHULER    VALENTINE       BC531848CCC
SCHURICHT  SUSAN           BC531848DDD
SKELTON    VICKIE          BC531848EEE
SPANGLER   JADE            BC531848FFF
STEWART    PAMELA          BC531848GGG
STEWART    SHIRLEY         BC531848HHH
TINKHAM    BEVERLY         BC531848III
TOBIN      IRENE           BC531848JJJ
TORTORICI  CYNTHIA         BC531848KKK
VOKATY     GOERGINA        BC531848LLL
WALTON     LINDA           BC531848MMM
WEST REGINA                BC531848NNN
WICK MARIE                 BC531848OOO
```

The Court sets a Further Status Conference on July 30,
2015 at 11:00 a.m. in this department with Joint
Status Report due three (3) court days in advance.


            CERTIFICATE OF ELECTRONIC SERVICE
            CODE OF CIVIL PROCEDURE 1010.6


I, the below named Executive Officer/Clerk of the

            Page  28 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/22/15

DEPT. 322

HONORABLE WILLIAM F. HIGHBERGER    JUDGE | A. LIM    DEPUTY CLERK

HONORABLE                JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
ADD-ON

R. SANCHEZ, CA    Deputy Sheriff | NONE    Reporter

---

3:30 pm | BC531848

XOCHILT ROBINSON ET AL                    Plaintiff
                                          Counsel
VS                                                    NO APPEARANCE
JOHNSON & JOHNSON ET AL                   Defendant
                                          Counsel
{CASE FILE SENT TO DEPT 322}
COMPLEX 7/7/14 R/T JCCP4733

---

**NATURE OF PROCEEDINGS:**

above entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served one copy of the
Minute Order
entered herein, on June 22, 2015, upon each
party or counsel of record in the above entitled
action, by electronically serving the document on
Case Anywhere at www.caseanywhere.com
on June 23, 2015 from my place of business,
Central Civil West Courthouse, 600 South
Commonwealth Avenue, Los Angeles, California 90005
in accordance with standard court practices.


Dated: June 23, 2015

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy Clerk
                    A. LIM


Page   29 of 29    DEPT. 322

MINUTES ENTERED
06/22/15
COUNTY CLERK

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 3 0 2013

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

1  Thomas v. Girardi, SBN 36603
2  Amy F. Solomon, SBN 140333
   GIRARDI | KEESE
3  1126 Wilshire Boulevard
4  Los Angeles, California 90017
   Telephone:   (213) 977-0211
5  Facsimile:   (213) 481-1554

6  Kurt B. Arnold Texas SBN 24036150
7  Jason A. Itkin Texas SBN 24032461
   Noah M. Wexler
8  ARNOLD & ITKIN LLP
   1401 McKinney Street, Suite 2550
9  Houston, Texas 77010
10 Telephone:   (713) 222-3800
   Facsimile:   (713) 222-3850
11
12 J. Steve Mostyn SBN 00798389
   The Mostyn Law Firm
13 3810 West Alabama Street
   Houston, TX 77027
14 Telephone:   (713) 861-6616
15 Facsimile:   (713) 861-8084

16 Attorney(s) For: Plaintiff(s)

17
18         SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                    COUNTY OF LOS ANGELES

20 XOCHILT ROBINSON; THERESA    )   CASE NO.   BC531848
21 BARNES; PATRICIA GIBBS; KELLY )
   BRADLEY-LERMA; JOANN NUNES;  )   COMPLAINT FOR DAMAGES AND
22 PHYLLIS GOODMAN; DINA        )   DEMAND FOR JURY TRIAL
23 GUASE; JUDY MAY; WILHELMINA  )
   NEWMAN; PAMELA STEWART;      )   1. Negligence & Negligence Per Se;
24 IRENE TOBIN; CYNTHIA         )   2. Design Defect;
   TORTORICI; BONNIE HAND;      )   3. Manufacturing Defect;
25 FLORENCE BUCHANAN; VENITA    )   4. Failure to Warn;
26 MASTERS; BIBIANA QUIAMBAO;   )   5. Breach of Implied Warranties; and
   LISHA MCMILLAN; CAROLYN      )   6. Gross Negligence
27 BLACKMER; JANE HEWLETT;      )
28 ILHAM DAGON; SANDRA          )
   HAMANN; DONNA PEARSON;       )

                            1

                COMPLAINT FOR DAMAGES

RUTH GAUNT; BEVERLY )
TINKHAM; SARA CARMONA; )
JOYCE REAVIS; JANICE HIRD; )
GEORGINA VOKATY; DAWN )
CUNNINGHAM; PAMELA PEELE; )
MARY EDWARDS; VICKIE )
SKELTON; MARY FRIEL; MARIE )
PARNELL; MARIAN MOXLEY; )
MALLAH BUELL; SHIRLEY )
STEWART; SHIRLENE HUFFMAN; )
SUSAN SCHURICHT; VALENTINE )
SCHULER; LINDA BERRY; TAMMY )
PIAZZA; MARTHA DAVIS; MARY )
KATUIN; JUDITH FESLER; SHARON )
LOUGHMAN; TRACY MULLER; )
AVA KRUM; LINDA WALTON; )
HILDEGARD MILEUSNIC; )
MARGARET DULEY; BOBBIE JO )
RENUCCI; ANGELA MCCASKELL; )
LAURI KOTZEN; MARIE WICK; )
MARCILLE MILLER; SHERRY )
ROBERTS; GWEN PELTIER; MERRY )
BREEDEN; MEDINA OMEROVIC; )
NOLA PIOTROSWSKI; LISA )
MURPHY; SERENA COOVERT; )
REGINA WEST; MAIDA NAQUIN; )
MARY ORSI AND JADA SPANGLER )
                                                )
              Plaintiffs, )
                                                )
vs. )
                                                )
JOHNSON & JOHNSON, a New Jersey )
Corporation; ETHICON, INC., a New )
Jersey Corporation; ETHICON, LLC, a )
Limited Liability Company; and DOES )
1 through 500, inclusive, )
                                                )
              Defendants. )
                                                )
_____ )

2

**COMPLAINT FOR DAMAGES**

## Plaintiffs' Original Complaint

Plaintiffs, as identified in further detail below, bring this action for damages against Defendants, as identified in further detail below, and would show the Court as follows:

### I.

### Parties

**A.    Plaintiffs**

1.    At all relevant times, Plaintiffs resided in the United States of America or its territories. Plaintiffs include women who had Defendants' Mesh Products implanted in their bodies.  There are a total of sixty-six (66) Plaintiffs bringing claims in this action.

2.    As a result of Defendants' intentional and coordinated conduct, Plaintiffs were implanted with Defendants' defective and dangerous Mesh Products.  Plaintiffs' use of Defendants' Mesh Products caused Plaintiffs' injuries and resulting damages. As pled with additional particularly herein, Defendants' Mesh Products were defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with their use.

3.    Plaintiff Xochilt Robinson is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

4.    Plaintiff Theresa Barnes is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

5.    Plaintiff Patricia Gibbs is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

3

**COMPLAINT FOR DAMAGES**

6.     Plaintiff Kelly Bradley-Lerma is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

7.     Plaintiff Joann Nunes is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

8.  ᵔ  Plaintiff Phyllis Goodman is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

9.     Plaintiff Dina Guase is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

10.    Plaintiff Judy May is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

11.    Plaintiff Wilhelmina Newman is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

12.    Plaintiff Pamela Stewart is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

13.    Plaintiff Irene Tobin is an adult female resident and citizen of New Jersey who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

4

**COMPLAINT FOR DAMAGES**

14.   Plaintiff Cynthia Tortorici is an adult female resident and citizen of New Jersey who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

15.   Plaintiff Bonnie Hand is an adult female resident and citizen of New Jersey who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

16.   Plaintiff Florence Buchanan is an adult female resident and citizen of Missouri who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

17.   Plaintiff Venita Masters is an adult female resident and citizen of Georgia who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

18.   Plaintiff Bibiana Quiambao is an adult female resident and citizen of Virginia who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

19.   Plaintiff Lisha McMillan is an adult female resident and citizen of Maryland who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

20.   Plaintiff Carolyn Blackmer is an adult female resident and citizen of Vermont who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

21.   Plaintiff Jane Hewlett is an adult female resident and citizen of New York who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

5

**COMPLAINT FOR DAMAGES**

22.     Plaintiff Ilham Dagon is an adult female resident and citizen of Arizona who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

23.     Plaintiff Sandra Hamann is an adult female resident and citizen of Minnesota who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

24.     Plaintiff Donna Pearson is an adult female resident and citizen of North Carolina who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

25.     Plaintiff Ruth Gaunt is an adult female resident and citizen of Pennsylvania who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

26.     Plaintiff Beverly Tinkham is an adult female resident and citizen of Rhode Island who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

27.     Plaintiff Sara Carmona is an adult female resident and citizen of Florida  who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

28.     Plaintiff Joyce Reavis is an adult female resident and citizen of Virginia who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

29.     Plaintiff Janice Hird is an adult female resident and citizen of Colorado who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

6

**COMPLAINT FOR DAMAGES**

30.    Plaintiff Georgina Vokaty is an adult female resident and citizen of Minnesota who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

31.    Plaintiff Dawn Cunningham is an adult female resident and citizen of Maryland who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

32.    Plaintiff Pamela Peele is an adult female resident and citizen of North Carolina who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

33.    Plaintiff Mary Edwards is an adult female resident and citizen of Missouri who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

34.    Plaintiff Vickie Skelton is an adult female resident and citizen of Arkansas who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

35.    Plaintiff Mary Friel is an adult female resident and citizen of New York who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

36.    Plaintiff Marie Parnell is an adult female resident and citizen of South Carolina who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

37.    Plaintiff Marian Moxley is an adult female resident and citizen of Missouri who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

7

**COMPLAINT FOR DAMAGES**

38.     Plaintiff Mallah Buell is an adult female resident and citizen of Missouri who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

39.     Plaintiff Shirley Stewart is an adult female resident and citizen of South Carolina who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

40.     Plaintiff Shirlene Huffman is an adult female resident and citizen of Mississippi who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

41.     Plaintiff Susan Schuricht is an adult female resident and citizen of Wyoming who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

42.     Plaintiff Valentine Schuler is an adult female resident and citizen of Wisconsin who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

43.     Plaintiff Linda Berry is an adult female resident and citizen of Illinois who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

44.     Plaintiff Tammy Piazza is an adult female resident and citizen of Oregon who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

45.     Plaintiff Martha Davis is an adult female resident and citizen of Oregon who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

8

**COMPLAINT FOR DAMAGES**

46.    Plaintiff Mary Katuin is an adult female resident and citizen of Iowa who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

47.    Plaintiff Judith Fesler is an adult female resident and citizen of Indiana who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

48.    Plaintiff Sharon Loughman is an adult female resident and citizen of Ohio who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

49.    Plaintiff Tracy Muller is an adult female resident and citizen of Oregon who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

50.    Plaintiff Ava Krum is an adult female resident and citizen of Texas who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

51.    Plaintiff Linda Walton is an adult female resident and citizen of Oregon who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

52.    Plaintiff Hildegard Mileusnic is an adult female resident and citizen of Nevada who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

53.    Plaintiff Margaret Duley is an adult female resident and citizen of Illinois who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

9

**COMPLAINT FOR DAMAGES**

54.     Plaintiff Bobbie Jo Renucci is an adult female resident and citizen of Michigan who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

55.     Plaintiff Angela McCaskell is an adult female resident and citizen of California who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

56.     Plaintiff Lauri Kotzen is an adult female resident and citizen of Massachusetts who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

57.     Plaintiff Marie Wick is an adult female resident and citizen of Massachusetts who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

58.     Plaintiff Marcille Miller is an adult female resident and citizen of Michigan who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

59.     Plaintiff Sherry Roberts is an adult female resident and citizen of Alabama who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

60.     Plaintiff Gwen Peltier is an adult female resident and citizen of Minnesota who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

61.     Plaintiff Merry Breeden is an adult female resident and citizen of Kansas who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

10

**COMPLAINT FOR DAMAGES**

62.     Plaintiff Medina Omerovic is an adult female resident and citizen of Michigan who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

63.     Plaintiff Nola Piotroswski is an adult female resident and citizen of Michigan who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

64.     Plaintiff Lisa Murphy is an adult female resident and citizen of Florida who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

65.     Plaintiff Serena Coovert is an adult female resident and citizen of Colorado who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

66.     Plaintiff Regina West is an adult female resident and citizen of Colorado who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

67.     Plaintiff Maida Naquin is an adult female resident and citizen of New Mexico who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

68.     Plaintiff Mary Orsi is an adult female resident and citizen of Washington who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

69.     Plaintiff Jada Spangler is an adult female resident and citizen of Ohio who was implanted with one of Defendants' Mesh Products and brings claims as set forth herein for resulting injuries and damages.

11

**COMPLAINT FOR DAMAGES**

**B.**     **Defendants**

70.     Defendant Johnson & Johnson ("J&J") is a New Jersey corporation with its worldwide headquarters located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. Johnson & Johnson organizes its subsidiary businesses into individual Business Units to coordinate the development, manufacture, testing, marketing promotion, training, distribution and sale of its' Mesh Products as described herein.

71.     Within J&J there are three sectors, medical devices and diagnostics, pharmaceutical, and consumer. Within the medical devices and diagnostic sector are "Business Units" including the "Ethicon Franchise." The Ethicon Franchise was charged by J&J with the design, development, promotion, marketing, testing, training, distribution and sale of the Mesh Products at issue in this case. The Company Group Chairman and Worldwide Franchise Chairman for the Ethicon Franchise, Gary Pruden, is employed by J&J. The companies which comprise the Ethicon Franchise are thus controlled by J&J and include, but are not limited to, Ethicon Inc., Ethicon LLC, Ethicon LTD.

72.     Defendant, Ethicon, Inc. is a wholly owned subsidiary of Defendant J&J which maintains its principle place of business in Somerville, New Jersey.

73.     Defendant, Ethicon, LLC, is a wholly owned subsidiary of Johnson & Johnson Medical, Inc., with its principle place of business in San Lorenzo, Puerto Rico. Ethicon LLC was charged by J&J with the manufacture of Ethicon Inc.'s Mesh Products.

74.     Defendants J&J, Ethicon, Inc., and Ethicon, LLC are collectively referred to herein as Defendants.

75.     Defendants designed, manufactured, packaged, labeled, marketed, sold, and distributed the transvaginal mesh products at issue in this matter (collectively referred to herein as "Defendants' Mesh Products" or "Mesh Products").

76.     Defendants are citizens of New Jersey.

12

**COMPLAINT FOR DAMAGES**

## II.

### Jurisdiction & Venue

77.     Jurisdiction in this Court is proper as Defendants do business in the state of California and committed torts in whole or in part against Plaintiffs in California.

78.     Venue is proper in this Court pursuant to Cal. Civ. Proc. Code § 395 because one or more of the named Defendants reside in Los Angeles County, maintained their principal place of business in Los Angeles County, and maintain their registered agent for service in Los Angeles County. Further, one or more of the named Plaintiffs reside in, were implanted with Defendants' Mesh Products, and/or were injured in Los Angeles County, California.

79.     At all times material to this action, Defendants and/or their predecessors in interest and/or its subsidiaries, regularly engaged in business in California and Los Angeles County, including advertising, analyzing, assembling, designing, developing, distributing, inspecting, labeling, manufacturing, marketing, packaging, producing, processing, promoting, researching, selling, testing, and/or training in the use of the Mesh Products.

80.     Defendants regularly solicit and transact business in, receive substantial revenues from, and/or distribute products in California and Los Angeles County.

81.     It was reasonably foreseeable to Defendants that the Mesh Products would be used on patients such as Plaintiffs and in the state of California and Los Angeles County.

82.     At all relevant times, Defendants transacted business in the state of California and Los Angeles County.

83.     At all relevant times, Defendants committed tortious conduct within the state of California and Los Angeles County.

13

**COMPLAINT FOR DAMAGES**

84.    At all relevant times, Defendants used or possessed property situated in the state of California and Los Angeles County.

85.    At all relevant times, Defendants marketed, promoted, and sold their Mesh Products throughout the state of California and Los Angeles County.

86.    Defendants' contacts with the state of California and Los Angeles County were at all relevant times systematic and continuous such that the exercise of jurisdiction comports with the notions fair play and substantial justice.

87.    Additionally, some Plaintiffs named herein were implanted with and suffered injury as a direct and proximate result of Defendants' Mesh Products and/or Defendants' acts and/or omissions in the state of California and Los Angeles County.

88.    Plaintiffs do not assert claims or rights arising under the Constitution, treaties, or laws of the United States; thus, there is no federal question at issue pursuant to 28 U.S.C.§1441(b) and 28 U.S.C. §1331.

89.    Complete diversity of citizenship is lacking pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1332(c) as certain Plaintiffs and Defendants are citizens of the same state.

90.    Plaintiffs' claims are brought pursuant to state law. As such, there is no federal subject matter jurisdiction because no federal question is raised and complete diversity does not exist.

91.    Plaintiffs' claims present common questions of fact and law concerning, as alleged herein, what information Defendants possessed concerning the harmful effects of the Mesh Products, what information Defendants chose to disclose, and what information Defendants were required by law to disclose about those harmful effects.

92.    Plaintiffs' claims are logically related because all Plaintiffs allege the same claims related to their use of Mesh Products. Further, these Mesh Products were defectively designed,

14

**COMPLAINT FOR DAMAGES**

manufactured, marketed and sold by Defendants, and Defendants failed to provide appropriate warnings and instructions regarding the dangers posed by these Mesh Products.

93.   Defendants' conduct, which resulted in Plaintiffs' injuries, is common to all Plaintiffs and includes, but is not limited to, Defendants' failure to conduct adequate safety and efficacy testing, Defendants' submissions to the regulatory agency that indicated that the Mesh Products were the substantial equivalent to pre-existing and previously approved devices, Defendants' marketing materials and literature, and Defendants' failure to provide adequate warnings regarding the risks associated with Defendants' Mesh Products.

94.   Defendants' conduct in designing, developing, marketing, and distributing these products relates to all Plaintiffs and provides a common universe of facts underlying Plaintiffs' claims, such that Plaintiffs' claims against Defendants arise from the same transaction or occurrence or the same series of transactions or occurrences.

95.   Plaintiffs suffered injuries and damages following as a result of Defendants' Mesh Products, and common liability facts will be presented to demonstrate that Defendants' knew or should have known that their Mesh Products cause such serious complications and injuries.

96.   Discovery will be identical for all Plaintiffs' claims with respect to Defendants' conduct and regulatory violations, as all claims arise out of the same acts and/or omissions of Defendants and involve common questions of law and/or fact.

97.   Joinder of Plaintiffs' claims is proper because Plaintiffs' claims arise out of the same acts and/or omissions of Defendants and involve common questions of law and/or fact.

98.   This is an action for damages that exceed the minimum jurisdictional limits of this Court.

**COMPLAINT FOR DAMAGES**

99.  Plaintiffs have timely filed this lawsuit within the applicable statutory limitations period.

100.  All conditions precedent have been satisfied or have occurred.

101.  Plaintiffs' claims are not removable to federal court on the basis of diversity jurisdiction, federal question jurisdiction, or any other jurisdictional basis, any attempt to remove this matter would be improper and would provide grounds for sanctions.

### III.

### Tolling of Statute Of Limitations

102.  Plaintiffs assert all applicable state statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule, and/or fraudulent concealment.

103.  Despite diligent investigation by Plaintiffs into the cause of their injuries, the nature of Plaintiffs' injuries and damages and their relationship to the Mesh Products was not discovered, and through reasonable care and due diligence could not have been discovered, until a date within the applicable statute of limitations for filing Plaintiffs' claims. Therefore, under appropriate application of the discovery rule, Plaintiffs' suit was filed within the applicable statutory limitations period.

104.  Further, the running of the statute of limitations in this cause is tolled under the doctrine of equitable tolling. Defendants are estopped from asserting a statute of limitations defense due to Defendants' concealment of the true risks associated with the use of the Mesh Products. Plaintiffs could not have reasonably discovered the wrongdoing. As a direct and proximate result of Defendants' concealment, the Plaintiffs suffered severe injuries and damages.

16

**COMPLAINT FOR DAMAGES**

# IV.

## General Allegations

105.   At all relevant times, Defendants designed, patented, tested, manufactured, labeled, marketed, sold, and distributed the Mesh Products in question.  Defendants' Mesh Products were designed primarily for the purposes of treating pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI").

106.   POP is a condition that results from weakened or stretched tissues that support the female pelvic organs. When treating POP, the Mesh Products are usually implanted vaginally to reinforce the vaginal wall.

107.   SUI is a medical condition involving involuntary leakage of urine during moments of physical activity.  When treating SUI, Defendants' Mesh Products are usually implanted vaginally to support a patient's urethra.

108.   Surgical mesh products have been used to repair abdominal hernias for decades. In the 1990's surgeons began using surgical mesh for the treatment of POP and SUI.  At or near that time, Defendants began to modify the mesh previously used for abdominal hernia repairs to be used as products specifically marketed for the surgical treatment of POP and SUI.  Defendants began marketing these Mesh Products along with the tools and appurtenances used for pelvic area tissue insertion and fixation.

109.   Defendants' Mesh Products are targeted for use in women who suffer from POP and/or SUI. Defendants' Mesh Products are composed of biologic and/or non-absorbable synthetic.  Despite Defendants' claims that the materials used in their Mesh Products are inert, the scientific evidence indicates that this material is biologically incompatible with human tissue and promotes a negative

17

## COMPLAINT FOR DAMAGES

immune response and/or inflammation of pelvic tissue in a large subset of patients frequently resulting in significant adverse events, severe injuries, and debilitating medical complications.

110. Further, the collagen components of Defendants' Mesh Products cause hyper-inflammatory responses leading to medical problems including, but not limited to, chronic pain and fibrotic reaction. Defendants Mesh Products cause chronic pain, fibrotic reaction, disability, and infection resulting from hyper-inflammatory responses to Defendants' Mesh Products.

111. Defendants' Mesh Products cause erosion through vaginal epithelium, infection, pain, urinary problems, and recurrence of prolapse and/or incontinence in addition to complications at the time of insertion, which included the perforation of the bowel, bladder, and blood vessels. In addition, Defendants' Mesh Products degrade, fragment, shrink, migrate, and fold after implantation.

112. Defendants' Mesh Products are biologically incompatible with human tissue and stimulate a negative immune response in patients. This negative response promotes inflammation of the pelvic tissue and contributes to the formation of severe adverse reactions to the mesh, such as those experienced by Plaintiffs.

113. Despite having knowledge of these serious side effects, Defendants have continued to market the Mesh Products as safe treatment options for POP and SUI.

114. At all relevant times, Defendants knew or should have known of the risks and complications associated with Defendants' Mesh Products. Defendants knew or should have known that the Mesh Products unreasonably exposed patients to the risk of serious harm while conferring no benefit over available feasible alternatives that do not involve the same risks.

115. At all relevant times, Defendants possessed the knowledge, the means, and the duty to adequately warn regarding the risks associated with the Mesh Products.

18

**COMPLAINT FOR DAMAGES**

116.   At all relevant times, Defendants, their agents, servants, and employees acting in the course and scope of their employment, negligently and recklessly breached their duty to adequately warn regarding the risks associated with the Mesh Products.

117.   At all relevant times, Defendants knew or should have known that the Mesh Products exposed Plaintiffs to unreasonable risk while failing to provide significant improvement in clinical outcomes over alternative treatments which were equally or more effective and did not involve the same risk.

118.   Despite having extensive knowledge of the extreme risks associated with the use of the Mesh Products, as well as the absolute duty to properly and adequately warn foreseeable users, Defendants failed to adequately warn of the risks associated with the Mesh Products.

119.   Defendants knew of the dangerous side effects associated with the Mesh Products. Defendants failed to properly evaluate the risk profile of the Mesh Products or did not properly publish, disclose, and/or disseminate the results of the testing and studies it did conduct. Defendants failed to adequately warn or remedy the risks associated with the Mesh Products, but instead concealed, suppressed and failed to disclose the dangers.

120.   Defendants omitted the risks, dangers, defects, and disadvantages of the Mesh Products, and advertised, promoted, marketed, sold and distributed the Mesh Products as safe medical devices when Defendants knew or should have known that the Mesh Products were not safe for their intended purposes, and that the Products would cause, and did cause, serious medical problems for Plaintiffs.

121.   Contrary to Defendants' representations and marketing, Defendants' Mesh Products have significantly high rates of failure, injury, and complications, fail to perform as intended, and have caused severe and irreversible injuries to Plaintiffs.

19

**COMPLAINT FOR DAMAGES**

122.   Defendants failed to adequately disclose, report, and/or disseminate information regarding the propensity of the Mesh Products to fail and cause injury and complications, and have made unfounded representations regarding the efficacy and safety of the Mesh Products through various means and media. Defendants have also underreported information about the injuries caused by the use of the implantation kits and instructions that accompany Defendants' Mesh Products.

123.   Defendants failed to adequately test and evaluate the risks and benefits of Defendants' Mesh Products.  Further, Defendants failed to design and establish a safe, effective procedure for removal of the Mesh Products, or to determine if a safe, effective procedure for removal of the Mesh Products exists.

124.   At all relevant times, feasible, suitable, safer, and more effective alternatives to the Mesh Products existed.

125.   At all relevant times, Defendants continued to promote the Mesh Products as safe and effective having conducting no clinical trials to support the efficacy and safety of the Mesh Products.

126.   Defendants failed to disclose, train, or disseminate information about the known risks and failed to warn of dangers and risks associated with the Mesh Products of which Defendants knew or should have known.

127.   Defendants failed to provide adequate warnings, training, and instructions about the dangers and adverse effects caused by the Mesh Products. Defendants' Mesh Products were defective as marketed due to inadequate warnings, training instructions, labeling and/or inadequate testing.

128.   Defendants' Mesh Products were in the same or substantially similar condition as they were when they left Defendants' possession, and in the condition directed by and expected by Defendants.

20

**COMPLAINT FOR DAMAGES**

129.    Defendants' Mesh Products were at all times utilized and implanted in a manner foreseeable to Defendants.

130.    The injuries, conditions, and complications suffered by those implanted with Defendants' Mesh Products were foreseeable consequences of Defendants' conduct and the dangerous and defective nature of Defendants' Mesh Products.

131.    As a direct and proximate result of Defendants' Mesh Products and/or Defendants' negligence, negligence per se, defective design, defective manufacture, failure to warn, breach of implied warranties, and/or gross negligence, Plaintiffs have suffered and will continue to suffer severe injuries and damages as further described herein.

## V.

### Plaintiffs' Mesh Implants & Resulting Injuries

132.    Plaintiffs incorporate by reference all the above paragraphs as if set forth in full herein.

133.    Plaintiffs bring this action to recover damages resulting from injuries suffered as a direct and proximate result of the implantation of Defendants' Mesh Products.

134.    Plaintiffs' use of Defendants' Mesh Products caused Plaintiffs' injuries and resulting damages.   During Plaintiffs' procedures, Defendants' Mesh Products were used in a manner reasonably foreseeable to Defendants.   Defendants' Mesh Products were defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with the Mesh Products use at the time of their implantation in Plaintiffs.

135.    Plaintiffs have suffered serious injuries and damages as a direct and proximate result of Defendants' Mesh Products.   Plaintiffs' injuries necessitate continued medical treatment for the foreseeable future.

21

**COMPLAINT FOR DAMAGES**

136.   Prior to Plaintiffs' respective surgeries, Defendants knew or should have known of the risks associated with implantation of the Mesh Products and possessed the means to provide adequate warning regarding the risks associated with Defendants' Mesh Products.   Had Plaintiffs been adequately warned that Defendants' Mesh Products could cause serious side effects, they would have not have undergone treatment involving Defendants' Mesh Products.

137.   As a direct and proximate result of Defendants' conduct, Plaintiffs and Plaintiffs' implanting physicians, were unaware, and could not reasonably know, or through the exercise of reasonable diligence could not have known, that the Mesh Products exposed Plaintiffs to the risks and injuries alleged herein.

138.   As a direct and proximate result of Defendants' conduct, Plaintiffs suffered physical injuries and damages. Further, the Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, embarrassment and humiliation, psychological injury, a reasonable and traumatic fear of an increased risk of additional injuries, progression of existing conditions, and other serious injury and loss.

139.   Plaintiffs also have suffered and will sustain past and future general and special damages, including past and future medical care and treatment, lost wages, and lost earning capacity.

140.   As a direct and proximate result of Defendants' conduct and/or Defendants' Mesh Products, Plaintiffs have incurred, and will continue to incur for the foreseeable future, medical, nursing, diagnostic, hospital, pharmaceutical, rehabilitative, and other related costs and expenses for Plaintiffs' treatment and care, along with lost wages, lost earning capacity, and other damages for which they are entitled to compensation.

141.   Plaintiffs are entitled to punitive damages because Defendants' conduct was reckless and without regard for the Plaintiffs' and the public's safety and welfare. Defendants misled both the

22

**COMPLAINT FOR DAMAGES**

medical community and the public at large, including the Plaintiffs, by making false representations about the safety of the Mesh Products. Defendants downplayed, understated and/or disregarded its knowledge of the serious risks associated with the Mesh Products. Nevertheless, Defendants continued to market the Mesh Products by providing false and misleading information with regard to their safety and efficacy. Defendants' conduct constitutes a willful, despicable, fraudulent, malicious, oppressive, reckless, and conscious disregard for the rights of Plaintiffs and the public.

142.    Defendants are liable both jointly and severally to the Plaintiffs for all damages, punitive damages, and all other relief to which Plaintiffs are entitled to by law or equity.

## VI.

### Plaintiffs' Causes Of Action

143.    Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

144.    Plaintiffs set forth the following claims in the alternative, such that the sufficiency of this Complaint shall not be defeated by an inconsistency or insufficiency among any one or more of the alternative claims set forth herein.

### Count I: Negligence & Negligence Per Se

145.    Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

146.    At relevant times, Defendants had a duty to Plaintiffs to exercise reasonable care in designing, manufacturing, marketing, labeling, packaging, sale, and distribution of Defendants' Mesh Products.

147.    Defendants are liable to Plaintiffs as a result of Defendants' negligent advertising, analyzing, assembling, designing, developing, distributing, inspecting, labeling, manufacturing,

23

**COMPLAINT FOR DAMAGES**

marketing, packaging, patenting, producing, processing, promoting, selling, testing, and/or training in the use of Defendants' Mesh Products.

148. Defendants were under a duty to exercise reasonable care in advertising, analyzing, assembling, designing, developing, distributing, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, selling, and testing the Mesh Products.

149. Defendants owed a duty to adequately warn of the risks, dangers, and adverse effects associated with the use of Defendants' Mesh Products.

150. Defendants negligently and carelessly breached the above-described duties to Plaintiffs by:

    a.    Failing to design and manufacture the Mesh Products without defects that would result in an unreasonable risk of harm to patients implanted with the Mesh Products;

    b.    Failing to exercise reasonable care in testing the Mesh Products prior to marketing, sale, and distribution of the Mesh Products so as to avoid unreasonable risk of harm and injury to patients implanted with the Mesh Products;

    c.    Failing to exercise reasonable care in inspecting the Mesh Products prior to distribution to avoid the implantation of the defective Mesh Products in women and exposing them to unreasonable risk or harm.

    d.    Failing to ensure the Mesh Products warnings to the medical community, physicians, the Plaintiffs' physicians, and Plaintiffs were accurate and adequate, despite having extensive knowledge of the risks associated with the Mesh Products;

    e.    Failing in their obligation to provide relevant information, data and warnings regarding the adverse health risks associated with exposure to the Mesh Products, and/or that there existed safer and more or equally effective alternative methods or treatment options;

    f.    Failing to conduct post market safety surveillance and report that information;

    g.    Failing to include adequate warnings and/or provide adequate and clinically relevant information;

24

**COMPLAINT FOR DAMAGES**

h.   Failing to continually monitor, test, and analyze data regarding safety, efficacy, and the implantation practices for the Mesh Products;

i.   Failing to review all adverse product event information and to report any information bearing upon the adequacy and/or accuracy of their warnings, efficacy, or safety, including the risks and/or prevalence of side effects caused by the Mesh Products to the appropriate parties;

j.   Failing to provide adequate post-marketing warnings and instructions;

k.   Failing to disclose the results of the testing and other information in their possession regarding the possibility that the Mesh Products can cause serious and catastrophic side effects;

l.   Failing to adequately warn about the dangers of using the Mesh Products;

m.   Promoting and marketing the Mesh Products as safe and effective for use with women when, in fact, they were unsafe;

n.   Failing to act as a reasonably prudent product manufacturer in advertising, analyzing, assembling, designing, developing, distributing, inspecting, labeling, manufacturing, marketing, packaging, producing, processing, promoting, researching, selling, testing, and/or training in the use of the Mesh Products;

o.   Failing to perform adequate and necessary studies to determine and analyze the safety and risks associated with the safety and efficacy of the Mesh Products' use;

p.   Continuing to promote the safety and effectiveness of the Mesh Products, while downplaying their risks, even after Defendants knew or should have known of the risks of the Mesh Products;

q.   Negligently and carelessly promoting the Mesh Products as safe and effective for use with women when, in fact, they were unsafe;

r.   Negligently and carelessly over-promoting the Mesh Products in a zealous and unreasonable way, without regard to the potential danger that they posed to patients; and

s.   Negligently and carelessly failing to act as a reasonably prudent product manufacturer, distributor, marketer, promoter, or seller would under same or similar circumstances.

151.   In addition, Defendants' negligence and negligence per se resulted in the negligent design and/or manufacture of Defendants' Mesh Products.

25

**COMPLAINT FOR DAMAGES**

152. Defendants negligently failed to instruct and warn Plaintiffs and/or Plaintiffs' physicians, hospitals, health care professionals, and the general public regarding the risks associated with Defendants' Mesh Products. Specifically, Defendants did not provide sufficient or adequate warnings regarding:

a. The tendency of the Mesh Products to shrink, migrate, fragment, degrade and deform following implantation;

b. The propensity of the Mesh Products to cause patients chronic infections;

c. The propensity of the Mesh Products to require corrective surgery to remove or modify the placement of the Mesh Products;

d. The Mesh Products design defects outlined herein;

e. The increased risks associated with the Mesh Products when compared to equally or more effective alternative treatment options;

f. The increased risk of complications associated with future corrective surgeries following implantation of the Mesh Products when compared to equally or more effective alternative treatment options;

g. The increased risk for multiple future surgeries;

h. The tendency of Mesh Products to extrude and erode;

i. The propensity of Mesh Products to cause chronic infection and recurrent, intractable, and chronic pain;

j. The propensity of the Mesh Products to cause permanent scarring in the vaginal and pelvic region, following implantation;

k. The design defects of the Mesh Products which inhibit proper mating with the pelvic and vaginal tissues;

l. The propensity of the Mesh Products to cause severe complications and expose patients to many health hazards;

m. The propensity of removal of the Mesh Products to necessitate additional surgeries, exposing the patient to greater risk; and/or

n. The risk that complete removal of the Mesh Products may not remedy the health issues of the patient.

26

**COMPLAINT FOR DAMAGES**

153.   Defendants knew or should have known that consumers, such as Plaintiffs, would suffer injury as a result of Defendants' failure to exercise ordinary care, as described above.

154.   Defendants' conduct described herein constitutes negligence *per se*.

155.   As a direct and proximate result of Defendants' negligence and negligence per se, Plaintiffs have sustained permanent injuries and damages as set forth herein.

## Count II: Strict Liability – Design Defect

156.   Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

157.   Defendants are strictly liable to Plaintiffs for injuries and damages suffered as result of the defective design of the Mesh Products.

158.   At all relevant times, Defendants' Mesh Products were not reasonably safe for their intended uses and were defectively designed.

159.   Defendants manufactured, marketed, promoted, distributed, and sold the Mesh Products in the stream of commerce despite the design defects that Defendants knew or should have known of.

160.   Defendants' Mesh Products are defectively designed when compared to safer non-vaginal mesh alternative treatments.  Patients who are implanted with Defendants' Mesh Products are exposed to a number of dangerous defects which include, but are not limited to:

    a.   The Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

    b.   The materials used in the Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

27

**COMPLAINT FOR DAMAGES**

c.    The design of the Mesh Products and/or implantation kits requires implantation into and through an area of the body with high levels of bacteria that can adhere to the mesh and/or can injure nerves in the pelvic region causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

d.    The design of the Mesh Products increase the likelihood of contracture, shrinkage, erosion, and/or folding causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

e.    The design of the Mesh Product increases the risk of movement, elongation, and/or deformity after implantation causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

f.    The design of the Mesh Products increases the risk of improper mating to the delicate and sensitive areas where they are implanted causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

g.    The design of the Mesh Products increases the risk of degradation, erosion, and/or fragmentation causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

h.    The disintegration of and hyper-inflammatory responses to the collagen components of the Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

i.    The hardening of the Mesh Products following implantation cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae; and/or

j.    The design of the Mesh Products creates a non-anatomic condition in the pelvis causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae.

161.    Defendants knew and intended that consumers, including Plaintiffs, would use the Mesh Products, without any inspection for defects, and those using the Mesh Products would rely upon the representations made by Defendants.

28

**COMPLAINT FOR DAMAGES**

162.    Prior to the manufacture, sale, and distribution of the Mesh Products, Defendants knew, or should have known, that the Mesh Products were defectively designed.

163.    The Mesh Products were used for the intended purpose and the dangerous defects could not have been discovered through the exercise of due care.

164.    At the time that Defendants manufactured, marketed, promoted, distributed, and sold the Mesh Products, there existed safer and more or equally effective alternative treatment methods.

165.    Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging, selling and/or distributing the defectively designed Mesh Products.

166.    As a direct and proximate result of Defendants' defective design of the Mesh Products, Plaintiffs have sustained permanent injuries and damages as set forth herein.

## Count III: Strict Liability – Manufacturing Defect

167.    Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

168.    Defendants are strictly liable to Plaintiffs for injuries and damages suffered as result of the defective manufacture of the Mesh Products.

169.    At all relevant times, Defendants' Mesh Products were not reasonably safe for their intended uses and were defectively manufactured.

170.    Defendants' Mesh Products were not reasonably safe for their intended uses and were defective as described herein as a matter of law with respect to their manufacture. These manufacturing defects pose unreasonable risks of serious bodily harm to Plaintiffs.

171.    Defendants knew that the Mesh Products would be used by Plaintiffs without inspection for defects, and that there was a reasonable expectation that Defendants' Mesh Products were free of manufacturing defects.

29

**COMPLAINT FOR DAMAGES**

172.   Prior to the manufacture, sale, and distribution of the Mesh Products, Defendants knew, or should have known, that the Mesh Products were defectively manufactured.

173.   The Mesh Products used for their intended purpose and the manufacturing defects could not have been and were not discovered through the exercise of due care.

174.   At all relevant times, there existed safer and more or equally effective alternative treatment methods.

175.   Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging, selling and/or distributing the defectively manufactured Mesh Products.

176.   As a direct and proximate result of Defendants' defective manufacture of the Mesh Products, Plaintiffs have sustained permanent injuries and damages as set forth herein.

### Count IV: Strict Liability – Failure to Warn

177.   Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

178.   At all relevant times, Defendants' Mesh Products were not reasonably safe for their intended uses and were defective as a matter of law due to their lack of appropriate and necessary warnings.

179.   Amongst other failures, Defendants did not adequately warn that:

   a. The Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

   b. The materials used in the Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

   c. The design of the Mesh Products and/or implantation kits requires implantation into and through an area of the body with high levels of bacteria that can adhere to the mesh and/or can injure nerves in the pelvic region causing chronic

30

**COMPLAINT FOR DAMAGES**

immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

d. The design of the Mesh Products increase the likelihood of contracture, shrinkage, erosion, and/or folding causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

e. The design of the Mesh Product increases the risk of movement, elongation, and/or deformity after implantation causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

f. The design of the Mesh Products increases the risk of improper mating to the delicate and sensitive areas where they are implanted causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

g. The design of the Mesh Products increases the risk of degradation, erosion, and/or fragmentation causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

h. The disintegration of and hyper-inflammatory responses to the collagen components of the Mesh Products cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae;

i. The hardening of the Mesh Products following implantation cause chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae; and/or

j. The design of the Mesh Products creates a non-anatomic condition in the pelvis causing chronic immune, inflammatory, and fibrotic reactions, infections, tissue breakdown, pain, disability, and/or other resulting injuries and sequelae.

180. At all relevant, times Defendants knew or should have known that the warnings they provided regarding the risks associated with the use of the Mesh Products were inadequate.

181. Plaintiffs, and the Plaintiffs' healthcare providers, did not have the same knowledge as Defendants, and no adequate warning or other clinically relevant information was communicated to Plaintiffs or Plaintiffs' healthcare providers to adequately apprise them of the risks described herein.

31

**COMPLAINT FOR DAMAGES**

182.   Defendants had a continuing duty to provide warnings regarding the risks and dangers associated with the Mesh Products as it became or should have become available to Defendants.

183.   Defendants knew or should have known that consumers, and Plaintiffs specifically, would foreseeably and needlessly suffer injury as a result of Defendants' failures to provide adequate warnings.

184.   Through both omissions and affirmative misstatements, Defendants misled Plaintiffs, Plaintiffs' treating physicians, the medical community, and the general public about the risks and benefits of the Mesh Products, which resulted in injury to Plaintiffs.

185.   Despite having inadequate warnings, Defendants continued to aggressively manufacture, market, promote, distribute, and sell the Mesh Products, even after they knew or should have known of the unreasonable risks of from the Mesh Products.

186.   By failing to provide Plaintiffs and the Plaintiff's physicians with adequate, clinically relevant information, and data and warnings regarding the adverse health risks associated with the Mesh Products, Defendants breached their duty of reasonable care and safety.

187.   Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging, selling and/or distributing the Mesh Products with inadequate warnings.

188.   As a direct and proximate result of Defendants' failure to warn, Plaintiffs have sustained permanent injuries and damages as set forth herein.

**Count V: Breach of Implied Warranties**

189.   Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

190.   Defendants made implied assurances that the Mesh Products were safe and reasonably fit for their intended purposes.

32

**COMPLAINT FOR DAMAGES**

191.    Defendants are liable to Plaintiffs for the breach of implied warranties with respect to Defendants' Mesh Products.

192.    Defendants, by directly and indirectly advertising, marketing, and promoting the Mesh Products, and by placing the Mesh Products into the stream of commerce knowing that the Mesh Products would be implanted in women, impliedly warranted that the Mesh Products were safe, merchantable, effective, and reasonably fit for their intended purposes.

193.    Defendants knew or should have known that users of the Mesh Products would reasonably rely on these implied warranties.

194.    Plaintiffs' use of Defendants' Mesh Products was consistent with the purposes for which Defendants directly and indirectly advertised, marketed, and promoted the Mesh Products.

195.    Defendants breached these implied warranties because the Mesh Products implanted in Plaintiffs were unreasonably dangerous and defective and not as Defendants had represented.

196.    As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs have sustained permanent injuries and damages as set forth herein.

## Count VI: Gross Negligence

197.    Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein.

198.    At all relevant times, Defendants failed to perform adequate testing to ensure that the Mesh Products were reasonably safe for implantation in patients, including Plaintiffs.

199.    At all relevant times Defendants designed, patented, tested, manufactured, labeled, marketed, sold, and distributed the Mesh Products with actual and/or constructive knowledge that the Mesh Products can shrink, disintegrate and/or degrade inside the body, and cause the other serious medical problems and resulting sequelae.

33

**COMPLAINT FOR DAMAGES**

200.   Defendants consciously disregarded reports from regulatory agencies, patients, the medical community, and individual health care providers that the Mesh Products did not perform as intended and that the Mesh Products were associated with increased risks of serious injuries and resulting sequelae.

201.   Rather than preforming adequate testing to determine the cause of these injuries, or to rule out defects with the Mesh Products, Defendants chose to continue marketing and selling the Mesh Products, fraudulently, intentionally, and/or recklessly misrepresenting, concealing, and/or suppressing material information regarding the safety and efficacy of the Mesh Products.

202.   Defendants knew or should have known that the Mesh Products were unreasonably dangerous in light of their risks.

203.   Defendants knew and consciously disregarded the fact that the Mesh Products caused debilitating injuries and related sequelae with significantly greater frequency than feasible alternative treatment methods.

204.   Defendants fraudulently, willfully, maliciously, oppressively, consciously, intentionally, and/or recklessly misrepresented, concealed, and/or suppressed material information regarding the safety and efficacy of the Mesh Products so as to minimize the perceived risk of injuries caused by the Mesh Products.

205.   Defendants knew or should have known of the Mesh Products' defective and unreasonably dangerous nature, but continued to manufacture, market, distribute, and sell the Mesh Products so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs.

206.   Defendants continue to fraudulently, willfully, maliciously, oppressively, consciously, intentionally, and/or recklessly misrepresent conceal, and/or suppress material information regarding

34

**COMPLAINT FOR DAMAGES**

the safety and efficacy of the Mesh Products from the public to promote continued and increased sales of the Mesh Products.

207.   As a direct and proximate result of Defendants' gross negligence, Plaintiffs suffered, and continue to suffer, injuries and damages, as set forth herein.

208.   Furthermore, Defendants have been unjustly enriched as a result of their gross negligence. In addition to the causes of action set forth herein, Plaintiffs assert a claim of unjust enrichment.

209.   Defendants' actions constitute a willful, despicable, fraudulent, malicious, oppressive, reckless, and conscious disregard for the rights of Plaintiffs and the public, justifying an award of punitive damages.

## VII.

### Plaintiffs' Damages

210.   Plaintiffs incorporate all of the above paragraphs as if set forth in full herein.

211.   As a direct and proximate result of Defendants' conduct and Defendants' Mesh Products, Plaintiffs have suffered severe injuries and damages in an amount in excess of the jurisdictional minimum of this Court.

212.   As a direct and proximate result of Defendants' conduct, Plaintiffs suffered physical injuries and damages. Further, the Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, emotional distress, disfigurement, physical impairment, embarrassment and humiliation, psychological injury, a reasonable and traumatic fear of an increased risk of additional injuries, progression of existing conditions, and other serious injury and loss.

213.   As a direct and proximate result of Defendants' conduct and/or Defendants' Mesh Products, Plaintiffs have incurred, and will continue to incur for the foreseeable future, medical,

35

**COMPLAINT FOR DAMAGES**

nursing, diagnostic, hospital, pharmaceutical, rehabilitative, and other related costs and expenses for

Plaintiffs' treatment and care, along with lost wages, lost earning capacity, and other damages.

214.   As Defendants' actions constitute a willful, despicable, fraudulent, malicious,

oppressive, reckless, and conscious disregard for the rights of Plaintiffs and the public justifying an

award of punitive damages, Plaintiffs sue for an additional amount as exemplary damages.

215.   Accordingly, Plaintiffs sue for special, compensatory, and punitive damages, cost of

court, reasonable attorneys' fees, pre-judgment and post-judgment interests as authorized by law on

the judgments which enter on Plaintiffs' behalf, and for all other relief to which they each may be

entitled in law and/or equity.

## VIII.

## Jury Demand

216.   Plaintiffs' respectfully request trial by jury.

## IX.

## Conclusion

Plaintiffs respectfully request trial by jury and that the Court grant them the following relief

against Defendants, both jointly and severely, on all counts of this Complaint, including:

a.   Special and compensatory damages representing fair, just, and reasonable
     compensation for their respective common law and statutory claims in excess of
     the jurisdictional minimum of this Court;

b.   Past and future lost wages and lost earning capacity;

c.   Past and future medical expenses;

d.   Past and future disfigurement, physical impairment, mental anguish, pain, and
     suffering;

e.   Punitive damages;

f.   Cost of court;

36

**COMPLAINT FOR DAMAGES**

g.   Reasonable attorneys' fees;

h.   Pre-judgment and post-judgment interests as authorized by law on the judgments which enter on Plaintiffs' behalf; and

i.   Such other relief as is deemed just and appropriate.

Respectfully submitted,

GIRARDI KEESE

Thomas V. Girardi, SBN 36603
Amy F. Solomon, SBN 140333
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

ARNOLD & ITKIN LLP
Kurt B. Arnold
Texas State Bar No: 24036150
Jason A. Itkin
Texas State Bar No: 24032461
Noah M. Wexler
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

THE MOSTYN LAW FIRM
J. Steve Mostyn
State Bar No. 00798389
3810 West Alabama Street
Houston, TX 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
**Attorneys For Plaintiffs**

37

**COMPLAINT FOR DAMAGES**

# EXHIBIT C

Case 2:15-cv-05392-JGB-SP   Document 24-2   Filed 08/07/15   Page 70 of 121   Page ID
#:845
Case 2:14-cv-00899-JGB-SP   Document 32   Filed 03/12/14   Page 1 of 4   Page ID #:654

# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-0899 JGB (SPx)** | Date | March 12, 2014 |
| Title | *Xochil T. Robinson, et al. v. Johnson & Johnson, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) DENYING Defendants' Motion to Stay (Doc. No. 13); (2) GRANTING Plaintiffs' Motion to Remand (Doc. No. 9); (3) VACATING the March 17, 2014 Hearings; and (4) REMANDING the Action to the Superior Court of California, County of Los Angeles (IN CHAMBERS)**

Before the Court are Plaintiffs' motion to remand (Doc. No. 9) and Defendants' motion to stay (Doc. No. 13). The Court finds these matters appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Plaintiffs' motion to remand and DENIES AS MOOT Defendants' motion to stay. The March 17, 2014 hearings on the motions are VACATED.

## I.   BACKGROUND

On December 30, 2013, sixty seven individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, and Does 1 through 500, inclusive (collectively, "Defendants"). ("Compl.," Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic mesh devices manufactured by Defendants. (Compl. ¶¶ 1, 93-95, 105-140.) On February 5, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal at ¶¶ 4-17.)

On February 13, 2014, Plaintiffs moved to remand this action to state court, contending that complete diversity is lacking because Defendants' allegations of fraudulent misjoinder are unfounded. ("MTR," Doc. No. 9.) On February 24, 2014, Defendants opposed. ("MTR Opp'n," Doc. No. 18.) On March 3, 2014, Plaintiffs replied. ("MTR Reply," Doc. No. 26.)

On February 14, 2014, Defendants moved to stay the case pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 13.) Plaintiffs opposed on February 24, 2014. ("MTS Opp'n," Doc. No. 19.) On March 3, 2014, Defendants replied. ("MTS Reply," Doc. No. 25.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic surgical mesh device-related litigation (MDL No. 2327).  See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012).  To date, thousands of cases are pending in the Ethicon MDL.  (MTS at 2.)

## II.  LEGAL STANDARD

### A.  Stay

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).  District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

### B.  Remand

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.  Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citations omitted).

Case 2:15-cv-05392-JGB-SP   Document 24-2   Filed 08/07/15   Page 72 of 121   Page ID
Case 2:14-cv-00899-JGB-SP   Document 32   Filed 03/12/14   Page 3 of 4   Page ID #:656
#:2847

## III. DISCUSSION

### A. Order of the Motions

In previous actions involving Defendants and the Ethicon MDL, the Court has taken up the stay issue first and agreed to stay the action pending the JPML's decision to transfer. See, e.g., Joan Miller, et al. v. Johnson & Johnson, et al., No. CV 13-6285 JGB (SPx); Pamela Ruiz, et al. v. Johnson & Johnson, et al., CV No. 13-6289 JGB (SPx). However, after reviewing several other recent decisions by courts in this district, the Court finds that the weight of authority favors remand.

The Ninth Circuit has made clear that courts should "address subject matter jurisdiction at the outset in the 'mine run of cases,' and reach other issues first only where the jurisdictional issue is 'difficult to determine,' and the other ground is relatively 'less burdensome.'" Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008) (quotation omitted). The Court does not consider the jurisdictional issue in this action to be "difficult to determine" or outside the "mine run of cases," and thus Ninth Circuit precedent suggests that the Court should consider Plaintiffs' motion to remand first. Numerous courts in this circuit have decided to take up the issue of remand prior to stay in order to address the jurisdictional issue first. See DeKalb v. C.R. Bard, Inc., No. CV 13-6308 DMG (PJWx), Doc. No. 30 (C.D. Cal. Oct. 8, 2013); Perry v. Luu, No. 1:13-cv-729, 2013 WL 3354446, at *3 (E.D. Cal. July 3, 2013) (addressing motion to remand before motion to stay pending determination by JPML in pelvic mesh case); Goodwin v. Kojian, SACV 13-325, 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013) (same).

Accordingly, the Court first turns to the motion to remand.

### B. Remand

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning every plaintiff must be diverse from every defendant. See Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005). Here, three Plaintiffs, Irene Tobin, Cynthia Tortorici, and Bonnie Tobin, are citizens of New Jersey and are not diverse from Defendants Johnson & Johnson and Ethicon, both of which have their principal place of business in New Jersey and therefore are citizens of that state. (Compl. ¶¶ 13-15, 70-76; Not. of Removal ¶¶ 13-14.) Thus, it appears from the face of the Complaint that jurisdiction cannot properly lie.

Defendants assert that diversity jurisdiction exists because Plaintiffs have "fraudulently misjoined" four non-diverse Plaintiffs to circumvent diversity jurisdiction. (MTR Opp'n at 11-13.) Fraudulent misjoinder is a concept originating in the Eleventh Circuit. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996). It appears to be related to the legal doctrine of fraudulent joinder. See Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). Fraudulent joinder of a non-diverse defendant is an exception to the requirement for complete diversity among the parties in a suit whose federal subject matter jurisdiction is based upon 28 U.S.C. § 1332. See Morris v. Princess Cruises Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent misjoinder, on the other hand, permits the court to ignore the citizenship of non-diverse plaintiffs when there is no real connection among the plaintiffs' claims, such that

Case 2:15-cv-05392-JGB-SP   Document 24-2   Filed 08/07/15   Page 73 of 121   Page ID
Case 2:14-cv-00899-JGB-SP   Document 32   Filed 03/12/14   Page 4 of 4   Page ID #:657
#:848

plaintiffs' joinder of the parties is "so egregious as to constitute fraudulent joinder. <u>Tapscott</u>, 77 F.3d at 1360.

The doctrine of fraudulent misjoinder has only been recognized by the Fifth and Eleventh Circuits. <u>See id.</u>; <u>In re Benjamin Moore & Co.</u>, 309 F.3d 296, 298 (5th Cir. 2002). The Ninth Circuit has not adopted the doctrine, and courts in this circuit have criticized its application. <u>See</u> <u>Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc.</u>, 24 Fed. App'x 727, 729 (9th Cir. 2001); <u>Osborn</u>, 341 F. Supp. 2d at 1127-28; <u>Early v. Northrup Grumman Corp.</u>, 2:13-CV-3130, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013). Defendants identify no precedent binding on this Court to support its contention that the "fraudulent misjoinder" doctrine applies. The Ninth Circuit has not formally adopted the doctrine, and under Ninth Circuit precedent, 28 U.S.C. § 1441 is to be strictly construed and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus</u>, 980 F.2d at 566.

Defendants have not met their burden of establishing that the Court has diversity jurisdiction over this case. Even if the Court recognized the doctrine of fraudulent misjoinder, Defendants fail to demonstrate that joinder of the non-diverse Plaintiffs was "egregious" and that they were joined merely in order to defeat diversity jurisdiction. Defendants' arguments suggest only that Plaintiffs' pleading is generally deficient as to all Plaintiffs due to its failure to satisfy the joinder requirements of Rule 20(a). (MTR Opp'n at 13-20.) However, as the Eleventh Circuit made clear, mere misjoinder is not fraudulent joinder; it only rises to the level of fraudulent joinder if it is sufficiently egregious. <u>Tapscott</u>, 77 F.3d at 1360; <u>see also Pate v. Boston Scientific Corp.</u>, CV 13-06321 BRO AJWX, 2013 WL 5743499, at * 5 (C.D. Cal. Oct. 21, 2013) ("If the Eleventh Circuit did not intend egregiousness to be the standard for fraudulent misjoinder, it could have selected one of myriad other terms to use in that sentence instead of "egregious."). Defendants have not provided the Court with clear evidence from which the Court can conclude that joinder is egregious.

Because the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder and complete diversity was destroyed by the presence of the New Jersey Plaintiffs, this Court lacks jurisdiction over this action. This Court now joins several other courts in this district in remanding pelvic mesh device actions improperly removed on the basis of fraudulent misjoinder. <u>See Pate</u>, CV 13-06321 BRO AJWX, 2013 WL 5743499, at * 5; <u>Cheryl Mauck, et al. v. Boston Scientific Corporation, et al.</u>, No. CV 13-6343 GW (JEMx), Doc. No. 43 (C.D. Cal Oct. 16, 2013); <u>Sheila Dekalb, et al. v. C.R. Bard, Inc., et al.</u>, No. CV 13-06308 DMG (PJWx), Doc. No. 30 (C.D. Cal. Oct. 8, 2013).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand, DENIES AS MOOT Defendants' motion to stay, and REMANDS this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

# EXHIBIT D

State of the Judiciary March 2014 | chief justice

## CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

close this page

# State of the Judiciary March 2014

STATE OF THE JUDICIARY
ADDRESS TO A JOINT SESSION OF THE CALIFORNIA LEGISLATURE
March 17, 2014, 4 p.m.
CHIEF JUSTICE TANI G. CANTIL-SAKAUYE

(This is the speech as prepared. The Chief Justice didn't use notes, so the actual remarks were slightly different. The address as delivered will be posted shortly.)

Good afternoon Speaker Pérez and President Pro Tem Steinberg—thank you for inviting me to address the state of the judiciary.

It is an honor to be here with the entire state Supreme Court:  my fellow justices
Justice Kennard,
Justice Baxter,
Justice Werdegar,
Justice Chin,
Justice Corrigan, and
Justice Liu.

I take a moment of personal privilege to recognize and congratulate Justice Kennard on her retirement. She is an extraordinary jurist and wonderful mentor, role model, and friend.

Justice Kennard came to this country as an immigrant, worked her way up to a lawyer to judge—through the municipal court, the superior court, the appellate court and to the Supreme Court. She is a person of uncommon courage, integrity, and intellect. Thank you Justice Kennard, we will miss you.

It is also a pleasure to be here with members of the Legislature, my colleagues from the courts of appeal, superior courts, and the Judicial Council.

I am happy to see attorneys from the State Bar, Bench Bar Coalition, and the Open Courts Coalition and the executives from the AOC—the staff agency to the Judicial Council.

And I am grateful that my family, including my husband, Mark, and our two daughters, Hana and Clare, are here.

This occasion reminds me of two values our branches have in common: fairness and collaboration, and how those values inspire us and connect us, all in the name of service to the public.

Let me give you an example. As you know, this year marks the 50th anniversary of the Civil Rights Act.

This was the first significant civil rights act since Reconstruction, after the Civil War. The Act outlaws discrimination on race, color, religion, sex, or national origin. The Act has transcended the law and has become part of our value system. The Act is not very old, yet we consider it part of our heritage—it's in our DNA.

For me and my family, the Act is not only historic, it is personal. The Civil Rights Act was the right thing to do—because it was the fair thing to do.

But, it took collaboration. The Act was created by Congress and signed by the President. That's collaboration. But it also took collaboration with the third branch, the federal judicial branch, to hear challenges to the law and to be the final arbiter of its constitutionality. After all, a law once enacted is not self-executing. A law is applied to people; its meaning can be challenged, and that challenge leads to court—where the law is tested.

For the Civil Rights Act, it didn't take long for the test to come from a motel owner from Atlanta. Why? He refused to rent rooms to African Americans. He argued that Congress had no authority to force him to rent to blacks. He also argued that the act also violated the 13th Amendment—the law that abolished slavery. According to him, the Civil Rights Act forced him into involuntary servitude because it took away his freedom not to rent to black people.

Well it didn't take long for the United States Supreme Court to dispense with those arguments.

The court did the right and fair thing and upheld the constitutionality of the Civil Rights Act.

State of the Judiciary, March 2015 - Chief_Justice
Case 2:15-cv-05392-JGB-SP   Document 24-2   Filed 08/07/15   Page 76 of 121   Page ID
#:851

That's how the three branches of government work in a democracy—the Legislature creates the bill, the executive branch signs the bill into law, and the courts interpret the law as it is used in people's lives. To be an effective democracy, we rely on each other.

As Alexander Hamilton said in The Federalist Papers, laws are a dead letter without the courts to expound and define their true meaning and operation. So, as it was two hundred years ago in the time of Hamilton, so too it is today.

We commemorate significant anniversaries like this in our shared history because we cherish fairness. In fact, next month three former presidents will join President Obama at the LBJ presidential library in Texas to commemorate the history of the Act.

Fairness was recently the topic of a short but inspirational film sponsored by the National Association of Women Judges. I urge you to view it online.

The film makes the point that the word "fair" is nowhere found in the Constitution but argues that our Founding Fathers created one branch devoted to fairness, the judicial branch.

However, the pursuit of fairness animates all of us here. But, if fairness is to be true and to be accessible, it requires collaboration. And I would argue that California has led the nation in living up to the Civil Rights Act and fairness.

In the next few minutes, I will describe for you some of the branch's collaborative projects that seek to achieve fairness.

For example, collaborative justice courts—also called problem-solving courts—strive to improve outcomes for victims, defendants, and communities, and to achieve tangible results—by making families safer and getting veterans back on their feet.

For many years the California judicial branch, with the assistance of the AOC, our staff, has been a leader in voluntarily creating collaborative courts. In fact, 17 years ago, when I was a superior court judge, I started one of the first courts dedicated entirely to the prevention of domestic violence. That's how long these types of courts have been around.

I know that these courts are successful because of the collaboration with executive branch agencies for grant funding, county and community and local government support for programs, the bar and the public attorney offices for their legal expertise, and the judges and staff for their devotion and dedication.

These courts cannot succeed without collaboration.

Another example is the self-help centers. These centers serve more than a million Californians every year who come to court with a problem and without a lawyer. In 1997, there was only one self-help center in the state. But because of our statewide administration of justice, and the Legislature's support and funding, there are now more than 100 self-help centers—including one in each of our 58 trial courts.

These centers help court users—of all economic levels, of all cultures, ethnicities, and languages—figure out how to resolve critical life issues. These centers also help the judges and staff because they help prepare a self-represented litigant for a meaningful day in court, permitting the judge to focus on fixing the problem rather than fixing the paperwork.

Because of the work of the self-help lawyers, pro bono aid, legal services and volunteers, and the AOC, California's leadership is a model of excellence for other states.

Related to the self-help centers is the Judicial Council-sponsored program JusticeCorps, which is celebrating its 10th anniversary this year.

JusticeCorps is the only national service program of its kind. It started in Los Angeles with a grant acquired by the AOC. JusticeCorps recruits and trains more than 250 college students and recent graduates each year to support our self-help centers. It has been so effective in Los Angeles that it has been expanded to San Diego and to Bay Area courts.

Members are recruited from our state's diverse campuses and about 70 percent of them are bilingual. Last year JusticeCorps members provided assistance to approximately 16,000 self-represented litigants in their native language.

One can readily see the fairness and collaboration inherent in these services. This service to the public reminds me that the strength of our justice system relies on the public's understanding of it.

As a judge, an appellate justice, and now as the Chief Justice, I've made it a top priority to further the public's understanding of our democracy. In fact, every year now, I have been visiting Ms. Cooperman's seventh grade class at Sutter Middle School in Sacramento to explain how the judicial branch works.

As Chief Justice, I've had the opportunity to expand my school visits to law schools, colleges, and high schools. I am extremely grateful to Superintendent of Public Instruction Tom Torlakson for our partnership in this effort. Our partnership is in its second year and we have created a Civic Learning Award for public high schools that have made civic learning a priority. In spotlighting these schools, I will visit three of them this year to congratulate them.

When I visit the schools, I like to explain to them how it is that with the collaboration of the Legislature and the voters we have a strong and admired judicial branch that is only 17 years young. I explain that 17 years ago, while I was a superior court judge, the judicial branch transitioned from over 220 courts to 58 superior courts. I am greeted with surprise when I state that we are the largest judicial branch in the country and the largest law-trained judiciary in the world.

As I mentioned last year, civic learning also means helping kids to stay in school and out of court. We know the data reveals that a suspended or expelled child is far more likely to enter the juvenile justice system, and that these types of exclusionary disciplines fall more heavily on African American students, American Indian students, disabled students, and foster students. We as government leaders cannot stand by and let that happen. What has the judicial branch done to help?

The judicial branch has acted as a convener of stakeholders, teachers, social workers, attorneys, and law enforcement, to gather and discuss ways to keep our children in school.

Last December, with grant funding, I asked jurists and the AOC to put together local teams to attend the first summit of its kind, called "Keeping Kids in School and Out of Court." 32 multidisciplinary teams from the 58 counties participated in discussing solutions. I thank Superintendent Torlakson, Attorney General Harris, Senate President Pro Tem Steinberg and Assemblymember Dickinson for attending and presenting to the teams.

There isn't enough time for me to tell you all of the promising, compassionate and fair-minded projects the judicial branch is working on with you the Legislature or with other entities. I have, however, mentioned a few of our outward efforts at achieving fairness with collaboration. Let me next share a few of our more introspective and proactive efforts at developing fairer policies.

One of my core beliefs as a public official is that we should regularly reassess ourselves; essentially I mean that the status quo can always be improved.

Thus, in 2011, a few months after I became the new chief justice, I asked a group of jurists, retired, and currently sitting, and court and government experts to perform a programmatic, top to bottom evaluation of our staff—the AOC.

They worked for 18 months, and they delivered recommendations that the Judicial Council turned into 151 directives. They are now about 70 percent complete.

A few months ago, based on an increased interest, I asked the Judicial Council internal committee chairs to speed up the development of an open meetings rule for the Judicial Council.

The open meetings rule that is being contemplated will likely make us the most transparent judicial branch rule in the country. However, two outcomes seem certain—one, for some the rule doesn't go far enough and two, for others the rule goes too far.

I am particularly pleased by another judicial branch initiative—the development of a comprehensive language access plan for California courts. Approximately 40 percent of Californians speak a non-English language at home and over 200 languages and dialects are spoken in California—the need is immense.

The goal is to bring a language plan to Judicial Council for its review in December.

Another critical issue facing the judicial branch is the need to adjust to the new responsibilities under criminal justice realignment. To this end, we have created in the AOC an office devoted to criminal justice court issues that include education and training on the new laws, researching and sharing of best practices, providing legal advice, and working collaboratively with the counties, law enforcement, and the prosecution and defense bar to make it work. In fact, at next month's Judicial Council meeting there will be an open presentation and discourse on how criminal realignment is working in the courts.

The next phase of judicial branch self-assessment includes the creation of a commission on the future of the branch. We must take a hard look at the future of the branch to improve the dynamics of the legal system.

My colleague Justice Carol Corrigan has agreed to head up the commission.

I recognize the need to become more efficient, balance due process, and enhance access to justice for the public in the 21st century—all the while recognizing the state's diversity and our limited resources. For example, a bill supported by the California Judges Association to reduce peremptory challenges in misdemeanor cases achieves the kind of balancing act that the commission will need to look at.

Now, keen listeners may have noticed that I have yet to mention the need to properly fund the judicial branch. We have a lot of catching up to do and, just as we partnered in the budget reduction solution to the tune of about 1 billion dollars, we want to partner with you on reinvesting in the justice system. We want to achieve fairness and to collaborate on solutions. My Three-Year Blueprint for a Fully Functioning Judicial Branch lays out our costs and serves as a reminder that court closures have deprived more than two million Californians access to justice to a local courthouse. A three-hour drive to the nearest courthouse can't be fair in anyone's book.

The reductions of the past have fallen hardest on civil cases because, as you know, the Constitution and

Case 2:15-cv-05392-JGB-SP    Document 24-2    Filed 08/07/15    Page 78 of 121    Page ID
#:853

statutes guarantee the precedence of criminal cases. As a result, the only place to absorb the reductions is in the processing of civil cases.

As long as the branch is underfunded we will continue to see harmful and astonishing delays in civil redress for wrongful termination, discrimination, urgent family matters, foster care issues, and personal injury.

It's tragic that 50 years after the passage of the Civil Rights Act we are on the verge of a different type of civil rights crisis.

Despite all this, the judicial branch perseveres and stands ready to provide the justice it can—even though we still rely on employee furloughs this fiscal year. The Supreme Court, the Courts of Appeal, the Habeas Corpus Center, the AOC: all on furlough. Some trial courts are still using furloughs. Kings County Superior Court, for example, furloughs its employees 21 days a year.

While most of the state workforce received a modest COLA or will be receiving one in the next fiscal, public servants in the judicial branch have gone without a cost-of-living increase for seven years.

As I began my address to you, I mentioned our common values—fairness and collaboration—and how those values inspire us and connect us—all in service to the public.

These are the same values that motivated those who pushed for the Civil Rights Act. We can trace the origins of the act to the civil rights work of Dr. Martin Luther King, Jr. A few months before the president introduced the Civil Rights Act, Dr. King sat in a Birmingham jail and wrote a letter to his fellow clergymen who criticized him for bringing his civil rights movement to Birmingham.

"Injustice anywhere is a threat to justice everywhere," Dr. King wrote. "We are caught in an inescapable network of mutuality, tied in a single garment of destiny. Whatever affects one directly affects all indirectly."

I would say that Dr. King's quote should apply to the relationship of our three branches of government in service to the public.

Thank you for your time.

© 2014 Judicial Council of California



# NEWS RELEASE

**Los Angeles Superior Court**
**Public Information Office**
Website: www.lasuperiorcourt.org
E-mail Address: PublicInfo@LASuperiorcourt.org

June 13, 2013

## L.A. SUPERIOR COURT ELIMINATES JOBS; HUNDREDS OF EMPLOYEES AFFECTED

Tomorrow, Friday, June 14, 2013, reductions in state financial support for the California judicial branch force the Court to eliminate 511 budgeted positions. As a result, 539 Los Angeles Superior Court employees will be affected, including 177 employees who will be laid off.

A budget committee of the California legislature agreed Monday evening to provide $60 million in new funding to the state trial courts; close to $20 million of that funding may be provided to the Los Angeles Superior Court. Nevertheless, even if the additional funds are provided, the amount is insufficient to avoid the contraction of court size and services necessitated by repeated, cumulative budget cuts since 2008.  As Presiding Judge David S. Wesley stated, the legislative action is "too little, too late, to stop the layoffs, or the reduction in access to justice that state funding cuts have produced, although they give us hope that we will not have to make further cuts to staff or services in the foreseeable future."

Decreases in state support for the California trial courts now total $725 million annually. Net of mitigations (such as increased fees for court users imposed by the legislature), and including unfunded cost increases, the Los Angeles Superior Court must manage a structural budget deficit of $195 million. Previous actions, including layoffs in 2010 and 2012, hiring freezes, cuts in supplies and other cost-saving measures, have reduced the Court's annual spending by $110 million.

Friday's actions will reduce spending by another $56 million.

"Assuming that Governor Brown signs into law the budget increase proposed for the trial courts, our Court's share will barely cover the remainder of our structural deficit. For the first time since the budget crisis began, we will have finally resolved our structural deficit," said Wesley.

More-More-More

Court budget
June 13, 2013
Page 2


As of July 1, 2013, the Court will have eliminated 30% of its budgeted staff positions since 2002 – a 24% reduction since the state budget crisis began in 2008.

To manage the Court after Friday's staffing reductions, the Court has implemented a consolidation plan that has resulted in:

- Closure of eight courthouses: Pomona North, Whittier, Huntington Park, Beacon Street, San Pedro, Kenyon Juvenile, West Los Angeles and Malibu;
- Significant reductions in court services at the Beverly Hills and Catalina courthouses;
- Consolidation of personal injury, collections, small claims, probate, unlawful detainer and traffic cases in fewer courthouse locations;
- Elimination of the remaining part-time court reporters in civil courts;
- Elimination of all full-time referee positions in the juvenile courts and reduction of juvenile dependency mediation services; and
- Elimination of the Court-managed Alternative Dispute Resolution unit.


"We have reached the new normal," said Wesley.  "And there is nothing to like about it."

"When the Municipal and Superior Courts unified, our vision was to be the largest neighborhood court and to maintain a presence in many communities throughout LA County," said Wesley. "This is not the neighborhood court we worked so hard to build. It is not our vision for access to justice. But this is the Court that the state is willing and able to support.  We will be using our collective energy as a court to provide access to justice in every case type within the limits of the resources we have been provided."

To save $56 million annually, the Court is eliminating 511 budgeted positions. The elimination will have the following effects on court employees:

- 177 people will lose their jobs;
- 139 people will be demoted to previously held positions; those demotions will, in turn, bring about reductions in pay for those employees;
- 223 employees will keep their jobs with the Court, but will be reassigned to new locations on Monday, June 17.

In all, 539 people are being impacted: one in seven employees. Notices to affected employees are being hand-delivered tomorrow.

"It is a particular irony that many of the people being impacted have been working long and hard to restructure the Court over these past few months," noted Assistant

Presiding Judge Carolyn B. Kuhl. "They and all our employees have done the impossible: moving hundreds of thousands of case files, and dismantling and rebuilding large parts of our Court. I admire their commitment to serving the public. It has not wavered."



# NEWS RELEASE

**Los Angeles Superior Court**
**Public Information Office**
Website: www.lasuperiorcourt.org
E-mail Address: PublicInfo@LASuperiorcourt.org

March 14, 2013

## Los Angeles Superior Court Consolidation Plan

State funding reductions made over the past several years leave the Los Angeles Superior Court facing an annual shortfall of $195 million. A series of staff reductions and other budget cutting measures have reduced annual spending by $110 million to-date (more than 15% of the Court's discretionary budget). But by the end of this fiscal year on June 30, 2013, the Court must reduce its budget by $85 million dollars.

The situation demands a significant restructuring of the Court. "For the past decade or more, we have lived up to the promise of providing "neighborhood courts" across the county," said Presiding Judge David S. Wesley. "That meant full-service courthouses in many locations. But we no longer have the resources to do so. We are now being forced by budget cuts to make changes that will disadvantage litigants, attorneys, justice system partners and all court users across the spectrum and across our court."

With the need to find $85 million dollars in permanent budget solutions as a starting point, more than 50 judges and staff spent five months evaluating alternative ways to achieve the goal of maintaining access to justice in all litigation types. The planning effort included hundreds of hours of analysis of caseloads; examination of best practices in case processing; study of court facilities; examination of automation alternatives; and consultation with hundreds of attorneys, justice system partners, law enforcement agencies, county agencies, and other affected stakeholders. These efforts made it clear that the only way to maintain access to all case types would be to consolidate services in fewer locations. The resulting recommendations were unanimously adopted by the Budget Working Group, the Supervising Judges of the Superior Court and the Court's Executive Committee.

More-more-more

Thus the Court will, over the next few months, and with notice to affected parties, consolidate in the following ways:

- The Court will close 8 courthouses completely (Beacon Street, Huntington Park, Kenyon Juvenile, Malibu, Pomona North, San Pedro, West Los Angeles; Whittier) and remove most court work from 2 locations (Beverly Hills, Catalina);
- Criminal and traffic workload presently located in the 8 courthouses to be closed will be moved to nearby courthouses;
- Juvenile cases now heard at Kenyon Juvenile Justice Center will be moved to other courthouses;
- Small claims cases heard only at courthouses in: Alhambra, Downey, Inglewood, Lancaster, Van Nuys and downtown Los Angeles (Mosk);
- Unlawful detainer (landlord-tenant) cases heard only in: Lancaster, Long Beach, Pasadena, Santa Monica and downtown Los Angeles (Mosk);
- Limited civil collections-related cases heard only in: Chatsworth and Norwalk;
- Other limited civil cases heard only in downtown Los Angeles (Mosk);
- Personal injury-related cases heard only in downtown Los Angeles (Mosk);
- Probate cases will be heard in Lancaster and downtown Los Angeles (Mosk), except for exceptional cases;
- Many general civil cases going to trial may be moved to dedicated trial courts located around the county;

In addition, the Court plans to eliminate its alternative dispute resolution center, further reduce the use of court-employed court reporters, and lay off all juvenile Referees.

All of these consolidations are necessitated by a planned reduction in the Court's workforce by 511 positions bringing the total workforce reduction over the last four years to over 24 percent. "Justice requires a court. But what we once counted on – that courts would be open, available and ready to dispense prompt justice – no longer exists in California," said Chief Justice Tani Cantil-Sakauye in her annual State of the Judiciary speech. Plans such as those outlined above are being implemented across the state of California. San Bernardino is closing courthouses that will require litigants to travel more than 130 miles to the nearest courthouse; Fresno Superior Court has closed all courthouses outside the city of Fresno.

"The day of reckoning has arrived for the Los Angeles County justice system," said Wesley. "This is our last-ditch effort to save access to justice in Los Angeles County. The impacts of years of draconian cuts in state court funding can no longer be delayed. We are now forced to bring our court operations into line with the resources provided by the Governor and legislature. The result will be reduced services, long lines and travel distances that may well deter people from seeking and getting the justice they deserve. It is a sad irony that, as our economy is turning the corner, our justice system is going downhill."

###

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE: ETHICON, INC.,
       PELVIC REPAIR SYSTEM
       PRODUCTS LIABILITY LITIGATION

                                        MDL No. 2327

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER # 117
(Order Granting in Part, Motion to Amend Long Form and Short Form Complaint)

Pending is plaintiffs' Motion to Amend First Amended Master Long Form Complaint and Jury Demand and Amended Master Short Form Complaint. [Docket # 886.] At this time, I will deal with only one aspect of plaintiffs' motion, in which they seek to remove Ethicon, LLC from the Long Form Complaint and the Short Form and Amended Short Form Complaints. Defendants do not oppose this relief sought in plaintiffs' motion.

It is **ORDERED** that plaintiffs' Motion to Amend First Amended Master Long Form Complaint and Jury Demand and Amended Master Short Form Complaint is **GRANTED in part** and to the extent plaintiffs seek an order removing Ethicon, LLC from the Long Form Complaint and the Short Form and Amended Short Form Complaints. Plaintiffs' Motion is otherwise taken under advisement for ruling at a later time. Plaintiffs need not file an Amended Master Long Form Complaint and Jury Demand until I have ruled on their complete motion. However, Ethicon, LLC will be removed from the Short Form and Amended Short Form Complaints in all MDLs. At a later time, the court will initiate a show cause process regarding Ethicon, LLC in existing cases.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall
apply to each member related case previously transferred to, removed to, or filed in this district,
which includes counsel in all member cases up to and including civil action number 2:14-cv-
17014.  In cases subsequently filed in this district, a copy of the most recent pretrial order will be
provided by the Clerk to counsel appearing in each new action at the time of filing of the
complaint.  In cases subsequently removed or transferred to this court, a copy of the most recent
pretrial order will be provided by the Clerk to counsel appearing in each new action upon
removal or transfer.  It shall be the responsibility of the parties to review and abide by all pretrial
orders previously entered by the court.  The orders may be accessed through the CM/ECF system
or the court's website at www.wvsd.uscourts.gov.

ENTER: May 29, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT F

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 1. | Adams, Helen & James vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00073 | 01/02/2014 |
| 2. | Albright, Esther vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11995 | 03/11/2014 |
| 3. | Ali, Marianne G. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12234 | 03/13/2014 |
| 4. | Allen, Rhonda & Robert Curtis vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12236 | 03/13/2014 |
| 5. | Amado, Lydia vs. Ethicon, Inc., et al. | Mostyn Law Firm | 2:13-cv-33467 | 12/27/2013 |
| 6. | Amick, Grayce W. & Dean D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13915 | 04/03/2014 |
| 7. | Andress, Pamela Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11052 | 02/25/2014 |
| 8. | Asmussen, Marlene vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12949 | 03/24/2014 |
| 9. | Atwell, Peggy Ann & Henry vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13418 | 03/28/2014 |
| 10. | Baker, Myrtle & Freddie Jerome vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13095 | 03/25/2014 |
| 11. | Baldridge, Carrie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00075 | 01/02/2014 |
| 12. | Ball, Shirley vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12242 | 03/13/2014 |
| 13. | Barcy, Thelma L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11243 | 02/27/2014 |
| 14. | Baxter, Rachel & Larry Daniel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00076 | 01/02/2014 |
| 15. | Beard, Robbyn & Frank vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30786 | 12/03/2013 |
| 16. | Bennett, Mary vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30788 | 12/03/2013 |
| 17. | Bernhardt, Ann & George T. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13463 | 03/28/2014 |
| 18. | Beyers, Margaret A. & Martin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11245 | 02/27/2014 |
| 19. | Birchfield, Sheila & Dennis vs. Ethicon, Inc., et al. | Andrus Wagstaff, PC Girardi Keese | 2:12-cv-05053 | 07/12/2012 |
| 20. | Black, Catherine vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33497 | 12/27/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|----------------------|----------------|-----------------------|
| 21. | Blake, Deborah vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30981 | 12/04/2013 |
| 22. | Blanchard, Leslie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33506 | 12/27/2013 |
| 23. | Blanchard, Rachel C. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11893 | 03/10/2014 |
| 24. | Booth, Rolanda vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-19652 | 07/12/2013 |
| 25. | Bowden, Deborah vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30790 | 12/03/2013 |
| 26. | Bradford, Janet vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30795 | 12/03/2013 |
| 27. | Braxton, Grace Veronica vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30797 | 12/03/2013 |
| 28. | Brethouwer, Shannon Moriah & Kurt vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12518 | 03/18/2014 |
| 29. | Brett, Barbara M. vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33516 | 12/27/2013 |
| 30. | Brown, Donna J. & Walter B. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33525 | 12/27/2013 |
| 31. | Brown, Terrie Ann & Burton vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30985 | 12/04/2013 |
| 32. | Bryan, Julia Elaine vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12953 | 03/24/2014 |
| 33. | Burchfield, Helen & Carl A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12273 | 03/13/2014 |
| 34. | Burgin, Subrina Ann & Earl vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13623 | 03/31/2014 |
| 35. | Busey, Jackie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33530 | 12/27/2013 |
| 36. | Cable, Fredia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13100 | 03/25/2014 |
| 37. | Cameron, Rometta vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30994 | 12/04/2013 |
| 38. | Cannefax, Elaine vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12954 | 03/24/2014 |
| 39. | Cannon, Donna Annette vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33535 | 12/27/2013 |
| 40. | Carlile, Rebecca & Roger Wayne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30798 | 12/03/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 41. | Carroll, Ruth vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13791 | 04/02/2014 |
| 42. | Carter, Brenda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12275 | 03/13/2014 |
| 43. | Carter, Phyllis vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33537 | 12/27/2013 |
| 44. | Casey, Michelle Denise vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11911 | 03/10/2014 |
| 45. | Cates, Linda & Richard vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05907 | 01/30/2014 |
| 46. | Catton, Irma vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30409 | 07/12/2013 |
| 47. | Chance, Martha Smith vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12001 | 03/11/2014 |
| 48. | Chandler, Vanessa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12280 | 03/13/2014 |
| 49. | Chewning, Alida vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-19737 | 07/12/2013 |
| 50. | Christensen, Susan Diane vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11061 | 02/25/2013 |
| 51. | Christner, Nina F. & Joseph L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13106 | 03/25/2014 |
| 52. | Clavesilla, Amber, et al. vs. Johnson & Johnson, et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-32920 | 07/12/2013 |
| 53. | Cline, Joan vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13108 | 03/25/2014 |
| 54. | Coleman, Robin Corbette vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33548 | 12/28/2013 |
| 55. | Conley, Linda Carol vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12749 | 03/20/2014 |
| 56. | Corey, Donna B. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33552 | 12/28/2013 |
| 57. | Corfee, Bonnie Sue & Tex Leonard vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00081 | 01/02/2014 |
| 58. | Costello, Wanda & James A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30806 | 12/03/2013 |
| 59. | Couch, Alice vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00082 | 01/02/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 60. | Craig, Wittonia Gayle vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11265 | 02/27/2014 |
| 61. | Crain, Diane & Jack E., Jr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30808 | 12/03/2013 |
| 62. | Crain, Kathryn F. & Edgar vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33554 | 12/28/2014 |
| 63. | Cramer, Lona vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12429 | 03/17/2014 |
| 64. | Cravens, Linda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12955 | 03/24/2014 |
| 65. | Crawford, Lucy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-19045 | 07/11/2013 |
| 66. | Crawson-Clifford, Mary vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30475 | 07/12/2013 |
| 67. | Cronberg, Kathleen & Steven William vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13109 | 03/25/2014 |
| 68. | Cross, Alice M. & Victor vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11899 | 03/10/2014 |
| 69. | Cross, Regina A. & Alphonso J. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11266 | 02/27/2014 |
| 70. | D'Andrea, Catherine Cecelia & Alfred vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-18442 | 06/13/2014 |
| 71. | Daniels, Jeanne M. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12430 | 03/17/2014 |
| 72. | Davila, Pauline vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13796 | 04/02/2014 |
| 73. | Davila, Rebecca vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30406 | 07/12/2013 |
| 74. | Davis, Mary Ann vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31028 | 12/04/2013 |
| 75. | Dawson, Linda & Lowell vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33557 | 12/28/2013 |
| 76. | Dayton, Agnes vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33558 | 12/28/2014 |
| 77. | Dean, Sherry D. & Tony vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33560 | 12/28/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 78. | Deaton, Tina & Curtis vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33562 | 12/28/2013 |
| 79. | DeLuna, Ramona I. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33563 | 12/26/2013 |
| 80. | Dempsey, Carolyn & Larry David vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13111 | 03/25/2014 |
| 81. | Denson, Patricia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33564 | 12/28/2013 |
| 82. | Devor, Mary F. & Brian vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12958 | 03/24/2014 |
| 83. | Die, Lisa Mae & Robert L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12751 | 03/20/2014 |
| 84. | Doig, Mary vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33567 | 12/28/2013 |
| 85. | Dople, Charlotte vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33568 | 12/28/2013 |
| 86. | Dorrill, Dimple Faye vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12008 | 03/11/2014 |
| 87. | Doyle, Debra & Rich vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30809 | 12/03/2013 |
| 88. | Ducote, Carole B. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33570 | 12/28/2013 |
| 89. | Dyas, Tonia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12010 | 03/11/2014 |
| 90. | Ellis, Alberta & William vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13153 | 03/25/2014 |
| 91. | Elmer, Lavenda & Lewis vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33577 | 12/28/2013 |
| 92. | Ematat, Nancy Lou vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11271 | 02/27/2014 |
| 93. | Encee, Lesley vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13811 | 04/02/2014 |
| 94. | Estes, Tamara vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11070 | 02/25/2014 |
| 95. | Evans, Almeda D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11275 | 02/27/2014 |
| 96. | Evans, Lonny vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-22641 | 09/06/2013 |
| 97. | Fancher, Martha June & Bob Edward vs. American Medical | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12014 | 03/11/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
|  | Systems, Inc., et al. |  |  |  |
| 98. | Ferraro, Mary & Richard vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33583 | 12/28/2013 |
| 99. | Ferry, Patricia vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13665 | 04/01/2014 |
| 100. | Fields, Rowena R. & Billy D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33584 | 12/28/2013 |
| 101. | Fleming, Marilyn & Vince vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11071 | 02/25/2014 |
| 102. | Flores, Yolanda vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30425 | 07/12/2013 |
| 103. | Fodge, Ann & Kelly vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11905 | 03/10/2014 |
| 104. | Foose, Doris G. & Robert Zellers, Jr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11289 | 02/27/2014 |
| 105. | Ford, Anita & Rudolph S. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33586 | 12/28/2013 |
| 106. | Ford, Dawn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33587 | 12/28/2013 |
| 107. | Frayer, Elsie & Ronald Lynn, Sr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13165 | 03/25/2001 |
| 108. | Frazier, Joann vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33588 | 12/28/2013 |
| 109. | Frederick, Hazel E. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13166 | 03/25/2014 |
| 110. | Fuller, Lisa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12023 | 03/11/2014 |
| 111. | Gall, Christy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30812 | 12/03/2013 |
| 112. | Gardner, Wanda R. & Ray vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12755 | 03/20/2014 |
| 113. | George, Patricia Jean & Daniel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31050 | 12/04/2014 |
| 114. | Gerber, Susan & Joseph vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11075 | 02/25/2014 |
| 115. | Gibson, Barbara E. & Jimmy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05918 | 01/30/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 116. | Gibson, Carlene vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13169 | 03/25/2014 |
| 117. | Gibson, Loretta vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-29776 | 12/13/2014 |
| 118. | Gibson-Gray, Carole & James Kenneth, Jr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11076 | 02/25/2014 |
| 119. | Gillum, Karen Sue & Samuel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12756 | 03/20/2014 |
| 120. | Go, Nancy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11163 | 02/26/2014 |
| 121. | Goldner, Gail vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13485 | 03/28/2014 |
| 122. | Gonzalez, Miriam vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12528 | 03/18/2014 |
| 123. | Gonzalez, Norma vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30256 | 07/12/2013 |
| 124. | Gonzalez, Raquel vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-24797 | 07/12/2013 |
| 125. | Goodwin, Frances vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33600 | 12/28/2013 |
| 126. | Graham, Beverly & James Calvin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13489 | 03/28/2014 |
| 127. | Graves, Kimble vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33602 | 12/28/2013 |
| 128. | Greathouse, Stacy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33603 | 12/28/2013 |
| 129. | Greene, Sandra Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13939 | 04/03/2014 |
| 130. | Greenland, Jane W. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13940 | 04/03/2014 |
| 131. | Greer-Buckles, Angela vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13490 | 03/28/2014 |
| 132. | Griffing, Martina & Patrick vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-18441 | 06/13/2014 |
| 133. | Gulley, Myrtle R. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12438 | 03/17/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 134. | Gutierrez, San Juana vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30461 | 07/12/2013 |
| 135. | Hackworth, Joyce & Clifford vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31054 | 12/04/2013 |
| 136. | Hale-Patterson, Karen M. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12533 | 03/18/2014 |
| 137. | Hall, Barbara & Merrill vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33609 | 12/28/2013 |
| 138. | Hall, Sharon Whipple & Billy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11081 | 02/25/2014 |
| 139. | Hampton, Aretha C. vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12757 | 03/20/2014 |
| 140. | Hanna, Sarmen vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33920 | 12/30/2013 |
| 141. | Hanshaw, Vickie & Johnny vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12441 | 03/17/2014 |
| 142. | Harden, Patricia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05922 | 01/30/2014 |
| 143. | Hardie, Barbara vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00084 | 01/02/2014 |
| 144. | Hari, Kristin Cassandra & Vishnu Gupta Hari Prasad vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13170 | 03/25/2014 |
| 145. | Harmon, Rekinya & Brian vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12442 | 03/17/2014 |
| 146. | Harrell, Leticia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33611 | 12/28/2014 |
| 147. | Harris, Hilary & Anthony vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12292 | 03/13/2014 |
| 148. | Harris, Lula vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33612 | 12/28/2014 |
| 149. | Harris, Mattie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13670 | 04/01/2014 |
| 150. | Harrison, Eilleen & Bret vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11092 | 02/25/2014 |
| 151. | Harry, Susan & Gregory vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33613 | 12/28/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 152. | Harwell, Joan vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13820 | 04/02/2014 |
| 153. | Hawks, Courtney G. & Andrew Grayson vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12760 | 03/20/2014 |
| 154. | Head, Ruth B. & James Thomas vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00087 | 01/02/2014 |
| 155. | Hedrick, Linda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33615 | 12/28/2013 |
| 156. | Hendershot, Wanda Gail & Barton vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12970 | 03/24/2014 |
| 157. | Hernandez, Guadalupe & Abel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12444 | 03/17/2014 |
| 158. | Herrington, Judy Kay vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31071 | 12/04/2013 |
| 159. | Hill, Karen S. & Earl Leon vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13944 | 04/03/2014 |
| 160. | Hoagland-Sawyer, Bonnie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12765 | 03/20/2014 |
| 161. | Holland, Jackie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00089 | 01/02/2014 |
| 162. | Holloway, Cynthia L. & Daniel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12766 | 03/20/2014 |
| 163. | Hosey, Dale & Clifford G. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11908 | 03/10/2014 |
| 164. | House, Gladys Elaine & Jay vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13822 | 04/02/2014 |
| 165. | Hubbard-Phelps, Karen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33626 | 12/28/2013 |
| 166. | Hudgins, Jessie Eylaine & Richard Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33627 | 12/28/2014 |
| 167. | Hudson, Janie Karen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31085 | 12/04/2013 |
| 168. | Hugo, Rhonda M. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12033 | 03/11/2014 |
| 169. | Hunter, Kim vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13823 | 04/02/2014 |
| 170. | Hurless, Holly vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12040 | 03/11/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 171. | Iness, Wanieta & Leamond D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12294 | 03/13/2014 |
| 172. | Jackson, Julie Luella vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13824 | 04/02/2014 |
| 173. | Johnson, Deborah vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00091 | 01/02/2014 |
| 174. | Johnson, Katherine  vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11097 | 02/25/2014 |
| 175. | Johnson, Laverne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33635 | 12/28/2013 |
| 176. | Johnston, Tina M. & Billy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33636 | 12/28/2013 |
| 177. | Jones, Barbara A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33638 | 12/28/2013 |
| 178. | Jones, Constance vs. C. R. Bard, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12046 | 03/11/2014 |
| 179. | Jones, Norma vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-19683 | 07/12/2013 |
| 180. | Jordan, Barbara vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33669 | 12/30/2013 |
| 181. | Jordan, Cathey vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-19673 | 07/12/2013 |
| 182. | Jordan, Elvira vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30452 | 07/12/2013 |
| 183. | Justice, Saundra vs. Ethicon, Inc., et al. | Avram Blair & Associates, P.C. Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-22642 | 09/06/2013 |
| 184. | Karnes, Deborah & Donald vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13180 | 03/25/2014 |
| 185. | Keena, Diana K. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00094 | 01/02/2014 |
| 186. | Kees, Edwena & Tyrone Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12297 | 03/13/2014 |
| 187. | Kelly, Janet Christine vs. Ethicon, Inc, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12298 | 03/13/2014 |
| 188. | Kennedy, Minnie vs. Ethicon, Inc, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00097 | 01/02/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 189. | Kent, Carol & Joseph vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13188 | 03/25/2014 |
| 190. | Kent, Marci Dawn & Kent Paul vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11104 | 02/25/2014 |
| 191. | Kincel, Linda L. & David F. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11355 | 02/28/2014 |
| 192. | King, Deborah vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33674 | 12/30/2013 |
| 193. | King, Patricia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12299 | 03/13/2014 |
| 194. | Kirklin, Sheila & Charles vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33678 | 12/30/2013 |
| 195. | Kitts, MaryAnn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12971 | 03/24/2014 |
| 196. | Kopecky, Joallyn vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13503 | 03/28/2014 |
| 197. | Kowalski, Sharon & Henry vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12335 | 03/14/2014 |
| 198. | Lainhart, Geraldine vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33680 | 12/30/2013 |
| 199. | Lang, Sally & Richard Malone vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30822 | 12/03/2013 |
| 200. | Lehmann, Judy Irene & Dallas vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13441 | 03/28/2014 |
| 201. | Leonhard, Diana vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13199 | 03/25/2014 |
| 202. | Lewis, Ronna Deann & Kevin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11918 | 03/10/2014 |
| 203. | Linkous, Martha & Denzil vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33692 | 12/30/2014 |
| 204. | Livingston, Janine Lynn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33703 | 12/30/2013 |
| 205. | Livingston, Joyce vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33709 | 12/30/2013 |
| 206. | Long, Madelynn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33717 | 12/30/2013 |
| 207. | Loveless, Flora vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12047 | 03/11/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 208. | Lowe, Linda Sue & Jackie Daniel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00098 | 01/02/2014 |
| 209. | Lunasco, Andrea J. & Randall vs. Cook, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11178 | 02/26/2014 |
| 210. | Macon, Diane & Edward Wayne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30824 | 12/03/2013 |
| 211. | Marin, Ana vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30825 | 12/03/2013 |
| 212. | Mark-Jowers, Robin J. & Charles Randle vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13204 | 03/25/2014 |
| 213. | Marshall, Patricia vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30469 | 07/12/2013 |
| 214. | Martin, Mary Anne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12338 | 03/14/2014 |
| 215. | Martinelli, Marion & Wayne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05939 | 01/30/2014 |
| 216. | Martinez, Gloria vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30268 | 07/12/2013 |
| 217. | Marunich, Janie Davis & Sanfert vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12776 | 03/20/2014 |
| 218. | Mason, Michele vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00101 | 01/02/2014 |
| 219. | Mathis, Karen Lynn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30828 | 12/03/2013 |
| 220. | Mattson, Julie & William D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12540 | 03/18/2014 |
| 221. | Mayes, Brenda Sue vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33745 | 12/30/2013 |
| 222. | McBride, Cynthia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33749 | 12/30/2013 |
| 223. | McCarty, Meagan & Michael vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30830 | 12/03/2013 |
| 224. | McComb, Brenda & Joseph Allen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33751 | 12/30/2013 |
| 225. | McGinnis, Doris Ann vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13677 | 04/01/2014 |
| 226. | McMullin, Randi vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30421 | 07/12/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 227. | Melton, Martha & Minor Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33761 | 12/30/2013 |
| 228. | Mendoza, Amy C. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00106 | 01/02/2014 |
| 229. | Mercer, Brenda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13840 | 04/02/2014 |
| 230. | Meza, Argelia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30835 | 12/03/2014 |
| 231. | Miller, Joan, et al. vs. Johnson & Johnson, et al. | Girardi Keese Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-32948 | 07/12/2013 |
| 232. | Miller, Karensue M. & Lawrence L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11367 | 02/28/2014 |
| 233. | Miller, Nicole & Matthew vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13678 | 04/01/2014 |
| 234. | Miller, Teresa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33763 | 12/30/2013 |
| 235. | Mills, Angela vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13013 | 03/24/2014 |
| 236. | Mills, Donna & Dennis A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13680 | 04/01/2014 |
| 237. | Mitchell, Amanda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13249 | 03/26/2014 |
| 238. | Moffat, Charity vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13548 | 03/31/2014 |
| 239. | Mohamed, Laticia vs. American Medical Systems, Inc., et al. | Arnold & Ikin LLP Mostyn Law Firm | 2:13-cv-30414 | 07/12/2013 |
| 240. | Mohler, Teresa Lynne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13014 | 03/24/2014 |
| 241. | Montgomery, Nellie B. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30839 | 12/03/2013 |
| 242. | Moore, Kimberly Sue & Paul vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12779 | 03/20/2014 |
| 243. | Moore, Sharon K. & Clarence vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33769 | 12/30/2013 |
| 244. | Morgan, Eva vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13843 | 04/02/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|----------------------|----------------|----------------------|
| 245. | Morgan, Margarett Ann vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12780 | 03/20/2014 |
| 246. | Morris, Mary Elizabeth & Aaron Clifton vs. Boston Scientific Corporation, et al. | Danzinger & De LLanno, LLP Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12119 | 03/12/2014 |
| 247. | Morrison, Diane & Thomas vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13443 | 03/28/2014 |
| 248. | Morton, Sherrie A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05946 | 01/30/2014 |
| 249. | Moses, Megan, et al. vs. Johnson & Johnson, et al. | Girardi Keese Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-32974 | 07/12/2013 |
| 250. | Moss, Judith & William vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12349 | 03/14/2014 |
| 251. | Moss, Patricia A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12120 | 03/12/2014 |
| 252. | Mount, Rose Lee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13985 | 04/03/2014 |
| 253. | Mullins, Gwendolyn S. & Larry Dale vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31100 | 12/04/2013 |
| 254. | Murray, Belinda Hays & James vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33812 | 12/30/2013 |
| 255. | Murray, Christina Marie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33813 | 12/30/2013 |
| 256. | Myers, Judy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33817 | 12/30/2013 |
| 257. | Neal, Elena vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13250 | 03/26/2014 |
| 258. | Neer, Cheryl Lynn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13015 | 03/24/2014 |
| 259. | Nelson, Theresa J. & David vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31104 | 12/04/2013 |
| 260. | Nerio, Inocencia vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-31710 | 07/12/2013 |
| 261. | Nichols, Teresa A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33822 | 12/30/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 262. | Nicholson, Melissa vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP<br>Mostyn Law Firm | 2:13-cv-31707 | 07/12/2013 |
| 263. | Orgeron, Lucy vs. Boston Scientific Corporation, et al. | Arnold & Itkin LLP<br>Mostyn Law Firm | 2:13-cv-19745 | 07/12/2013 |
| 264. | Owen, Jerry vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-13446 | 03/28/2014 |
| 265. | Pacheco, Susan vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:13-cv-33841 | 12/30/2013 |
| 266. | Palmer, Jennifer & Wayne Douglas vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-12356 | 03/14/2014 |
| 267. | Panther, Theresa vs. American Medical Systems, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-12358 | 03/14/2014 |
| 268. | Paredes, Librada vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP<br>Mostyn Law Firm | 2:13-cv-30424 | 07/12/2013 |
| 269. | Parfitt, Lynn M. vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-00110 | 01/02/2014 |
| 270. | Parker, Glynda vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:13-cv-33844 | 12/30/2013 |
| 271. | Parra, Melissa vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-13687 | 04/01/2014 |
| 272. | Patterson, Pamela Leigh, deceased & Robert vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-12123 | 03/12/2014 |
| 273. | Payne, Carla & Wayne Larry vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-13846 | 04/02/2014 |
| 274. | Pecina, Maria vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-13448 | 03/28/2014 |
| 275. | Pellot, Crystal vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:13-cv-33851 | 12/30/2013 |
| 276. | Percey, Sandra vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:13-cv-33853 | 12/30/2013 |
| 277. | Perrin, Helen Emilia vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-11373 | 02/28/2014 |
| 278. | Peterson, Elizabeth Ann & Kenneth vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-05955 | 01/30/2014 |
| 279. | Peterson, Maria L. & George Wesley vs. Ethicon, Inc., et al. | Mostyn Law Firm<br>Arnold & Itkin LLP | 2:14-cv-13848 | 04/02/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 280. | Pinnell, Maxine F. & Charles S. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11936 | 03/10/2014 |
| 281. | Pittman, Idella vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33870 | 12/30/2013 |
| 282. | Pizzolato, Sara Jane & Sherel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13690 | 04/01/2014 |
| 283. | Plant, Kathy Sue vs. Ethicon, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-20783 | 07/12/2013 |
| 284. | Pollino, Carol vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14002 | 04/03/2014 |
| 285. | Porter, Stacy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33877 | 12/30/2013 |
| 286. | Potter, Jacqueline Davis & Isaac vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-32810 | 12/20/2013 |
| 287. | Pottier, Sharon & Gerald vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33880 | 12/30/2013 |
| 288. | Proulx, Mary vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12552 | 03/18/2014 |
| 289. | Puckett, Shawn & Christopher vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33886 | 12/30/2013 |
| 290. | Puffinburger, Teresa Jean & Daniel Reed vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12796 | 03/20/2014 |
| 291. | Pugh, Barbara & Hix Young, Jr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30850 | 12/03/2013 |
| 292. | Pullen, Joe Anna vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11375 | 02/28/2014 |
| 293. | Putnam, Renee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13611 | 03/31/2014 |
| 294. | Quinones, Sonia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13694 | 04/01/2014 |
| 295. | Randolph, Elizabeth vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14004 | 04/03/2014 |
| 296. | Ratcliff, Kimberly vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13453 | 03/28/2014 |
| 297. | Reagan, Felicia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13552 | 03/31/2014 |
| 298. | Reed, Laura vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11225 | 02/26/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 299. | Renninger, Laurie & James vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11377 | 02/28/2014 |
| 300. | Renteria, Eva vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12368 | 03/14/2014 |
| 301. | Richard, Annette vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12370 | 03/14/2014 |
| 302. | Ricketti, Catherine vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14006 | 04/03/2014 |
| 303. | Rivera, Ramona vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13562 | 03/31/2014 |
| 304. | Robertson, Barbara Karen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13567 | 03/31/2014 |
| 305. | Robinette, Teresa, on behalf of Margaret Giles, deceased vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12798 | 03/20/2014 |
| 306. | Robson, Mary vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33901 | 12/30/2013 |
| 307. | Roddy, Lois Marie & Joseph Samuel vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11959 | 06/10/2014 |
| 308. | Roden, Joyce vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30857 | 12/03/2013 |
| 309. | Rogers, Melissa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33903 | 12/30/2013 |
| 310. | Ross, Martha vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14012 | 04/03/2014 |
| 311. | Rounds, Betty vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12371 | 03/14/2014 |
| 312. | Rowland, Barbara S. & David Wayne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05958 | 01/30/2014 |
| 313. | Royce, Linda Marie & Gary A., Sr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33904 | 12/30/2013 |
| 314. | Ruffino, Madeline vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12800 | 03/20/2014 |
| 315. | Ruiz, Pamela, et al. vs. Johnson & Johnson, et al. | Girardi Keese Arnold & Itkin LLP Mostyn Law Firm | 2:14-cv-00583 | 07/12/2013 |
| 316. | Rush, Arlene vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33907 | 12/30/2013 |
| 317. | Russell, Marian vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33909 | 12/30/2013 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 318. | Sanders, Gloria vs. Boston Scientific Corporation, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33916 | 12/30/2013 |
| 319. | Santa, Luz C. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11380 | 02/28/2014 |
| 320. | Schenk, Naomi vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13030 | 03/24/2014 |
| 321. | Schmidt, Heather L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33922 | 12/30/2013 |
| 322. | Schmidt, Jo vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12803 | 03/20/2014 |
| 323. | Schmutzler, Cathy Faye vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12805 | 03/20/2014 |
| 324. | Scott, Beatrice vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-31683 | 12/09/2013 |
| 325. | Scott, Edith J. & Tom vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33923 | 12/30/2013 |
| 326. | Selden, Elva & Brian vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33932 | 12/30/2013 |
| 327. | Sellers, Betty J. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13455 | 03/28/2014 |
| 328. | Sellers, Regina T. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05964 | 01/30/2014 |
| 329. | Seratt, Sharon E. vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33934 | 12/30/2013 |
| 330. | Sherwood, Joyce A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13700 | 04/01/2014 |
| 331. | Sherwood, Leticia vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-30448 | 07/12/2013 |
| 332. | Shomo, Linda G. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13042 | 03/24/2014 |
| 333. | Sidak, Colleen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33942 | 12/30/2013 |
| 334. | Silcox, Linda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30864 | 12/03/2013 |
| 335. | Silvers, Jennifer Lynn & John Blackwell, Jr. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33945 | 12/30/2013 |
| 336. | Siman, Natalie Joy & John O'Connel vs. Ethicon, Inc., et | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13857 | 04/02/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| | al. | | | |
| 337. | Simon, Elsie & Benjamin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33946 | 12/31/2013 |
| 338. | Siple, Lois & Russell J. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33948 | 12/31/2013 |
| 339. | Slamen, Darlene M. & Nerbert A. vs. American Medical Systems, et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05975 | 01/30/2014 |
| 340. | Smith, Alyce A. & Billy C. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30868 | 12/03/2013 |
| 341. | Smith, Anita Marie & Larry vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13044 | 03/24/2014 |
| 342. | Smith, Cathy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33950 | 12/31/2013 |
| 343. | Smith, Christina S. & John R. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33956 | 12/31/2013 |
| 344. | Smith, Josephine C. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13456 | 03/28/2014 |
| 345. | Smith, Mary Lynne vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14022 | 04/03/2014 |
| 346. | Smith, Mattie & Marvin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11961 | 03/10/2014 |
| 347. | Smith, Sandra & Roger vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33961 | 12/31/2013 |
| 348. | Smith, Sherrie P. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33962 | 12/31/2013 |
| 349. | Smythe, Laurie Marie vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13702 | 04/01/2014 |
| 350. | Snyder, Lisa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00114 | 01/02/2014 |
| 351. | Soto, Irma vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30873 | 12/03/2013 |
| 352. | Spitler, Renee vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11383 | 02/28/2014 |
| 353. | St. Clair, Peggy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12811 | 03/20/2014 |
| 354. | Steffen, Debra vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13578 | 03/31/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 355. | Stemper, Darlene vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12485 | 03/17/2014 |
| 356. | Stokes, Linda Joyce vs. Ethicon, Inc., et al. | Danzinger & De LLanno, LLP Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-19070 | 07/11/2013 |
| 357. | Stratton, Tina M. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13046 | 03/24/2014 |
| 358. | Sullivan, Maureen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12668 | 03/19/2014 |
| 359. | Swindal, Eleanor A. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12147 | 03/12/2014 |
| 360. | Taylor, Sandra & David E. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-14026 | 04/03/2014 |
| 361. | Teller, Robbin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12817 | 03/20/2014 |
| 362. | Thalblum, Sabrina & Todd vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11229 | 02/26/2014 |
| 363. | Thomas, Andrea D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12670 | 03/19/2014 |
| 364. | Thompson, Tracie L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13047 | 03/24/2014 |
| 365. | Tierce, Becky vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12155 | 03/12/2014 |
| 366. | Trewyn, Catherine L. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11967 | 03/10/2014 |
| 367. | Troha, Julanne K. & John M. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-05991 | 01/30/2014 |
| 368. | Truitt, Althea vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12379 | 03/14/2014 |
| 369. | Turner, Evelyn B. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12380 | 03/14/2014 |
| 370. | Tye, Beverly & Reuben vs. American Medical Systems, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33989 | 12/31/2013 |
| 371. | Urias, Norma & Lazaro vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13892 | 04/03/2014 |
| 372. | Valentine, Marisa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13288 | 03/26/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|-----|-----------|---------------------|----------------|----------------------|
| 373. | Van Heest, Jacquelyn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13705 | 04/01/2014 |
| 374. | Vaughan, Karen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33992 | 12/31/2013 |
| 375. | Vaughn, Martha & Dale vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11392 | 02/28/2014 |
| 376. | Vazquez, Imelda & Oscar vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12675 | 03/19/2014 |
| 377. | Vega, Guadalupe vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-26424 | 07/12/2013 |
| 378. | Ventura-Parris, Rosemary vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12381 | 03/14/2014 |
| 379. | Vinson, Donna vs. American Medical Systems, Inc., et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-19681 | 07/12/2013 |
| 380. | Wacker, Emily vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33996 | 12/31/2013 |
| 381. | Waite, Lisa vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11388 | 02/28/2014 |
| 382. | Walker, Christine E. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-33999 | 12/31/2013 |
| 383. | Wallace, Lee Anna vs. C. R. Bard, Inc. et al. | Arnold & Itkin LLP Mostyn Law Firm | 2:13-cv-19690 | 07/12/2013 |
| 384. | Walters, Susan vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12488 | 03/17/2014 |
| 385. | Wamsley, Janis vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13893 | 04/03/2014 |
| 386. | Warren, Victoria Ann vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12680 | 03/19/2014 |
| 387. | Washington, Deborah vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-34003 | 12/31/2013 |
| 388. | Watkins, DeAnn & Marshall vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12382 | 03/14/2014 |
| 389. | Weeks, Carolyn Patricia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-34006 | 12/31/2013 |
| 390. | Weems, Brenda K. & Elbert Franklin vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30886 | 12/03/2013 |
| 391. | Weisheit, Donna Michele vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12820 | 03/20/2014 |

**Counsel for Plaintiffs' Pending Suits in Pelvic Mesh MDLs Where Ethicon LLC is Named**

| No. | Case name | Plaintiff(s) Counsel | MDL Member No. | Complaint Filing Date |
|---|---|---|---|---|
| 392. | Weiss, Tamera & Tim vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12823 | 03/20/2014 |
| 393. | Westfall, Carol H. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13053 | 03/24/2014 |
| 394. | Westjohn, Karin Edith & Edward vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13897 | 04/03/2014 |
| 395. | White, Joyce & Orville Pollard vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-34008 | 12/31/2013 |
| 396. | White, Sandra vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12491 | 03/17/2014 |
| 397. | Whiting, Helen vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12492 | 03/17/2014 |
| 398. | Wilborn, Evelyn D. vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11232 | 02/26/2014 |
| 399. | Williams, Cynthia vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-06006 | 01/30/2014 |
| 400. | Williamson, Shanna & Robert vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-12494 | 03/17/2014 |
| 401. | Wilson, Barbara vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13298 | 03/26/2014 |
| 402. | Wilson, Florence vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-13299 | 03/26/2014 |
| 403. | Wilson, Gloria & Henry Leroy vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-11390 | 02/28/2014 |
| 404. | Winzer, Linda vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-34021 | 12/31/2013 |
| 405. | Young, Bonnie Ilene & James vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:13-cv-30890 | 12/03/2013 |
| 406. | Zambrana, Evelyn vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00123 | 01/02/2014 |
| 407. | Zimmerman, Sandra vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-00125 | 01/02/2014 |
| 408. | Zuker, Cheryl vs. Ethicon, Inc., et al. | Mostyn Law Firm Arnold & Itkin LLP | 2:14-cv-06010 | 01/30/2014 |

27004715v1

# EXHIBIT G

**Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|----|-----------|------------------|-------|------------------------|
| 1. | Abalos, Yolanda, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10091 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 2. | Adamczyk, Kim, et al. vs. American Medical Systems, Inc., et al. | 1322-CC08861 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2013 |
| 3. | Adams, Kathleen, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10123 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 4. | Adams, Terry, et al. vs. American Medical Systems, Inc., et al. | 1422-CC09155 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/11/2014 |
| 5. | Alaniz, Amparo, et al. vs. Boston Scientific Corporation, et al. | 1422-CC09173 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2014 |
| 6. | Alfermann, Lisa, et al. vs. Ethicon, Inc. et al. | 15AB-CC0142 | Franklin County Circuit Court, Missouri | 07/07/2015 |
| 7. | Al-Hussain, Andrea, et al. vs. Johnson & Johnson, et al. | 1522-CC10113 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 8. | Amdahl, Patricia, et al. vs. Boston Scientific Corporation, et al. | MICV2013-04575 | Middlesex County Superior Court, Commonwealth of Massachusetts | 10/21/2013 |
| 9. | Anderson, Elaine, et al. vs. Caldera Medical, Inc., et al. | BC511160 | Los Angeles County Superior Court, California | 06/05/2013 |
| 10. | Atkinson, Dorothy, et al. vs. American Medical Systems, Inc., et al. | 1422-CC09171 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2014 |
| 11. | Baeder, Karen, et al. vs. Boston Scientific Corporation, et al. | 1422-CC09172 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2014 |
| 12. | Bales, Sarah et al. vs. American Medical Systems, Inc., et al. | 1422-CC09170 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2014 |
| 13. | Ball, Kathryn, et al. vs. American Medical Systems, Inc., et al. | 1422-CC09164 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/11/2014 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|---|---|---|---|---|
| 14. | Ballew, Shelby, et al. vs. American Medical Systems, Inc., et al. | BC506341 | Los Angeles County Superior Court, California | 04/18/2013 |
| 15. | Berling, Betty L., et al. vs. Boston Scientific Corporation, et al. | MICV2014-06406 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2014 |
| 16. | Blackwell, Jackie vs. Boston Scientific Corporation, et al. | MICV2014-06468 | Middlesex County Superior Court, Commonwealth of Massachusetts | 02/28/2014 |
| 17. | Bordelon, Shirley vs. Boston Scientific Corporation, et al. | MICV2014-00860 | Middlesex County Superior Court, Commonwealth of Massachusetts | 2/28/2014<br><br>04/11/2014 - Amended Complaint filed adding Ethicon LLC as a defendant |
| 18. | Boyden, Carolyn, et al. vs. Caldera Medical, Inc., et al. | BC516813 | Los Angeles County Superior Court, California | 07/31/2013 |
| 19. | Boyster, Sheila, et al. vs. Caldera Medical, Inc, et al. | BC514782 | Los Angeles County Superior Court, California | 07/11/2013 |
| 20. | Brawley, Kathy Jo, et al. vs. Johnson & Johnson, et al. | 1522-CC10111 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 21. | Breedlove, Dawn vs. Boston Scientific Corporation, et al. | MICV2012-04053 | Middlesex County Superior Court, Commonwealth of Massachusetts | 10/11/2012 |
| 22. | Brooks, Linda, et al. vs. Boston Scientific Corporation, et al. | MICV2013-01240 | Middlesex County Superior Court, Commonwealth of Massachusetts | 04/10/2013 |
| 23. | Bushey-Lambert, Nancy J., et al. vs. Boston Scientific Corporation, et al. | MICV2014-06199 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/01/2014 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|---|---|---|---|---|
| 24. | Campos, Cristina, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10106 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 25. | Desurne, Ruby vs. Johnson & Johnson, et al. | 13-CI-1034 | Laurel County Circuit Court, Commonwealth of Kentucky, Division II | 12/20/2013 |
| 26. | Dotson, Phyllis, et al. vs. Johnson & Johnson, et al. | 1522-CC10110 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 27. | Downing, Angela vs. Boston Scientific Corporation, et al. | 14-CA-007210 | Thirteen Judicial Circuit Court, Hillsborough County, Florida | 09/05/2014 |
| 28. | Dunbar, Belinda, et al. vs. Caldera Medical, Inc., et al. | BC514998 | Los Angeles County Superior Court, California | 07/12/2013 |
| 29. | Esardai, Neermattie, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10094 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 30. | Fulghum, Jane, et al. vs. American Medical Systems, Inc., et al. | N13C-07-186PEL | New Castle County Superior Court, Delaware | 07/11/2013 |
| 31. | Furminger, Sharon vs. Boston Scientific Corporation, et al. | 8042992014 | Erie County Supreme Court, New York | 04/25/2014 |
| 32. | Gaddo, Mary Ellen, et al. vs. Caldera Medical, Inc., et al. | BC507042 | Los Angeles County Superior Court, California | 05/25/2013 |
| 33. | Gamboa, Armida, et al. vs. Caldera Medical, Inc, et al. | BC514734 | Los Angeles County Superior Court, California | 07/11/2013 |
| 34. | Garrad, Kathy Jolley vs. Boston Scientific Corporation, et al. | MICV2013-03652 | Middlesex County Superior Court, Commonwealth of Massachusetts | 08/15/2013 |
| 35. | Garrett, Cheryl G., et al. vs. Boston Scientific Corporation, et al. | MICV2014-00408 | Middlesex County Superior Court, Commonwealth of Massachusetts | 01/29/2014 |
| 36. | Graham, Judith A. vs. American Medical Systems, Inc., et al. | BC515153 | Los Angeles County Superior Court, California | 07/12/2013 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|---|---|---|---|---|
| 37. | Gugel, Pamela, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10093 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 38. | Gutierrez, Wanda, et al. vs. Ethicon, Inc., et al. | 14SL-CC00101 | Twentieth Judicial Circuit Court, St. Louis County, Missouri | 03/05/2015 |
| 39. | Hall, Deborah Lee vs. Coviden, Inc., et al. | MICV2013-03116 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/12/2013 |
| 40. | Hassenstein, Christina, et al. vs. American Medical Systems, Inc., et al. | N12C-08-093 PEL | New Castle County Superior Court, Delaware | 07/11/2013 |
| 41. | Hilderbrand, Patricia Ann, et al. vs. Boston Scientific Corporation, et al. | S-1500-CV-280401DRL | Kern County Superior Court, California | 10/01/2013 |
| 42. | Hillmann, Teri vs. Johnson & Johnson, et al | None Specified | Hennepin County, Fourth Judicial District Court, Minnesota | 01/28/2014 |
| 43. | Huber, Darla Jean, et al. vs. Boston Scientific Corporation, et al. | MICV2014-04443 | Middlesex County Superior Court, Commonwealth of Massachusetts | 04/28/2014 |
| 44. | Johnson, Marcia vs. American Medical Systems, Inc., et al. | None Specified | Hennepin County, Fourth Judicial District Court, Minnesota | 06/27/2014 |
| 45. | Johnson, Melissa, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10097 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 46. | Karn, Margo, et al. vs. Caldera Medical, Inc, et al. | BC513609 | Los Angeles County Superior Court, California | 06/27/2013 |
| 47. | Kirchner, Amber, et al. vs. American Medical Systems, Inc., et al. | 1322-CC08860 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2013 |
| 48. | Kirwan, Susan D. vs. Boston Scientific Corporation, et al. | MICV2013-04945 | Middlesex County Superior Court, Commonwealth of Massachusetts | 11/13/2013 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|---|---|---|---|---|
| 49. | Lacayo, Berta, et al. vs. Boston Scientific Corporation, et al. | MICV2013-03011 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2013 |
| 50. | Lannan, Jara, et al. vs. Johnson & Johnson, et al. | 1522-CC10098 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 51. | Lavender, Amy, et al. vs. Boston Scientific Corporation, et al. | MICV2013-03028 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2013 |
| 52. | Lewis, Leslie Sheron, et al. vs. Boston Scientific Corporation, et al. | MICV2013-02959 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/09/2013 |
| 53. | May, Faye, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10105 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 54. | Neohoriti, Penelope vs. Boston Scientific Corporation, et al. | MICV2014-06238 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/02/2014 |
| 55. | Newton, Kathy D. vs. Boston Scientific Corporation, et al. | MICV2013-03013 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2013 |
| 56. | Owens, Verena, et al. vs. Boston Scientific Corporation, et al. | MICV2011-02734 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/28/2013 |
| 57. | Passmore, Cynthia, et al. vs. Caldera Medical, Inc, et al. | BC509650 | Los Angeles County Superior Court, California | 05/22/2013 |
| 58. | Pedone, Anna, et al. vs. Boston Scientific Corporation, et al. | MICV2013-2958 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/09/2013 |
| 59. | Pendelton, Shelleye, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10102 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 60. | Pendleton, Kaylan vs. American Medical Systems, Inc., et al. | BC500386 | Los Angeles County Superior Court, California | 02/04/2013 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|----|-----------|------------------|-------|------------------------|
| 61. | Picardi, Linda M., et al. vs. Coviden, Inc., et al. | MICV2013-03118 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/12/2013 |
| 62. | Ramirez, Brenda, et al. vs. Caldera Medical, Inc, et al. | BC514783 | Los Angeles County Superior Court, California | 07/11/2013 |
| 63. | Rasnake, Lynn H., et al. vs. Boston Scientific Corporation, et al. | MICV2012-04480 | Middlesex County Superior Court, Commonwealth of Massachusetts | 11/14/2012 |
| 64. | Ray, Kim, et al. vs. Johnson & Johnson, et al. | 1522-CC10112 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 65. | Rivas, Christal Renee, et al. vs. Boston Scientific Corporation, et al. | MICV2013-02752 | Middlesex County Superior Court, Commonwealth of Massachusetts | 6/28/2013  09/28/2013 - Amended Complaint adds Ethicon LLC as a defendant. |
| 66. | Rivera, Catherine, et al. vs. Caldera Medical, Inc, et al. | BC514632 | Los Angeles County Superior Court, California | |
| 67. | Rogers, Juanita, et al. vs. Johnson & Johnson, et al. | 1522-CC10108 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 68. | Roney, Ramona vs. American Medical Systems, Inc., et al. | None Specified | Hennepin County, Fourth Judicial District Court, Minnesota | 06/27/2014 |
| 69. | Russell, Linda, et al. vs. Boston Scientific Corporation, et al. | MICV2012-03565 | Middlesex County Superior Court, Commonwealth of Massachusetts | 06/24/2014 |
| 70. | Russell, Virginia Diane, et al. vs. Boston Scientific Corporation, et al. | MICV2013-03031 | Middlesex County Superior Court, Commonwealth of Massachusetts | 08/30/2013 - Amended Complaint adds Ethicon LLC as a defendant. |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|---|---|---|---|---|
| 71. | Schwab, Leona, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10107 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 72. | Sell, Susan, et al. vs. American Medical Systems, Inc., et al. | None Specified | Hennepin County, Fourth Judicial District Court, Minnesota | 01/23/2014 |
| 73. | Sellars, Holly J., et al. vs. Boston Scientific Corporation, et al. | MICV2013-01040 | Middlesex County Superior Court, Commonwealth of Massachusetts | 06/03/2013 |
| 74. | Shook, Doris I., et al. vs. Boston Scientific Corporation, et al. | MICV2013-03015 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2013 |
| 75. | Simmons, Leslie, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10118 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 76. | Smith, Mary, et al. vs. Boston Scientific Corporation, et al. | MICV2012-03753 | Middlesex County Superior Court, Commonwealth of Massachusetts | 09/20/2012 |
| 77. | Stella, Judith R. vs. Boston Scientific Corporation, et al. | MICV2013-04350 | Middlesex County Superior Court, Commonwealth of Massachusetts | 10/07/2013 |
| 78. | Summers, Rebbecca, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10092 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2015 |
| 79. | Swanson, Brenda, et al. vs. American Medical Systems, Inc., et al. | 1322-CC08866 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/12/2013 |
| 80. | Sweers, Juanita, et al. vs. Boston Scientific Corporation, et al. | MICV2014-04316 | Middlesex County Superior Court, Commonwealth of Massachusetts | 04/18/2014 |
| 81. | Talbott, Debra vs. Boston Scientific Corporation, et al. | MICV2013-04107 | Middlesex County Superior Court, Commonwealth of Massachusetts | 09/19/2013 |
| 82. | Taylor, Joan P. vs. Boston Scientific Corporation, et al. | MICV2014-07191 | Middlesex County Superior Court, Commonwealth of Massachusetts | 08/23/2014 |

**Counsel For Plaintiffs' Pending State Court Suits Where Ethicon LLC Is Named**

| No | Case name | Civil Action No. | Court | Complaint / Docket No. |
|----|-----------|------------------|-------|------------------------|
| 83. | Wagner-Lewellen, Tamatha vs. Boston Scientific Corporation, et al. | MICV2014-06505 | Middlesex County Superior Court, Commonwealth of Massachusetts | 07/11/2014 |
| 84. | Weigt, Anne K., et al. vs. Boston Scientific Corporation, et al. | MICV2014-06885 | Middlesex County Superior Court, Commonwealth of Massachusetts | 08/06/2014 |
| 85. | Wilson, Naomi, et al. vs. American Medical Systems, Inc., et al. | 1522-CC10114 | Twenty-Second Judicial Circuit Court, St. Louis City, Missouri | 07/13/2015 |
| 86. | Zulkosky, Kathleen vs. American Medical Systems, Inc., et al. | None Specified | Hennepin County, Fourth Judicial District Court, Minnesota | 07/10/2013 |

27003929v1

8

# EXHIBIT H

**Multi-Plaintiff Cases Filed by Plaintiffs' Counsel Outside California, Transferred to MDL, and Severed**

| Case | State | Civil Action # | Mdl# | Plaintiff Counsel |
|---|---|---|---|---|
| Blackman, Lynnette, et al. | Indiana | 1:11-cv-00143 | 2:13cv32920 | Girardi Keese |
| Torres, Felicita, et al. | New Mexico | 1:14-cv-00743 | 2:14cv29741 | Arnold & Itkin Mostyn Law Firm |
| Bates, Dana, et al. | Tennessee | 2:12-cv-03939 | 2:12cv03939 | Girardi Keese |
| Birchfield, Shelia, et al. | Tennessee | 2:12-cv-05053 | 2:12cv05053 | Girardi Keese |
| Catton, Irma, et al. | Texas | 2:13-cv-00367 | 2:13cv30409 | Arnold & Itkin Mostyn Law Firm |
| Crawson-Clifford, Mary, et al. | Texas | 3:13-cv-00359 | 2:13cv30475 | Arnold & Itkin Mostyn Law Firm |
| Davila, Rebecca, et al. | Texas | 2:13-cv-00365 | 2:13cv30406 | Arnold & Itkin Mostyn Law Firm |
| Flores, Yolanda, et al. | Texas | 7:13-cv-00621 | 2:13cv30425 | Arnold & Itkin Mostyn Law Firm |
| Gibson, Loretta, et al. | Texas | 3:13-cv-04408 | 2:13cv28986 | Arnold & Itkin Mostyn Law Firm |
| Gonzalez, Norma, et al. | Texas | 3:13-cv-00356 | 2:13cv30256 | Arnold & Itkin Mostyn Law Firm |
| Gonzalez, Raquel, et al. | Texas | 7:13-cv-00457 | 2:13cv24797 | Arnold & Itkin Mostyn Law Firm |
| Gutierrez, San Juana, et al. | Texas | 3:13-cv-00358 | 2:13cv30461 | Arnold & Itkin Mostyn Law Firm |
| Jordan, Elvira, et al. | Texas | 3:13-cv-00362 | 2:13cv30452 | Arnold & Itkin Mostyn Law Firm |
| Lozano, Maria Del Rosario, et al. | Texas | 1:13-cv-00218 | 2:13cv30405 | Arnold & Itkin Mostyn Law Firm |
| Marshall, Patricia, et al. | Texas | 3:13-cv-00360 | 2:13cv30469 | Arnold & Itkin Mostyn Law Firm |
| Martinez, Gloria, et al. | Texas | 3:13-cv-00357 | 2:13cv30268 | Arnold & Itkin Mostyn Law Firm |
| McMullin, Randi, et al. | Texas | 2:13-cv-00369 | 2:13cv30421 | Arnold & Itkin Mostyn Law Firm |
| Mohamed, Laticia, et al. | Texas | 2:13-cv-00368 | 2:13cv30414 | Arnold & Itkin Mostyn Law Firm |

**Multi-Plaintiff Cases Filed by Plaintiffs' Counsel Outside California, Transferred to MDL, and Severed**

| | | | | |
|---|---|---|---|---|
| Nerio, Inocencia, et al. | Texas | 2:13-cv-00373 | 2:13cv31710 | Arnold & Itkin Mostyn Law Firm |
| Nicholson, Melissa, et al. | Texas | 2:13-cv-00372 | 2:13cv31707 | Arnold & Itkin Mostyn Law Firm |
| Paredes, Librada, et al. | Texas | 4:13-cv-03311 | 2:13cv30424 | Arnold & Itkin Mostyn Law Firm |
| Robledo, Lydia, et al. | Texas | 2:13-cv-00370 | 2:13cv30422 | Arnold & Itkin Mostyn Law Firm |
| Sherwood, Leticia, et al. | Texas | 3:13-cv-00361 | 2:13cv30448 | Arnold & Itkin Mostyn Law Firm |
| Trevino, Alicia, et al. | Texas | 3:13-cv-00352 | 2:13cv30226 | Arnold & Itkin Mostyn Law Firm |
| Vega, Guadalupe, et al. | Texas | 2:13-cv-00274 | 2:13cv26424 | Arnold & Itkin Mostyn Law Firm |