Paul R. Kiesel, SBN. 119854
kiesel@kiesel-law.com
Helen Zukin, SBN 117933
zukin@kiesel-law.com
Melanie Meneses, SBN 286752
palmer@kiesel-law.com
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA  90211
Tel:   310-854-4444
Fax:   310-854-0812
**Attorneys for Plaintiffs**

**[Additional Attorneys Listed on Signature Page]**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| REGINA WEST,<br><br>                    *Plaintiff*,<br><br>vs.<br><br>JOHNSON & JOHNSON, et al,<br><br>                    *Defendants*. | ) Case No. 2:15-cv-05392-JGB-SP<br>) [Assigned to Hon. Jesus G. Bernal]<br>)<br>) **PLAINTIFF'S RESPONSE IN**<br>) **OPPOSITION TO DEFENDANT'S**<br>) **MOTION TO STAY PENDING A**<br>) **TRANSFER BY THE JUDICIAL**<br>) **PANEL ON MULTIDISTRICT**<br>) **LITIGATION**<br>)<br>) [Filed concurrently with Proposed Order]<br>)<br>) DATE:        August 24, 2015<br>) TIME:        9:00 a.m.<br>) CTRM:       1<br>) JUDGE:     Hon. Jesus G. Bernal<br>) |

# <u>TABLE OF CONTENTS</u>

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................... 1

**I.**  **Introduction** ................................................................. 2

**II.**  **Factual Background and Procedural History** ........................... 3

**III.**  **Arguments and Authorities** ........................................... 7

A. The Court should deny Ethicon's motion to stay, and instead, decide the simple issues presented by Plaintiff's motion to remand ........................................................... 7

B. Judge Anderson has already remanded five identical and related cases ................................................................ 12

C. A stay would significantly prejudice Plaintiff ........................ 12

D. Ethicon will not be prejudiced by litigating in this forum ....... 13

E. Numerous California courts have rejected identical requests to stay pending transfer to the MDL .......................... 14

**IV.**  **Conclusion** ................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases:</u>**

*Bell v. Prudential Ins. Co.*,
    1997 WL 33708408 (S.D. Miss. 1997) ......................................... 14

*Craft v. United Ins. Co. of America*,
    2002 WL 32509283 (S.D. Miss. Jan. 17, 2002) .......................... 14

*Conroy v. Fresh Del Monte Produce, Inc.*,
    325 F.Supp.2d 1049 (N.D.Cal.2004) .......................................... 9

Gaus v. Miles, Inc.,
    980 F.2d 564 (9th Cir.1992) ........................................................ 7

*Gen. Atomic Co. v. United Nuclear Corp.*,
    655 F.2d 968 (9th Cir. 1981) ....................................................... 8

*Goodwin v. Kojian*,
    2013 WL 1528966 (C.D. Cal. Apr. 12, 2013) ............................ 15, 16

*In re Four Seasons Sec. Laws Litig*,
    362 F. Supp. 574 (J.P.M.L. 1973) ............................................... 10

*Kohl v. American Home Products Corp*.,
    78 F.Supp. 2d 885 (W.D. Ark. 1999) .......................................... 11

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ..................................................................... 8

*Lopez v. Pfeffer*,
    No. 13–cv–03341 NC,
    2013 WL 5367723 (N.D.Cal. Sept. 25, 2013) ............................ 13

*Mansfield, C. & L.M.R. Co. v. Swan*
    111 U.S. 379 (1884) ..................................................................... 7

Marble v. Organon USA, Inc.,
    No. C 12–02213 WHA,
    2012 WL 2237271 (N.D. Cal. June 15, 2012) ............................ 13

*Moton v. Bayer Corp.*.
    2005 WL 1653731 (S.D. Ala. July 8, 2005) ................................ 14

*Perry v. Luu,* Case No.
    C13–729–AWI–JLT,
    2013 WL 3354446 (C.D.Cal. July 3, 2013) .................................. 15, 16

*Petersen v. Bank of America Corp.*
    232 Cal.App.4th 238 (2014) ........................................................ 5

*Potter v. Hughes*,
    546 F.3d 1051 (9th Cir. 2008) ..................................................... 8

*Ramirez v. Our Lady of Lourdes Hosp. at Pasco,*
    No. 2:13-CV-01108-RSM,
    2013 WL 5373213 (W.D. Wash. Sept. 25, 2013) ....................... 9

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997).............................................. 8

*Smith v. Mail Boxes, Etc.*,
    191 F. Supp. 2d 1155, 1157 (E.D. Ca1.2002) ............................ 9

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998)...................................................................... 7

*Stone v. Baxter Intern., Inc.*,
    2009 WL 236116 (D. Neb. Jan. 30, 2009) .................................. 11

*T.F., et al. v. Pfizer, Inc.*,
    2012 WL 3000229 (E.D. Mo. July 23, 2012)............................. 10, 11, 14

*Tortola Rest., L.P. v. Kimberly-Clark Corp.*,
    987 F. Supp. 1186 (N.D. Cal. 1997)............................................ 9

**<u>Statutes</u>:**

California Code of Civil Procedure § 378 ............................................ 5

United States Judicial Panel on Multidistrict Litigation Rule 2.1(d) ..... 9

**Other Sources:**

MANUAL FOR COMPLEX LITIGATION (4th ed.), § 20.131 .......... 8

Resnick, R., *Aggregation, Settlement and Dismay,*
    80 CORNELL L. REV. 918 (1995)............................................... 13

Wilson, G., et al., *The Future Product Liability In America*,
    27 WILLIAM MITCHELL L. REV. 85 (2000)........................... 12

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff files this, her Response in Opposition to Defendant Ethicon, LLC's ("Ethicon") Motion to Stay Pending a Transfer by the Judicial Panel on Multidistrict Litigation ("JPML") and would show the Court as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      INTRODUCTION

Ethicon's persistent efforts to delay this litigation through serial, fraudulent removals must be deterred once and for all.  Its current motion to stay this action is yet another maneuver to delay Plaintiff's right to continue to have her case litigated in California state court where it was filed December 30, 2013.  The Court should deny Ethicon's motion to stay and remand this case on an expedited basis because Ethicon's removal was untimely and this Court does not have subject-matter jurisdiction. *See* Doc. 14 (Plaintiff's Motion to Remand).

Notably, the Honorable Judge Bernal remanded this case the first time Ethicon improperly removed it, and he denied Ethicon's virtually identical request to stay at that time.  *See* Declaration of Mark Sparks ("Sparks Decl."); Ex. 1 (Order Granting Plaintiffs' Motion to Remand, Hon. J. Jesus G. Bernal, March 12, 2014).  This time, the analysis before the Court is even simpler.  In fact, at least five of the severed claims that were removed by Ethicon in conjunction with this case have already been remanded, *sua sponte*, by the Honorable Percy Anderson in well-reasoned and legally sound

remand orders.  *See* Sparks Decl.; Ex. 2 (Remand Orders in *Buchanan v. Johnson & Johnson, et al.*, 2:15-cv-05315-PA (AGR); *Carmona v. Johnson & Johnson, et al.*, 2:15-cv-05317-PA (E); *Orsi v. Johnson & Johnson, et al.*, 2:15-cv-05371-PA (GJS); *Robinson v. Johnson & Johnson, et al.*, 2:15-cv-05382-PA (FFM); *Skelton v. Johnson & Johnson, et al.*, 2:15-cv-05385-PA (E)).

    As Plaintiff points out in her Motion to Remand and Judge Anderson repeatedly recognized in his five, respective remand orders, Ethicon's instant removal is improper in numerous facets: (1) it is procedurally and substantively defective, (2) fraudulent, and (3) untimely. *See* Doc. 14 (Plaintiff's Motion to Remand); *see also* Sparks Decl.; Ex. 2.  Plaintiff respectfully submits that her claims (which were joined to the claims of the five Plaintiffs subject to Judge Anderson's recent remand orders) should likewise be immediately remanded on the same grounds.  *See id.*  Moreover, the requested stay would severely prejudice the Plaintiff, waste significant judicial resources, and create an incentive for Ethicon and other similarly situated defendants to fraudulently remove cases in a calculated effort to delay their resolution in an appropriate forum.  As such, this Court should deny the stay (as Judge Bernal did the first time), address the simple issues presented in Plaintiff's motion to remand on an expedited basis (as Judge Bernal did the first time), and return this case to state court (as Judge Bernal did the first time).

## II.    <u>Factual Background and Procedural History</u>

On December 30, 2013, sixty-seven women who suffered from pelvic organ prolapse and/or stress urinary incontinence, and had been vaginally implanted with transvaginal mesh designed, manufactured, tested, marketed, and sold by Defendant Ethicon, Inc. ("Ethicon"), joined together to file suit. *See* Sparks Decl.; Ex. 3 (Plaintiffs' Original Complaint at ¶¶91-97, 105-131).

Plaintiff is one of these sixty-seven injured women who collectively filed their state court action more than eighteen months ago in December 2013. *See id.* Despite a clear lack of diversity, Ethicon improperly removed this case for the first time on February 6, **2014**. In its removal papers, Ethicon alleged that Plaintiffs were "fraudulently misjoined," despite the fact that Ethicon and its counsel knew the "fraudulent misjoinder" doctrine had never been adopted by the Ninth Circuit or this District, and despite the fact that at least five prior attempts to remove identically structured and pleaded transvaginal mesh cases pending in Los Angeles Superior Court had been rejected by this District in the weeks and months **prior** to Ethicon's removal. *See* Doc. 14-3, at p. 198 (Remand Orders: *Muller, et al. v. American Medical Systems*, et al., 2:13-cv-06276 PA (RZ); *Howe, et al. v. Coloplast Corp.*, et al., 2:13-cv-06344 GHK (PLA); *Dekalb, et al. v. C.R. Bard, et al.*, 2:13-cv-06308 DMG (PJW); *Mauck, et al. v. Boston Scientific Corp, et al.,* 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston Scientific Corp., et al.*, 2:13-cv-06321 BRO (AJW)).

Plaintiffs immediately moved to remand the case, and requested <u>and received</u> <u>expedited consideration of their motion</u>. *See* Doc. 14-3, at p. 228 (Plaintiffs' First Motion to Remand).   Ultimately, Ethicon's "fraudulent misjoinder" argument was rejected and the case was remanded to state court on March 12, 2014. *See* Sparks Decl.; Ex. 1 (Order Granting Plaintiffs' Motion to Remand, Hon. J. Jesus G. Bernal, March 12, 2014)(Denying Ethicon's motion to stay and granting remand).

Upon remand, the case was transferred from its original Central Division Los Angeles Superior Court to Central Civil West Complex Courts, where it was reassigned to the Honorable Judge John S. Wiley.  Thereafter, Ethicon moved to dismiss Plaintiffs' claims based upon the doctrine of *forum non conveniens*, and alternatively, finally moved to sever the non-diverse Plaintiffs' claims from the remainder of Plaintiffs' claims (a motion they could have filed in state court in January 2014 when the case was first filed).   Notably, Ethicon failed to secure a ruling on its *forum non conveniens* motion and its alternative request to sever while the case was pending before Judge Wiley.

Subsequently, the case was reassigned to Judge William Highberger, who set Ethicon's motion for hearing on June 19, 2015. Following a lengthy hearing, Judge Highberger issued a written order granting Ethicon's motion in part and denying it in part. *See* Doc. No 15-3 at p. 329 (June 22, 2015, Order, J. William Highberger).  Judge Highberger rejected Ethicon's *forum non conveniens* argument, but severed the sixty-

seven Plaintiffs' claims. *Id.* Respectfully, Plaintiffs contend that the Court's ruling was erroneous and contrary to California Code of Civil Procedure § 378. Plaintiffs also believe that the ruling did not take into account the recent case of *Petersen v. Bank of America Corp.* 232 Cal.App.4th 238 (2014). However, due to Ethicon's untenable argument that the severance of Plaintiffs' claims effectuated "commencement" of sixty-seven separate cases in its latest removal papers, it bears mention that even Judge Highberger acknowledged:

> No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

*See* Doc. 14-3 at p. 353. Judge Highberger recognized what Ethicon ignores – that his severance order did not result in "commencement" of sixty-seven new cases, but was simply an "administrative" reorganization of claims that have been pending since January 2014. *See id.*

Now, eighteen months after Plaintiffs' claims were originally filed, seventeen months after Ethicon was served, and sixteen months after Ethicon removed the case the first time, Ethicon has once again fraudulently removed this action to Federal Court despite the involuntary nature of the state Court's severance and the untimeliness of its removal.

Ethicon now seeks to paralyze this case in hopes that a delay in hearing Plaintiff's simple motion to remand will result in the claim being transferred to the MDL in West

RESPONSE TO MOTION TO STAY PENDING A TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Virginia where it will sit behind the 28,000 plus Ethicon claims pending before it. Ethicon has attempted to take Plaintiff and the Court down this road before.  Indeed, Ethicon's first attempt at removal, which rested on fraudulent misjoinder (a doctrine not even recognized in the Ninth Circuit), was based on the same objective – transfer to the MDL no matter how baseless the grounds for removal.  Ethicon's second bite at the apple is equally, if not more, improper as it is untimely and based upon an involuntary severance order that does not provide a basis for subject-matter jurisdiction.

Predictably, Ethicon filed its tag-along motion with the JPML seeking transfer of Plaintiff's claims immediately after it removed them, and the JPML has issued a Conditional Transfer Order. *See* Sparks Decl.; Ex. 4.  Plaintiff, and the other 58 other Plaintiffs who have not yet had their cases remanded, have filed their Notice of Opposition to CTO-185 and will file their Motion to Vacate CTO-185 in a timely fashion.  *See* Sparks Decl.; Ex. 5.  Given the JPML's hearing schedule, it is unlikely Plaintiff's Motion to Vacate and opposition to CTO-185 will be heard until at least October 1, 2015. *See* JPML Hearing Upcoming Hearing Sessions, available at *http://www.jpml.uscourts.gov/ hearing-information*, last visited on August 2, 2015).

Indeed, Ethicon's strategy is to convince this Court to delay ruling on the straight forward issues in Plaintiff's remand motion until the JPML's transfer determination. Plaintiffs respectfully submit that a stay of this proceeding would be inappropriate given the untimeliness of Ethicon's removal and the clear lack of subject-matter jurisdiction.

RESPONSE TO MOTION TO STAY PENDING A TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Moreover, the requested stay would severely prejudice Plaintiff, waste significant judicial resources, and create an incentive for Ethicon and other similarly situated defendants to fraudulently remove cases for the purposes of delay.   As such, Ethicon's motion to stay should be denied.

### III.   ARGUMENTS & AUTHORITIES

A. **The court should deny Ethicon's motion, and instead, decide the simple issue presented by Plaintiff's motion to remand**

The fact that Ethicon's removal is untimely and this Court lacks subject-matter jurisdiction is firmly established in Plaintiff's motion to remand. *See* Doc. 14.  And, it is axiomatic that "**[w]ithout jurisdiction, [a] court cannot proceed at all in any case.** Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (emphasis added).  Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States[,]" and is "inflexible and without exception." *Id.* (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  Based on these principles, "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375, 377 (1994) (holding that since district courts are "courts of limited jurisdiction," they have an obligation to assure themselves of jurisdiction); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981).

Under this principle, a court oversteps its jurisdictional boundaries by ruling on a stay without first addressing the remand motion. The Manual for Complex Litigation endorses this principle, specifically referring to the "remove and stay" situation presented to this Court:

> The transferor court should not automatically stay discovery...Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings...[M]atters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.

MANUAL FOR COMPLEX LITIGATION (4th ed.), § 20.131; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ("[a] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation").

District courts have held that a motion to remand should be resolved prior to the determination of whether a stay or transfer is appropriate. *See e.g., Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Ca1.2002) (considering remand motion before granting stay pending MDL transfer decision); *Tortola Rest., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay motion and

addressing merits of motion to remand, holding that "motions to remand should be resolved before the panel acts on the motion to transfer"); *Perry v. Luu,* Case No. C13–729–AWI–JLT, 2013 WL 3354446 (C.D.Cal. July 3, 2013) (considering jurisdiction first and finding remand proper); *Ramirez v. Our Lady of Lourdes Hosp. at Pasco*, No. 2:13-CV-01108-RSM, 2013 WL 5373213, at *2 (W.D. Wash. Sept. 25, 2013); *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004). California federal courts consistently recognize they are courts of limited jurisdiction—courts charged with the obligation to assiduously, and immediately, examine subject-matter jurisdiction at the threshold of the litigation.

This remains true even when a defendant has a removed a case to federal court and is seeking transfer of the matter to a federal MDL. As the JPML has established in its own procedural rules, the presence of a conditional transfer issued by the panel "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rule of Procedure 2.1(d) of the United States Judicial Panel on Multidistrict Litigation. In fact, Ethicon's argument for stay is inappropriate because to vacate or stay Plaintiff's remand hearing would improperly suggest to the JPML that this Court is deferring a jurisdictional decision – a very simple jurisdictional decision that has already been decided by another Judge in the Central District. The JPML does not and cannot rule on remand motions as its scope of authority is only to decide where to send cases sitting before it. During

the pendency of a potential transfer, the court in which the case is filed retains jurisdiction over it. *See In re Four Seasons Sec. Laws Litig,* 362 F. Supp. 574 (J.P.M.L. 1973).

The Panel has conveyed the import of its rules to federal district courts around the country, explaining that district courts are free to rule on motions to remand prior to a transfer order becoming effective:

> "the Panel would like to emphasize that your jurisdiction continues until transfer to the MDL – if the Panel so orders – becomes effective. **You should feel free to rule on any pending motions, including, but not limited to motions for remand to state court**."

*T.F., et al. v. Pfizer, Inc.,* 2012 WL 3000229, at fn. 3 (E.D. Mo. July 23, 2012) (letter from the Chairman of the JPML [The Honorable John G. Heyburn, II] to the Honorable Judge Perry of the Eastern District of Missouri) (emphasis added).

With this guidance, federal courts in California and elsewhere have refused to delay remand rulings pending potential transfer orders to a federal MDL.

For instance, in *T.F., et al. v. Pfizer*, Judge Perry explained:

> **I will not stay ruling on remand**. "A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp*., 987 F.Supp. 1186, 1188-89 (N.D. Cal 1997). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." *See Thompson v. Apple, Inc*., 2011 WL 2671312, *4 (E.D. Ark. July 8, 2011). "In this case, the court believes the best course is to decide the motion to remand because judicial economy will best be served by addressing the remand issue as it will facilitate litigation in the appropriate forum." *Kohl v. American Home Products*

*Corp.*, 78 F.Supp. 2d 885, 888 (W.D. Ark. 1999) (internal quotation marks omitted).  As another district court in this circuit has commented, "This Court is in the best position to determine its subject matter jurisdiction….**To stay the case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice**." *Stone v. Baxter Intern., Inc.*, 2009 WL 236116, *2 (D. Neb. Jan. 30, 2009).

2012 WL 3000229, at *1 (emphasis added).

Based in part on the letter Judge Perry received from the JPML Chairman cited above, she further explained:

> Pfizer argues that transferor courts "regularly decline" to consider motions to remand in cases pending transfer to the MDL court upon the insistence of the JPML.  This is contrary to my experience, not only as a transferee judge presiding over other MDL actions, but also as the judge in this case.

*Id.*, at fn. 3.

Here, Plaintiff respectfully submits that ruling on the remand immediately is the proper course of action.  A stay of the proceedings would be inappropriate given the clear impropriety and untimeliness of Ethicon's removal and the absence of subject matter jurisdiction.  Further, judicial economy will best be served by addressing Plaintiffs' pending motion to remand as it will facilitate immediate and continued litigation in the appropriate forum.  Finally, any stay would improperly force this Court to abdicate its responsibility to guard against improper invocation of its limited subject-matter jurisdiction to the detriment of state courts.

**B.** **Judge Anderson has already remanded five identical and related cases**

At least five of the severed claims that were removed by Ethicon with this case

have already been remanded by the Honorable Percy Anderson. *See* Sparks Decl.; Ex. 2. Judge Anderson's remand orders rest largely on the legal precepts advanced by Plaintiff in her remand motion, and Plaintiff respectfully submits that her claims (which were joined to the claims of the five Plaintiffs subject to Judge Anderson's recent remand orders) should likewise be remanded immediately on the same grounds. Considering the fact that Judge Anderson determined that the impropriety and untimeliness of Ethicon's removal warranted *sua sponte* remand, a stay is of this action would clearly be inappropriate.

## C. **A stay would significantly prejudice the Plaintiff**

Ethicon's singular goal is to delay the adjudication of Plaintiff's claim through procedural gamesmanship for as long as possible. Plaintiff commenced this action in December of 2013. Since that time, Ethicon's fraudulent removal efforts have resulted in nothing but needless delays for all parties.  Ethicon's true motive is illuminated by the fact that "[g]enerally, MDL transfer has been a black hole [where] remand and trial come only after years of slow-moving pretrial activity." Wilson, G., et al., *The Future Product Liability In America*, 27 WILLIAM MITCHELL L. REV. 85, 112-13 (2000). "[F]unctionally, MDL transfers often translate into stays that decrease the value of cases by the delay produced." Resnick, R., Aggregation, Settlement and Dismay, 80 CORNELL L. REV. 918, 920 (1995).  Indeed, it is telling that one of the very first motions Ethicon presents in this Court is a motion to stay this case.

A stay would paralyze this case for a considerable duration.  As an initial matter, it will be at least three months until the JPML rules on Ethicon's request to transfer it since October 1, 2015 is the first available hearing date in that tribunal.  Upon transfer to the West Virginia MDL, the case will sit behind over 28,000 claims, while Plaintiff fights to eventually remand it back to California at some unknown date in the future for trial. Nothing about Ethicon's request promotes the efficient resolution of this case. To the contrary, Ethicon's intention is to delay Plaintiff's claim for as long as possible in a transparent effort to frustrate its adjudication and avoid exposure to what may actually drive this case towards resolution…a jury. Moreover, given the unique procedural history and posture of this case and Judge Anderson's recent, *sua sponte* remands of related cases, remand here is appropriate.[1]  Consequently, the Court should deny Ethicon's motion and remand this case.

### D. <u>Ethicon will not be prejudiced by litigating in this forum</u>

The fact that Ethicon will not be prejudiced by litigating in a California proceeding that includes multiple Plaintiffs is epitomized by the single conclusory

---

[1] Courts that have denied a stay and ruled on motions to remand have found that the issues involved in the remand motion were unlikely to arise in any other cases before the MDL. *See, e.g., Lopez v. Pfeffer*,No. 13–cv–03341 NC, 2013 WL 5367723, at *3 (N.D.Cal. Sept. 25, 2013); *Marble v. Organon USA, Inc.*, No. C 12–02213 WHA, 2012 WL 2237271, at *3 (N.D. Cal. June 15, 2012). Here, the untimeliness and impropriety of Ethicon's removal are unique to this and the other 58 cases that Ethicon contemporaneously removed.  <u>The substantive and procedural defects in Ethicon's removal are not germane to other pending remand motions that are before the MDL court</u>.  Moreover, the issues they present are better resolved by the Central District Court, as it is in the Ninth Circuit and routinely applies Ninth Circuit law.  As such, this factor militates towards remand.

sentence Ethicon offers to prove this factor of the stay analysis. *See* Ethicon's Motion

to Stay at p.6.  Where are the facts proving prejudice?  Why does Ethicon not cite them?

Perhaps, the reason that neither of these questions is answered in Ethicon's motion is

because the answers do not support a stay.  Instead, the reality is that Ethicon does an

enormous amount of business in California – far more than in West Virginia.  Ethicon

litigates here, too.  Regardless, there are numerous Plaintiffs from California involved

in the JCCP from which this case was removed.  Ethicon simply cannot prove that it is

prejudiced by litigating and trying this case in California.  Its chance to do so was in its

Motion to Stay.  But, it chose to offer no facts in support of its requested action other

than that the MDL is in West Virginia.  A conclusory sentence does not justify a stay—

nor will any last-minute effort to feign prejudice in any reply.  Thus, the motion should

be denied.

## E.   **Numerous California courts have rejected identical requests to stay pending transfer to the MDL**

Numerous courts presiding over transvaginal mesh cases involving multiple

plaintiffs like this matter have echoed the logic and ruling in *T.F., et al. v. Pfizer.*  In

fact, at least 6 Central District Judges have remanded vaginal mesh cases involving

claims just like this one, rather than staying the cases and allowing them to be

transferred to the MDL. *See* Doc. 14-3 at p. 198 (Remand orders in *Muller, et al. v.*

*American Medical Systems, et al.*; 2:13-cv-06276 PA (RZ); *Howe, et al. v. Coloplast*

*Corp., et al.*, 2:13-cv-06344 GHK (PLA); *Dekalb, et al. v. C.R. Bard, et al.*; 2:13-cv-

06308 DMG (PJW); *Mauck, et al. v. Boston Scientific Corp, et al*.; 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston Scientific Corp., et al*.; 2:13-cv-06321 BRO (AJW); *Straughn, et al. v. American Medical Systems, Inc., et al*.; 2:14-cv-00468 JGB (SPx); *see also Goodwin v. Kojian*, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013); *Perry v. Luu*, 2013 WL 3354446, at *3, (E.D. Cal. July 3, 2013) (Thurston, Mag. J) (in a transvaginal mesh case against Johnson & Johnson and Ethicon, refusing to delay remanding the case despite a pending motion to transfer the case to the federal MDL).[2]

Judge King, who remanded *Howe*, recognized the inefficiency of staying a case rather than addressing the jurisdictional issue first: "[t]o stay this case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice." *See* Doc. 14-3 at p. 198. In *Dekalb*, Judge Gee addressed the remand motion first, holding that: "[t]he Court does not consider the jurisdictional issue in this action to be 'difficult to determine' or outside the 'mine run of cases,' and thus Supreme Court and Ninth Circuit precedent suggest that the Court should consider Plaintiffs' Motion to Remand first." *Id.* The Courts in

---

[2] Courts in other types of cases also routinely acknowledge that a defendants' motion to stay pending transfer to an MDL should not thwart a determination of whether the court has subject matter jurisdiction. *See e.g.*, *Craft v. United Ins. Co. of America*, 2002 WL 32509283 at *1 (S.D. Miss. Jan. 17, 2002) ("The principal recognized in these cases is that if the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL. Since the district court is invested with the same authority to consider federal jurisdiction as the MDL, these cases advocate disposing of the jurisdictional issue at the outset"); *Moton v. Bayer Corp.*. 2005 WL 1653731, at *2 (S.D. Ala. July 8, 2005) ("Many courts have concluded that motions to remand should always, or usually, be resolved prior to transfer."); *Bell v. Prudential Ins. Co.*, 1997 WL 33708408, at *4 (S.D. Miss. 1997) (determining that "[b]ecause the Motion to Remand challenges the subject matter jurisdiction of this Court, the Court concludes that the Motion to Remand must be considered initially to determine whether this Court, or any of the federal district court, has jurisdiction to hear this matter.").

*Mauck* and *Pate*, both denied the defendants' motions to stay, and instead, remanded the matters to state court. *Id.*

In April 2013, Judge Tucker reached the same conclusion, ruling that the threshold issues implicated by a motion to remand should be decided immediately, rather than staying the case pending potential transfer to the federal MDL in West Virginia. *See Goodwin*, 2013 WL 1528966, at *3 (explaining that the jurisdictional analysis in a vaginal mesh case involving allegations of fraudulent misjoinder is not sufficiently difficult to delay ruling on the motion to remand). *See id.* at *2.; *Perry*, 2013 WL 3354446, at *3.[3]

Here, Plaintiffs respectfully submit that ruling on the remand immediately is the proper course of action.  A stay of the proceedings would be inappropriate given the clear impropriety and untimeliness of Ethicon's removal and the absence of subject-matter jurisdiction.  Further, judicial economy will best be served by addressing Plaintiffs' pending motion to remand as it will facilitate immediate and continued litigation in the appropriate forum.  Finally, any stay would not only run counter to what a litany of judges have already done in this litigation (and indeed in this district), it would prevent this Court from guarding its subject-matter jurisdiction and remanding

---

[3] It is interesting that Ethicon cites Judge Bernal's stay ruling in *Clavesilla*, *Moses*, *Miller*, and *Ruiz* as a basis for granting a stay here, when in reality, Judge Bernal denied as moot Ethicon's motion to stay in this case after he stayed those initial four cases due to the fact that the other Central District Judges were also denying motions to stay and adjudicating the jurisdictional issues first. *See* Ethicon's Motion to Stay at p.9.

RESPONSE TO MOTION TO STAY PENDING A TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

cases improperly brought before it.  This is, respectfully, such a case.

## IV.    <u>CONCLUSION</u>

Plaintiff respectfully requests that Ethicon's motion to stay be denied.


**Dated:  August 9, 2015**                              Respectfully submitted,

                                                        */s/  Helen Zukin*
                                                        **KIESEL LAW LLP**
                                                        Paul R. Kiesel
                                                        Helen Zukin
                                                        Melanie Meneses Palmer
                                                        8648 Wilshire Boulevard
                                                        Beverly Hills, CA  90211
                                                        Telephone:  (310) 854-4444
                                                        Facsimile:  (310) 854-0812

                                                        */s/ Mark Sparks*
                                                        **THE MOSTYN LAW FIRM**
                                                        J. Steve Mostyn
                                                        Mark Sparks
                                                        3810 W. Alabama Street
                                                        Houston, TX  77027
                                                        Telephone:  (713) 861-6616
                                                        Facsimile:  (713) 861-8084

                                                        **ARNOLD & ITKIN LLP**
                                                        Kurt B. Arnold
                                                        Jason A. Itkin
                                                        Noah M. Wexler
                                                        Micajah D. Boatright
                                                        6009 Memorial Drive
                                                        Houston, TX  77007
                                                        Telephone: (713) 222-3800
                                                        Facsimile: (713) 222-3850

                                                        ***Attorneys for Plaintiffs***

RESPONSE TO MOTION TO STAY PENDING A TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 9, 2015.

DATED: August 9, 2015            Respectfully Submitted,

**THE MOSTYN LAW FIRM**

By:    /s/ *Mark Sparks*
       Mark Sparks
       *mark@mostynlaw.com*
       3810 W. Alabama Street
       Houston, TX  77027
       Tel.:  713-861-6616
       Fax:   713- 861-8084

RESPONSE TO MOTION TO STAY PENDING A TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION