1  Paul R. Kiesel (SBN 119854)
   Kiesel@kiesel-law.com
2  Helen Zukin (SBN 117933)
   Zukin@kiesel-law.com
3  Melanie Palmer (SBN 286752)
4  Palmer@kiesel-law.com
5  **KIESEL LAW LLP**
   8648 Wilshire Boulevard
6  Beverly Hills, CA  90211
7  Tel:   310-854-4444
   Fax:   310-854-0812
8

9  **Attorneys for Plaintiff**

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12                 **WESTERN DIVISION**
13

14 | REGINA WEST,
15 |            Plaintiff,
16 | vs.
17 |
18 | JOHNSON & JOHNSON, et al,
   |            Defendants.
19

CASE NO. 2:15-cv-05392-JGB-SP
[Assigned to Hon. Jesus G. Bernal]

**PLAINTIFF'S REPLY IN
SUPPORT OF MOTION TO
REMAND AND MEMORANDUM
OF POINTS AND AUTHORITIES**

20
21  DATE:       August 24, 2015
    TIME:       9:00 a.m.
22  CTRM.:      1
    JUDGE:      Hon. Jesus G. Bernal
23

24

25

26

27

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AND AUTHORITIES

1

2

## TABLE OF CONTENTS

3

4

5

6

7

8

9

10

I.      ARGUMENTS ...................................................................................... 4

     A. Ethicon provides no legitimate basis to deviate
        from Judge Anderson's remand orders ..................................... 4

     B. Ethicon intentionally misconstrues Judge Highberger's
        severance order in an all-or-nothing attempt to support its
        argument that this case was "commenced" when Judge
        Highberger issued his severance order ...................................... 5

II.     CONCLUSION .................................................................................. 6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AN AUTHORITIES

1

## **TABLE OF AUTHORITIES**

2

3

Plaintiff incorporates all authorities referenced in her previously filed Motion

4

to Remand.  *See* (Doc. No. 14).

5

## **CASES**

6

7

## **STATUTES**

8

9

## **OTHER SOURCES**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AN AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENTS

Ethicon LLC ("Ethicon") provides no legally sound opposition to Plaintiff's motion to remand or Judge Anderson's five recent remand orders for other identically situated plaintiffs that originally joined Plaintiff in the same complaint in December 2013. (*See* Doc. No. 14-3 at p. 358). Instead, Ethicon suggests that Judge Anderson got it wrong, and this Court should instead rely on opinions outside of the Central District (and the state of California) to deny remand. Ethicon also twists the severance ruling from Judge Highberger in the JCCP, when his order leaves no doubt that new cases were not "commenced" when the order was issued. As such, this Court should maintain consistency with its prior ruling remanding this case, as well as consistency with Judge Anderson's five remand orders.

### A. Ethicon provides no legitimate basis to deviate from Judge Anderson's remand orders.

As Judge Walter aptly stated when he evaluated this case upon removal, Judge Anderson's five remand orders (*See* Doc. No. 14-3 at p. 358). Having no valid basis to combat Judge Anderson's rulings, Ethicon tries to isolate the fact that Judge Anderson mentioned Ethicon failed to prove amount in controversy, which constitutes a procedural defect, and therefore opens up his removal orders to appeal. Though Ethicon is wrong, the more significant point is that Judge Anderson's orders shot down each purported basis for removal, including (1) that the one-year removal

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AN AUTHORITIES

1  deadline does not apply in this instance, (2) that if it does, Ethicon has not violated

2  it because the severance order resulted in the commencement of 67 new cases that

3

4  restarted the removal clock, and (3) that the budget crisis somehow is an excuse for

5  Ethicon's failure to secure a ruling on severance within a year of the case being filed

6  (*See id*).

7

8  In other words, regardless of whether the amount in controversy was proved

9  by Ethicon in its removal papers, there are many other grounds that mandate remand,

10  all of which are cited in Plaintiff's motion for remand, all of which stem from the

11

12  law of the Ninth Circuit, and all of which were cited by Judge Anderson (except for

13  the voluntary/involuntary rule).  Ethicon asks this Court to shun this law, and instead,

14  rely on cases from other federal and state courts outside of the Ninth Circuit.

15  Plaintiff respectfully submits that Judge Anderson got it right, this Court got it right

16

17  after Ethicon's first removal, and Plaintiff's Motion to Remand is meritorious as

18  well.

19

20  **B. Ethicon intentionally misconstrues Judge Highberger's severance order in an all-or-nothing attempt to support its argument that this case was "commenced" when Judge Highberger issued his severance order**

21

22  Ethicon contends that Judge Highberger's order explicitly "commences"

23

24  sixty-seven new cases.  But, the order explains just the opposite.

25  > No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

26

27

28

(*See* Doc. No. 14-3 at p. 353). Judge Highberger recognized what Ethicon ignores – that his severance order did not result in "commencement" of sixty-seven new cases, but was simply an "administrative" reorganization of claims that have been pending since January 2014. *See id.* Judge Anderson, in all five of his remand orders, also recognized this fact and provided authority to support his rulings. Nonetheless, Ethicon urges this Court to ignore Judge Anderson's rulings and hold that Judge Highberger's severance order means something different than it what it unequivocally explains. Plaintiff respectfully submits that the most legally sound and proper adjudication of the issue is to follow Judge Anderson's well-reasoned order and the plain language of Highberger's severance ruling, and reject Ethicon's baseless contention that this action was commenced upon severance rather than when her complaint was filed in December 2013.

## II.   CONCLUSION

Plaintiff's Motion to Remand is now fully briefed and ripe for adjudication. Plaintiff therefore respectfully requests that this Court remand the case to the court from which it was fraudulently removed. Plaintiff further requests all other relief to which she is entitled, whether at law or in equity.

**Dated:  August 10, 2015**

Respectfully submitted,

*/s/  Paul R. Kiesel*

**KIESEL LAW LLP**
Paul R. Kiesel
Helen Zukin
Melanie Meneses
8648 Wilshire Boulevard
Beverly Hills, CA  90211
Telephone:  (310) 854-4444
Facsimile:  (310) 854-0812

**ARNOLD & ITKIN LLP**
Kurt B. Arnold
Jason A. Itkin
Noah M. Wexler
Caj D. Boatright
6009 Memorial Drive
Houston, TX  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**THE MOSTYN LAW FIRM**
J. Steve Mostyn
Mark Sparks
3810 W. Alabama Street
Houston, TX  77027
Telephone:  (713) 861-6616
Facsimile:  (713) 861-8084

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AN AUTHORITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 10, 2015.

**DATED: August 10, 2015**          Respectfully Submitted,

**THE MOSTYN LAW FIRM**

By:   /s/ *Mark Sparks*
          Mark Sparks
          *mark@mostynlaw.com*
          3810 W. Alabama Street
          Houston, TX  77027
          Tel.:  713-861-6616
          Fax:  713- 861-8084

PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO REMAND AND MEMORANDUM OF
POINTS AN AUTHORITIES