TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
PETER L. CHOATE (SBN 204443)
E-Mail: peter.choate@tuckerellis.com
JOSHUA J. WES (SBN 238541)
E-Mail: joshua.wes@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendant
ETHICON LLC

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

REGINA WEST,

Plaintiff,

v.

JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; ETHICON, LLC, a Limited Liability company; and DOES 1 through 500, inclusive,

Defendants.

Case No. 2:15-CV-05392-JGB-SP

**DEFENDANT ETHICON LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Date: August 24, 2015
Time: 9:00 a.m.
Courtroom: 1 (Riverside)

The Honorable Jesus G. Bernal

State Action Commenced: June 22, 2015

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
1096297.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION. .......... 1

II. PROCEDURAL STATUS. .......... 2

III. ARGUMENT. .......... 2

A. The Court Can And Should Enter A Stay Without First Addressing Plaintiff's Motion To Remand. .......... 3

B. A Stay Will Not Prejudice Plaintiff. .......... 5

C. Not Staying The Case Will Prejudice Ethicon LLC. .......... 6

D. Granting A Stay Will Save Judicial Resources By Avoiding Duplicative Litigation. .......... 7

E. Plaintiffs' Other Cases Either Are Distinguishable Or Support Granting A Stay. .......... 10

IV. CONCLUSION .......... 12

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

i

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alanis v. Pfizer*, 2014 WL 1711702 (E.D. Cal. May 1, 2014) .......... 4

*Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060, 2012 WL 1136865 (D. Kan. Apr. 4, 2012) .......... 7

*Bell v. Prudential Ins. Co.*, No. 3:97-CV-340BN, 1997 WL 33708408 (S.D. Miss. Sept. 4, 1997) .......... 12

*Cooper v. Siddighi, et al.*, No. 5:13-cv-00345, Order, Doc. 35 (C.D. Cal. May 8, 2013) .......... 6

*Craft v. United Ins. Co. of America, No.* 4:01CV339LN, 2002 WL 32509283 (S.D. Miss. Jan. 17, 2002) .......... 11

*DeLeon v. Tey*, No. 2:13-cv-32311 (S.D. W. Va.) .......... 7

*Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181 (W. D. Mo. Mar. 12, 2009) .......... 5

*Evans v. Johnson & Johnson*, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014) .......... 4

*Freisthler v. Depuy Orthopaedics, Inc.*, 2011 WL 4469532 (C.D. Cal. Sept. 21, 2011 .......... 9

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346 (J.P.M.L. 2001) .......... 8, 11

*In re Vioxx Prod. Liab. Cases*, No. 05cv0943DMS(LSP), 2005 WL 6573263 (S.D. Cal. July 11, 2005) .......... 6

*In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976) .......... 9

*In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377 (J.P.M.L. 2010) .......... 9

*Israel Discount Bank v. Schapp*, 505 F. Supp. 2d 651 (C.D. Cal. 2007) .......... 5

*Jones v. Bristol- Myers Squibb Co.*, No. 4:13-cv-02415-PJH, 2013 WL 3388659 (N.D. Cal. July 8, 2013) .......... 5

ii

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 4

*Moton v. Bayer Corp.*,
No. 05-0310-WSM, 2005 WL 1653731 (S.D. Ala. July 8, 2005) .......... 11

*Nichols v. DePuy Orthopaedics, Inc.*,
No. C 11-04748, 2011 WL 5335619 (N.D. Cal. Nov, 2, 2011) .......... 9

*Potter v. Hughes*,
546 F.3d 1051 (9th Cir. 2008) .......... 4

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .......... 3, 5, 6, 11

*Rubio v. Arndal*,
2013 WL 796669 (E.D. Cal. Mar. 4, 2013) .......... 3

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999) .......... 4

*Rumohr v. Comercia Bank*,
No. 11-1706, 2011 WL 2437415 (N.D. Cal. June 17, 2011) .......... 5

*Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*,
549 U.S. 422 (2007) .......... 4, 5

*Smith v. Mylan Inc.*,
761 F.3d 1042 (9th Cir. 2014) .......... 3

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) .......... 4

*T. F. ex. rel. Foster v. Pfizer, Inc.*,
No. 4:12CV1221 CDP, 2012 WL 3000229 (E.D. Mo. July 23, 2012) .......... 10

*U.S. Bank, Nat'l Ass 'n v. Royal Indem. Co.*,
No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002) .......... 9

*Weaver v. Pfizer*,
2014 WL 2002212 (E.D. Cal. May 15, 2014) .......... 4

*Weinke v. Microsoft Corp.*,
84 F. Supp. 2d 989 (E.D. Wis. 2000) .......... 7

**STATUTES**

28 U.S.C. § 1446(c)(1) .......... 3, 7

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

iii

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## I. INTRODUCTION.

The Court should stay Plaintiff's case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer it to the Ethicon pelvic mesh MDL proceeding pending in the Southern District of West Virginia ("Ethicon MDL"). If the JPML transfers this case, Chief Judge Joseph R. Goodwin, who is overseeing the Ethicon MDL, can decide Plaintiff's remand motion and either keep her case or send it back to Los Angeles Superior Court. Granting a stay will provide the time needed for the JPML to resolve the transfer issue, and it will relieve this Court of the burden of deciding the complex issues raised by Plaintiff's motion—issues that will be decided by Judge Goodwin in the Ethicon MDL. The JPML already has conditionally transferred Plaintiff's case and likely will finalize that transfer following its October 1, 2015 hearing, just as it has done in thousands of similar cases.

Plaintiff's characterization of Ethicon LLC's removal as "serial" and "fraudulent" (*see* Opp. at 2) is wholly inaccurate.[1] As set forth in Ethicon LLC's Opposition, Doc. 24, it is Plaintiff and her counsel who have attempted to thwart transfer of this and 63 other diverse actions to the Ethicon MDL. As the state court unequivocally ruled following its meticulous review of the prior multi-plaintiff complaint in *Robinson* (*see* June 22, 2015 Minute Order ("Severance Order"), attached as Ex. A to Wes Decl. in support of Opp. to Remand), Plaintiff—not Ethicon LLC—chose improperly to join her claims with those of 63 diverse and 3 non-diverse plaintiffs in a transparent effort to defeat Ethicon LLC's

[1] As addressed in Ethicon LLC's Opposition to Motion to Remand, Doc. 24, the removal is not defective procedurally or substantively, nor is it untimely as Plaintiff argues. (Opp. at 3.) In addition, Judge Anderson lacked authority to remand *sua sponte* the five cases that Plaintiff repeatedly refers to in her Opposition, and his finding that Ethicon LLC failed to establish the statutory amount in controversy is erroneous. Ethicon LLC will move for reconsideration of Judge Anderson's *sua sponte* remand orders and preserve its appellate rights. Further, Judge Anderson remanded the five actions *sua sponte* just six days after removal and, therefore, before Ethicon LLC was permitted to file motions to stay pursuant to Local Rule 7-3.

federal right of removal.

After Ethicon, Inc. initially removed *Robinson*,[2] this Court remanded the suit so the issue of misjoinder could be decided in state court. When Judge William F. Highberger found that Plaintiffs' purported joinder violated California law and severed *Robinson* into 67 new, separate actions, Ethicon LLC promptly—and appropriately—removed Plaintiff's action along with the separate actions of the 63 other diverse plaintiffs. This Court now should give the JPML the opportunity to send Plaintiff's case to the Ethicon MDL where it belongs.

In short, the Court should defer ruling on Plaintiff's motion to remand and grant Ethicon LLC's motion to stay. Granting a stay will promote judicial efficiency and prevent inconsistent rulings without any prejudice to Plaintiff.

## II. PROCEDURAL STATUS.

The JPML conditionally transferred Plaintiff's case to the Ethicon MDL on July 21, 2015. (*See* Conditional Transfer Order ("CTO"), attached as Ex. B to Mot. to Stay, Doc. 15.) On July 28, Plaintiff filed a Notice of Opposition and the JPML issued a briefing schedule for Plaintiff's Motion to Vacate the CTO. Plaintiff's Motion to Vacate is due by August 12, and Ethicon LLC's response is due by September 2. The JPML likely will set the motion for hearing at the next hearing session, on October 1.

## III. ARGUMENT.

The cases relied on by Plaintiff do *not* require denial of Ethicon LLC's Motion to Stay. On the contrary, United States Supreme Court and Ninth Circuit authority confirm that a district court may stay an action before determining the issue of federal jurisdiction—particularly where, as here, the defendant seeks a stay pending transfer to an MDL where similar issues are likely to be raised. As explained in the Motion to Stay

---

[2] Plaintiff's characterization of Ethicon LLC's removal as "serial" is also inaccurate because Ethicon Inc.—not Ethicon LLC—initially removed *Robinson*. Ethicon LLC was not a party to that removal and, in fact, was never served in *Robinson*.

2

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

(Doc. 15 at 3, 10), Plaintiff's Motion to Remand and Ethicon LLC's Opposition raise legal issues already briefed in the Ethicon MDL.

In deciding whether to grant Ethicon LLC's Motion to Stay, the Court must consider the following factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is transferred. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) Contrary to Plaintiff's arguments, these factors strongly weigh in favor of a stay.

### A. The Court Can And Should Enter A Stay Without First Addressing Plaintiff's Motion To Remand.

Plaintiff argues that the Court should address subject matter jurisdiction before other issues, and she therefore devotes the majority of her Opposition to discussing the supposed merits of her Motion to Remand.[3]

As an initial matter, Plaintiff cannot seriously dispute that this is an action over which the Court *does* have original subject matter jurisdiction.[4] Accordingly, there is no question that the Court has the power to stay Plaintiff's action. And regardless, it is well-established that a court can stay a case pending its transfer to an MDL even *before* deciding whether jurisdiction exists. *See, e.g.*, *Rubio v. Arndal*, 2013 WL 796669, at *4-*5 (E.D. Cal. Mar. 4, 2013) (granting stay despite pendency of remand motion and

---

[3] In its Opposition to Plaintiff's Motion to Remand, Doc. 24, Ethicon LLC explains in detail why its removal of Plaintiff's action is both appropriate and timely. Ethicon LLC will not repeat its arguments here.

[4] Indeed, Plaintiff could have filed her action in federal court on the basis of diversity jurisdiction, because complete diversity exists and the amount in controversy exceeds $75,000. (Notice of Removal, Doc. 1, ¶¶ 8-21.) Moreover, even if Ethicon LLC's removal were untimely—and it is *not*—this Court *still* would have subject matter jurisdiction, because the 1-year bar on removals in 28 U.S.C. § 1446(c)(1) is procedural, *not* jurisdictional. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

3

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver◆ Los Angeles ◆ San Francisco

rejecting argument that jurisdictional issues must be decided first); *Alanis v. Pfizer*, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014) (holding stay was appropriate notwithstanding pending remand motion); *cf. Weaver v. Pfizer*, 2014 WL 2002212, at *3 (E.D. Cal. May 15, 2014) (noting that "the Ninth Circuit has not prescribed the order in which this court should address the questions"). Indeed, the Supreme Court has explained that a court "need not resolve whether it has authority to adjudicate the cause" if it intends to transfer the case to another tribunal. *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Ignoring this authority, Plaintiff cites to a dissenting opinion in *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008), for the proposition that "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." (Opp. at 8.) But *Potter* does not help Plaintiff. On the contrary, *Potter* confirms that a district court *can* enter a stay before reaching the issue of jurisdiction. *See* 546 F.3d at 1055 ("Supreme Court precedent is clear that we 'may choose among threshold grounds for denying audience to a case on the merits'") (*quoting Ruhrgas AG*, 526 U.S. at 585). Even the *Potter* dissent acknowledges that "where . . . the resolution of [another threshold] issue is clear while the jurisdictional issue is difficult," it is appropriate for the court to decide other threshold issues without confirming jurisdiction.[5] *Id.* at 1061 (recognizing that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits," including by dismissing on grounds of *forum non conveniens*, without first determining subject matter jurisdiction).

---

[5] Plaintiff also cites *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). (Opp. at 8.). But in its very next term, the Supreme Court expressly distinguished *Steel,* explaining that a federal court need *not* determine subject matter jurisdiction before making non-merits rulings. *See Ruhrgas AG*, 526 U.S. at 584-85; *Evans v. Johnson & Johnson*, 2014 WL 7342404, at *3 (S.D. Tex. Dec. 23, 2014).

4

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

Consistent with *Potter*, this Court *can* stay Plaintiff's case before determining that it has subject matter jurisdiction. *See Sinochem,* 549 U.S. 422 at 431 (determining federal jurisdiction "is vital only if the court proposes to issue a judgment on the merits") (internal quotations and citation omitted); *Israel Discount Bank v. Schapp*, 505 F. Supp. 2d 651, 656, 662 (C.D. Cal. 2007) (dismissing claim on grounds of *forum non conveniens* because action was "more appropriately resolved elsewhere" and denying remand motion as moot); *Rumohr v. Comerica Bank*, 2011 WL 2437415, at *2 (N.D. Cal. June 17, 2011) (transferring case based upon convenience and in the interest of justice and declining to consider remand motion). As then-Central District Judge Audrey B. Collins recognized when she stayed a similar case pending transfer to one of the pelvic mesh MDLs before Judge Goodwin, "where the case is or may be part of an MDL, deferring 'to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Thomas-Lanska* Order, p. 2, attached as Ex. I to Mot. to Stay.

**B. A Stay Will Not Prejudice Plaintiff.**

Contrary to Plaintiff's argument (*see* Opp. at 14), the issue that the Court must consider under *Rivers* is *not* whether Plaintiff will be prejudiced if her case transfers to the MDL. (*See supra* at 2-3.) Instead, as this Court itself recognized when it granted Ethicon, Inc.'s motions to stay in *Clavesilla*, *Miller*, *Moses* and *Ruiz*, the issue is whether Plaintiff will be prejudiced by a brief stay pending the JPML's transfer decision. *See Clavesilla*, *Miller*, *Moses*, & *Ruiz* Orders, attached to Mot. to Stay, Doc. 15, as Exs. D, E, F, and G ("[t]here is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs"); *see also Jones v. Bristol- Myers Squibb Co.*, 2013 WL 3388659, at *4 (N.D. Cal. July 8, 2013) ("[S]taying the case would not result in undue delay . . . . The JPML has already conditionally transferred this matter to the Plavix® MDL and a stay is not likely to be long in duration."); *Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181, at *1 (W. D. Mo. Mar. 12, 2009)

5

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

(concluding that "potential prejudice to Plaintiff is minimal" where duration of stay—*i.e.*, "until the JPML makes its final determination"—"would be short").

Like the plaintiffs in *Clavesilla*, *Miller*, *Moses* and *Ruiz*, Plaintiff has failed to demonstrate that she will be prejudiced by a brief stay pending the JPML's transfer decision. Plaintiff concludes incorrectly that "it will be at least three months" before the JPML decides whether to transfer her case. (Opp. at 14.) In fact, however, as Plaintiff herself recognizes (*see id.*), the JPML's next hearing date is October 1, 2015—less than two months away. Plaintiff's claims will be no less adjudicable in two months when her action transfers to the Ethicon MDL. *See In re Vioxx Prod. Liab. Cases*, 2005 WL 6573263, at *2 (S.D. Cal. July 11, 2005) ("Plaintiffs will not be prejudiced by the stay, because even if the cases are transferred to the MDL court, there would still be a judicial determination of the issues raised in the . . . remand motion.").

At bottom, a brief stay pending the JPML's transfer decision will *not* prejudice Plaintiff. The JPML already set its briefing schedule for the transfer issue. Plaintiff must file her Motion to Vacate the CTO by August 12, 2015. Ethicon LLC's response is due by September 2. And the JPML likely will hear the motion on October 1. Under these circumstances, there is no prejudice. *See Cooper v. Siddighi, et al.*, No. 5:13-cv-00345, Order, Doc. 35 (C.D. Cal. May 8, 2013), attached as Ex. H to Mot. to Stay, Doc. 15 (fact that JPML set efficient briefing schedule for motion to vacate conditional transfer order "suggests that Plaintiffs' case will not idle on the MDL's docket'"). Accordingly, a stay will serve the interests of judicial economy, efficiency, and consistency.

### C. Not Staying The Case Will Prejudice Ethicon LLC.

Again, Plaintiff misstates the factors that this Court must consider under *Rivers*. (*See supra* at 2-3.) Contrary to Plaintiff's argument (*see* Opp. at 14-15), the issue is *not* whether Ethicon LLC would be prejudiced by litigating her claims in California state court. Instead, the issue is whether Ethicon LLC will suffer hardship and inequity if the Court chooses not to stay Plaintiff's action. *See Weinke v. Microsoft Corp.*, 84 F. Supp.

6

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

2d 989, 990 (E.D. Wis. 2000) (granting motion to stay pending MDL transfer and observing that "cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues"); *Asmann v. Dairy Farmers of Am., Inc.*, 2012 WL 1136865, at *4 (D. Kan. Apr. 4, 2012) (stay warranted because defendant otherwise would be required "to defend similar actions in multiple jurisdictions, which may require duplicative motions and discovery and may pose a risk of inconsistent rulings"); *see also Thomas-Lanska* Order, pp. 2-3, attached as Ex. I to Mot. to Stay, Doc. 15 ("[Defendant] would face some hardship from having to litigate while the Panel's determination was pending" whereas there "is no evidence that waiting until the Panel makes its transfer decision would significantly prejudice Plaintiffs.").

In *Clavesilla*, *Miller*, *Moses*, and *Ruiz*, this Court recognized that Ethicon, Inc. would suffer prejudice absent a stay, noting that "[i]f various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings." Orders Granting Mots. to Stay, attached as Exs. D, E, F, and G to Ethicon, Inc.'s Mot. to Stay, Doc 15. The same logic applies here. *See* Mot. to Stay, Doc. 15, pp. 6-7. Plaintiff does not and cannot contend otherwise. Accordingly, the Court should stay Plaintiff's case.

**D. Granting A Stay Will Save Judicial Resources By Avoiding Duplicative Litigation.**

Plaintiff addresses the third *Rivers* factor only in a footnote. (Opp. at 14 n. 1.) She argues that the issues in her case and the 63 related cases removed by Ethicon LLC "are not germane to other pending remand motions" in the Ethicon MDL. (*Id.*) Plaintiff is mistaken. As Ethicon LLC explained (*see* Mot. to Stay at 3, 10), the core issue raised in Plaintiff's Motion to Remand—*i.e.*, the timeliness of removal following the 1-year rule in 28 U.S.C. § 1446(c)(1)—is fully briefed in the Ethicon MDL. *See e.g., DeLeon v. Tey*, No. 2:13-cv-32311 (S.D. W. Va.) (motion for reconsideration of motion to remand

7

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

pending in action removed more than one year after commencement). As this Court has noted before, duplicating Judge Goodwin's efforts would undermine the very purpose of the Ethicon MDL. In ruling on the motions to stay filed by Ethicon, Inc. in *Clavesilla*, *Miller*, *Moses*, and *Ruiz*, the Court determined that it best serves the interest of judicial efficiency for the MDL court to decide jurisdictional issues "once rather than risk inconsistent rulings from numerous district courts across the country." *See* Orders Granting Motions to Stay, attached as Exs. D, E, F, and G to Ethicon, Inc.'s Mot. to Stay, Doc 15. The Court's logic applies equally here.

Plaintiff argues that a federal district court that routinely applies Ninth Circuit law should decide her motion to remand. (Opp. at 14 n. 1.) But Plaintiff's argument does not weigh against transfer. On the contrary, the JPML has effectively rejected Plaintiff's argument by routinely transferring cases with pending motions to remand. For example, in its April 1, 2015 Transfer Order, the JPML rejected the plaintiffs' contention that "the transferor court should be allowed to rule on the pending motion to remand to state court," noting "that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge." Transfer Order, *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL 2187, ECF No. 1163, at 1 (J.P.M.L. April 1, 2015), attached as Ex. 1; *see also* Transfer Order, *In re Ethicon, Inc., Pelvic Floor Repair Sys. Prods. Liab. Litig.*, MDL 2327, ECF No. 1660, at 1 (J.P.M.L. Aug. 13, 2014), attached as Ex. 2 (transferring case despite plaintiffs' argument that it involved "unique issues of California law" because transfer "does not require a complete identity or even a majority of common factual or legal issues"); Transfer Order [Doc. 34], *In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, at *2 (J.P.M.L. Oct. 15, 2014) (ordering transfer of three multi-plaintiff actions from Northern District of Texas and two multi-plaintiff actions from Southern District of Texas to MDL 2327) (citing *In re: Prudential Ins. Co. of Am. Sales Prac. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)); *cf. In re: CVS Caremark Corp. Wage & Hour Emp't Practices*

8

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

*Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state") (quoting *In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976).

In addition, this Court and other courts in the Ninth Circuit have stayed many cases pending transfer to the MDL notwithstanding that the plaintiffs filed motions to remand. *See, e.g.*, *Clavesilla*, *Miller*, *Moses*, and *Ruiz* Orders Granting Motions to Stay, attached as Exs. D, E, F, and G to Mot. to Stay, Doc. 15; *Thomas-Lanska* Order Granting Mot. to Stay, attached as Ex. I to Mot. to Stay, Doc. 15; *Cooper* Order Granting Motion to Stay attached as Ex. H to Mot. to Stay, Doc. 15; *Flores v. Ethicon, Inc., et al.*, No. 2:14-cv-03367-JAK-VBK, Order Granting Motion to Stay, Doc. 30 (C.D. Cal. July 2, 2014), attached as Ex. 3.

District courts in the Ninth Circuit and elsewhere routinely hold that the interests of judicial economy favor a stay pending a decision on transfer to a MDL proceeding. *See id.* at 7 (ordering stay pending JPML transfer decision despite pending motion to remand and noting "[t]here is no substantial justification to have this Court duplicate [the work of the MDL court], particularly if it were to lead to inconsistent results"); *Nichols v. DePuy Orthopaedics, Inc.*, 2011 WL 5335619, at *2 (N.D. Cal. Nov, 2, 2011) (interests of judicial economy favored stay because over 200 cases already had been transferred to MDL and granting a stay "would prevent the Court from needlessly duplicating work that will be done by the MDL transferee court, and would also eliminate the possibility of this Court issuing a ruling inconsistent with the MDL court's" ruling); *Freisthler v. Depuy Orthopaedics, Inc.*, 2011 WL 4469532, at *1 (C.D. Cal. Sept. 21, 2011) (deference to MDL court "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL"); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay and

noting that "[i]f the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted").

For the reasons stated, a stay will serve the interests of judicial economy and consistency.

**E. Plaintiffs' Other Cases Either Are Distinguishable Or Support Granting A Stay.**

Finally, Plaintiff can derive no support from the other cases on which she relies. Those cases either are distinguishable or actually support granting a stay.

For example, *T. F. ex. rel. Foster v. Pfizer, Inc.*, 2012 WL 3000229 (E.D. Mo. July 23, 2012), is plainly distinguishable. In that case, the court decided a motion to remand without any substantive discussion of the balancing test applicable here. In addition, the case did not involve a situation like that here, where similar jurisdictional issues are pending in an MDL proceeding. *See id.* at *1. Furthermore, the court relied on a letter from JPML Chairman Heyburn concerning the specific case that stated, "You should feel free to rule on any pending motions, including, but not limited to motions for remand to state court." *Id*. at *1 n.3.

Although Chief Judge Perry issued a remand order in *Pfizer* (*see supra* at 4), she subsequently refused to decide a remand motion in *Rhonda Johnson v. Ethicon, Inc.* Ultimately, the JPML transferred the case to the Ethicon MDL, where Judge Goodwin severed all but the lead plaintiff. (*See* MDL Pretrial Order 104, available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders. html.) Accordingly, rather than follow her prior ruling in *Pfizer,* Judge Perry effectively stayed *Rhonda Johnson* before the JPML transferred it the Ethicon MDL. In ordering the transfer of other pelvic mesh cases like Plaintiff's in which the district courts did not rule on pending remand motions, Chairman Heyburn explained that the JPML "often has held that jurisdictional issues do not present an impediment to transfer." (JPML Order transferring *Clavesilla, Davidson, Johnson, Miller, Moses, and Ruiz* cases, attached hereto as Ex. 4, *citing In re Prudential*

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

10

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

*Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).)

The *Muller*, *Howe*, *Dekalb*, *Mauck*, *Pate*, *Straughn*, *Goodwin*, and *Perry* orders cited by Plaintiff (*see* Opp. at 15-17) also are distinguishable. In each case, the court declined to stay and instead addressed the motion to remand after noting that the Ninth Circuit had not adopted the fraudulent misjoinder doctrine. But here, the fraudulent misjoinder doctrine is *not* at issue, because Judge Highberger already has severed *Robinson* into 67 new, separate actions. Accordingly, the Court should stay Plaintiff's action and give the JPML an opportunity to transfer her case to the Ethicon MDL.

Finally, the remaining cases cited by Plaintiff either are distinguishable or support the entry of a stay:

- *Rivers*, 980 F. Supp. at 1362 (granting motion to stay pending JPML transfer decision because, absent a stay, court needlessly would have expended resources familiarizing itself with the case; court's case-management efforts would most likely be replicated by MDL court; and "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved");
- *Craft v. United Ins. Co. of America,* 2002 WL 32509283, at *2 (S.D. Miss. Jan. 17, 2002) (denying stay because remand motion required discovery and involved unique issues of Mississippi law, and distinguishing cases where courts entered stays pending MDL transfer on grounds that "remand issue was common to other cases that had been transferred to the MDL, and a stay was appropriate both to conserve judicial resources and to prevent inconsistent results" or that "MDL had already issued a conditional order of transfer [and] a stay was appropriate, as the time period during which action was suspended on the case would be brief");
- *Moton v. Bayer Corp.*, 2005 WL 1653731, at *1-*2 (S.D. Ala. July 8, 2005) (deciding remand motion where it presented "only a simple, garden variety attack on the amount in controversy," court had "resolved similar challenges perhaps two dozen times over the past few years, applying familiar legal principles in the process," and "the proper resolution of the motion is plain and [defendant's failure to show the

11

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

requisite amount in controversy was] not susceptible of reasonable dispute");

- *Bell v. Prudential Ins. Co.*, 1997 WL 33708408, at *4-*6 (S.D. Miss. Sept. 4, 1997) (remanding insurance case where court received letter from JPML Chairman stating, "You may want to take into account whether the motion before you involves issues unique to your action, or, on the other hand, raises issues likely to arise in other actions in the transferee district should we order transfer," and where court found fraudulent joinder issue presented was unique to that case).

In short, none of the cases cited by Plaintiff supports the proposition that the Court should deny a stay under the circumstances here. On the contrary, Plaintiff's cases either are distinguishable or actually support entry of a stay.

## IV. CONCLUSION

For the reasons stated, the Court should stay this matter pending a decision by the JPML on transfer to the Ethicon MDL; relieve the parties of any pleading, discovery, or other obligation until further notice of the Court; administratively close this case pending a ruling on transfer; and grant any other general or special relief as may be appropriate.

DATED: August 10, 2015 Tucker Ellis LLP

By: /s/ Joshua J. Wes
Joshua J. Wes
Attorneys for Defendant
ETHICON LLC

Tucker Ellis LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

12

DEFENDANT ETHICON LLC'S REPLY IN SUPPORT OF MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1096297.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **August 10, 2015**, I served the following: **DEFENDANT ETHICON LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PENDING A TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** on the interested parties in this action by:

**(X)** **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **August 10, 2015**, at Los Angeles, California

/s/ Cynthia M. Harris

CYNTHIA M. HARRIS