# EXHIBIT 1

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM**
**PRODUCTS LIABILITY LITIGATION**                        MDL No. 2187

**TRANSFER ORDER**

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Hudspeth*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2187. Responding defendants Ethicon, Inc. and Johnson & Johnson (collectively, Ethicon) oppose the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2187, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff does not dispute that her action shares questions of fact with MDL No. 2187. Like many of the already-centralized actions, *Hudspeth* involves factual questions arising from allegations that C.R. Bard, Inc. and related entities defectively designed, manufactured, and marketed pelvic surgical mesh products, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362 (J.P.M.L. 2010); Order Renaming Litigation, MDL No. 2187 (J.P.M.L. Feb. 13, 2012).

In support of the motion to vacate, plaintiff argues that the transferor court should be allowed to rule on the pending motion to remand to state court. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1]      Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2187

## SCHEDULE A

<u>Middle District of Florida</u>

HUDSPETH v. C.R. BARD, INC., ET AL., C.A. No. 3:14-01465

# EXHIBIT 2

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION**                    MDL No. 2327

## TRANSFER ORDER

**Before the Panel:**[*]   Pursuant to Panel Rule 7.1, plaintiffs in the two actions listed on Schedule A move to vacate our order conditionally transferring the actions to MDL No. 2327. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327.  Like many of the already-centralized actions, these actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon and related entities were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices.  *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motion to vacate, movants argue that these actions were improperly removed and that their motions for remand to state court are pending in the transferor courts.  The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[1]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs in the Central District of California *Flores* action also argue that a court situated in California is best suited to rule upon unique issues of California law involved in *Flores*.  The Panel has held repeatedly that Section 1407 transfer does not require a complete identity or even a majority of common factual or legal issues.  *See, e.g., In re: Avandia Mktg., Sales Practices & Prods. Liab.*

---

[*]   Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

*Litig.*, 543 F. Supp. 2d 1376, 1378 (J.P.M.L. 2007).  Furthermore, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state."  *In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976)).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan             Sarah S. Vance
R. David Proctor

**IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2327

## SCHEDULE A

<u>Central District of California</u>

FLORES, ET AL. v. ETHICON, INC., ET AL., C.A. No. 2:14-03367

<u>Eastern District of Missouri</u>

STEVENS, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:14-00579

# EXHIBIT 3

Case 2:15-cv-05392-JGB-SP   Document 30-1   Filed 08/10/15   Page 10 of 21   Page ID
#:1950
Case 2:14-cv-03367-JAK-VBK   Document 30   Filed 07/02/14   Page 1 of 7   Page ID #:1604

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|---|---|---|---|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO STAY PENDING
TRANSFER TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
(Dkt. 17)**

   **PLAINTIFFS' MOTION TO REMAND (Dkt. 18)**

   **PLAINTIFF'S EX PARTE APPLICATION TO RESCHEDULE OR TAKE OFF
CALENDAR THE JULY 21, 2014 HEARING (Dkt. 25)**

I.   **Introduction**

Dawn Flores ("Dawn") and her husband, Alfred E. Flores (collectively, "Plaintiffs") filed this action in the
Los Angeles County Superior Court on June 26, 2013. Dkt. 1, Exh. A. Their complaint named the
following defendants: Ethicon, Inc. ("Ethicon"); Johnson & Johnson; Steven A. Scheuer, M.D.
("Scheuer"); Greater Long Beach Genito-Urinary Medical Group, Inc. ("Long Beach Med."); St. Mary
Medical Center ("St. Mary"); Dignity Health ("Dignity"); and Does 1 through 100. *Id.* On May 1, 2014,
Defendants Ethicon and Johnson & Johnson removed the action. Dkt. 1. Ethicon and Johnson &
Johnson subsequently filed a Motion to Stay the action pending a decision by the Judicial Panel on
Multidistrict Litigation whether the case  will be transferred to the *In re Ethicon, Inc., Pelvic Repair
System Products Liability* multidistrict litigation proceeding (the "Ethicon MDL") that is pending in the
Southern District of West Virginia. Dkt. 17. Plaintiffs filed a Motion to Remand. Dkt. 18.

Pursuant to Local Rule 7-15, the Court has determined that these Motions can be addressed without a
hearing. For the reasons stated in this Order, the Motion to Stay is GRANTED. Therefore, the Motion to
Remand is presently MOOT.

II.   **Factual Background**

Synthetic mesh implants have been used for many years to treat pelvic organ prolapse ("POP") and
stress urinary incontinence ("SUI"). Compl. ¶¶ 12-13. Plaintiffs allege, however, that these mesh

Case 2:15-cv-05392-JGB-SP   Document 30-1   Filed 08/10/15   Page 11 of 21   Page ID
#:1051
Case 2:14-cv-03367-JAK-VBK   Document 30   Filed 07/02/14   Page 2 of 7   Page ID #:1605

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|---|---|---|---|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

implants "were never deemed approved by the United States Food and Drug Administration ("FDA")." *Id.* ¶ 12. Further, Plaintiffs allege that synthetic mesh implants can cause complications, including bleeding, infection, backache, difficulties with bowel movements and bladder outlet obstruction. *Id.* ¶ 14.

Prior to 2003, Dawn suffered from POP "and/or" SUI. Compl. ¶ 15. On December 29, 2003, a synthetic mesh device was placed into her pelvic cavity to treat her symptoms. *Id.* Plaintiff alleges this was done without advising her of any of the risks involved. *Id.* The mesh device used in Dawn's surgery was Gynecare Tension-Free Vaginal Tape Device 810041B (the "TVT Device"). *Id.* ¶ 15. Plaintiffs allege that the TVT Device was designed, marketed, distributed, and manufactured by Ethicon and Johnson & Johnson. *Id.* The TVT Device was supplied by Scheuer, Long Beach Med., St. Mary, and Dignity. *Id.*

Plaintiffs contend that, by July 2011, the TVT Device had "eroded into adjacent pelvic organs causing infection, hematuria and necrosis resulting in substantial pain," and mental and emotional distress. *Id.* ¶ 16. Due to these problems, on July 21, 2011, Dawn had the TVT Device removed. *Id.* As a result of her alleged injuries, Plaintiffs have brought claims for negligence (against all defendants); negligent misrepresentation (against all defendants); strict liability for design defect (against Ethicon and Johnson & Johnson); strict liability for manufacturing defect (against Ethicon and Johnson & Johnson); strict liability for failure to warn (against Ethicon and Johnson & Johnson); breach of express warranty (against Ethicon and Johnson & Johnson); breach of implied warranty (against Ethicon and Johnson & Johnson); loss of consortium (against all defendants); and exemplary and punitive damages (against Ethicon and Johnson & Johnson). *Id.* ¶¶ 23-72.

Plaintiffs are citizens of California. *Id.* ¶¶ 1-2. Ethicon and Johnson & Johnson are companies that are incorporated under the laws of New Jersey; each has its principal place of business in New Jersey. Dkt. 1, ¶¶ 21, 22. All other named defendants are health care providers who are allegedly citizens of California (the "California Defendants"). Compl. ¶¶ 5-8.

**III.   Procedural Background**

On March 14, 2012, Plaintiffs filed a complaint in Los Angeles County Superior Court. It named the same defendants whom Plaintiffs sued in this action. LA CV 12-04096 JAK (VBKx), Dkt. 1, Exh. A. The prior complaint asserted claims for negligence (against all defendants); strict liability for design defect (against all defendants); strict liability for manufacturing defect (against all defendants); strict liability for failure to warn (against all defendants); breach of express warranty (against Ethicon, Dignity and Johnson & Johnson); breach of implied warranty (against Ethicon, Dignity and Johnson & Johnson); loss of consortium (against all defendants); and exemplary and punitive damages (against Ethicon and Johnson & Johnson). *Id.* ¶¶ 17-55.[1]

---

[1] Despite asserting claims of strict liability against all defendants in the complaint, in their briefing to the Ethicon MDL Plaintiffs stated that the strict liability claims for design and manufacturing defect were not pleaded against the California Defendants. 2013 U.S. Dist. Lexis 51416, at *12.

Case 2:15-cv-05392-JGB-SP   Document 30-1   Filed 08/10/15   Page 12 of 21   Page ID
#:1052
Case 2:14-cv-03367-JAK-VBK   Document 30   Filed 07/02/14   Page 3 of 7   Page ID #:1606

UNITED STATES DISTRICT COURT<br/>
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|----------|---------------------------|------|--------------|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

Ethicon and Johnson & Johnson removed that case to this Court, on the basis of diversity jurisdiction. LA CV 12-04096 JAK (VBKx), Dkt. 1. Ethicon and Johnson & Johnson argued there -- as they do in the present action -- that the California Defendants were fraudulently joined in an effort to defeat diversity jurisdiction. *Id.* Plaintiffs moved to remand the case. *Id.*, Dkt. 13. While that motion was pending, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to the Ethicon MDL. *Id.*, Dkt. 20.

Following transfer, Judge Goodwin, who presides over the Ethicon MDL, considered and denied Plaintiffs' motion to remand. He concluded that Plaintiffs had fraudulently joined the California Defendants. *See Flores v. Ethicon, Inc.*, 2013 U.S. Dist. LEXIS 51416 (S.D. W. Va. Apr. 10, 2013). Judge Goodwin applied the law of the Fourth Circuit in reaching this conclusion. *Id.* at *7-8 ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located."). Plaintiffs' case was later dismissed, without prejudice, from the Ethicon MDL because Plaintiffs failed timely to file a plaintiff profile form ("PPF") as required by the MDL pretrial order. *See Flores v. Ethicon, Inc.*, 2013 U.S. Dist. LEXIS 179815 (S.D. W. Va. Dec. 20, 2013), *motion for reconsideration denied*, 2013 U.S. Dist. LEXIS 85056 (S.D. W. Va. June 18, 2013). On July 12, 2013, Plaintiffs filed an appeal of these orders. The Fourth Circuit affirmed Judge Goodwin's finding of fraudulent joinder and dismissal. *Flores v. Ethicon, Inc.*, 2014 U.S. App. LEXIS 5751 (4th Cir. Mar. 28, 2014).

Prior to filing their appeal, Plaintiffs filed the present action in the Los Angeles County Superior Court against Ethicon and Johnson & Johnson. Weis Decl., Dkt. 2, Exh. C at 64. On July 3, 2013, Plaintiffs filed a First Amended Complaint ("FAC"), in which they named the California Defendants. Weis Decl., Dkt. 2, Exh. C at 23. Ethicon and Johnson & Johnson removed the case based on a claim of diversity jurisdiction. As noted, they argued that Plaintiffs fraudulently joined the California Defendants. Dkt. 1, ¶¶ 28-38.

On May 7, 2014, Ethicon and Johnson & Johnson provided notice to the JPML of the pendency of this action and sought transfer to the Ethicon MDL. Dkt. 17-1, Exh. 1.[2] Plaintiffs opposed transfer to the Ethicon MDL. On June 16, 2014 the JPML issued a notice of hearing session, setting a hearing for July 31, 2014 with respect to the potential transfer of the action to the Ethicon MDL. Dkt. 27, Exh. A.

**IV.**     <u>Analysis</u>

    **A.**     **Order in Which the Court Should Address the Motions**

Plaintiffs contend that the Court must decide the Motion to Remand prior to reaching the Motion to Stay. However, "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191-92, 167 L. Ed. 2d 15 (2007). Thus, the Ninth Circuit has stated that courts "may choose among threshold

---

[2] Civil actions involving "one or more common questions of fact" may be transferred to a coordinated or consolidated pretrial proceeding pursuant to 28 U.S.C. § 1407. That section provides that such transfers "shall be made by the [JPML] . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407 (a).

Case 2:15-cv-05392-JGB-SP   Document 30-1   Filed 08/10/15   Page 13 of 21   Page ID
#:1053
Case 2:14-cv-03367-JAK-VBK   Document 30   Filed 07/02/14   Page 4 of 7   Page ID #:1607

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-03367 JAK (VBKx) | | Date | July 2, 2014 |
|---|---|---|---|---|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | | |

grounds for denying audience to a case on the merits." *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008).[3]

Consistent with these principles, several district courts in California have granted motions to stay pending the determination whether a matter may be transferred to an MDL, and have not addressed pending motions to remand. *See, e.g., Rubio v. Arndal*, 1:13-CV-0027-LJO-BAM, 2013 WL 796669 (E.D. Cal. Mar. 4, 2013); *Nichols v. DePuy Orthopaedics, Inc.*, C 11-04748 JW, 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011); *In re Vioxx Prod. Liab. Cases*, 05CV0943DMS LSP, 2005 WL 6573263 (S.D. Cal. July 11, 2005). These courts reasoned that "deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Rubio*, 2013 WL 796669, at *2; *Nichols*, 2011 WL 5335619, at *1; *In re Vioxx*, 2005 WL 6573263, at *1; *Pecoraro v. Sanghei-Kim*, ED CV 13-00987 JGB (SPx), Dkt. 19 (C.D. Cal. July 10, 2013).[4]

Because the Ethicon MDL previously addressed the same jurisdictional issues raised in the Motion to Remand, a decision on that motion may result in the duplication of efforts between this Court and the Ethicon MDL. Further, the Ethicon MDL applies the law of the Fourth Circuit in deciding motions to remand; it applied that law in acting on the Plaintiffs' motion to remand their prior action. There is no justification for this Court, at the outset, to provide a new forum to Plaintiffs in which Ninth Circuit precedent would be applied as they seek to re-litigate remand issues. Indeed, to do so would introduce the potential for inconsistency in the rulings.

For these reasons, it is appropriate to consider first whether the action should be stayed pending the JPML's decision regarding transfer.

**B.      Motion to Stay**

    1.      <u>Plaintiffs' Failure Timely to File an Opposition to the Motion to Stay</u>

Pursuant to the Court's Standing Order, Plaintiffs' opposition to the Motion to Stay was due on May 28, 2014. Plaintiffs filed their opposition May 30, 2014. Dkt. 22. Because it was late, Ethicon and Johnson &

---

[3] Plaintiffs contend that courts should "address subject matter jurisdiction at the outset in the 'mine run of cases,' and reach other issues first only where the jurisdictional issue is 'difficult to determine' and the other ground is relatively 'less burdensome.'" Dkt. 22 at 7-8 (quoting *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008), Ikuta, J. dissenting). However, the quoted language is from Judge Ikuta's dissent in *Potter*. As noted above, the majority explicitly concluded that courts may choose among threshold grounds for denying a consideration of the merits.
[4] Other courts have declined to consider motions to stay prior to deciding motions to remand on the grounds that federal district courts, as courts of limited jurisdiction, have an obligation to assure themselves of their jurisdiction. *Perry v. Luu*, 1:13-CV-00729-AWI, 2013 WL 3354446 (E.D. Cal. July 3, 2013); *Xochil T. Robinson, et al. v. Johnson & Johnson, et al.*, LA CV14-0899 JGB (SPx), Dkt. 32 (C.D. Cal. March 12, 2014); *DeKalb v. C.R. Bard, Inc.*, LA CV 13-6308 DMG (PJWx), Dkt. 30 (C.D. Cal. Oct. 8, 2013). Some of these courts relied on Judge Ikuta's dissent in *Potter* as the basis for electing to decide a motion to remand prior to the determination of a potential transfer. *See DeKalb*, LA CV 13-6308 DMG (PJWx), Dkt. 30 at 3; *Robinson*, LA CV14-0899 JGB (SPx), Dkt. 32 at 3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|---|---|---|---|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

Johnson argue that it should be disregarded. There has been no showing of prejudice on the basis of this two-day delay in the filing of the opposition. Indeed, Defendants filed a timely reply. Therefore, notwithstanding the untimely opposition, the merits of the Motion to Stay are addressed.

   2.   Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). However, such stays should not automatically be granted. *See* Rule 2.1 of the Rules of the Judicial Panel on Multidistrict Litigation ("The pendency of a . . . conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").[5]

Whether to grant a stay is within the court's discretion. A stay is appropriate when it serves the interests of judicial economy and efficiency. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). When considering a stay pending a decision whether a matter will be transferred to an MDL proceeding, three factors are significant: (i) potential prejudice to the non-moving party; (ii) hardship and inequity to the moving party if the action is not stayed; and (iii) the judicial resources that would be saved by avoiding duplicative litigation if the cases are consolidated. *Id.*; *see also Rollins v. Fresenius USA, Inc.*, CV 13-09394 JGB AGRX, 2014 WL 462822 (C.D. Cal. Feb. 4, 2014); *McVicar v. Goodman Global Inc.*, SACV 13-1223-DOC, 2013 WL 6212149 (C.D. Cal. Nov. 25, 2013).

   3.   Application

      a)   Potential Prejudice to Plaintiffs

There will be little, if any, prejudice to Plaintiffs from a slight delay in prosecution of their case while the JPML makes a determination whether to transfer the case to the Ethicon MDL. The JPML has scheduled a hearing on the transfer issue for July 31, 2014. Therefore, any delay pending its determination with respect to transfer will likely be of short duration. Moreover, Plaintiffs previously elected not to pursue their prior action, which was dismissed without prejudice. This also weighs against a claim of prejudice by what is expected to be a brief stay. Finally, whatever modest prejudice Plaintiffs may suffer by a brief delay, is offset by the benefits all parties may receive from coordinated discovery and motion practice in the MDL proceeding. *Accord Toppins v. 3M Co.*, 4:05CV01356ERW, 2006 WL 12993 (E.D. Mo. Jan. 3, 2006) ("[A]lthough Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial efficiency concerns described herein. Moreover, the stay is temporary and for a relatively short duration of time.").

---

[5] Available at http://www.jpml.uscourts.gov/sites/jpml/files/Panel_Rules-Amended-7-6-2011_With_Index-6-5-2014.pdf.

Case 2:15-cv-05392-JGB-SP   Document 30-1   Filed 08/10/15   Page 15 of 21   Page ID
#:1055
Case 2:14-cv-03367-JAK-VBK   Document 30   Filed 07/02/14   Page 6 of 7   Page ID #:1609

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**


| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|----------|---------------------------|------|--------------|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

        b)      Hardship and Inequity to the Moving Party if the Action is Not Stayed

If the Court denies the Motion to Stay, "the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the [Ethicon MDL] may be in conflict." *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, CIV. A. 92-1030, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992). Thus, the "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay." *Id.; accord Wilbanks v. Merck & Co., Inc.*, 05-1241-T/AN, 2005 WL 2234071 (W.D. Tenn. Sept. 13, 2005) ("[I]n the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."). For these reasons, courts have granted stays of litigation where, as in this case, "absent a stay, the parties face inconsistent rulings regarding the consolidated remand motion" and "[n]umerous similar motions, addressing precisely the same issue of 'fraudulent joinder,' are already before the MDL court." *In re Vioxx Prod. Liab. Cases*, 05CV0943DMS LSP, 2005 WL 6573263, at *2 (S.D. Cal. July 11, 2005).

That Defendants may be required to defend parallel motions favors granting the stay. Here, the parties already have briefed the Motion to Remand. Courts have held that, where staying such a motion would "not save either party any time," a stay is not appropriate. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004). However, as noted, the court in the Ethicon MDL previously addressed the fraudulent joinder issues that are presented in the Motion to Remand, and did so by applying the law of the Fourth Circuit. *See Flores v. Ethicon, Inc.*, 2013 U.S. Dist. LEXIS 51416, *7-8 (S.D. W. Va. Apr. 10, 2013) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located."). Therefore, there is a potential for inconsistent outcomes were this Court to decide the Motion to Remand under Ninth Circuit precedent. Further, due to its experience during the MDL proceedings, the court there is particularly well equipped to address the issues that will arise with respect to the pending motion to dismiss.

For these reasons, this factor favors granting the stay.

        c)      Judicial Resources that Would be Saved by Avoiding Duplicative Litigation

A stay of proceedings pending a determination whether a case will be transferred to an MDL is likely to "further the interest of judicial economy and consistency that underlies the MDL statute." *In re Vioxx Prod. Liab. Cases*, 2005 WL 6573263, at *3 (S.D. Cal. July 11, 2005). Judicial resources are conserved by staying the action because, if the transfer order is ultimately granted, this Court will have "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360; *accord Gorea v. Gillette Co.*, 05-2425 MP, 2005 WL 2373440 (W.D. Tenn. Sept. 26, 2005) (granting a stay where "the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction); *Couture v. Hoffman-La Roche, Inc.*, C-12-2657 PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (granting a motion to stay pending a transfer to the MDL court would help save judicial resources and prevent inconsistent rulings where 53 actions had been transferred to the MDL and the MDL court had already dealt with some of the defendants in that action).

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV 14-03367 JAK (VBKx) | Date | July 2, 2014 |
|---|---|---|---|
| Title | Dawn Flores, et al. v. Ethicon Inc., et al. | | |

As of this time, 19,292 cases have been transferred to the Ethicon MDL.[6] Currently, the Motion to Remand and a motion to dismiss are pending in this case. As noted, the court in the MDL proceeding previously has considered issues of fraudulent joinder as to the Plaintiffs. It is also familiar with the issues raised in the pending motion to dismiss. There is no substantial justification to have this Court duplicate this work, particularly if it were to lead to inconsistent results. Thus, "the policy of consistent rulings favors allowing [the MDL] to decide the remand issue." *Hardin v. Merck & Co., Inc.*, C 07 0070 SBA, 2007 WL 1056790 (N.D. Cal. Apr. 5, 2007) ("To do otherwise invites divergent results on identical law and facts."); *accord Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) ("[D]eference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.").

For these reasons, this factor also favors a stay of this action.

*     *     *

For all of the foregoing reasons, the Motion to Stay is GRANTED.

### C.     Motion to Remand

Because the Motion to Stay is GRANTED, the Motion to Remand is presently MOOT.

## V.     Conclusion

The Motion to Stay is GRANTED and, as a result, the Motion to Remand is presently MOOT. The motion to dismiss and scheduling conference, which are currently set for June 21, 2014, are taken off calendar. In light of these rulings, Plaintiff's Ex Parte Application to Reschedule or Take off Calendar the July 21, 2014 Hearing (Dkt. 25) is MOOT.

**IT IS SO ORDERED.**

_____ :  _____

Initials of Preparer    ak
_____

---

[6] *See* MDL 2327 Member List of Cases, http://www.wvsd.uscourts.gov/mdl2327/caseviewlist.aspx, accessed June 24, 2014.

# EXHIBIT 4

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2327

### TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Panel Rule 7.1, plaintiffs in 49 actions move to vacate our orders conditionally transferring the actions to MDL No. 2327.  The 49 actions, which are listed on the attached Schedule A, are pending in the Central District of California (four actions), the Eastern District of Missouri (two actions), the Eastern District of Pennsylvania (42 actions), and the Southern District of Texas. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327.  Like many of the already-centralized actions, these 49 actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon and related entities were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motions to vacate, plaintiffs primarily argue that these actions were improperly removed and plaintiffs' motions to remand to state court are pending.  The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[1]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

Plaintiffs in the Eastern District of Pennsylvania actions argue that transfer will result in dismissal of their claims against defendants Secant Medical, Inc., Secant Medical, LLC, and Prodesco, Inc. (Secant), because they are not named in the master complaint in MDL No. 2327. As we recently held in transferring three similar actions to MDL No. 2327 over plaintiffs' objections,[2] the transferee court has held that plaintiffs filing claims against defendants not named in the master complaint cannot *directly file* their claims in the Southern District of West Virginia. Plaintiffs' claims against such defendants are free to proceed in the MDL once they are transferred by the Panel pursuant to Section 1407.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro          Charles R. Breyer
Sarah S. Vance            Ellen Segal Huvelle

---

[2]   *See* Transfer Order, MDL No. 2327 (J.P.M.L. Oct. 17, 2013).

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                MDL No. 2327

## SCHEDULE A

### Central District of California

Amber Clavesilla, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06284
Joan Miller, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06285
Megan Moses, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06288
Pamela Ruiz, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06289

### Eastern District of Missouri

Rhonda Johnson, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01763
Angela Davidson, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01765

### Eastern District of Pennsylvania

Kathryn McGee, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04388
Carla Hibler v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04932
Leeanna Turner v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04933
Cassandra E. Dawson v. Johnson & Johnson, et al., C.A. No. 2:13-04934
Doris R. Carter, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04953
Bernadette Ely v. Johnson & Johnson, et al., C.A. No. 2:13-04954
Brenda Jo French v. Johnson & Johnson, et al., C.A. No. 2:13-04955
Theresa Dempsey v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04956
Christine Greenwood, et al. v. Ethicon Women's Health & Urology, et al.,
       C.A. No. 2:13-04957
Brenda J. Carson v. Johnson & Johnson, et al., C.A. No. 2:13-04958
Barbara N. Bagwell v. Johnson & Johnson, et al., C.A. No. 2:13-04959
Lana Holt, et al. v. Ethicon Women's Health & Urology et al., C.A. No. 2:13-04960
Connie Sue Berry v. Johnson & Johnson, et al., C.A. No. 2:13-04961
Cynthia Dawn Nicholson v. Johnson & Johnson, et al., C.A. No. 2:13-04962
Gina Marie Collins v. Johnson & Johnson, et al., C.A. No. 2:13-04963
Kimberly L. Adkins v. Johnson & Johnson, et al., C.A. No. 2:13-04964
Iliana A. Perez v. Johnson & Johnson, et al., C.A. No. 2:13-05010
Betty Anne Giove, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-05011
Kathleen J. Tomer v. Johnson & Johnson, et al., C.A. No. 2:13-05013
Connie Rubio v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05014
Ann Porter-Toure, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05015
Geraldine Barry v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05016

-A2-

**MDL No. 2327 Schedule A (continued)**

<u>Eastern District of Pennsylvania (continued)</u>

Susan McFarland, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05017
Alice Deimler, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05018
Ella Cederberg-Ebaugh, et al. v. Ethicon Women's Health and Urology, et al.,
    C.A. No. 2:13-05292
Caroline Holbrook, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05294
Cathy Eifert, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05295
Patsy Cousins v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05296
Irene Gordon, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05297
Patricia Tallo v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05301
Debbie Zimmers, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05302
Theresa Lynn Thomas v. Johnson & Johnson, et al., C.A. No. 2:13-05303
Cheryl Veri, et al. v. Ethicon Women's Health and Urology, et al., C.A. No. 2:13-05304
Kelley Owens, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-05305
Julie Carr v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05306
Elizabeth Peil v. Ethicon Women's Health and Urology, et al., C.A. No. 2:13-05307
Patricia Hebert v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05308
Sharon Beltz v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-04931
Kelly Mohn, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-05012
Diana Perigo, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-05293
Margaret Klima-Mills, et al. v. Ethicon Women's Health & Urology, et al.,
    C.A. No. 5:13-05298
Suzanne M. Emmett, et al. v. Ethicon Women's Health & Urolgy, et al., C.A. No. 5:13-05299

<u>Southern District of Texas</u>

Maria DeLeon v. Alejandro Tey, M.D., et al., C.A. No. 7:13-00439